### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

VITALY EVGENIEVICH PILKIN
14/1, Yasny proezd, apartment 8,
Moscow, 127081, Russian Federation

VLADIMIR VITALYEVICH
MIROSHNICHENKO
84, 3 pochtovoe otdelenie street,
apartment 28, Lyubertsy, Moscow Region,
140003, Russian Federation

                          Plaintiffs,
        vs.

SONY INTERACTIVE ENTERTAINMENT LLC
2207 Bridgepointe Pkwy, San Mateo,
CA 94404, United States

SONY CORPORATION
1-7-1 Konan Minato-ku, Tokyo, 108-0075 Japan

HOGAN LOVELLS US LLP
Columbia Square 555 Thirteenth Street, NW
Washington, D.C. 20004, United States

UNITED STATES DEPARTMENT OF
JUSTICE and Jefferson Sessions in his
official capacity as Attorney General of the
United States
950 Pennsylvania Avenue, NW Washington, D.C.
20530-0001, United States

                          Defendants.

COMPLAINT FOR DAMAGES
AND DECLARATORY
JUDGMENTS

Civil Action No. _____

PLAINTIFFS DEMAND A TRIAL
BY JURY

Case: 1:17-cv-02501        Jury Demand
Assigned To : Unassigned
Assign. Date : 11/13/2017
Description: Pro Se Gen. Civil      F Deck

**RECEIVED**
NOV 13 2017
Clerk, U.S. District and
Bankruptcy Courts

### COMPLAINT

Plaintiffs on their own behalf file this complaint against the above captioned defendants, respectfully alleging as follows:

### PARTIES

**Plaintiffs:**

**Vitaly Evgenievich Pilkin** (plaintiff 1) is natural person and citizen of the Russian Federation, residing in the Russian Federation at the address: Yasny proezd, 14/1, apartment 8, Moscow, 127081, Russian Federation, e-mail: vitalypilkin@gmail.com, phone number is +79852225545.

**Vladimir Vitalievich Miroshnichenko** (plaintiff 2) is natural person and citizen of the Russian Federation, residing in the Russian Federation at the address: 3 pochtovoe otdelenie street, 84, apartment 28, Lyubertsy, Moscow Region, 140003, Russian Federation, e-mail: vladimir8428@gmail.com, phone number is +79161334053.

**Defendants:**

**Sony Interactive Entertainment LLC** is Sony Group Company, subsidiary of Sony Corporation, headquartered at 2207 Bridgepointe Pkwy, San Mateo, CA 94404 United States (D1). Sony Interactive Entertainment LLC is domestic concern (15 U.S.C. §78dd–2 (h) (1)) and does business in the District of Columbia as well as has agents and other representatives in the District of Columbia.

April, 2016 Sony Interactive Entertainment LLC joins the forces of all business units belonging to Sony Computer Entertainment Inc. and Sony Network Entertainment International LLC, including hardware, software, content and network services operations (D2). Before merger Sony Interactive Entertainment LLC was known as Sony Computer Entertainment Inc. and Sony Network Entertainment International LLC. Sony Interactive Entertainment LLC manufactures, distributes, develops and markets game consoles PlayStation Vita and computer entertainment system PlayStation 4 (D3).

**Sony Corporation** is a foreign corporation headquartered at 1-7-1 Konan Minato-ku, Tokyo, 108-0075 Japan (D4). Sony Corporation does business in the District of Columbia as well as has agents and other representatives in the District of Columbia.

Securities of Sony Corporation are listed and traded in the United States. Sony Corporation is issuer and periodically submits reports before the Securities and Exchange Commission. Name, Telephone, E-mail and Address of Company Contact Person is as follows: J. Justin Hill, Senior Vice President, Investor Relations, Sony Corporation of America, 25 Madison Avenue, 26th Floor, New York, NY 10010-8601, Telephone: 212-833-6722, E-mail: ir.sony@am.sony.com (D5).

Sony Corporation is parent company to Sony Interactive Entertainment LLC that is domestic concern.

**Hogan Lovells US LLP** is a limited liability partnership registered in the District of Columbia with its principal place of business at Columbia Square 555 Thirteenth Street, NW Washington, D.C. 20004, United States.

Hogan Lovells US LLP is the integral part of the international legal practice of Hogan Lovells that comprises Hogan Lovells US LLP, Hogan Lovells International LLP and their affiliated businesses (D6), including Hogan Lovells (CIS).

CEO of the international legal practice of Hogan Lovells is Stephen J. Immelt who also is CEO of Hogan Lovells US LLP (D7).  Deputy CEO of the international legal practice of Hogan Lovells is David Hudd who also is CEO of Hogan Lovells International LLP (D8) and Director of Hogan Lovells (CIS) (D9).

An agency relationship exists between all integral parts of the international legal practice Hogan Lovells, including between Hogan Lovells (CIS) and domestic concern Hogan Lovells US LLP. The liability extends to the agents of domestic concern (15 U.S.C. §78dd–2 (h) (1)).

Hogan Lovells US LLP participates substantially in the management and control of Hogan Lovells (CIS) since CEO of the international legal practice of Hogan Lovells is Stephen J. Immelt who also is CEO of Hogan Lovells US LLP.

**The United States Department of Justice** is headquarted at 950 Pennsylvania Avenue, NW Washington, DC 20530-0001.

The United States Department of Justice (DOJ) is authorized to enforce the law and defend the interests of the United States according to the law; to ensure public safety against threats foreign and domestic; to provide federal leadership in preventing and controlling crime; to seek just punishment for those guilty of unlawful behavior; and to ensure fair and impartial administration of justice for all Americans.

Jefferson Sessions was sworn in as the Attorney General of the United States on February 9, 2017 by Vice President of the United States Michael R. Pence.

## JURISDICTION

Jurisdiction in this action is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3), 1346.

This cause of action is based on the doctrine of unjust enrichment and is not civil remedies under 18 USC §1964(c).

## VENUE

Venue for this action is predicated upon 28 U.S.C. §1391(a)(1) and 1402.

## INTRODUCTION

Sony Computer Entertainment (since April 2016 assignee of Sony Computer Entertainment is Sony Interactive Entertainment) is the manufacturer of game consoles PlayStation Vita and developer of said game consoles worldwide.

Sony Interactive Entertainment and Sony Corporation as parent company for Sony Interactive Entertainment get income from sales of game consoles PlayStation Vita worldwide.

At the end of 2011 Sony Corporation and Sony Computer Entertainment have got to know that the invention protected by the patent of the Russian Federation No.2427879 (hereinafter called as 'the patent No.2427879') is used in game console PlayStation Vita and became legal obstacle in the way of sales of game consoles PlayStation Vita in Russia.

In order not to pay compensation to plaintiffs who were the owners of the patent No.2427879 for the patent infringement damages Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to combine their financial, corporate, professional and administrative opportunities to undertake any possible acts, including illegal, to remove said legal obstacle in order to ensure sales of game consoles PlayStation Vita in Russia and thus to ensure unjust enrichment of Sony Corporation and Sony Computer Entertainment. Sony Electronics (Sony Group company in Russia) has been involved to implement said conspiracy.

In order to invalidate the patent No. 2427879 and thus to ensure unjust enrichment:

– Sony Electronics and Hogan Lovells (CIS) knowingly, willfully and repeatedly falsified evidence, committed fraud upon the courts, concealed from the courts circumstances relevant to the lawsuit, corrupted and bribed the Russian government officials, committed FCPA violations, committed a large number of acts of racketeering activity,

– By committing a large number of acts of racketeering activity Sony Corporation, Sony Computer Entertainment (and then Sony Interactive Entertainment), Hogan Lovells US LLP, Hogan Lovells International LLP and their top managers, employees, partners and lawyers knowingly, willfully and repeatedly aided Sony Electronics and Hogan Lovells (CIS) to commit said wrongdoing.

In order to avoid liability for committed crimes:

– In violation of federal statute as well as by committing a large number of acts of racketeering activity Sony Corporation, Sony Computer Entertainment (and then Sony Interactive Entertainment), Sony Electronics and their top managers and employees knowingly, willfully and repeatedly concealed said crimes from DOJ and thus repeatedly defrauded the United States,

– In violation of federal statute as well as by committing a large number of acts of racketeering activity Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their top managers, partners and lawyers knowingly, willfully and repeatedly concealed said crimes from DOJ and thus repeatedly defrauded the United States.

In order to aid Sony Group companies and Hogan Lovells to commit said federal offenses, to prevent liability for committed federal offenses and to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs, in violation of federal statute, DOJ has refused knowingly and willfully to investigate plaintiffs' information which evidence that Sony Group companies, Hogan Lovells and their top managers, employees, partners and lawyers committed a large number of federal offenses. By doing that the United States Department of Justice has defrauded the United States.

This cause of action is based on the doctrine of unjust enrichment. The Restatement (Third) of Restitution and Unjust Enrichment states that unjust enrichment is enrichment that lacks an adequate legal basis.

If Sony Corporation, Sony Computer Entertainment, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their top managers, employees, partners and lawyers had not committed said wrongdoing, then, plaintiffs as owners of the patent No.2427879 would not have lost the right to get compensation for the infringement of the patent No.2427879, Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and Hogan Lovells would not have procured its commission for its wrongdoing.

If DOJ had not aided Sony Group companies and Hogan Lovells to commit said federal offenses, to avoid liability for commission of said federal offenses and, as a consequence, to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs, then, plaintiffs would have restored the right to get compensation from Sony Group companies and Hogan Lovells for wrongful deprivation of the patent No.2427879 and unjust enrichment of Sony Group companies and Hogan Lovells.

The amount of compensatory damages suffered by plaintiffs as a result of wrongdoing committed by defendants is equivalent to damages arisen from the infringement of the patent No.2427879 and is equal to $340,000,000.

Thus, based on the doctrine of unjust enrichment defendants are liable to plaintiffs for damages of $340,000,000.

Defendants knowingly and willfully caused to plaintiffs also pain and suffering damages.

Since (1) defendants acted with deliberate intent to cause harm to plaintiffs, with full understanding that their conduct is wrongful and with willful disregard for the rights of plaintiffs, (2) defendants' conduct is outrageous, fraudulent, egregiously insidious and particularly reprehensible, (3) defendants do not feel any regret about their wrongdoing, therefore plaintiffs believe that the court-appointed punitive damages will deter defendants from similar acts in the future.

The complaint is based on written proofs supported by documents, expert and legal opinions and plaintiffs' arguments.

## STATUTES OF LIMITATIONS

Under §12-301 of D.C. Code, actions for the recovery of damages may not be brought after the expiration of the period of three years from the time the right to maintain the action accrues. Since defendants committed a series of illegal acts against plaintiffs the limitation period may begin to run from the last act in the series. In the 8th Circuit case of *Treanor v. MCI Telecommunications, Inc.*, the court explained that the continuing-violations doctrine "tolls [freezes] the statute of limitations in situations where a continuing pattern forms due to [illegal] acts occurring over a period of time, as long as at least one incident ... occurred within the limitations period".

The last illegal acts in the series have been committed September 2017 that is confirmed by the following:

i. September 7, 2017: more than 700 partners of Hogan Lovells, including CEO of Hogan Lovells Stephen Immelt, despite they were aware of a large number of federal offenses jointly committed by Sony Corporation, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers, including CEO Stephen Immelt and Deputy CEO David Hudd, nevertheless, they extended Stephen Immelt's and David Hudd's terms of office as CEO and Deputy CEO respectively by another two years, concealed said federal offenses from DOJ and by doing that Hogan Lovells voluntary defrauded the United States (see Count Twenty One),

ii. September 2017: a large number of Sony Group companies, including Sony Corporation, Sony Interactive Entertainment as well as Chairman of the Board of Sony Corporation Osamu Nagayama, President and CEO of Sony Corporation Kazuo Hirai and many other top managers of Sony Group companies, despite they were aware of a large number of federal offenses jointly committed by Sony Corporation, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers, concealed from DOJ said federal offenses and by doing that said Sony Groups companies voluntary defrauded the United States (see Count Twenty Two),

iii. September 20, 2017: plaintiffs found out that in violation of the federal statute the United States Department of Justice (1) does not investigate applicants' information submitted to DOJ for almost 4 years which evidences a large number of federal offenses jointly committed by Sony Corporation, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers, (2) knowingly and willfully concealed said federal offenses, (3) aided Sony Group companies, Hogan Lovells and their employees and lawyers to avoid liability for commission of said federal offenses and thus to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs (see Count Twenty Five).

If Sony Corporation, Sony Interactive Entertainment, Sony Electronics and Hogan Lovells had not concealed from DOJ federal offenses jointly committed by Sony Corporation, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers and had not defrauded the United States, then, as a result of DOJ investigation, as evidenced by arguments and proofs disclosed in the present complaint, Sony Corporation, Sony Interactive Entertainment, Sony Electronics and Hogan Lovells and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and plaintiffs would have restored the right to get compensation for unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs (see Counts Twenty One and Twenty Two).

5

If DOJ (i) had not concealed federal offenses committed by Sony Corporation, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers, (ii) had not aided Sony Group companies and Hogan Lovells to commit said federal offenses, to avoid liability for commission of said federal offenses and, as a consequence, to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs and (iii) had not committed acts that obstructed a lawful governmental function by means that were dishonest, then, plaintiffs would have restored the right to get compensation from Sony Group companies and Hogan Lovells for wrongful deprivation of the patent No.2427879 and unjust enrichment of Sony Group companies and Hogan Lovells (see Counts Twenty Three, Twenty Four and Twenty Five).

## DEFINITIONS

**Corruption** is defined by Transparency International as the abuse of entrusted power for private gain. World Bank defines corruption as the abuse of public office for private gain. The Stanford Encyclopedia of Philosophy defines corruption as the abuse of power by a public official for private gain. Bribery is the most common form of corruption.

**Fraud** is defined as an abuse of position, or false representation, or prejudicing someone's rights for personal gain. Put simply, fraud is an act of deception intended for personal gain or to cause a loss to another party. The general criminal offence of fraud can include: deception whereby someone knowingly makes false representation, or they fail to disclose information, or they abuse a position.

**The elements of fraud** are "(1) a false representation, (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) an action that is taken in reliance upon the representation." *In re Estate of Nethken*, 978 A.2d 603, 607 (D.C. 2009).

**Knowingly unjust judgment** in relation to civil process is such adjudication which does not correspond to the actual circumstances of the case and set out with willful violation by a judge (judges) of substantive and / or procedural law that affected the outcome of a lawsuit.

**Conspiracy to defraud the United States** creates an offense under 18 U.S.C. § 371 "[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose. (emphasis added). *See* Project, *Tenth Annual Survey of White Collar Crime*, 32 Am. Crim. L. Rev. 137, 379-406 (1995)(generally discussing § 371).

Although this language is very broad, cases rely heavily on the definition of "defraud" provided by the Supreme Court in two early cases, *Hass v. Henkel*, 216 U.S. 462 (1910), and *Hammerschmidt v. United States*, 265 U.S. 182 (1924). In *Hass* the Court stated: The statute is broad enough in its terms to include any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of government . . . (A)ny conspiracy which is calculated to obstruct or impair its efficiency and destroy the value of its operation and reports as fair, impartial and reasonably accurate, would be to defraud the United States by depriving it of its lawful right and duty of promulgating or diffusing the information so officially acquired in the way and at the time required by law or departmental regulation.

**Sony Group** means: (i) Sony Corporation; (ii) any company more than 50% of whose outstanding stocks or interests with voting rights is owned directly or indirectly by Sony Corporation; and (iii) such other companies as will from time to time be determined by the Board of Directors of Sony Corporation to be included (see highlighted by yellow at page 4 of D10).

**Sony Electronics** is Sony Group company, headquartered at 6 Karamyshevsky proezd, Moscow 123103, Russian Federation (D11).

Sony Electronics is responsible for marketing game consoles PlayStation Vita and computer entertainment system PlayStation 4 in Russia.

**Hogan Lovells International LLP** is a limited liability partnership registered in England and Wales with its principal place of business at Atlantic House Holborn Viaduct, London EC1A 2FG, United Kingdom. Hogan Lovells International LLP is the integral part of the international legal practice of Hogan Lovells that comprises Hogan Lovells US LLP, Hogan Lovells International LLP and their affiliated businesses (D6).

**Hogan Lovells (CIS)** is an unlimited company registered in England and Wales with its registered office located at 21 Holborn Viaduct, London EC1A 2DY, United Kingdom. Hogan Lovells (CIS) is the integral part of the international legal practice of Hogan Lovells that comprises Hogan Lovells US LLP, Hogan Lovells International LLP and their affiliated businesses (D6).

**Rospatent** is the Russian Patent and Trademark Office.

**The patent No.2427879** is the patent of the Russian Federation No.2427879 on the invention named as "Control of virtual symbols" with a priority date of October 5, 2009.

## COUNT ONE

<u>Plaintiffs were owners of the patent No.2427879. The invention under the patent No.2427879 is used in game console PlayStation Vita. The patent No.2427879 became a barrier for Sony Computer Entertainment and Sony Corporation to get income in Russia</u>

October 5, 2009: the plaintiff 1 (Vitaly E. Pilkin) and the plaintiff 2 (Vladimir V. Miroshnichenko) filed in Rospatent the patent application No.2009136784 on the invention named as "Control of virtual symbols". The plaintiff 2 is the inventor of said invention.

August 27, 2011: the Russian Trademark and Patent Office (Rospatent) has granted to plaintiffs the patent of the Russian Federation No.2427879 on the invention "Control of virtual symbols" with a priority date of October 5, 2009 (hereinafter called as 'the patent No.2427879') (D12).

The patent No.2427879 has claims comprising two inventions: the first invention is disclosed in independent claim 1 of the patent and the second invention is disclosed in independent claim 11 of the patent (D13).

Each invention disclosed in said independent claims comprises several alternative embodiments of the invention. Other paragraphs of claims disclose some special not exhaustive cases of embodiments of said two inventions.

October 6, 2011: plaintiffs visited exhibition 'Gameland 2011' in Moscow (Russian Federation) where Sony Computer Entertainment as manufacturer and developer of game console PlayStation Vita presented said game console. Plaintiffs found out that the invention under the patent No.2427879 is used in game console PlayStation Vita.

October 12, 2011: plaintiffs submitted to Sony Computer Entertainment America proofs evidencing that the invention under the patent No.2427879 is used in game console PlayStation Vita and proposed to buy the patents rights protected by the patent No.2427879 (D14).

October 14, 2011: plaintiffs informed Sony Electronics as Sony Group Company that the invention under the patent No.2427879 is used in game console PlayStation Vita and proposed to buy the patents rights protected by the patent No.2427879 (D15). No reply has been received.

October 25, 2011: plaintiffs informed Sony Computer Entertainment Europe that the invention under the patent No.2427879 is used in game console PlayStation Vita and proposed to buy the patents rights protected by the patent No.2427879 (D16). No reply has been received.

October 26, 2011: Sony Computer Entertainment America replied on the plaintiffs' appeal dated October 12, 2011 (D17). As follows from said reply, Sony Computer Entertainment is unable to follow up on the [plaintiffs'] submission, since it does not accept any unsolicited ideas and therefore it returns the plaintiffs submission.

November 11, 2011: plaintiffs have submitted to Sony Electronics pretension, wherein plaintiffs invited Sony Electronics to pay compensation for the infringement of the patent No.2427879 and to license the invention under the patent No.2427879 (D18).

December 13, 2011: lawyer of IP practice of Hogan Lovells (CIS) Anton Bankovskiy as legal representative of Sony Electronics replied to the pretension. It has been noted in said reply that law firm Hogan Lovells (CIS) will revert to patentees after a patent examination (D19).

January 17, 2012: not having received in reasonable terms results of the patent examination from Hogan Lovells (CIS), plaintiffs appealed to Khoroshevsky District Court of Moscow with the claim for recognition of the use by Sony Electronics of the results of intellectual activity of plaintiffs, obliging Sony Electronics to stop the introduction into circulation in the Russian Federation game consoles PlayStation Vita, withdrawal of gaming consoles PlayStation Vita from the Russian market (D20).

During consideration by Khoroshevsky District Court of Moscow of plaintiffs' complaint against Sony Electronics related to Sony Electronics' infringement of the patent No.2427879 Sony Electronics represented by lawyer of Hogan Lovells (CIS) Anton Bankovskiy and assistant manager of legal department of Sony Electronics Evgeniya Vetoshnikova had the opportunity to submit to the court proofs evidencing that the invention under the patent No.2427879 is not used in PlayStation Vita, but instead Sony Electronics preferred to plea Khoroshevsky District Court of Moscow to suspend consideration of the lawsuit till the results of consideration by Rospatent of Sony Electronics' opposition against the grant of the patent No.2427879 (D21).

March 20, 2012: as a response to the patentees' lawsuits against Sony Electronics (D20) and two retailers (D22 and D23), Sony Electronics represented by lawyer of IP practice of Hogan Lovells (CIS) Anton Bankovskiy filed in the Chamber for Patent Disputes of Rospatent the opposition of Sony Electronics against the grant of the patent No.2427879 (D24).

March 27, 2012: lawyer of Hogan Lovells (CIS) Anton Bankovskiy appealed to Rospatent and to the Chamber for Patent Disputes with request to accelerate consideration by the Chamber for Patent Disputes of Sony Electronics' opposition against the grant of the patent No.2427879 motivating said request by the lawsuit in Khoroshevsky District Court of Moscow related alleged infringement by Sony Electronics of the patent No.2427879 (D25).

Expert opinion confirms that the invention under the patent No.2427879 is used in game console PlayStation Vita (D26).

   As a conclusion to Count One:

1. The invention under the patent No.2427879 is used in game console PlayStation Vita.
2. Sony Corporation, Sony Computer Entertainment, Sony Electronics, CEO of Sony Electronics Kenichiro Hibi and Hogan Lovells (CIS) were aware about the infringement of the patent No.2427879 by Sony Group companies.

3. The patent No.2427879 became a barrier to sales in Russia of game consoles PlayStation Vita manufactured by Sony Computer Entertainment and therefore a barrier for Sony Computer Entertainment and Sony Corporation to get income from said sales.

## COUNT TWO

<u>In order to ensure unjust enrichment  Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) knowingly and willfully conspired to commit any possible acts, including illegal, in order to deprive plaintiffs of the patent No.2427879, knowingly and willfully concealed said conspiracy from DOJ and thus defrauded the United States</u>

Sony Corporation and Sony Computer Entertainment as manufacturer and developer of game consoles PlayStation Vita worldwide have got to know from Sony Electronics about patent dispute arisen between Sony Electronics and plaintiffs presumably December 2011, i.e. after Sony Electronics received plaintiffs' pretension wherein plaintiffs invited Sony Electronics to pay compensation for the infringement of the patent No.2427879 and to license the invention under the patent No.2427879 (D18).

In this connection Sony Corporation and Sony Computer Entertainment have been put before a choice whether to license the patent No.2427879 or not.

Since Hogan Lovells (CIS) was legal representative of Sony Electronics on different legal issues (D27), Sony Corporation and Sony Computer Entertainment turned to Hogan Lovells (CIS) and head of Intellectual Property practice of Hogan Lovells (CIS) Natalia Gulyaeva to get advice whether to license the patent No.2427879 or not. Said information has been placed in 2015 on website of Hogan Lovells (D28), wherein is said: '*Natalia Gulyaeva is recognized…… for her excellent client care and the quality of client services. Representative experience: ….. Advising Sony Corporation and Sony Computer Entertainment on patent licensing in Russia and representing the client in the patent disputes with the Russian patent trolls*'.

Since head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva represented Sony Group in patent disputes in Russia only with plaintiffs (proofs are available in appeal of plaintiffs submitted before DOJ September 7, 2016 – D29), therefore, said information placed on website of Hogan Lovells in 2015 evidences that Sony Corporation and Sony Computer Entertainment turned to Hogan Lovells (CIS) and head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva in order to decide whether to license the patent No.2427879 or not.

Since appeals of plaintiffs submitted October 2011 to Sony Computer Entertainment and Sony Electronics to acquire rights to use the patent No.2427879 contained proofs evidencing that the invention under the patent No.2427879 is used in game console PlayStation Vita, hence, Sony Corporation, Sony Computer Entertainment, Sony Electronics, CEO of Sony Electronics Kenichiro Hibi, Hogan Lovells (CIS) and head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva knew that the patent No.2427879 is used in game console PlayStation Vita.

Thus, after receiving advice of head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva, Sony Corporation and Sony Computer Entertainment have decided not to license the patent No.2427879 but to authorize Moscow headquarted Sony Group company Sony Electronics headed at that time by Kenichiro Hibi to submit before the Chamber for Patent Disputes of Rospatent opposition against the grant by Rospatent of the patent No.2427879 aimed to invalidate the patent No.2427879.

The decision taken by Sony Corporation and Sony Computer Entertainment to authorize Sony Electronics to submit before the Chamber for Patent Disputes of Rospatent opposition against the

grant by Rospatent of the patent No.2427879 is additional evidence that the patent No.2427879 is used in game console PlayStation Vita otherwise there was no motive for filing said opposition.

Taking into account that:

i. Sony Corporation, Sony Computer Entertainment, Sony Electronics, CEO of Sony Electronics Kenichiro Hibi and Hogan Lovells (CIS) were aware about the infringement of the patent No.2427879 by Sony Group Companies (see Count One),

ii. the patent No.2427879 became a barrier to sales in Russia of game consoles PlayStation Vita manufactured by Sony Computer Entertainment as well as to get income directly by Sony Computer Entertainment and indirectly by Sony Corporation from said sales (see Count One),

iii. Sony Electronics as Sony Group company has not authority to decide for oneself what patents to license and the grant of what patents to oppose in case of patent infringement by Sony Group,

iv. decision of Sony Corporation and Sony Computer Entertainment to authorize Sony Electronics to submit before the Chamber for Patent Disputes of Rospatent opposition against the grant by Rospatent of the patent No.2427879 confirms that head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva convinced Sony Corporation and Sony Computer Entertainment that the patent No.2427879 will be recognized as invalid,

v. during consideration by Khoroshevsky District Court of Moscow of plaintiffs' complaint against Sony Electronics related to Sony Electronics' infringement of the patent No.2427879 Sony Electronics had the opportunity to submit to the court proofs evidencing that the invention under the patent No.2427879 is not used in PlayStation Vita, but vice versa Sony Electronics preferred to plea Khoroshevsky District Court of Moscow to suspend consideration of the lawsuit by the court till the results of consideration by Rospatent of Sony Electronics' opposition against the grant of the patent No.2427879,

hence, the aggregate of aforementioned circumstances in conjunction with the arguments and proofs disclosed in the following below Counts of the complaint evidence that:

(a) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) voluntary agreed and conspired to combine their financial, corporate, professional and administrative opportunities to undertake any possible acts, including illegal, to deprive plaintiffs of the patent No.2427879 in order to ensure sales of game consoles PlayStation Vita in Russia,

(b) in violation of 18 U.S.C. §2, 18 U.S.C. §371 and 18 U.S.C. §1962(d) Sony Corporation and Sony Computer Entertainment conspired to aid Sony Electronics in commission of any possible acts, including illegal, to deprive plaintiffs of the patent No.2427879,

(c) in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to implement said agreement and conspiracy as well as to prevent the communication by CEO of Sony Electronics Kenichiro Hibi to DOJ of information relating to said wrongdoing.

Since nobody from said conspirators has been pleaded guilty by DOJ, hence, in violation of federal statute, Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) did not alert DOJ voluntary and in timely manner about said conspiracy, knowingly and willfully concealed said conspiracy from DOJ and thus defrauded the United States.

As a conclusion to Count Two:

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:

(a) In violation of 18 U.S.C. §2, 18 U.S.C. §371, 18 U.S.C. §1001, 18 U.S.C. §1962(d), Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) knowingly and

willfully conspired to commit any possible acts, including illegal, to deprive plaintiffs of the patent No.2427879 (see items (a) and (b) of Count Two).

(b) In violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to implement said conspiracy (see item (c) of Count Two).

(c) In violation of federal statute, Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully concealed said conspiracy from DOJ and thus defrauded the United States.

2. If Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) had not conspired to commit any possible acts, including illegal, in order to deprive plaintiffs of the patent No.2427879, had not concealed said conspiracy from DOJ and had not defrauded the United States, then (i) plaintiffs as patentees would not have lost the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

## COUNT THREE

<u>In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully committed federal offenses, concealed said crimes from DOJ and thus defrauded the United States</u>

There is the following legal procedure in the Russian Federation: any individual or entity can oppose the grant of a patent of the Russian Federation on an invention issued by Rospatent by filing the opposition before the Chamber for Patent Disputes of Rospatent. As a result of consideration of such opposition Rospatent may take a decision to invalidate said patent on an invention. Said decision of Rospatent comes into force immediately. Said decision of Rospatent can be challenged in the Russian court. If the court finds out that said decision of Rospatent is unlawful then said patent on an invention shall be restored.

To recognize by Rospatent a patent on an invention invalid it is necessary to provide in said opposition evidence showing that at least one alternative embodiment of an invention protected by said patent is not novel or lack of an inventive step or industrially not applicable (i.e. unpatentable).

March 20, 2012, as a response to the patentees' lawsuits against Sony Electronics (D20) and two retailers (D22 and D23), Sony Electronics represented by lawyer of IP practice of Hogan Lovells (CIS) Anton Bankovskiy (who is also the registered patent attorney of the Russian Federation – D37) filed in the Chamber for Patent Disputes of Rospatent the opposition of Sony Electronics against the grant of the patent No.2427879 (D24).

Sony Electronics required in said opposition signed by lawyer of Hogan Lovells (CIS) Anton Bankovskiy to recognize the patent No.2427879 as invalid due to the invention disclosed in claim 1 of the patent No.2427879 fails to comply with the patentability criteria "industrial applicability", "novelty" and "inventive step", and the invention disclosed in claim 11 of the patent No.2427879 fails to comply with the patentability criteria "novelty" (D24).

July 4, 2012 the Chamber for Patent Disputes satisfied Sony Electronics' opposition against the grant of the patent No.2427879.

September 8, 2012, based on conclusion of the Chamber for Patent Disputes, Rospatent took the decision to satisfy Sony Electronics' opposition against the grant of the patent No.2427879 and

to recognize the patent No. 2427879 as invalid due to the invention disclosed in claim 1 fails to comply with the patentability criteria "inventive step" (D30). In other words Rospatent recognized the invention disclosed in claim 1 of the patent No.2427879 as novel but obvious to a specialist in the art.

On behalf of Sony Electronics assistant of manager of legal department of Sony Electronics Evgeniya Vetoshnikova (since May 2012 she is legal manager of Sony Electronics) controlled actions of Hogan Lovells (CIS) and attended all meetings of the Chamber for Patent Disputes of Rospatent while Sony Electronics' opposition against the grant of the patent No.2427879 has been considered by the Chamber for Patent Disputes of Rospatent.

Sony Electronics' opposition signed by lawyer of IP practice Hogan Lovells (CIS) Anton Bankovskiy to recognize the patent No.2427879 as invalid is the false representation aimed to recognize the patent No.2427879 as invalid at any cost even by commission of fraud that is confirmed by the following evidence:

1. To recognize by Rospatent the patent No.2427879 as invalid Sony Electronics had to provide in said opposition evidence showing that at least one alternative embodiment of the invention protected by the patent No.2427879 is not novel or lack of an inventive step or industrially not applicable (i.e. unpatentable).

One of the alternative embodiments of the invention disclosed in independent claim 1 of the patent No.2427879 comprises the following set of features: "*An electronic device comprising a touchpad, a visual display and a joystick, wherein touchpad is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad **or with the joystick** controls virtual symbol displayed on the visual display arranged on the front side of the body of the electronic device*" that is confirmed by the expert opinion (D26).

Exactly said alternative embodiment of the invention disclosed in independent claim 1 of the patent No.2427879 is used in game console PlayStation Vita that is confirmed by the expert opinion (D26).

Said circumstance was known to lawyer of Hogan Lovells (CIS) Anton Bankovskiy since he is the registered patent attorney of the Russian Federation (D37) and also he represented Sony Electronics in the lawsuit against Sony Electronics and he was aware of the contents of the complaint of plaintiffs wherein the alternative embodiment of the invention under the patent No.2427879 is disclosed (D20).

However, not having evidence to prove unpatentability of said alternative embodiment of the invention, Sony Electronics represented by Anton Bankovskiy fraudulently indicated in the opposition against the grant of the patent No.2427879 that the alternative embodiment of the invention disclosed in independent claim 1 of the patent No.2427879 is allegedly the following set of features: *An electronic device comprising a touchpad, a visual display and a joystick characterized in that at least one touchpad is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device.*

When comparing it is clear that Anton Bankovskiy deliberately removed from the set of features which characterizes the alternative embodiment of the invention disclosed in independent claim 1 of the patent No.2427879 the feature "or with the joystick".

2. All other arguments of Sony Electronics disclosed in the opposition against the grant of the

patent No.2427879 proceeded from aforementioned fraudulent representation.

The decision of Rospatent to invalidate the patent No.2427879 is based completely on said fraudulent representation committed by Anton Bankovskiy.

In particularly:

i. the decision of Rospatent to invalidate the patent No.2427879 (D30) is based on the following conclusion: the set of features: *An electronic device comprising a touchpad, a visual display and a joystick characterized in that at least one touchpad is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device* is an alternative embodiment of the invention according to the independent claim 1 of the Russian patent No.2427879.

ii. All other conclusions disclosed in the decision of Rospatent to invalidate the patent No.2427879 proceed from aforementioned fraudulent representation.

If lawyer of Hogan Lovells (CIS) Anton Bankovskiy had not falsified evidence in Sony Electronics' opposition against the grant of the patent No.2427879, then, Rospatent would not have recognized the patent No.2427879 as invalid. As a result, plaintiffs as patentees would not have lost the right to get compensation for the infringement of the patent No.2427879.

Taking into account aforementioned arguments and proofs, the expert opinion (D26) as well as that:

i. since said fraudulent representation committed knowingly by lawyer of Hogan Lovells (CIS) Anton Bankovskiy has been put at the basis of the decision of Rospatent to invalidate the patent No.2427879, .

ii. Sony Corporation, Sony Computer Entertainment and Sony Electronics gained unfair and unlawful business advantages from said fraudulent representation,

iii. lawyer of Hogan Lovells (CIS) Anton Bankovskiy has not been replaced or punished by Hogan Lovells (CIS) for his voluntary fraudulent representation,

iv. Sony Electronics headed by Kenichiro Hibi (who was CEO of Sony Electronics for six year till July 2012) and assistant of legal manager of Sony Electronics Evgeniya Vetoshnikova were aware of fraudulent representation committed by lawyer of Hogan Lovells (CIS) Anton Bankovskiy since Evgeniya Vetoshnikova together with Anton Bankovskiy represented Sony Electronics in the lawsuit against Sony Electronics and she was aware of the contents of the complaint of plaintiffs wherein the alternative embodiment of the invention under the patent No.2427879 is disclosed (D20),

v. Sony Electronics did not replace Hogan Lovells (CIS) with another law firm or Anton Bankovskiy with another lawyer as legal representative of Sony Electronics (see the following Counts),

vi. CEO of Sony Electronics Kenichiro Hibi has not been replaced or punished by Sony Corporation at least for concealment of wrongdoing committed by Sony Electronics and Hogan Lovells (CIS) but vice versa has been appointed July 2012 as CEO of Sony India (D38),

vii. assistant of legal manager of Sony Electronics Evgeniya Vetoshnikova has not been replaced or punished by Sony Corporation at least for concealment of wrongdoing committed by Sony Electronics and Hogan Lovells (CIS) but vice versa she has been raised in rank May 2012 from the assistant of legal manager of Sony Electronics to the legal manager of Sony Electronics (D39),

hence, the aggregate of aforementioned circumstances in conjunction with Count One and Count Two evidence that:

(a) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Chamber for Patent Disputes of Rospatent but also for any possible acts including illegal in order to recognize the patent No.2427879 as invalid,

(b) since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Kenichiro Hibi did not alert DOJ that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Chamber for Patent Disputes of Rospatent but also for any possible acts including illegal in order to recognize the patent No.2427879 as invalid, hence, in violation of 18 U.S.C. §2(a), 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to prevent the communication by Kenichiro Hibi to DOJ of information relating to said abetting,

(c) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Electronics headed by Kenichiro Hibi knowingly paid to Hogan Lovells (CIS) not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Chamber for Patent Disputes of Rospatent but also for any possible acts including illegal,

(d) in violation of 18 U.S.C. §2 and 18 U.S.C. §1961(A) one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was the bribe paid by Sony Electronics to Hogan Lovells (CIS) for any possible acts including illegal,

(e) through bribing Hogan Lovells (CIS) Sony Electronics knowingly and willfully committed an act of racketeering activity (18 U.S.C. §1961(A)) since said bribe corruptly persuaded Hogan Lovells (CIS) to commit fraudulent representation in the Chamber for Patent Disputes of Rospatent,

(f) through commission of said fraudulent representation Hogan Lovells (CIS) knowingly and willfully accepted and received said bribe,

(g) since in violation of 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about said bribe from Sony Electronics, hence, in violation of 18 U.S.C. §1512(b)(3) and  18 U.S.C. §1961(B) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to said bribe from Sony Electronics,

(h) since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Kenichiro Hibi did not alert DOJ about said Sony Electronics' bribes to Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and  18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to prevent the communication by CEO of Sony Electronics Kenichiro Hibi to DOJ of information relating to the act of racketeering activity committed by Sony Electronics,

(i) since lawyer of Hogan Lovells (CIS) Anton Bankovskiy has not been punished or replaced by Hogan Lovells (CIS), then, fraudulent representation committed by lawyer of Hogan Lovells (CIS) Anton Bankovskiy was not a self-initiative of Anton Bankovskiy but it was authorized by Hogan Lovells (CIS),

(j)  in violation of 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) corruptly persuaded lawyer of Hogan Lovells (CIS) Anton Bankovskiy to commit said fraudulent representation in the Chamber for Patent Disputes of Rospatent,

(k)  in violation of 18 U.S.C. §371 Hogan Lovells (CIS) and lawyer of Hogan Lovells (CIS) Anton Bankovskiy conspired to commit said fraudulent representation,

(l)  since legal representation in form of fraud committed by lawyer of Hogan Lovells (CIS) Anton Bankovskiy have been paid by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §2(a), 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) Hogan Lovells (CIS) bribed lawyer of Hogan Lovells (CIS) Anton Bankovskiy,

(m)  since lawyer of Hogan Lovells (CIS) Anton Bankovskiy knowingly and willfully committed said fraudulent representation, hence, he knowingly and willfully received said bribe from Hogan Lovells (CIS),

(n)  since in violation of 18 U.S.C. §1001 lawyer of Hogan Lovells (CIS) Anton Bankovskiy did not alert DOJ about aforementioned acts of racketeering activity committed by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(A) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) willfully endeavored Anton Bankovskiy by means of said bribe to prevent the communication by Anton Bankovskiy to DOJ of information relating to aforementioned acts of racketeering activity committed by Hogan Lovells (CIS),

(o)  since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ about high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) CEO of Sony Electronics Kenichiro Hibi corruptly persuaded legal manager of Sony Electronics Evgeniya Vetoshnikova to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(p)  in violation of 18 U.S.C. §371 Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) conspired to defraud the United States,

(q)  in violation of 18 U.S.C. §1001 Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) concealed from DOJ said acts of racketeering activity and thus defrauded the United States.

The US Department of Justice possesses proofs which evidence that:

(1)  CEO of Sony Electronics Kenichiro Hibi did not alert DOJ voluntary and in timely manner that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to commit acts of racketeering activity,

(2)  legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ voluntary and in timely manner about high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(3)  Hogan Lovells (CIS) did not alert DOJ voluntary and in timely manner that Sony Electronics has bribed Hogan Lovells (CIS) in order to induce Hogan Lovells (CIS) to commit acts of racketeering activity,

(4)  lawyer of Hogan Lovells (CIS) Anton Bankovskiy did not alert DOJ voluntary and in timely manner about bribe received from Hogan Lovells (CIS) for commission of fraud in the Chamber for Patent Disputes of Rospatent.

If any of aforementioned entities and individuals, according to federal statute, had alerted DOJ about aforementioned federal offenses, then, as a result of DOJ investigation Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

As a conclusion to Count Three:

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:
    (a) Hogan Lovells (CIS) falsified evidence in Sony Electronics' opposition against the grant of the patent No.2427879.
    (b) Sony Corporation and Sony Computer Entertainment knowingly and willfully committed three acts of racketeering activity (see items (a), (b) and (h) of Count Three).
    (c) Sony Electronics knowingly and willfully committed four acts of racketeering activity (see items (d), (e), (g) and (o) of Count Three).
    (d) Hogan Lovells (CIS) knowingly and willfully committed three acts of racketeering activity (see items (j), (l) and (n) of Count Three).
    (e) Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully jointly committed ten acts of racketeering activity, concealed said federal offenses from DOJ and thus defrauded the United States.
    (f) CEO of Sony Electronics Kenichiro Hibi, legal manager of Sony Electronics Evgeniya Vetoshnikova and lawyer of Hogan Lovells (CIS) Anton Bankovskiy voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States.

2. If Hogan Lovells (CIS) had not falsified evidence in Sony Electronics' opposition against the grant of the patent No.2427879, then, plaintiffs as patentees would not have lost the right to get compensation for the infringement of the patent No.2427879.

3. If Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) had not committed acts of racketeering activity, then (i) plaintiffs as patentees would not have lost the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

4. If Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) had not concealed aforementioned federal offenses from DOJ and had not defrauded the United States, then (i) plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

## COUNT FOUR

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully committed federal offenses, concealed said crimes from DOJ and thus defrauded the United States

The decision of Rospatent to invalidate the patent No.2427879 is based completely on arguments of the opposition of Sony Electronics against the grant of the patent No.2427879.

In particularly, the decision of Rospatent to invalidate the patent No.2427879 (D30) is based on the following four conclusions:

1. (First conclusion). The set of features: *An electronic device comprising a touchpad, a visual display and a joystick characterized in that at least one touchpad is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device* (hereinafter specified set of features outlined in italics is listed below as '***the set of features***') is an alternative embodiment of the invention according to the independent claim 1 of the Russian patent No.2427879;

2. (Second conclusion). The set of features "*at least one touchpad ... is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad ... controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device*" is inherent to a device known from the US patent No.7088342;

3. (Third conclusion). It is known from paragraph [0009] of the US patent application 2006/0250377 [8] an electronic device which as ***the set of features*** comprises simultaneously a touch pad, a visual display and a joystick;

4. (Fourth conclusion). It is known from the US patent No.7088342 [9] a touchpad arranged on the back side of the body of an electronic device.

Based on the above four conclusions Rospatent concluded that ***the set of features*** cannot be recognized as being in compliance with the patentability "inventive step", since it follows from the information disclosed in the patent application [8] and the patent [9].

Rospatent is the expert in the Russian patent law and that is why the decision of Rospatent to invalidate the patent No.2427879 is knowingly wrongful that is confirmed by the following arguments and proofs:

**1.** Contrary to the first conclusion made in the decision of Rospatent (D30) ***the set of features*** is not in fact   an alternative embodiment of the invention according to claim 1 of the patent No.2427879.

The reliability of the above stated evidence is confirmed by expert opinions (D26, D31 and D32).

**2.** Contrary to the second conclusion made in the decision of Rospatent (D30) the set of features "*at least one touchpad ... is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad ... controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device*" is not in fact inherent to a device known from the US patent No.7088342.

The reliability of the above stated evidence is confirmed by expert opinion (D32).

**3.** Contrary to the third conclusion made in the decision of Rospatent (D30) it is not known from paragraph [0009] of the US patent application 2006/0250377 [8] an electronic device which comprises simultaneously a touchpad, a visual display and a joystick.

The reliability of the above stated evidence is confirmed by expert opinion (D33).

**4.** Contrary to the fourth conclusion made in the decision of Rospatent (D30) it is not known from the US patent No.7088342 [9] a touchpad arranged on the back side of the body of an electronic device.

Thus, top executives of Rospatent as the Russian government officials being in their official capacity committed deliberately false representations and abused of entrusted power with full understanding that their conduct was wrongful for private gain of Sony Corporation, Sony Computer Entertainment and Sony Electronics.

The reliability of the above stated evidence is confirmed also by expert opinion (D34).

As follows from legal opinion prepared by Maxim V. Labzin who is registered patent attorney of the Russian Federation (D35) and internationally recognized as one the Russia's top IP lawyers (see highlighted by yellow at pages 4 and 5 in D36):

a) the opposition of Sony Electronics does not contain proofs evidencing that two inventions disclosed in the patent of the Russian Federation No.2427879 fail to comply with the patentability;

b) arguments and conclusions put in the basis of the decision of Rospatent [to invalidate the patent No.2427879] do not correspond to actual circumstances of the case and evidence available in the case;

c) the decision of Rospatent [to invalidate the patent No.2427879] has been taken with deliberate violation of the Russian patent law;

d) top executives of Rospatent as the Russian government officials being in their official capacity have made deliberately false representations and abused of entrusted power with full understanding that their conduct was wrongful;

e) taking into account that Sony Group gained unfair and unlawful business advantages from aforementioned deliberate deception and abuse of entrusted power committed by top executives of Rospatent, there are sufficient legal grounds to affirm that Sony Electronics and Hogan Lovells as legal representative of Sony Electronics influenced willfully and wrongfully the decision of Rospatent [to invalidate the patent No.2427879] in order to ensure unfair and unlawful gain for Sony Group.

Taking into account aforementioned arguments and proofs, expert opinions and legal opinion as well as since:

i. 'Corruption' is defined by Transparency International as the abuse of entrusted power for private gain. World Bank defines corruption as the abuse of public office for private gain. The Stanford Encyclopedia of Philosophy defines corruption as the abuse of power by a public official for private gain. Bribery is the most common form of corruption,

ii. Under 15 U.S.C. § 78dd-1(a)(1)(A), it shall be unlawful for any issuer which has a class of securities registered pursuant to section 78l of this title or which is required to file reports under section 78o(d) of this title, or for any officer, director, employee, or agent of such issuer or any stockholder thereof acting on behalf of such issuer, to make use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to any foreign official for purposes of: (i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person.

iii. it was not possible without anything of value to obtain knowingly wrongful decision of Rospatent to invalidate the patent No. 2427879,

iv. Sony Corporation, Sony Computer Entertainment and Sony Electronics gained unfair and unlawful business advantages from said deliberate deception and abuse of entrusted power committed by top executives of Rospatent being in their official capacity,

v. without anything of value top executives of Rospatent being in their official capacity had no motive to make deliberately false representations and to abuse of entrusted power for private gain of Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS),

vi. CEO of Sony Electronics Kenichiro Hibi and legal manager of Sony Electronics Evgeniya Vetoshnikova knew that: (1) the decision of Rospatent to invalidate the patent No. 2427879 is knowingly wrongful, (2) Sony Electronics and Hogan Lovells (CIS) corrupted top executives of Rospatent,

vii. lawyer of IP practice of Hogan Lovells (CIS) Anton Bankovskiy as the registered patent attorney of the Russian Federation (D37) is the expert in the Russian patent law understood that: (1) conclusions put in the basis of the decision of Rospatent to invalidate the patent No.2427879 do not correspond to actual circumstances of the case and evidence available in the case, (2) the decision of Rospatent to invalidate the patent No.2427879 has been taken with the deliberate violation of the Russian patent law, (3) top executives of Rospatent as the Russian government officials being in their official capacity committed deliberately false representations and abused of entrusted power with full understanding that their conduct was wrongful, (4) Sony Electronics and Hogan Lovells (CIS) corrupted top executives of Rospatent,

viii. CEO of Sony Electronics Kenichiro Hibi has not been replaced or punished by Sony Corporation for his wrongdoing but vice versa has been appointed as CEO of Sony India (D38),

ix. assistant manager of legal department of Sony Electronics Evgeniya Vetoshnikova has not been replaced or punished by Sony Corporation at least for concealment of wrongdoing committed by Sony Electronics and Hogan Lovells (CIS) but vice versa has been raised in rank May 2012 from 'assistant manager of legal department of Sony Electronics' to 'legal manager of Sony Electronics' (D39),

hence, the aggregate of aforementioned circumstances in conjunction with Counts One, Two and Three evidence the following:

(a) in violation of the FCPA, 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi: (1) to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Chamber for Patent Disputes but also for unlawful services of Hogan Lovells (CIS) for corrupting top executives of Rospatent in order to invalidate the patent No.2427879 and (2) to use funds of Sony Electronics for funding corruption of top executives of Rospatent,

(b) in violation of 18 U.S.C. §2 Sony Electronics headed by Kenichiro Hibi  paid knowingly to Hogan Lovells (CIS) not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Chamber for Patent Disputes but also for corrupting top executives of Rospatent in order to invalidate the patent No.2427879,

(c) in violation of 18 U.S.C. §2 and 18 U.S.C. §1961(A) one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Chamber for Patent Disputes was the bribe paid by Sony Electronics to Hogan Lovells (CIS) for corrupting top executives of Rospatent in order to invalidate the patent No.2427879,

(d) in violation of 18 U.S.C. §1961(A) through bribing Hogan Lovells (CIS) Sony Electronics headed by Kenichiro Hibi corruptly persuaded Hogan Lovells (CIS) to corrupt top executives of Rospatent in order to invalidate the patent No.2427879 and thus to ensure sales of game consoles PlayStation Vita in Russia,

(e) since Hogan Lovells (CIS) has corrupted top executives of Rospatent, therefore, Hogan Lovells (CIS) knowingly and willfully received said bribe paid by Sony Electronics,

(f) since Hogan Lovells (CIS) has corrupted top executives of Rospatent, hence, Sony Electronics headed by Kenichiro Hibi funded corruption of top executives of Rospatent through Hogan Lovells (CIS) that is violation of the FCPA as well as of 18 U.S.C. §2(a) and 18 U.S.C. §1961(A),

(g) through corruption of top executives of Rospatent Sony Electronics and Hogan Lovells (CIS) wrongfully influenced the decision of Rospatent to invalidate the patent No.2427879,

(h) in violation of the FCPA and 18 U.S.C. §1961(A) using one part of Sony Electronics' payments for corrupting top executives of Rospatent, Hogan Lovells (CIS) bribed top executives of Rospatent,

(i) through bribing top executives of Rospatent Sony Electronics and Hogan Lovells (CIS) have violated 18 U.S.C. §1961(A) since said bribe permitted to Sony Corporation, Sony Computer Entertainment and Sony Electronics to ensure sales of game consoles PlayStation Vita in Russia,

(j) since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 CEO of Sony Electronics Kenichiro Hibi did not alert DOJ about: (1) an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to prevent the communication by CEO of Sony Electronics Kenichiro Hibi to DOJ of information relating to: (1) said FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS),

(k) since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) CEO of Sony Electronics Kenichiro Hibi corruptly persuaded legal manager of Sony Electronics Evgeniya Vetoshnikova to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS),

(l) in violation of the FCPA and 18 U.S.C. §2(a) Sony Corporation and Sony Computer Entertainment knowingly and willfully aided Sony Electronics to commit an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(m) since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about an FCPA violation and act of racketeering activity committed by Sony Electronics headed by Kenichiro Hibi, hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Electronics headed by Kenichiro Hibi corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information

relating to: (1) an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) act of racketeering activity committed by Sony Electronics headed by Kenichiro Hibi,

(n) since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 lawyer of Hogan Lovells (CIS) Anton Bankovskiy did not alert DOJ about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) corruptly persuaded lawyer of Hogan Lovells (CIS) Anton Bankovskiy to prevent the communication by Anton Bankovskiy to DOJ of information relating to high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS),

(o) in violation of the FCPA and 18 U.S.C. §371 Sony Electronics and Hogan Lovells (CIS) conspired to commit an FCPA violation,

(p) through commission of an FCPA violation and acts of racketeering activity Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) ensured sales of game consoles PlayStation Vita in Russia and thus ensured unjust enrichment,

(q) in violation of the FCPA and 18 U.S.C. §1001 Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) conspired to conceal and concealed from DOJ said FCPA violation and acts of racketeering activity and thus defrauded the United States.

The US Department of Justice possesses proofs which evidence that:

(1) CEO of Sony Electronics Kenichiro Hibi did not alert DOJ voluntary and in timely manner that Sony Corporation and Sony Computer Entertainment (i) abetted him to commit an FCPA violation and (ii) aided an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS),

(2) CEO of Sony Electronics Kenichiro Hibi did not alert DOJ voluntary and in timely manner that Sony Corporation and Sony Computer Entertainment committed acts of racketeering activity,

(3) legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ voluntary and in timely manner about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS),

(4) legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ voluntary and in timely manner about an act of racketeering activity committed by Sony Electronics,

(5) Hogan Lovells (CIS) did not alert DOJ voluntary and in timely manner that Sony Electronics abetted Hogan Lovells (CIS) to commit an FCPA violation,

(6) Hogan Lovells (CIS) did not alert DOJ voluntary and in timely manner about an act of racketeering activity committed by Sony Electronics,

(7) lawyer of Hogan Lovells (CIS) Anton Bankovskiy did not alert DOJ voluntary and in timely manner about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS),

(8) lawyer of Hogan Lovells (CIS) Anton Bankovskiy did not alert DOJ voluntary and in timely manner about an act of racketeering activity committed by Hogan Lovells (CIS).

If any of aforementioned entities and individuals, according to federal statute, had alerted DOJ about said FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS) and their employees and lawyers, then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in the present and previous

Counts of the complaint, Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website and as a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

     As a conclusion to Count Four:

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:
   (a) Sony Electronics and Hogan Lovells (CIS) corrupted and bribed top executives of Rospatent in order to invalidate the patent No.2427879,
   (b) Sony Corporation and Sony Computer Entertainment knowingly and willfully committed two acts of racketeering activity (see items (a) and (j) of Count Four).
   (c) Sony Electronics knowingly and willfully committed five acts of racketeering activity (see items (c), (d), (f), (k) and (m) of Count Four).
   (d) Hogan Lovells (CIS) knowingly and willfully committed two acts of racketeering activity (see items (h) and (n) of Count Four).
   (e) Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully committed nine acts of racketeering activity, concealed said federal offenses from DOJ and thus defrauded the United States.
   (f) CEO of Sony Electronics Kenichiro Hibi, legal manager of Sony Electronics Evgeniya Vetoshnikova and lawyer of Hogan Lovells (CIS) Anton Bankovskiy voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States.

2. If Sony Electronics and Hogan Lovells (CIS) had not corrupted and had not bribed top executives of Rospatent, then (i) plaintiffs as patentees would not have lost the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched at the expense of plaintiffs and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

3. If (1) Sony Electronics and Hogan Lovells (CIS) had not committed an FCPA violation and (2) Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) had not committed acts of racketeering activity, had not concealed said federal offenses from DOJ and had not defrauded the United States, then (i) plaintiffs as patentees would not have lost the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched at the expense of plaintiffs and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

## COUNT FIVE

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully committed federal offenses, concealed said crimes from DOJ and thus defrauded the United States

     September 24, 2012: the plaintiff 1 challenged the decision of Rospatent to invalidate the patent No.2427879 by filing complaint against Rospatent in the Arbitration Court of Moscow. No.A40-128053/12-117-1239 has been assigned to the lawsuit.

Sony Electronics and plaintiff 2 have been attracted by the Arbitration Court of Moscow in the lawsuit as interested third parties.

Sony Electronics has been represented in the lawsuit No.A40-128053/12-117-1239 by lawyers of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina.

On behalf of Sony Electronics legal manager of Sony Electronics Evgeniya Vetoshnikova controlled actions of Hogan Lovells (CIS) in the Arbitration Court of Moscow, the Ninth Arbitration Court of Appeals and the Court for Intellectual Property Rights as court of cassation through attending all hearings of said courts.

Natalia Gulyaeva and Vironika Pilyugina knowingly and repeatedly committed fraud upon the court and concealed from the court circumstances relevant to the lawsuit. Proofs are as follows:

As evidenced in Count Four, the decision of Rospatent to invalidate the patent No.2427879 (D30) is based on the following four conclusions:

1. (First conclusion). The set of features: *An electronic device comprising a touchpad, a visual display and a joystick characterized in that at least one touchpad is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device* (hereinafter specified set of features outlined in italics is listed below as '*the set of features'*) is an alternative embodiment of the invention according to the independent claim 1 of the Russian patent No.2427879;

2. (Second conclusion). The set of features "*at least one touchpad ... is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad ... controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device*" is inherent to a device known from the US patent No.7088342;

3. (Third conclusion). It is known from paragraph [0009] of the US patent application 2006/0250377 [8] an electronic device which as *the set of features* comprises simultaneously a touch pad, a visual display and a joystick;

4. (Fourth conclusion). It is known from the US patent No.7088342 [9] a touchpad arranged on the back side of the body of an electronic device.

Based on the above four conclusions Rospatent concluded in its decision that *the set of features* cannot be recognized as being in compliance with the patentability "inventive step", since it follows from the information disclosed in the application [8] and the patent [9].

I. Contrary to the first conclusion made in the decision of Rospatent *the set of features* is not in fact an alternative embodiment of the invention according to claim 1 of the patent No.2427879.

During the trial Vitaly Pilkin has submitted to the court and to participants of the lawsuit (i.e. Rospatent and Hogan Lovells (CIS) as legal representative of Sony Electronics) proofs evidencing that *the set of features* specified in the decision of Rospatent as an alternative embodiment of the invention according to the independent claim 1 of the patent No.2427879 is **not** in fact the alternative embodiment of the invention (see highlighted by yellow at pages 2, 3, 4 in D40).

The reliability of the above stated plaintiff's evidence is confirmed by two expert opinions (D31 and D32).

If lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina had recognized that *the set of features* is **not** in fact the alternative embodiment of the invention according to claim

1 of the patent No.2427879, then it would have been established by the court that Rospatent's decision to recognize the patent No.2427879 as invalid is illegal. As a result, plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879.

Although head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva as registered patent attorney (D41) and expert in the Russian patent law (D42) and lawyer of IP practice of Hogan Lovells (CIS) Vironika Pilyugina as registered patent attorney (D47) and expert in the Russian patent law (D48) **knew** that **the set of features** is **not** in fact the alternative embodiment of the invention according to claim 1 of the patent No.2427879, nevertheless:

- July 11, 2013: Natalia Gulyaeva submitted to the Arbitration Court of Moscow answer to the complaint of Vitaly Pilkin wherein have been indicated that **the set of features** is the alternative embodiment of the invention according to independent claim 1 of the patent No.2427879 (see highlighted by yellow at pages 4 and 6 of D43).

- September 26, 2013: Natalia Gulyaeva submitted to the Ninth Arbitration Court of Appeals written explanations wherein have been indicated that **the set of features** is the alternative embodiment of the invention according to independent claim 1 of the patent No.2427879 (see highlighted by yellow at pages 7 and 8 of D44).

II.  <u>Contrary to the second conclusion made in the decision of Rospatent the set of features *"at least one touchpad ... is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad ... controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device"* is **not** in fact inherent to a device known from the US patent No.7088342.</u>

During the trial Vitaly Pilkin submitted to the court and to participants of the lawsuit (i.e. Rospatent and Hogan Lovells (CIS) as representative of Sony Electronics) proofs evidencing that the set of features *"at least one touchpad ... is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad ... controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device"* cannot be inherent to any device, including a device known from the US patent No.7088342 since said set of features comprises features expressed by alternative (i.e. mutually exclusive features) notions (see highlighted by blue at pages 5 and 6 in D40).

The reliability of the above stated plaintiff's evidence is confirmed by expert opinion (D32).

If lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina had recognized that in fact aforementioned set of features cannot be inherent to a device known from the US patent No.7088342, then it would have been established by the court that Rospatent's decision to recognize the patent No.2427879 as invalid is illegal. As a result, plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879.

Although head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva as registered patent attorney (D41) and the expert in the Russian patent law (D42) and lawyer of Hogan Lovells (CIS) Vironika Pilyugina as registered patent attorney (D47) and expert in the Russian patent law (D48) **knew** that aforementioned set of features cannot be inherent to a device known from the US patent No.7088342, nevertheless:

- July 11, 2013: Natalia Gulyaeva submitted to the Arbitration Court of Moscow answer to the complaint of Vitaly Pilkin wherein have been indicated that specification of the patent

No.2427879 does not contain information evidencing that an electronic device claimed in the patent No.2427879 can comprise several touchpads (see highlighted by blue at page 7 of D43).

- September 26, 2013: Natalia Gulyaeva submitted to the Ninth Arbitration Court of Appeals written explanations wherein have been indicated that the set of features *"at least one touchpad ... is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad ... controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device"* can be inherent to device known from the US patent No.7088342 (see highlighted by blue at page 9 of D44).

III.  <u>Contrary to the third conclusion made in the decision of Rospatent it is not known from paragraph [0009] of the US patent application 2006/0250377 [8] an electronic device which comprises simultaneously a touchpad, a visual display and a joystick</u>

During the trial Vitaly Pilkin submitted to the court and to participants of the lawsuit (i.e. Rospatent and Hogan Lovells (CIS) as representative of Sony Electronics) proofs evidencing that it is not known from paragraph [0009] of the US patent application 2006/0250377 [8] an electronic device which comprises simultaneously a touch pad, a visual display and a joystick (see highlighted by green at pages 6 and 7 in D45).

The reliability of the above stated plaintiff's evidence is confirmed by expert opinion (D33).

If lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina had recognized that in fact the laptop computer 10G does not comprise simultaneously a visual display, a touchpad and a joystick, then it would have been established by the court that Rospatent's decision to recognize the patent No.2427879 as invalid is illegal. As a result, plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879.

Although head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva as registered patent attorney (D41) and the expert in the Russian patent law (D42) and lawyer of IP practice of Hogan Lovells (CIS) Vironika Pilyugina as registered patent attorney (D47) and expert in the Russian patent law (D48) **knew** that the laptop computer 10G does not comprise simultaneously a visual display, a touchpad and a joystick, nevertheless:

- July 11, 2013: Natalia Gulyaeva submitted to the Arbitration Court of Moscow answer to the complaint of plaintiff wherein have been indicated that the laptop computer 10G comprises simultaneously a visual display, a touchpad and a joystick (see highlighted by green at page 6 of D43). Moreover, Natalia Gulyaeva claimed that Fig.1G allegedly shows a joystick that is fraud upon the court since Fig.1G does not contain a joystick (see highlighted by green at page 6 of D43 and D46).

- September 26, 2013: Natalia Gulyaeva submitted to the Ninth Arbitration Court of Appeals written explanations wherein have been indicated that the laptop computer 10G comprises simultaneously a visual display, a touchpad and a joystick (see highlighted by green at page 8 of D44). Moreover, Natalia Gulyaeva claimed that Fig.1G allegedly shows a joystick that is fraud upon the court since Fig.1G does not contain a joystick (see highlighted by green at page 8 of D44 and D46).

IV.  <u>Contrary to the fourth conclusion made in the decision of Rospatent it is not known from the US patent No.7088342 [9] a touchpad arranged on the back side of the body of an electronic device</u>

During the trial Vitaly Pilkin submitted to the court and to participants of the lawsuit (i.e. Rospatent and Hogan Lovells (CIS) as representative of Sony Electronics) proofs evidencing that it

is **not** known from the US patent No.7088342 [9] a touchpad arranged on the back side of the body of an electronic device (see highlighted by orange at pages 8-10 of D45).

The reliability of the above stated plaintiff's evidence is confirmed by expert opinion (D34).

If lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina had recognized that in fact it is **not** known from the US patent No.7088342 a touchpad arranged on the back side of the body of an electronic device, then it would have been established by the court that Rospatent's decision to recognize the patent No.2427879 as invalid is illegal. As a result, plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879.

Although head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva as registered patent attorney (D41) and the expert in the Russian patent law (D42) and lawyer of IP practice of Hogan Lovells (CIS) Vironika Pilyugina as registered patent attorney (D47) and the expert in the Russian patent law (D48) **knew** that it is **not** known from the US patent No.7088342 a touchpad arranged on the back side of the body of an electronic device, nevertheless:

- July 11, 2013: Natalia Gulyaeva submitted to the Arbitration Court of Moscow answer to the complaint of Vitaly Pilkin wherein have been indicated that it is known from the US patent No.7088342 [9] a touchpad arranged on the back side of the body of an electronic device (see highlighted by orange at page 7 of D43).
- September 26, 2013: Natalia Gulyaeva submitted to the Ninth Arbitration Court of Appeals written explanations wherein have been indicated that it is known from the US patent No.7088342 [9] a touchpad arranged on the back side of the body of an electronic device (see highlighted by orange at page 9 of D44).

During the court hearing in the Arbitration Court of Moscow held on July 11, 2013 lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina have supported decision of Rospatent to invalidate the patent No.2427879 (see highlighted by orange at pages 1 and 2 of D49).

During the hearing in the Court of Appeals held on October 3, 2013 Natalia Gulyaeva and Vironika Pilyugina invited the Court of Appeals to keep in force the judgment set out by the Arbitration Court of Moscow (see highlighted by orange at pages 1 and 2 of D50).

During the hearing in the Court of Cassation held on December 4, 2013 Natalia Gulyaeva and Vironika Pilyugina invited the Court of Cassation to keep in force judgments set out by the Arbitration Court of Moscow and by the Ninth Arbitration Court of Appeals (see highlighted by orange at pages 2 and 3 of D51).

Thus, during the trial lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina knowingly and repeatedly committed fraud upon the courts and concealed from the courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

Since legal manager of Sony Electronics Evgeniya Vetoshnikova controlled actions of Hogan Lovells (CIS) in the Arbitration Court of Moscow, the Ninth Arbitration Court of Appeals and the Court for Intellectual Property Rights as court of cassation and attended all hearings of said courts, hence, Sony Electronics, CEO of Sony Electronics Fumiatsu Hirai and legal manager of Sony Electronics Evgeniya Vetoshnikova were aware of fraudulent representation, concealment and nondisclosure of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed knowingly and repeatedly by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina.

If lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina had not committed fraud upon the courts and had not concealed from the courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239, then, it would have been established by the court that Rospatent's

decision to recognize the patent No.2427879 as invalid is illegal. As a result, plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879.

Taking into account aforementioned arguments and proofs, aforementioned expert opinions as well as since:

i. Sony Corporation, Sony Computer Entertainment and Sony Electronics gained unfair and unlawful business advantages from said fraudulent representation, concealment and nondisclosure of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed knowingly and repeatedly by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina since said fraudulent arguments of lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina have been put at the basis of judgment and rulings rendered by the Russian judges on the lawsuit No.A40-128053/12-117-1239,

ii. lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina have not been replaced or punished by Hogan Lovells (CIS) for their wrongdoing,

iii. Sony Electronics headed by Fumiatsu Hirai (he was CEO of Sony Electronics since July 2012 till September 2014) and legal manager of Sony Electronics Evgeniya Vetoshnikova were aware of fraudulent representation, concealment and nondisclosure of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed knowingly and repeatedly by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina in three Russian courts,

iv. Sony Electronics did not replace Hogan Lovells (CIS) with another law firm as legal representative of Sony Electronics,

v. CEO of Sony Electronics Fumiatsu Hirai has not been replaced or punished by Sony Corporation at least for concealment of wrongdoing committed by Sony Electronics and Hogan Lovells (CIS),

vi. legal manager of Sony Electronics Evgeniya Vetoshnikova has not been replaced or punished by Sony Corporation at least for concealment of wrongdoing committed by Sony Electronics and Hogan Lovells (CIS),

hence, the aggregate of aforementioned circumstances in conjunction with proofs disclosed in previous Counts of the complaint evidence that:

(a) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation on the lawsuit No.A40-128053/12-117-1239 and concealment from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(b) since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation on the lawsuit No.A40-128053/12-117-1239 and concealment from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §2(a), 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to prevent the communication by Fumiatsu Hirai to DOJ of information relating to said abetting,

(c) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Electronics headed by Fumiatsu Hirai knowingly paid to Hogan Lovells (CIS) not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation on the lawsuit No.A40-128053/12-117-1239 and concealment from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(d) in violation of 18 U.S.C. §2 and 18 U.S.C. §1961(A) one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was the bribe paid by Sony Electronics to Hogan Lovells (CIS) for fraudulent representation on the lawsuit No.A40-128053/12-117-1239 and concealment from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(e) through bribing Hogan Lovells (CIS) Sony Electronics knowingly and willfully committed an act of racketeering activity (18 U.S.C. §1961(A)) since said bribe corruptly persuaded Hogan Lovells (CIS) to commit fraudulent representation and to conceal from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(f) through commission of fraudulent representation and concealment from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239 Hogan Lovells (CIS) knowingly and willfully received said bribe,

(g) since in violation of 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about said bribe from Sony Electronics, hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to said bribe from Sony Electronics,

(h) since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ about said Sony Electronics' bribes to Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai: (1) to prevent the communication by CEO of Sony Electronics Fumiatsu Hirai to DOJ of information relating to act of racketeering activity committed by Sony Electronics,

(i) fraudulent representation and concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed knowingly and repeatedly by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina were authorized by Hogan Lovells (CIS) and are not a self-initiative of Natalia Gulyaeva and Vironika Pilyugina,

(j) in violation of 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) corruptly persuaded lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina to commit fraudulent representation and to conceal from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(k) in violation of 18 U.S.C. §371 Hogan Lovells (CIS) and lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina conspired to commit fraudulent representation and to conceal from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(l) since legal representation in form of fraud and concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina have been paid by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §2(a), 18 U.S.C. §1512(b)(1) and 18 U.S.C.

§1961(A) Hogan Lovells (CIS) bribed lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina,

(m) since lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina knowingly and willfully committed fraudulent representation on the lawsuit No.A40-128053/12-117-1239 and knowingly and willfully concealed from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina knowingly and willfully received said bribe from Hogan Lovells (CIS),

(n) since in violation of 18 U.S.C. §1001 lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina did not alert DOJ about aforementioned acts of racketeering activity committed by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(A) and  18 U.S.C. §1961(B) Hogan Lovells (CIS) willfully endeavored Natalia Gulyaeva and Vironika Pilyugina by means of said bribe to prevent the communication by Natalia Gulyaeva and Vironika Pilyugina to DOJ of information relating to aforementioned acts of racketeering activity committed by Hogan Lovells (CIS),

(o) since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ about high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) CEO of Sony Electronics Fumiatsu Hirai corruptly persuaded legal manager of Sony Electronics Evgeniya Vetoshnikova to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(p) in violation of 18 U.S.C. §371 Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) conspired to defraud the United States,

(q) in violation of 18 U.S.C. §1001 Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) concealed from DOJ said acts of racketeering activity and thus defrauded the United States.

The US Department of Justice possesses proofs which evidence that:

(1) CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ voluntary and in timely manner that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to commit acts of racketeering activity,

(2) legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ voluntary and in timely manner about high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(3) Hogan Lovells (CIS) did not alert DOJ voluntary and in timely manner that Sony Electronics bribed Hogan Lovells (CIS) in order to induce Hogan Lovells (CIS) to commit acts of racketeering activity,

(4) lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina did not alert DOJ voluntary and in timely manner about bribes received from Hogan Lovells (CIS) for committing fraud upon the court and concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

If any of aforementioned entities and individuals, according to federal statute, had alerted DOJ about acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS), then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in previous and present Counts of the complaint, Sony

Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

As a conclusion to Count Five:

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:

   (a) Hogan Lovells (CIS) committed fraud upon the courts and concealed from the courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

   (b) Sony Corporation and Sony Computer Entertainment knowingly and willfully committed three acts of racketeering activity (see items (a), (b) and (h) of Count Five).

   (c) Sony Electronics knowingly and willfully committed four acts of racketeering activity (see items (d), (e), (g) and (o) of Count Five).

   (d) Hogan Lovells (CIS) knowingly and willfully committed two acts of racketeering activity (see items (l) and (n) of Count Five).

   (e) Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully committed nine acts of racketeering activity, concealed said wrongdoing from DOJ and thus defrauded the United States.

   (f) CEO of Sony Electronics Fumiatsu Hirai, legal manager of Sony Electronics Evgeniya Vetoshnikova, lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina voluntary participated in commission of said acts of racketeering activity, concealment of said wrongdoing from DOJ and in defrauding the United States.

2. If (1) Hogan Lovells (CIS) had not committed fraud upon the courts and had not concealed from the courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239 and (2) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS) and their employees and lawyers had not committed acts of racketeering activity, had not concealed said federal offenses from DOJ and had not defrauded the United States, then (i) plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

**COUNT SIX**

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully committed federal offenses, concealed said crimes from DOJ and thus defrauded the United States

As evidenced in Count Four the decision of Rospatent to invalidate the patent No.2427879 (D30) is based on the following four conclusions:

1. (First conclusion). The set of features: *An electronic device comprising a touchpad, a visual display and a joystick characterized in that at least one touchpad is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device* (hereinafter specified set of features outlined in italics is listed below as '**the set of**

*features')* is an alternative embodiment of the invention according to the independent claim 1 of the Russian patent No.2427879;

2. (Second conclusion). The set of features "*at least one touchpad … is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad … controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device*" is inherent to a device known from the US patent No.7088342;

3. (Third conclusion). It is known from paragraph [0009] of the US patent application 2006/0250377 [8] an electronic device which as *the set of features* comprises simultaneously a touch pad, a visual display and a joystick;

4. (Fourth conclusion). It is known from the US patent No.7088342 [9] a touchpad arranged on the back side of the body of an electronic device.

Based on the above four conclusions Rospatent in its decision concluded that *the set of features* cannot be recognized as being in compliance with the patentability "inventive step", since it follows from the information disclosed in the application [8] and the patent [9].

The plaintiff's 1 complaint against the decision of Rospatent to invalidate the patent No.2427879 has been considered by the Arbitration Court of Moscow as the court of first instance (the lawsuit No.A40-128053/12-117-1239), the plaintiff's 1 appeal to reverse judgment of the Arbitration Court of Moscow on the lawsuit No.A40-128053/12-117-1239 has been considered by the Ninth Arbitration Court of Appeals and the plaintiff's 1 appeal on the lawsuit No.A40-128053/12-117-1239 submitted before the court of cassation has been considered by the Court for Intellectual Property Rights.

Judges of the Arbitration Court of Moscow, the Ninth Arbitration Court of Appeals and the Court for Intellectual Property Rights set out judgment and rulings on the lawsuit No.A40-128053/12-117-1239 which rejected the plaintiff's 1 complaint against the decision of Rospatent to invalidate the patent No.2427879 and confirmed the lawfulness of the decision of Rospatent to invalidate the patent No.2427879.

In relation to civil process **knowingly unjust adjudication** is such adjudication which does not correspond to the actual circumstances of the lawsuit and proofs available in the lawsuit and set out with willful violation by a judge (judges) of substantive and / or procedural law that affected the outcome of the lawsuit.

The following below proofs evidence that the judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239 are knowingly unjust:

**(1)** By challenging the first conclusion of the decision of Rospatent to invalidate the patent No.2427879, the plaintiff 1 submitted to the Arbitration Court of Moscow proofs which evidence that the set of features: *An electronic device comprising a touchpad, a visual display and a joystick characterized in that at least one touchpad is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device (**the set of features**)* is **not** in fact an alternative embodiment of the invention according to the independent claim 1 of the Russian patent No.2427879 (see highlighted by yellow at pages 2, 3, 4 in D40). The reliability of the above stated plaintiff's proofs is confirmed also by two expert opinions (D31 and D32).

If the Arbitration Court of Moscow had recognized that in fact *the set of features* is **not** an alternative embodiment of the invention according to claim 1 of the patent No.2427879, then it

would have been established by the court that Rospatent's decision to recognize the patent No.2427879 as invalid is illegal. As a result, plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879.

Nevertheless, the Arbitration Court of Moscow rejected aforementioned plaintiff's proofs without any reasoned evaluation of said plaintiff's proofs and put in the basis of the judgment knowingly fraudulent aforementioned first conclusion of Rospatent as well as knowingly fraudulent representation submitted to the Arbitration Court of Moscow by head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva (see Count Five) and ruled that *the set of features* is the alternative embodiment of the invention according to independent claim 1 of the patent No.2427879 (see highlighted by yellow at page 6 in D49).

As follows from legal opinion of Maxim V. Labzin who is registered patent attorney of the Russian Federation (D52) and internationally recognized as one the Russia's top IP lawyers (see highlighted by yellow at pages 4 and 5 in D36), *the set of features* wrongfully indicated in the decision of Rospatent as an alternative embodiment of the invention according to independent claim 1 of the patent No.2427879 was a sufficient legal ground to recognize by the court said decision of Rospatent unlawful (see highlighted by gray at page 4 in D35).

From said legal opinion of Maxim V. Labzin also follows (see highlighted by gray at page 7 in D35) that it was a sufficient legal ground to recognize by the court said decision of Rospatent unlawful based on the fact that in the decision of Rospatent verification of patentability of *the set of features* have been carried out in violation of the Russian patent legal proceedings.

(2)     By challenging the second conclusion of the decision of Rospatent to invalidate the patent No.2427879, the plaintiff 1 submitted to the Arbitration Court of Moscow proofs which evidence that the set of features "*at least one touchpad … is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad … controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device*" is **not** inherent to a device known from the US patent No.7088342 (see highlighted by blue at pages 5 and 6 in D40).

The reliability of the above stated plaintiff's proofs is confirmed by expert opinion (D32).

If the Arbitration Court of Moscow had recognized that in fact said set of features is **not** inherent to a device known from the US patent No.7088342, then it would have been established by the court that Rospatent's decision to recognize the patent No.2427879 as invalid is illegal. As a result, plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879.

Nevertheless, the Arbitration Court of Moscow rejected aforementioned proofs without any reasoned evaluation of said plaintiff's proofs and put in the basis of the judgment knowingly fraudulent aforementioned second conclusion of Rospatent as well as knowingly fraudulent representation submitted to the Arbitration Court of Moscow by head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva (see Count Five) and ruled that the set of features "*at least one touchpad … is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad … controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device*" is inherent to a device known from the US patent No.7088342 (see highlighted by blue at page 7 in D49).

As follows from legal opinion of Maxim V. Labzin (see highlighted by gray at page 6 in D35), wrongful allegation that the aforementioned set of features is inherent to the device known from the

US patent No.7088342 contained in the decision of Rospatent was a sufficient legal ground to recognize by the court said decision of Rospatent unlawful.

(3)     By challenging the third conclusion of the decision of Rospatent to invalidate the patent No.2427879, the plaintiff 1 submitted to the Arbitration Court of Moscow proofs which evidence that it is **not** known from paragraph [0009] of the US patent application 2006/0250377 [8] an electronic device which as *the set of features* comprises simultaneously a touch pad, a visual display and a joystick (see highlighted by green at pages 6 and 7 in D45).

The reliability of the above stated plaintiff's proofs is confirmed by expert opinion (D33).

If the Arbitration Court of Moscow had recognized that in fact it is **not** known from paragraph [0009] of the US patent application 2006/0250377 [8] an electronic device which comprises simultaneously a touch pad, a visual display and a joystick, then it would have been established by the court that Rospatent's decision to recognize the patent No.2427879 as invalid is illegal. As a result, plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879.

Nevertheless, the Arbitration Court of Moscow rejected aforementioned plaintiff's proofs without any reasoned evaluation of said plaintiff's proofs and put in the basis of the judgment knowingly fraudulent third conclusion of Rospatent as well as knowingly fraudulent representation submitted to the Arbitration Court of Moscow by head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva (see Count Five) and ruled that it is known from paragraph [0009] of the US patent application 2006/0250377 [8] an electronic device which as *the set of features* comprises simultaneously a touch pad, a visual display and a joystick (see highlighted by green at page 6 in D49).

As follows from legal opinion of Maxim V. Labzin (see highlighted by gray at page 9 in D35), the fact that the feature "an electronic devise comprises simultaneously a visual display, a touchpad and a joystick" is not known from paragraph [0009] of the US patent application 2006/0250377 was a sufficient legal ground to recognize by the court said decision of Rospatent unlawful.

(4)     By challenging the fourth conclusion of the decision of Rospatent to invalidate the patent No.2427879, the plaintiff 1 submitted to the Arbitration Court of Moscow proofs which evidence that it is **not** known from the US patent No.7088342 a touchpad arranged on the back side of the body of an electronic device (see highlighted by orange at pages 8-10 in D45).

The reliability of the above stated plaintiff's evidence is confirmed by expert opinion (D34).

If the Arbitration Court of Moscow had recognized that in fact it is **not** known from the US patent No.7088342 a touchpad arranged on the back side of the body of an electronic device, then it would have been established by the court that Rospatent's decision to recognize the patent No.2427879 as invalid is illegal. As a result, plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879.

Nevertheless, the Arbitration Court of Moscow rejected aforementioned plaintiff's proofs without any reasoned evaluation of said plaintiff's proofs and put in the basis of the judgment knowingly fraudulent fourth conclusion of Rospatent as well as knowingly fraudulent representation submitted to the Arbitration Court of Moscow by head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva (see Count Five) and ruled that it is known from the US patent No.7088342 a touchpad arranged on the back side of the body of an electronic device (see highlighted by orange at page 7 in D49).

As follows from legal opinion of Maxim V. Labzin (see highlighted by gray at page 12 in D35), the fact that from submitted [by Sony Electronics] portion of the text and drawings of the US Patent No.7088342 do not follow that back-surface touch sensor 120 is a touchpad was a sufficient legal ground to recognize by the court said decision of Rospatent unlawful.

**(5)**   The plaintiff 1 submitted to the Arbitration Court of Moscow the motion to assign forensic examination and to put before expert the following questions in the following sequence (see highlighted by yellow in D53):

Whether the following set of features "*An electronic device comprising a touchpad, a visual display and a joystick characterized in that: at least one touchpad is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device*" is the alternative variant of the embodiment of the invention under independent claim 1 of the patent No.2427879?

Whether the following set of features: "*at least one touchpad ... is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad ... controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device*" is inherent to the device known from the US patent No.7088342?

Whether *the feature "the laptop computer 10G comprises simultaneously a visual display, a touchpad and a joystick" is inherent to the device described in paragraph [0009] of the US patent application 2006/0250377*?

However, in violation of legal proceeding, the Moscow Arbitration Court rejected aforementioned plaintiff's questions without any reasoned explanation and assigned another questions to be put before forensic examination (see highlighted by yellow in D54).

The plaintiff submitted to the court written explanations which proved that questions to be put before forensic examination assigned by the court did not contribute just and fair settlement of the dispute and proposed additional questions to be put before forensic examination (D55). Nevertheless, the court also rejected all plaintiff's additional questions (see highlighted by yellow in D56). Since the court rejected all plaintiff questions, the plaintiff 1 had no choice but to refuse forensic examination.

**(6)**   After cancellation of forensic examination, the plaintiff 1 submitted to the Arbitration Court of Moscow the statement of tampering proofs by Rospatent wherein it was indicated that the first, second, third and fourth conclusions of Rospatent put in the basis of the decision of Rospatent to invalidate the patent No.2427879 are knowingly falsified proofs (D57).

Taking into account that Rospatent refused to withdraw evidence called by the plaintiff 1 as falsified, the plaintiff 1 pleaded the court to verify, according to legal proceedings, reliability of the statement of tampering proofs by Rospatent (see highlighted by yellow in D58).

Although the court recognized that was *impossible to consider the lawsuit without an expert opinion since the matter of the lawsuit includes questions that require special knowledge* (see highlighted by green in D56), nevertheless, in violation of legal proceeding, the Arbitration Court of Moscow did not establish grounds to assign an expert examination in order to verify the plaintiff's statement of tampering proofs by Rospatent since the court did not believe that Rospatent's proofs, which have been called by the plaintiff as falsified, are unreliable (see highlighted by gray at page 10 of D49).

34

Thus:

i.   the Arbitration Court of Moscow rejected all plaintiff's proofs without any reasoned evaluation,

ii.  the Arbitration Court of Moscow refused to put before forensic examination all plaintiff's questions without any explanation,

iii. the Arbitration Court of Moscow assigned questions to be put before forensic examination which did not contribute just and fair settlement of the lawsuit No.A40-128053/12-117-1239,

iv.  the Arbitration Court of Moscow refused to verify reliability of the plaintiff's statement of tampering proofs by Rospatent,

v.   although the Arbitration Court of Moscow recognized that was impossible to consider the lawsuit without an expert opinion, nevertheless, not having expert knowledge, the Arbitration Court of Moscow established as reliable Rospatent's proofs which have been called by the plaintiff 1 as falsified,

vi.  the Arbitration Court of Moscow put in the basis of the judgment falsified first, second, third and fourth conclusions contained in the decision of Rospatent to invalidate the patent No.2427879,

vii. the Arbitration Court of Moscow put in the basis of the judgment fraudulent arguments submitted to the Arbitration Court of Moscow by head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva (see Count Five),

viii. the findings of the Arbitration Court of Moscow set forth in the judgment on the lawsuit No.A40-128053/12-117-1239 do not correspond to the actual circumstances of the lawsuit and proofs available in the lawsuit,

ix.  the judgment on the lawsuit No.A40-128053/12-117-1239 has been rendered with deliberate substantial violation of the legal proceedings as well as substantive law which influenced the outcome of the litigation on the lawsuit No.A40-128053/12-117-1239,

x.   the judgment rendered by the Arbitration Court of Moscow on the lawsuit No.A40-128053/12-117-1239 is knowingly unjust adjudication.

If the Russian court of appeals and the Russian court of cassation had considered impartially the plaintiff's appeals on the lawsuit No.A40-128053/12-117-1239, then it would have been established that the judgment of the Arbitration Court of Moscow dated July 17, 2013 on the lawsuit No.A40-128053/12-117-1239 is wrong and unjust.

However, the Ninth Arbitration Court of Appeals (see highlighted by yellow at page 5 in D50) and the Court of Cassation (see highlighted by yellow at pages 8 and 9 in D51) confirmed lawfulness of conclusions set out in the judgment of the Arbitration Court of Moscow on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013, herewith:

i.   findings of the Ninth Arbitration Court of Appeals and the Court for Intellectual Property Rights as the court of cassation court set forth in said adjudications do not correspond to the actual circumstances of the lawsuit and the evidence available in the lawsuit,

ii.  rulings of the Ninth Arbitration Court of Appeals and the Court for Intellectual Property Rights as the court of cassation were taken with deliberate substantial violation of the legal proceedings as well as substantive law which influenced the outcome of the litigation on the lawsuit No.A40-128053/12-117-1239.

Therefore, rulings of the Ninth Arbitration Court of Appeals and the Court for Intellectual Property Rights as the court of cassation rendered on the lawsuit No.A40-128053/12-117-1239 are in fact knowingly unjust.

As follows from legal opinion of Maxim V. Labzin (see highlighted by yellow at pages 13 and 14 of D35):

(a) the findings of the Arbitration Court of Moscow, the Ninth Arbitration Court of Appeals and the Court for Intellectual Property Rights as the court of cassation court set forth in adjudications do not correspond to the actual circumstances of the lawsuit and the evidence available in the lawsuit;

(b) said adjudications were taken with deliberate substantial violation of the legal proceedings as well as substantive law which influenced the outcome of the litigation;

(c) the Russian judges as the Russian government officials being in their official capacity have made deliberately false representations and abused of entrusted power with full understanding of their wrongdoing;

(d) Sony Group has gained unfair and unlawful business advantages from aforementioned deliberate deception and abuse of entrusted power committed by the Russian judges;

(e) Sony Electronics and Hogan Lovells as legal representative of Sony Electronics have influenced willfully and wrongfully adjudications in order to ensure unfair and unlawful gain for Sony Group.

Thus, the Russian judges as the Russian government officials being in their official capacity have made deliberately false representations and abused of entrusted power with full understanding of their wrongdoing for private gain of Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS).

Taking into account aforementioned arguments and proofs, expert opinions and legal opinion as well as since:

i. 'Corruption' is defined by Transparency International as the abuse of entrusted power for private gain. World Bank defines corruption as the abuse of public office for private gain. The Stanford Encyclopedia of Philosophy defines corruption as the abuse of power by a public official for private gain. Bribery is the most common form of corruption,

ii. Under 15 U.S.C. § 78dd-1(a)(1)(A), it shall be unlawful for any issuer which has a class of securities registered pursuant to section 78l of this title or which is required to file reports under section 78o(d) of this title, or for any officer, director, employee, or agent of such issuer or any stockholder thereof acting on behalf of such issuer, to make use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to any foreign official for purposes of: (i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person.

iii. it was not possible without anything of value to obtain knowingly unjust adjudications rendered by the Russian judges of three Russian courts on the lawsuit No.A40-128053/12-117-1239,

iv. Sony Corporation, Sony Computer Entertainment and Sony Electronics gained unfair and unlawful business advantages from deliberate deception and abuse of entrusted power committed by the Russian judges of three Russian courts being in their official capacity on the lawsuit No.A40-128053/12-117-1239,

v. without anything of value the Russian judges of three Russian courts being in their official capacity had no motive to make deliberately false representations and to abuse of entrusted power for private gain of Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS),

vi. CEO of Sony Electronics Fumiatsu Hirai and legal manager of Sony Electronics Evgeniya Vetoshnikova knew that judgment and rulings rendered by the Russian judges on the lawsuit No.A40-128053/12-117-1239 are knowingly unjust,

vii. lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina knew that judgment and rulings rendered by the Russian judges on the lawsuit No.A40-128053/12-117-1239 are knowingly unjust,

viii. lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina have not been replaced or punished by Hogan Lovells (CIS) for their wrongdoing,

ix. CEO of Sony Electronics Fumiatsu Hirai has not been replaced or punished by Sony Corporation at least for concealment of wrongdoing committed by Sony Electronics and Hogan Lovells (CIS),

x. legal manager of Sony Electronics Evgeniya Vetoshnikova has not been replaced or punished by Sony Corporation at least for concealment of wrongdoing committed by Sony Electronics and Hogan Lovells (CIS),

xi. Sony Electronics did not replace Hogan Lovells (CIS) with another law firm as legal representative of Sony Electronics,

hence, the aggregate of aforementioned circumstances in conjunction with circumstances disclosed in Counts One, Two, Three, Four and Five evidence that:

(a) in violation of the FCPA, 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 in order to obtain knowingly unjust adjudications on the lawsuit No.A40-128053/12-117-1239,

(b) since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 in order to obtain knowingly unjust adjudications on the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to prevent the communication by Fumiatsu Hirai to DOJ of information relating to said abetting,

(c) in violation of 18 U.S.C. §2 Sony Electronics headed by Fumiatsu Hirai knowingly paid to Hogan Lovells (CIS) not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239,

(d) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to corrupt the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239,

(e) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A)  one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was the bribe paid

by Sony Electronics to Hogan Lovells (CIS) for unlawful services of Hogan Lovells (CIS) for corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239,

(f) in violation of 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) through bribing Hogan Lovells (CIS) Sony Electronics headed by Fumiatsu Hirai corruptly persuaded Hogan Lovells (CIS) to corrupt the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239,

(g) through bribing Hogan Lovells (CIS) and using unlawful services of Hogan Lovells (CIS) Sony Electronics headed by Fumiatsu Hirai funded corruption of the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 that is violation of the FCPA as well as of 18 U.S.C. §2(a) and 18 U.S.C. §1961(A),

(h) through corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 Hogan Lovells (CIS) willfully received said bribe,

(i) through corruption of the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 Sony Electronics and Hogan Lovells (CIS) wrongfully influenced adjudications of the lawsuit No.A40-128053/12-117-1239,

(j) since Hogan Lovells (CIS) received from Sony Electronics payments for corrupting the Russian judges, hence, using one part of Sony Electronics' payments to corrupt the Russian judges of three Russian courts, Hogan Lovells (CIS) bribed the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239,

(k) through bribing the Russian judges of three Russian courts Sony Electronics headed by Fumiatsu Hirai and Hogan Lovells (CIS) committed an FCPA violation, since the Russian judges are the Russian government officials who were in their official capacity,

(l) through bribing the Russian judges of three Russian courts Sony Electronics headed by Fumiatsu Hirai and Hogan Lovells (CIS) violated 18 U.S.C. §1961(A) since said bribes affected foreign commerce, namely: knowingly unjust adjudications on the lawsuit No.A40-128053/12-117-1239 permitted to Sony Corporation, Sony Computer Entertainment and Sony Electronics to ensure sales of game consoles PlayStation Vita in Russia,

(m) since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ about an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to prevent the communication by CEO of Sony Electronics Fumiatsu Hirai to DOJ of information relating to: (1) an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) acts of racketeering activity committed by Sony Corporation and Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS),

(n) Sony Corporation and Sony Computer Entertainment knowingly and willfully abetted Sony Electronics headed by Fumiatsu Hirai to commit acts of racketeering activity,

(o) since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) CEO of Sony Electronics Fumiatsu Hirai corruptly persuaded legal manager of Sony Electronics Evgeniya Vetoshnikova to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to: (1) high probability of an FCPA

violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(p) since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about an FCPA violation committed by Sony Electronics, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS),

(q) since lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina understood that judgment and rulings rendered by the Russian judges on the lawsuit No.A40-128053/12-117-1239 are knowingly unjust and herewith in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 they did not alert DOJ about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) Hogan Lovells (CIS) corruptly persuaded lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina to prevent the communication by Natalia Gulyaeva and Vironika Pilyugina to DOJ of information relating to said FCPA violation committed by Sony Electronics and Hogan Lovells (CIS),

(r) in violation of 18 U.S.C. §2(a) Sony Corporation and Sony Computer Entertainment knowingly and willfully aided Sony Electronics to commit an FCPA violation and acts of racketeering activity,

(s) in violation of 18 U.S.C. §371 Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) conspired to defraud the United States,

(t) through commission of an FCPA violation and acts of racketeering activity Sony Corporation, Sony Computer Entertainment, Sony Electronics headed by Fumiatsu Hirai and Hogan Lovells (CIS) ensured sales of game consoles PlayStation Vita in Russia and thus affected foreign commerce,

(u) in violation of the FCPA and 18 U.S.C. §1001 Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) concealed from DOJ said FCPA violation and acts of racketeering activity and thus defrauded the United States.

The US Department of Justice possesses proofs which evidence that:

(1) CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ voluntary and in timely manner that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to commit an FCPA violation and acts of racketeering activity,

(2) legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ voluntary and in timely manner about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and acts of racketeering activity committed by Sony Electronics,

(3) Hogan Lovells (CIS) did not alert DOJ voluntary and in timely manner that Sony Electronics bribed Hogan Lovells (CIS) in order to induce Hogan Lovells (CIS) to commit an FCPA violation and acts of racketeering activity,

(4) lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina did not alert DOJ voluntary and in timely manner about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and acts of racketeering activity committed by Hogan Lovells (CIS).

If any of aforementioned entities and individuals, according to federal statute, had alerted DOJ about said FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and acts of

racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS), then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in previous and present Counts of the complaint, Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

As a conclusion to Count Six:

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:

   (a) Sony Electronics and Hogan Lovells (CIS) corrupted and bribed the Russian courts in order to obtain knowingly unjust adjudication for private gain of Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS),

   (b) Sony Corporation and Sony Computer Entertainment knowingly and willfully committed three acts of racketeering activity (see items (a), (b) and (m) of Count Six),

   (c) Sony Electronics knowingly and willfully committed four acts of racketeering activity (see items (f), (g), (o) and (p) of Count Six),

   (d) Hogan Lovells (CIS) knowingly and willfully committed two acts of racketeering activity (see items (j) and (q) of Count Six).

   (e) Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully committed nine acts of racketeering activity, concealed said federal offenses from DOJ and thus defrauded the United States.

   (f) CEO of Sony Electronics Fumiatsu Hirai, legal manager of Sony Electronics Evgeniya Vetoshnikova, lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina voluntary participated in commission of said acts of racketeering activity, concealment of said wrongdoing from DOJ and in defrauding the United States.

2. If Sony Electronics and Hogan Lovells (CIS) had not corrupted and had not bribed the Russian courts who have considered the lawsuit No.A40-128053/12-117-1239, then (i) plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched at the expense of plaintiffs and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

3. If (1) Sony Electronics and Hogan Lovells (CIS)  had not committed an FCPA violation and (2) Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) had not committed acts of racketeering activity, had not concealed said federal offenses from DOJ and had not defrauded the United States, then (i) plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

## COUNT SEVEN

Plaintiffs are victims of fraudulently attained judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239. The United States District Court for the District of Columbia should not recognize a foreign-country judgment of the Arbitration Court of Moscow and rulings of the Ninth Arbitration Court of Appeals and the Court for Intellectual Property Rights rendered on the lawsuit No.A40-128053/12-117-1239

As follows from proofs disclosed in Count Six:

i. the Arbitration Court of Moscow rejected without any reasoned evaluation all plaintiff's proofs,

ii. the Arbitration Court of Moscow refused to put before forensic examination all plaintiff's questions without any explanation,

iii. the Arbitration Court of Moscow assigned questions to be put before forensic examination which did not contribute just and fair settlement of the lawsuit No.A40-128053/12-117-1239,

iv. the Arbitration Court of Moscow refused to verify reliability of the plaintiff's statement of tampering proofs by Rospatent,

v. although the Arbitration Court of Moscow recognized that was impossible to consider the lawsuit without an expert opinion, nevertheless, not having expert knowledge, the Arbitration Court of Moscow established as reliable Rospatent's proofs which have been called by the plaintiff 1 as falsified,

vi. the Arbitration Court of Moscow put in the basis of the judgment falsified conclusions contained in the decision of Rospatent to invalidate the patent No.2427879,

vii. the Arbitration Court of Moscow put in the basis of the judgment fraudulent arguments submitted to the Arbitration Court of Moscow by head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva,

viii. the findings of the Arbitration Court of Moscow set forth in the judgment on the lawsuit No.A40-128053/12-117-1239 do not correspond to the actual circumstances of the lawsuit and proofs available in the lawsuit,

ix. the judgment on the lawsuit No.A40-128053/12-117-1239 has been rendered with deliberate substantial violation of the legal proceedings as well as substantive law which influenced the outcome of the litigation on the lawsuit No.A40-128053/12-117-1239,

x. the judgment rendered by the Arbitration Court of Moscow on the lawsuit No.A40-128053/12-117-1239 is knowingly unjust adjudication,

xi. the Ninth Arbitration Court of Appeals and the Court of Cassation confirmed lawfulness of conclusions set out in knowingly unjust judgment of the Arbitration Court of Moscow rendered on the lawsuit No.A40-128053/12-117-1239,

xii. findings of the Ninth Arbitration Court of Appeals and the Court for Intellectual Property Rights as the court of cassation court set forth in said adjudications do not correspond to the actual circumstances of the lawsuit and the evidence available in the lawsuit;

xiii. adjudications of the Ninth Arbitration Court of Appeals and the Court for Intellectual Property Rights as the court of cassation were taken with deliberate substantial violation of the legal proceedings as well as substantive law which influenced the outcome of the litigation on the lawsuit No.A40-128053/12-117-1239;

xiv. the Russian judges who have considered the lawsuit No.A40-128053/12-117-1239 being in their official capacity made deliberately false representations and abused of entrusted power with full understanding of their wrongdoing.

If fair and unbiased adjudications had been rendered on the lawsuit No.A40-128053/12-117-1239, then it would have been established by the court that Rospatent's decision to invalidate the patent No.2427879 is illegal. As a result, plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879.

Since said adjudications rendered by the Russian judges on the lawsuit No.A40-128053/12-117-1239 are in fact knowingly unjust, hence, plaintiffs are victims of fraudulently attained judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239.

Under D.C. Code §15-364(c)(2), a court of the District of Columbia may not recognize a foreign-country judgment if the judgment was obtained by fraud that deprived the losing party of an adequate opportunity to present its case.

Under D.C. Code §15-364(c)(7), a court of the District of Columbia may not recognize a foreign-country judgment if the judgment was rendered in circumstances that raise substantial doubt about the integrity of the rendering court with respect to the judgment.

Under D.C. Code §15-364(d), a party resisting recognition of a foreign-country judgment has the burden of establishing that a ground for non-recognition stated in subsection (b) or (c) of this section exists.

<u>As a conclusion to Count Seven:</u>

1. Plaintiffs are victims of fraudulently attained judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239.
2. Based on D.C. Code §15-364 the United States District Court of the District of Columbia should not recognize the judgment of the Arbitration Court of Moscow as well as rulings of the Ninth Arbitration Court of Appeals and the Court for Intellectual Property Rights as the court of cassation rendered on the lawsuit No.A40-128053/12-117-1239.

## COUNT EIGHT

<u>In order to ensure unjust enrichment Sony Corporation and Sony Computer Entertainment knowingly and willfully aided an FCPA violation and multiple acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS), concealed said crimes from DOJ and thus defrauded the United States</u>

February 03, 2014: the plaintiff 1 sent by mail to Sony Corporation, Sony Computer Entertainment and Sony Computer Entertainment Europe 'Report of violation by Sony Electronics of the U.S. Foreign Corrupt Practices Act' (D59, D60, D61). Said report contains arguments and proofs evidencing that Sony Electronics and Hogan Lovells (CIS) with high probability committed an FCPA violation by corrupting top executives of Rospatent and the Russian judges in the process of patent litigation with plaintiffs and invited Sony Corporation, Sony Computer Entertainment Inc. and Sony Computer Entertainment Europe to take measures provided for by the U.S. Foreign Corrupt Practices Act. The plaintiff 1 also informed Sony Corporation and Sony Computer Entertainment in said report that plaintiffs submitted before DOJ information about an FCPA violation committed by Sony Electronics. No reply has been received.

March 05, 2014: the plaintiff 1 sent by mail to the Third Point LLC as one of the largest shareholders of Sony Corporation at that moment information of an FCPA violation committed by Sony Electronics and attached to said information plaintiffs' report forwarded February 03, 2014 to Sony Corporation (D62). The plaintiff 1 also informed the Third Point LLC that plaintiffs submitted before DOJ information about an FCPA violation committed by Sony Electronics. No reply has been received.

March 05, 2014: the plaintiff 1 sent by mail to Sir Peter Bonfield as director of the Board of Directors of Sony Corporation at that moment information of an FCPA violation committed by Sony Electronics and attached to said information plaintiffs' report forwarded February 03, 2014 to Sony Corporation (D63). The plaintiff 1 also informed Sir Peter Bonfield that plaintiffs submitted before DOJ information about an FCPA violation committed by Sony Electronics. No reply has been received.

Thus, from aforementioned appeals Sony Corporation and Sony Computer Entertainment have got to know directly from plaintiffs that:

i. the decision of Rospatent to invalidate the patent No.2427879 is knowingly wrongful, the Russian courts rejected the plaintiffs' 1 complaint against Rospatent's decision to invalidate the patent No.2427879, judgments and rulings rendered by the Russian judges on the lawsuit No.A40-128053/12-117-1239 are knowingly unjust, Sony Electronics and Hogan Lovells (CIS) by corrupting the Russian government officials (top executives of Rospatent and the Russian judges) with high probability committed an FCPA violation,

ii. plaintiffs submitted before DOJ information about an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS).

Thus, since Sony Corporation and Sony Computer Entertainment, under federal statute, had knowledge about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), therefore, Sony Corporation and Sony Computer Entertainment should have investigated said information and then, if said wrongdoing was confirmed, they should have presented results of said corporate investigation to DOJ.

If Sony Corporation and Sony Computer Entertainment had carried out bona fide corporate investigation, then, as evidenced by arguments and proofs disclosed in previous Counts of the complaint, they should have submitted to DOJ the following information: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) corrupted the Russian government officials and committed an FCPA violation, (3) Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully committed multiple acts of racketeering activity, (4) employees of Sony Corporation, Sony Computer Entertainment and Sony Electronics as well as lawyers of Hogan Lovells (CIS) voluntary participated in commission of said acts of racketeering activity, concealment of said wrongdoing from DOJ and in defrauding the United States and (5) Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) concealed said wrongdoing from DOJ and thus defrauded the United States.

Since:

i. CEO of Sony Electronics Kenichiro Hibi, CEO of Sony Electronics Fumiatsu Hirai and legal manager of Sony Electronics Evgeniya Vetoshnikova have not been replaced or punished for their wrongdoing,

ii. Sony Electronics did not replace Hogan Lovells (CIS) with another law firm as legal representative of Sony Electronics,

hence, Sony Corporation and Sony Computer Entertainment did not submit results of said bona fide corporate investigation to DOJ.

DOJ possesses proofs which evidence that in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 Sony Corporation and Sony Computer Entertainment (1) did not submit before DOJ results of bona fide corporate investigation of aforementioned wrongdoing, (2) did not alert DOJ about a large number of federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS) and their employees and lawyers and (3) concealed said wrongdoing from DOJ and thus defrauded the United States.

If Sony Corporation and Sony Computer Entertainment had submitted results of said bona fide corporate investigation to DOJ, then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in previous Counts of the complaint, Sony Corporation, Sony

Computer Entertainment, Sony Electronics, Hogan Lovells (CIS) and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

As a conclusion to Count Eight:

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing, in violation of the FCPA and 18 U.S.C. §2(a), Sony Corporation and Sony Computer Entertainment knowingly and willfully aided Sony Electronics and Hogan Lovells (CIS) to corrupt the Russian government officials, to commit an FCPA violation and multiple acts of racketeering activity, knowingly and willfully concealed said federal offenses from DOJ and thus defrauded the United States.

2. If Sony Corporation and Sony Computer Entertainment had not concealed from DOJ federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS) and their employees and lawyers and had not defrauded the United States, then (i) plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

## COUNT NINE

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Corporation, Sony Computer Entertainment and Sony Electronics knowingly and willfully committed federal offenses, concealed said crimes from DOJ and thus defrauded the United States

Taking into account aforementioned appeals of the plaintiff 1 to Sony Corporation, Sony Computer Entertainment, Sony Computer Entertainment Europe, the Third Point LLC, Sir Peter Bonfield as director of the Board of Directors of Sony Corporation dated February-March 2014 (see Count Eight) as well as since:

i. aforementioned appeals of the plaintiff 1 to Sony Corporation, Sony Computer Entertainment, Sony Computer Entertainment Europe, the Third Point LLC, Sir Peter Bonfield as director of the Board of Directors of Sony Corporation contained information about involvement of Sony Electronics' employee Evgeniya Vetoshnikova in an FCPA violations,

ii. legal manager of Sony Electronics Evgeniya Vetoshnikova had knowledge about high probability of an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

hence, raising in rank of Evgeniya Vetoshnikova by Sony Electronics from 'legal manager' to 'senior legal manager' of Sony Electronics April 2014 (D39), almost immediately after Sony Corporation, Sony Computer Entertainment, Sony Computer Entertainment Europe, the Third Point LLC and Sir Peter Bonfield as director of the Board of Directors of Sony Corporation received said plaintiff's appeals to them, in conjunction with previous Counts of the complaint evidence the following:

(a) raising in rank of Evgeniya Vetoshnikova by Sony Electronics from 'legal manager' to 'senior legal manager' of Sony Electronics is a bribe given to Evgeniya Vetoshnikova in order to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to high probability of an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(b) in order to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS), in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B), Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to raise in rank Evgeniya Vetoshnikova,

(c) in violation of 18 U.S.C. §2, 18 U.S.C. § 1510 (a), 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) through raising in rank of Evgeniya Vetoshnikova Sony Electronics headed by Fumiatsu Hirai willfully endeavored Evgeniya Vetoshnikova by means of said bribery to prevent potential communication by Evgeniya Vetoshnikova to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(d) in violation of the FCPA and 18 U.S.C. §2(a), Sony Corporation and Sony Computer Entertainment knowingly and willfully aided Sony Electronics and Hogan Lovells (CIS) to corrupt the Russian government officials, to commit an FCPA violation and multiple acts of racketeering activity, concealed said wrongdoing from DOJ and thus defrauded the United States.

<u>As a conclusion to Count Nine</u>:

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:

1. Sony Corporation and Sony Computer Entertainment knowingly and willfully committed one act of racketeering activity (see item (b) of Count Nine).

2. Sony Electronics knowingly and willfully committed one act of racketeering activity (see item (c) of Count Nine).

3. Sony Corporation, Sony Computer Entertainment and Sony Electronics knowingly and willfully committed two acts of racketeering activity, concealed said federal offenses from DOJ and thus defrauded the United States.

4. CEO of Sony Electronics Fumiatsu Hirai and legal manager of Sony Electronics Evgeniya Vetoshnikova voluntary participated in commission of said acts of racketeering activity, concealment of said wrongdoing from DOJ and in defrauding the United States.

## COUNT TEN

<u>In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Corporation, Sony Computer Entertainment and Hogan Lovells US LLP knowingly and willfully committed federal offenses, concealed said crimes from DOJ and thus defrauded the United States</u>

March 08, 2014: the plaintiff 1 sent by mail to Hogan Lovells US LLP 'Report of probable violation by Hogan Lovells (CIS) Moscow office employees of the U.S. Foreign Corrupt Practices Act' (D64). Said report contains arguments and proofs evidencing that Sony Electronics and Hogan Lovells (CIS) with high probability committed an FCPA violation by corrupting top executives of Rospatent and the Russian judges in the process of patent litigation with the plaintiff 1 and invited Hogan Lovells US LLP to take measures provided for by the U.S. Foreign Corrupt Practices Act. No reply has been received.

Thus, from aforementioned report Hogan Lovells US LLP has got to know directly from plaintiffs that the decision of Rospatent to invalidate the patent No.2427879 is knowingly wrongful, the Russian courts rejected the plaintiffs' 1 complaint against Rospatent's decision to invalidate the patent No.2427879, judgments and rulings rendered by the Russian judges on the lawsuit No.A40-128053/12-117-1239 are knowingly unjust, Sony Electronics and Hogan Lovells (CIS) by

corrupting the Russian government officials (i.e. top executives of Rospatent and the Russian judges) with high probability committed an FCPA violation.

Thus, since Hogan Lovells US LLP had knowledge about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), therefore, under federal statute, Hogan Lovells US LLP should have investigated said information and then, if said federal offense was confirmed, should have presented results of said corporate investigation to DOJ.

Since lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina have not been replaced or punished by Hogan Lovells (CIS) for their wrongdoing, hence, Hogan Lovells US LLP did not submit results of bona fide corporate investigation to DOJ.

Aforementioned arguments and proofs evidence the following:

(a) in violation of 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment endeavored  Hogan Lovells US LLP by means of bribes paid by Sony Electronics to Hogan Lovells (CIS) to prevent the communication by Hogan Lovells US LLP to DOJ of information relating to: (1) an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) commission by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) multiple acts of racketeering activity in order to ensure sales of game consoles PlayStation Vita in Russia and to affect foreign commerce,

(b) in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Hogan Lovells US LLP corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to: (1) an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) commission by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) multiple acts of racketeering activity in order to ensure sales of game consoles PlayStation Vita in Russia and to affect foreign commerce,

(c) in violation of 18 U.S.C. §2(a) Hogan Lovells US LLP knowingly procured its commission from an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and multiple acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) in order to ensure sales of game consoles PlayStation Vita in Russia and to affect foreign commerce,

(d) in violation of the FCPA and 18 U.S.C. §2(a) Hogan Lovells US LLP knowingly and willfully aided said FCPA violation and multiple acts of racketeering activity, concealed said wrongdoing from DOJ and thus defrauded the United States.

If Hogan Lovells US LLP had carried out bona fide corporate investigation, then, as evidenced by arguments and proofs disclosed in the present complaint, it should have submitted to DOJ the following information: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) corrupted the Russian government officials and committed an FCPA violation, (3) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) knowingly and willfully committed multiple acts of racketeering activity, (4) employees of Sony Corporation, Sony Computer Entertainment and Sony Electronics as well as lawyers of Hogan Lovells (CIS) voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States and (5) Sony Corporation, Sony Computer

Entertainment, Sony Electronics and Hogan Lovells (CIS) concealed said federal offenses from DOJ and thus defrauded the United States.

DOJ possesses proofs which evidence that in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 Hogan Lovells US LLP: (1) did not alert DOJ voluntary and in timely manner about said wrongdoing and (2) did not submit before DOJ results of bona fide corporate investigation.

If Hogan Lovells US LLP had reported results of said bona fide corporate investigation to DOJ, then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in the present complaint, Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) and their employees and lawyers who have committed wrongdoing would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

As a conclusion to Count Ten:
1.  In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:
    (a)  Sony Corporation and Sony Computer Entertainment knowingly and willfully committed an act of racketeering activity (see item (a) of Count Ten).
    (b)  Hogan Lovells US LLP knowingly and willfully committed an act of racketeering activity (see item (b) of Count Ten).
    (c)  Sony Corporation, Sony Computer Entertainment and Hogan Lovells US LLP knowingly and willfully committed two acts of racketeering activity, concealed said federal offenses from DOJ and thus defrauded the United States.
2.  If Hogan Lovells US LLP had not concealed from DOJ federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) and their employees and lawyers and had not defrauded the United States, then (i) plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

## COUNT ELEVEN

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP and Hogan Lovells (CIS) knowingly and willfully committed federal offenses, concealed said crimes from DOJ and thus defrauded the United States

July 2, 2014: the plaintiff 2 appealed to the Arbitration Court of Moscow to review the enacted judgment of the Arbitration Court of Moscow on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 on newly discovered circumstances (D65).

Sony Electronics has been presented in the court hearings by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina as well as by senior legal manager of Sony Electronics Evgeniya Vetoshnikova (D66).

July 18, 2014: head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva as legal representative of Sony Electronics submitted before the Arbitration Court of Moscow the answer to the plaintiff's 2 appeal to review the enacted judgment of the Arbitration Court of Moscow on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 on newly discovered circumstances (D67).

Said answer of Natalia Gulyaeva contains the following: "*The plaintiff's arguments about the lack in the US patent No.7088342 of a touchpad arranged on the back side of the body of an electronic device were the subject of detailed examination both by the court of first instance and by the courts of appeals and cassation*"… "*The documents submitted by the plaintiff are relevant to the circumstances which the court has just examined and are in fact another argument of the plaintiff on the lawsuit*" (see highlighted by orange at page 2 of D67).

Although lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina as well as senior legal manager of Sony Electronics Evgeniya Vetoshnikova **knew** that it is **not** known from the US patent No.7088342 a touchpad arranged on the back side of the body of an electronic device (see Count Five), nevertheless, they continued to conceal from the Arbitration Court of Moscow circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

If lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina and senior legal manager of Sony Electronics Evgeniya Vetoshnikova had recognized that in fact it is **not** known from the US patent No.7088342 a touchpad arranged on the back side of the body of an electronic device, then it would have been established by the court that Rospatent's decision to recognize the patent No.2427879 as invalid is illegal. As a result, plaintiffs would have restored the patent No.2427879 and the right to get compensation for the infringement of the patent No.2427879.

July 18, 2014: the Arbitration Court of Moscow has rejected to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances.

Thus, despite aforementioned reports of the plaintiff 1 sent February 03, 2014 by mail to Sony Corporation and Sony Computer Entertainment (see Count Eight) as well as aforementioned report of the plaintiff 1 sent March 8, 2014 by mail to Hogan Lovells US LLP (see Count Ten), lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina and senior legal manager of Sony Electronics Evgeniya Vetoshnikova continued to conceal  from the Moscow Arbitration Court circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

If lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina and senior legal manager of Sony Electronics Evgeniya Vetoshnikova had not concealed from the court circumstances relevant to the lawsuit No.A40-128053/12-117-1239 and had recognized that in fact it is not known from the US patent No.7088342 a touchpad arranged on the back side of the body of an electronic device, then, it would have been established by the court that Rospatent's decision to invalidate the patent No.2427879 is illegal. As a result, plaintiffs would have restored the patent right to get compensation for the infringement of the patent No.2427879.

Taking into account arguments and proofs disclosed in previous Counts of the complaint as well as since:

i. Natalia Gulyaeva, Vironika Pilyugina and Evgeniya Vetoshnikova are not replaced or punished by companies where they are engaged till now,

ii. Sony Electronics did not replace Hogan Lovells (CIS) or at least Natalia Gulyaeva and Vironika Pilyugina with another law firm or lawyers after Sony Electronics has got to know about fraud, concealment and nondisclosure of the circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina,

hence, concealment and nondisclosure of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by Natalia Gulyaeva, Vironika Pilyugina and Evgeniya Vetoshnikova while the Arbitration Court of Moscow considered appeal of the plaintiff 2 to review the enacted

judgment on the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances evidence the following:

(a) Sony Corporation, Sony Computer Entertainment and Sony Electronics gained unfair and unlawful business advantages from said concealment and nondisclosure of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by Natalia Gulyaeva, Vironika Pilyugina and Evgeniya Vetoshnikova,

(b) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(c) since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian court on the lawsuit No.A40-128053/12-117-1239 but also for concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §2(a), 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to prevent the communication by Fumiatsu Hirai to DOJ of information relating to said abetting,

(d) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Electronics headed by Fumiatsu Hirai knowingly paid to Hogan Lovells (CIS) not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian court on the lawsuit No.A40-128053/12-117-1239 but also for concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(e) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was the bribe paid by Sony Electronics to Hogan Lovells (CIS) for concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(f) in violation of 18 U.S.C. §1961(A)) through bribing Hogan Lovells (CIS) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to conceal from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(g) through concealment from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239 Hogan Lovells (CIS) knowingly and willfully received said bribe,

(h) since in violation of 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about said bribe from Sony Electronics, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to said bribe from Sony Electronics,

(i) since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ about said Sony Electronics' bribes to Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to prevent the communication by CEO of Sony Electronics Fumiatsu Hirai to DOJ of information relating to act of racketeering activity committed by Sony Electronics,

(j) concealment from the Russian court of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed knowingly and willfully by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina were authorized by Hogan Lovells (CIS) and are not a self-initiative of Natalia Gulyaeva and Vironika Pilyugina,

(k) in violation of 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Hogan Lovells US LLP corruptly persuaded Moscow office of Hogan Lovells (CIS) to conceal from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(l) in violation of 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) corruptly persuaded lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina to conceal from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(m) in violation of 18 U.S.C. §371 Hogan Lovells (CIS) and lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina conspired to conceal from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(n) since legal representation in form of concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina have been paid by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §2(a), 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) Hogan Lovells (CIS) bribed lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina for concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(o) since lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina knowingly and willfully concealed from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina knowingly and willfully received said bribe from Hogan Lovells (CIS),

(p) since in violation of 18 U.S.C. §1001 lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina did not alert DOJ about aforementioned acts of racketeering activity committed by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(A) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) willfully endeavored Natalia Gulyaeva and Vironika Pilyugina by means of said bribe to prevent the communication by Natalia Gulyaeva and Vironika Pilyugina to DOJ of information relating to aforementioned acts of racketeering activity committed by Hogan Lovells (CIS),

(q) concealment from the Russian court of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed knowingly and willfully by senior legal manager of Sony Electronics Evgeniya Vetoshnikova is not her self-initiative and that is why evidences that in violation of 18 U.S.C. §2(a), 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Electronics corruptly persuaded senior legal manager of Sony Electronics Evgeniya Vetoshnikova to conceal from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(r) since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ about high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) CEO of Sony Electronics Fumiatsu Hirai corruptly persuaded legal manager of Sony Electronics Evgeniya Vetoshnikova to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to

high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(s)  through commission of acts of racketeering activity Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) ensured sales of game consoles PlayStation Vita in Russia and thus affected foreign commerce,

(t)  in violation of 18 U.S.C. §1001 Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) concealed from DOJ said acts of racketeering activity and thus defrauded the United States.

The US Department of Justice possesses proofs which evidence that:

(1)  CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ voluntary and in timely manner that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to commit acts of racketeering activity,

(2)  legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ voluntary and in timely manner about act of racketeering activity committed by CEO of Sony Electronics Fumiatsu Hirai,

(3)  legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ voluntary and in timely manner about high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(4)  Hogan Lovells (CIS) did not alert DOJ voluntary and in timely manner about bribe received by Hogan Lovells (CIS) from Sony Electronics for concealment from the Russian court of circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(5)  lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina did not alert DOJ voluntary and in timely manner about bribe received from Hogan Lovells (CIS) for concealment from the Russian court of circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

If any of aforementioned entities and individuals, according to federal statute, had alerted DOJ about aforementioned acts of racketeering activity, then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in previous and present Counts of the complaint, Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS) and Hogan Lovells US LLP and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

<u>As a conclusion to Count Eleven:</u>

1.  In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:

   (a)  Hogan Lovells (CIS) and Sony Electronics concealed from the court circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

   (b)  Sony Corporation and Sony Computer Entertainment knowingly and willfully committed three acts of racketeering activity (see items (b), (c) and (i) of Count Eleven).

   (c)  Sony Electronics knowingly and willfully committed four acts of racketeering activity (see items (d), (h), (q), (r) of Count Eleven).

   (d)  Hogan Lovells US LLP knowingly and willfully committed one act of racketeering activity (see item (k) of Count Eleven).

   (e)  Hogan Lovells (CIS) knowingly and willfully committed three acts of racketeering activity (see items (l), (n) and (p) of Count Eleven).

(f) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP and Hogan Lovells (CIS) knowingly and willfully committed eleven acts of racketeering activity, concealed said federal offenses from DOJ and thus defrauded the United States.

(g) CEO of Sony Electronics Fumiatsu Hirai, senior legal manager of Sony Electronics Evgeniya Vetoshnikova, lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina voluntary participated in commission of said acts of racketeering activity, concealment of said wrongdoing from DOJ and in defrauding the United States.

2. If (1) Hogan Lovells (CIS) and Sony Electronics had not concealed from the court circumstances relevant to the lawsuit No.A40-128053/12-117-1239 and (2) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP and Hogan Lovells (CIS) and their employees and lawyers had not committed acts of racketeering activity, had not concealed said federal offenses from DOJ and had not defrauded the United States, then (i) it would have been established by the court that Rospatent's decision to invalidate the patent No.2427879 is illegal, (ii) plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879, (iii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iv) Hogan Lovells would not have procured its commission for its wrongdoing.

## COUNT TWELVE

<u>In order to ensure unjust enrichment and to avoid liability</u> for committed wrongdoing Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS) knowingly and willfully committed federal offenses, concealed said federal crimes from DOJ and thus defrauded the United States

January 12, 2015: since lawyer of Hogan Lovells (CIS) Vironika Pilyugina has been voluntary involved in deliberate wrongdoing and had knowledge about high probability of an FCPA violation, the plaintiff 2 appealed to Vironika Pilyugina with invitation to inform DOJ about an FCPA violations committed by Sony Electronics (D68). Vironika Pilyugina has got to know for the first time from said appeal that plaintiffs submitted to DOJ information evidencing involvement of Vironika Pilyugina in an FCPA violation committed by Sony Electronics.

January 13, 2015: the plaintiff 1 as common representative of plaintiffs informed managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan about involvement of lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina in an FCPA violation committed by Sony Electronics and invited Oxana Balayan to conduct an official corporate investigation concerning aforementioned wrongdoing of lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina and then to submit results of said investigation to DOJ (D69). The plaintiff 1 also informed Oxana Balayan in said appeal that plaintiffs submitted before DOJ information evidencing an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS).

January 19, 2015: the plaintiff 1 informed CEO of Hogan Lovells Stephen Immelt and Deputy CEO of Hogan Lovells David Hudd about the involvement of lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina in systematic and deliberate violations of the FCPA committed by Sony Electronics (D70). The plaintiff 1 also informed them that plaintiffs submitted before DOJ information about an FCPA violation committed by Sony Electronics.

Taking into account that associate of Hogan Lovells (CIS) Vironika Pilyugina had knowledge about high probability of an FCPA committed by Sony Electronics and Hogan Lovells (CIS) and commission by Sony Electronics and Hogan Lovells (CIS) multiple acts of racketeering activity as well as since:

i. aforementioned appeals of the plaintiff 1 to Hogan Lovells (CIS),  Hogan Lovells US LLP and Hogan Lovells International LLP contained information about involvement of lawyer of Hogan Lovells (CIS) Vironika Pilyugina in an FCPA violations committed by Sony Electronics and Hogan Lovells (CIS),

ii. lawyer of Hogan Lovells (CIS) Vironika Pilyugina has not been replaced or punished by Hogan Lovells (CIS) for her wrongdoing,

hence, raising in rank of Vironika Pilyugina January 2015 from 'associate' to 'senior associate' of Hogan Lovells (CIS) (D71) immediately after Vironika Pilyugina has got to know from plaintiffs that plaintiffs submitted information to DOJ where is said about involvement of Vironika Pilyugina in bribery in Russia, evidences that:

(a) raising in rank of Vironika Pilyugina January 2015 from 'associate' to 'senior associate' of Hogan Lovells (CIS) was a bribe given to Vironika Pilyugina in order to prevent the communication by Vironika Pilyugina to DOJ of information relating to an FCPA violation and multiple acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(b) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd (who also is CEO of Hogan Lovells (CIS)) corruptly persuaded managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan to raise in rank Vironika Pilyugina in order to prevent the communication by Vironika Pilyugina to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(c) in violation of 18 U.S.C. §2, 18 U.S.C. § 1510 (a), 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) through raising in rank of Vironika Pilyugina managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan willfully endeavored Vironika Pilyugina by means of said bribe to prevent potential communication by Vironika Pilyugina to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(d) since Vironika Pilyugina has not been replaced or punished by Hogan Lovells (CIS), hence, in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 senior associate of Hogan Lovells (CIS) Vironika Pilyugina did not alert DOJ voluntary and in timely manner about an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS), hence, senior associate of Hogan Lovells (CIS) Vironika Pilyugina received bribe in form of raising in rank,

(e) since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan did not alert DOJ voluntary and in timely manner about high probability of an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS), hence, Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd (he also is CEO of Hogan Lovells (CIS)) corruptly persuaded managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan to prevent potential communication by Oxana Balayan to DOJ of information relating to: (1) an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS) and (2) act of racketeering activity committed by Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP (see item (b) of Count Twelve).

As a conclusion to Count Twelve:

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:

1. Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd knowingly committed two acts of racketeering activity (see items (b) and (e) of Count Twelve).

2. Managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan knowingly and willfully committed an act of racketeering activity (see item (c) of Count Twelve).

3. Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS) knowingly and willfully committed three acts of racketeering activity, concealed said federal offenses from DOJ and thus defrauded the United States.

4. CEO of international legal practice Hogan Lovells Stephen Immelt, Deputy CEO of international legal practice Hogan Lovells David Hudd, managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan and lawyer of Hogan Lovells (CIS) Vironika Pilyugina voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States.

## COUNT THIRTEEN

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS) knowingly and willfully committed federal offenses, concealed said crimes from DOJ and thus defrauded the United States

January 13, 2015: the plaintiff 1 as common representative of plaintiffs informed managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan about involvement of lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina in an FCPA violation committed by Sony Electronics and invited Oxana Balayan to conduct an official corporate investigation concerning aforementioned wrongdoing of lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina and then to submit results of said investigation to DOJ (D69). The plaintiff 1 also informed Oxana Balayan in said appeal that plaintiffs submitted before DOJ information about an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS). No reply has been received.

January 19, 2015: the plaintiff 1 informed Hogan Lovells US LLP and Hogan Lovells International LLP about the involvement of lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina in systematic and deliberate violations of the FCPA committed by Sony Electronics (D70). The plaintiff 1 also informed Hogan Lovells US LLP and Hogan Lovells International LLP in said appeal that plaintiffs submitted before DOJ information about an FCPA violation committed by Sony Electronics.

February 25, 2015: since Moscow office lawyers of Hogan Lovells (CIS) were directly involved in systematic deliberate FCPA violations committed by Sony Electronics, the plaintiff 1 invited Hogan Lovells US LLP (D73) and Hogan Lovells International LLP (D74) to compensate the non-pecuniary damage caused to plaintiffs in the pretrial order.

February 27, 2015: the plaintiff 1 received reply from Partner & General Counsel of Hogan Lovells Frances Le Grys (D75), wherein is said the following: *"Your emails of 25 February 2015 addressed to Stephen Immelt and David Hudd have been passed to me for my review. I am the General Counsel of Hogan Lovells International LLP and am responsible for dealing with any complaints or issues raised against the firm. I am also aware of the previous emails you sent to Stephen Immelt and David Hudd in January 2015 on this matter, and other contacts you have made to the firm in this respect. I have investigated your assertions and do not believe that any response*

*is required from Hogan Lovells in respect of them. We do not intend to enter into any further correspondence with you on this matter".*

Aforementioned correspondence evidences the following:

i. managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan has got to know directly from plaintiffs about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS),

ii. Hogan Lovells US LLP for the second time has got to know directly from plaintiffs about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS). For the first time Hogan Lovells US LLP has got to know about said FCPA violation March, 2014 (see Count Ten),

iii. CEO of international legal practice Hogan Lovells Stephen Immelt has got to know directly from plaintiffs about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS),

iv. Hogan Lovells International LLP has got to know directly from plaintiffs about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS),

v. Deputy CEO of international legal practice Hogan Lovells David Hudd (who is also director of Hogan Lovells (CIS))  has got to know directly from plaintiffs about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS),

vi. General Counsel of Hogan Lovells Frances Le Grys has got to know about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) from Stephen Immelt and David Hudd.

Thus, since managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan, Hogan Lovells US LLP, Hogan Lovells International LLP, CEO of international legal practice Hogan Lovells Stephen Immelt, Deputy CEO of Hogan Lovells David Hudd and General Counsel of Hogan Lovells Frances Le Grys have got to know about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), therefore, under 15 U.S.C. §78dd–1(f)(2)(B) they should have carried out bona fide corporate investigation and then, if an FCPA violation was confirmed, they should have presented results of said bona fide corporate investigation to DOJ.

If managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan, or Hogan Lovells US LLP, or Hogan Lovells International LLP, or CEO of international legal practice Hogan Lovells Stephen Immelt, or Deputy CEO of international legal practice Hogan Lovells David Hudd, or General Counsel of Hogan Lovells Frances Le Grys had carried out bona fide corporate investigation, then, as evidenced by arguments and proofs disclosed in previous Counts of the complaint, they should have submitted to DOJ the following information: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) corrupted the Russian government officials and committed an FCPA violation, (3) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP knowingly and willfully committed multiple acts of racketeering activity, (4) employees of Sony Corporation, Sony Computer Entertainment and Sony Electronics as well as lawyers of Hogan Lovells (CIS) and Hogan Lovells US LLP voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States and (5) Sony Corporation, Sony Computer

Entertainment, Sony Electronics, Hogan Lovells (CIS) and Hogan Lovells US LLP concealed said federal offenses from DOJ and thus defrauded the United States.

However, managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan, or Hogan Lovells US LLP, or Hogan Lovells International LLP, or CEO of international legal practice Hogan Lovells Stephen Immelt, or Deputy CEO of international legal practice Hogan Lovells David Hudd, or General Counsel of Hogan Lovells Frances Le Grys did not carry out bona fide corporate investigation and did not present results of said bona fide corporate investigation to DOJ.

DOJ possesses proofs which evidence that in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan, Hogan Lovells US LLP, Hogan Lovells International LLP, CEO of international legal practice Hogan Lovells Stephen Immelt, Deputy CEO of international legal practice Hogan Lovells David Hudd and General Counsel of Hogan Lovells Frances Le Grys did not submit before DOJ results of said bona fide corporate investigation.

If any of aforementioned entities and individuals had submitted to DOJ results of bona fide corporate investigation, then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in previous Counts of the complaint, Sony Corporation, Sony Computer Entertainment Sony, Electronics, Hogan Lovells (CIS) and Hogan Lovells US LLP and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

Taking into consideration aforementioned circumstances and since:

i.  managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan has not been replaced or punished by Hogan Lovells (CIS) at least for concealment of wrongdoing committed by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina as well as for corruptly raising in rank of Vironika Pilyugina,

ii.  lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina have not been replaced or punished by Hogan Lovells (CIS) for their wrongdoing,

hence:

(a)  in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd corruptly persuaded managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan not to carry out bona fide corporate investigation, not to submit said bona fide corporate investigation to DOJ and thus to prevent the communication by Oxana Balayan to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics, Hogan Lovells (CIS), Sony Corporation and Sony Computer Entertainment,

(b)  in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd corruptly persuaded General Counsel of Hogan Lovells Frances Le Grys not to carry out bona fide corporate investigation, not to submit to DOJ results of said bona fide corporate investigation and thus to prevent the communication by Frances Le Grys to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics, Hogan Lovells (CIS), Sony Corporation and Sony Computer Entertainment,

(c)  in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan corruptly persuaded lawyers of Moscow office of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina to prevent the communication by Natalia Gulyaeva and Vironika Pilyugina to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(d)  in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001, Hogan Lovells US LLP, Hogan Lovells International LLP, CEO of international legal practice Hogan Lovells Stephen Immelt, Deputy CEO of international legal practice Hogan Lovells David Hudd, General Counsel of Hogan Lovells Frances Le Grys and managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan concealed from DOJ information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses,

(e)  in violation of 18 U.S.C. §2 Hogan Lovells US LLP, Hogan Lovells International LLP, CEO of international legal practice Hogan Lovells Stephen Immelt, Deputy CEO of international legal practice Hogan Lovells David Hudd, General Counsel of Hogan Lovells Frances Le Grys and managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan knowingly and willfully aided said FCPA and acts of racketeering activity.

As a conclusion to Count Thirteen:

1.  In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:

   (a)  Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed two acts of racketeering activity (see items (a) and (b) of Count Thirteen).

   (b)  Hogan Lovells (CIS) knowingly and willfully committed an act of racketeering activity (see item (c) of Count Thirteen).

   (c)  Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS) knowingly and willfully committed three acts of racketeering, concealed said wrongdoing from DOJ and thus defrauded the United States.

   (d)  CEO of international legal practice Hogan Lovells Stephen Immelt, Deputy CEO of international legal practice Hogan Lovells David Hudd, General Counsel of Hogan Lovells Frances Le Grys, managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan and lawyers of Moscow office of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States.

2.  If Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS) and their lawyers had not committed aforementioned federal offenses, had not concealed from DOJ a large number of federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and their employees and lawyers and had not defrauded the United States, then (i) plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

## COUNT FOURTEEN

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Corporation, Sony Computer Entertainment and Sony Electronics knowingly and willfully

committed federal offenses, concealed said federal crimes from DOJ and thus defrauded the United States

Shigeru Kumekawa was CEO of Sony Electronics from September 2014 till April 2016. Shigeru Kumekawa is engaged now as the President of Sony Europe Limited (UK, London) from April 1, 2016 (D76).

January 13, 2015: the plaintiff 1 informed CEO of Sony Electronics Shigeru Kumekawa about involvement of former CEO of Sony Electronics Fumiatsu Hirai, senior legal manager of Sony Electronics Eugenia Vetoshnikova and other employees of Sony Electronics in systematic deliberate violation of the FCPA committed by Sony Electronics and invited Shigeru Kumekawa to conduct an internal corporate investigation on the subject matter; to report results of said investigation to DOJ and to stop the practice of violation by Sony Electronics and Sony Corporation of the FCPA which defame the reputation of said companies (D77). No reply has been received.

January 17, 2015: the plaintiff 1 sent by mail to Sony Corporation letter with information about aforementioned plaintiff's appeal to CEO of Sony Electronics Shigeru Kumekawa dated January 13, 2015 (D78). No reply has been received.

February 26, 2015: the plaintiff 1 sent by mail to Sony Electronics message wherein the plaintiff 1 has invited Sony Electronics to compensate in the pretrial order the non-pecuniary damage caused to plaintiffs by Sony Electronics as a result of systematic and deliberate FCPA violation (D79).

Thus, since CEO of Sony Electronics Shigeru Kumekawa has got to know about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), therefore, under 15 U.S.C. §78dd–1(f)(2)(B) he should have carried out bona fide corporate investigation and then, if an FCPA violation was confirmed, should have presented results of said bona fide corporate investigation to DOJ.

March 14, 2015: the plaintiff 1 received the reply from CEO of Sony Electronics Shigeru Kumekawa dated March 3, 2015 under which: "*the business activity of Sony Electronics in the Russian Federation is in line with the requirements of the FCPA*" (D80). Said reply has been endorsed by senior legal manager of Sony Electronics Evgeniya Vetoshnikova in the lower right corner of said reply.

Said reply evidences that CEO of Sony Electronics Shigeru Kumekawa did not carry out bona fide corporate investigation and did not submit results of said bona fide corporate investigation to DOJ.

DOJ possesses proofs which evidence that in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 CEO of Sony Electronics Shigeru Kumekawa and Sony Corporation  did not submit before DOJ results of said bona fide corporate investigation.

If CEO of Sony Electronics Shigeru Kumekawa or Sony Corporation had carried out bona fide corporate investigation, then, as evidenced by arguments and proofs disclosed in previous Counts of the complaint, they should have submitted to DOJ the following information: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) corrupted the Russian government officials and committed an FCPA violation, (3) Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully committed multiple acts of racketeering activity in order to ensure sales of game consoles PlayStation Vita in Russia, (4) employees of Sony Corporation, Sony Computer Entertainment and Sony Electronics as well as lawyers of Hogan Lovells (CIS) voluntary

participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States and (5) Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) concealed said federal offenses from DOJ and thus defrauded the United States

If CEO of Sony Electronics Shigeru Kumekawa or Sony Corporation had submitted to DOJ results of bona fide corporate investigation, then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in previous Counts of the complaint, Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

Taking into account that:

i. senior legal manager of Sony Electronics Evgeniya Vetoshnikova was aware about high probability of an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

ii. senior legal manager of Sony Electronics Evgeniya Vetoshnikova voluntary participated in commission of racketeering activity,

iii. allegation of CEO of Sony Electronics Shigeru Kumekawa dated March 3, 2015 that *"the business activity of Sony Electronics in the Russian Federation is in line with the requirements of the FCPA"* is knowingly false representation since it does not correspond to the actual circumstances and proofs disclosed in previous Counts of the complaint,

iv. said knowingly fraudulent allegation of CEO of Sony Electronics Shigeru Kumekawa dated March 3, 2015 has been endorsed by senior legal manager of Sony Electronics Evgeniya Vetoshnikova,

v. senior legal manager of Sony Electronics Evgeniya Vetoshnikova has not been replaced or punished by Sony Electronics or Sony Corporation at least for concealment of wrongdoing committed by Sony Electronics and Hogan Lovells (CIS) and voluntary participation in commission of acts of racketeering activity,

vi. Shigeru Kumekawa has been raised in rank up to the President of Sony Europe Limited where he is engaged till now (D76),

hence:

(a) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by Shigeru Kumekawa to DOJ of information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses,

(b) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) CEO of Sony Electronics Shigeru Kumekawa corruptly persuaded senior legal manager of Sony Electronics Evgeniya Vetoshnikova to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS).

As a conclusion to Count Fourteen:

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:

(a) Sony Corporation and Sony Computer Entertainment knowingly and willfully committed an act of racketeering activity (see item (a) of Count Fourteen).

(b) Sony Electronics knowingly and willfully committed an act of racketeering activity (see item (b) of Count Fourteen).

(c) Sony Corporation, Sony Computer Entertainment and Sony Electronics knowingly and willfully committed two acts of racketeering activity, concealed said federal offenses from DOJ and thus defrauded the United States.

(d) CEO of Sony Electronics Shigeru Kumekawa and senior legal manager of Sony Electronics Evgeniya Vetoshnikova voluntary participated in commission of said acts of racketeering activity, concealment of said wrongdoing from DOJ and in defrauding the United States.

2. If Sony Corporation, Sony Computer Entertainment and Sony Electronics and their employees had not committed aforementioned federal offenses, had not concealed from DOJ a large number of federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP and their employees and lawyers and had not defrauded the United States, then (i) plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

## COUNT FIFTEEN

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed federal offenses, concealed said crimes from DOJ and thus defrauded the United States

April 22 - 24, 2015: the plaintiff 2 submitted by e-mail before thirty partners of Washington office of Hogan Lovells US LLP David Newmann, Brian Ofahey, Leigh Oliver, Nancy O'Neil, Gregory Parisi, Bruce Parmley, Richard Parrino, Douglas Paul, Harriet Pearson, Beth Peters, Randy Prebula, Stephen Propst, Gerard Prudhomme, Mahvesh Qureshi, Siobhan Rausch, Audrey Reed, Evans Rice, Beth Roberts, Robby Robertson, Steven Robinson, Amy Roma, Peter Romeo, Michele Sartori, Justin Savage, Richard Schaberg, Christopher Schindler, Randy Segal, Anna Shaw, James Showen 'Appeal to partners of Hogan Lovells' which contains arguments and proofs evidencing fraud and corrupt practices committed by Hogan Lovells (CIS) as legal representative of Sony Electronics as well as high probability of an FCPA violation committed by Hogan Lovells (CIS) and Sony Electronics. In this connection the plaintiff 2 invited said partners of Hogan Lovells to: (i) stop involvement of lawyers of Hogan Lovells (CIS) in deliberate deception and corruption committed by Sony Electronics; (ii) conduct an official investigation concerning aforementioned actions of lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina and others; (iii) report the results of said investigation to DOJ (D81). No replies have been received.

April 26, 2015: the plaintiff 2 appealed to CEO of international legal practice Hogan Lovells Stephen Immelt and to Deputy CEO of international legal practice Hogan Lovells David Hudd (who is also director of Hogan Lovells (CIS)) with information which contains arguments and proofs evidencing fraud and corrupt practices committed by Hogan Lovells (CIS) as legal representative of Sony Electronics as well as high probability of an FCPA violation committed by Hogan Lovells (CIS) and Sony Electronics. In this connection the plaintiff 2 invited top executives of Hogan Lovells Stephen Immelt and David Hudd to: (i) stop involvement of lawyers of Hogan

Lovells (CIS) in deliberate deception and corruption committed by Sony Electronics; (ii) conduct an official investigation concerning aforementioned actions of lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina and others; (iii) report the results of said investigation to DOJ (D82 and D83). No replies have been received.

Thus, under 15 U.S.C. §78dd–1 (f)(2)(B), aforementioned partners of Hogan Lovells US LLP and top executives of Hogan Lovells Stephen Immelt and David Hudd should have initiated corporate investigation of alleged FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and then, if an FCPA violation was confirmed, should have submitted results of said investigation to DOJ.

If aforementioned partners of Hogan Lovells US LLP and top executives of Hogan Lovells Stephen Immelt and David Hudd had carried out bona fide corporate investigation, then, as evidenced by arguments and proofs disclosed in previous Counts of the complaint, they should have submitted to DOJ the following information: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) corrupted the Russian government officials and committed an FCPA violation, (3) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed multiple acts of racketeering activity, (4) employees of Sony Corporation, Sony Computer Entertainment and Sony Electronics as well as lawyers of Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States and (5) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP concealed said federal offenses from DOJ and thus defrauded the United States.

However, aforementioned thirty partners of Hogan Lovells US LLP and top executives of Hogan Lovells Stephen Immelt and David Hudd did not carry out bona fide corporate investigation and did not submit results of said bona fide corporate investigation to DOJ.

Taking into account that CEO of Hogan Lovells Stephen Immelt, Deputy CEO of Hogan Lovells David Hudd, General Counsel of Hogan Lovells Frances Le Grys and lawyers of Hogan Lovells (CIS) Oxana Balayan, Natalia Gulyaeva and Vironika Pilyugina have not been punished or replaced by Hogan Lovells,

hence:

(a) in violation of 18 U.S.C. §371 and 18 U.S.C. §1001 aforementioned thirty partners of Washington office of Hogan Lovells together with top executives of Hogan Lovells Stephen Immelt and David Hudd conspired to conceal from DOJ information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses,

(b) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) top executives of Hogan Lovells Stephen Immelt and David Hudd corruptly persuaded aforementioned thirty partners of Washington office of Hogan Lovells US LLP to prevent the communication by said partners of Hogan Lovells US LLP to DOJ of information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US

LLP, Hogan Lovells International LLP and their employees and lawyers committed a large number of federal offenses.

DOJ possesses proofs which evidence that in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 aforementioned thirty partners of Washington office of Hogan Lovells US LLP and top executives of Hogan Lovells Stephen Immelt and David Hudd did not submit before DOJ results of bona fide corporate investigation.

If aforementioned thirty partners of Washington office of Hogan Lovells US LLP and top executives of Hogan Lovells Stephen Immelt and David Hudd had submitted to DOJ results of bona fide corporate investigation, then, as a result of DOJ investigation, as evidenced by arguments and proofs disclosed in previous Counts of the complaint, Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

   As a conclusion to Count Fifteen:

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:
   (a) Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed thirty acts of racketeering activity, concealed said federal offenses from DOJ and thus defrauded the United States (see item (b) of Count Fifteen).
   (b) CEO of Hogan Lovells Stephen Immelt, Deputy CEO of Hogan Lovells David Hudd and thirty partners of Washington office of Hogan Lovells voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States.
2. If Hogan Lovells US LLP and Hogan Lovells International LLP and their partners had not committed aforementioned federal offenses, had not concealed from DOJ a large number of federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and their employees and lawyers and had not defrauded the United States, then (i) plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing

## COUNT SIXTEEN

   In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully committed federal offenses, concealed said federal crimes from DOJ and thus defrauded the United States

September 8, 2014 the plaintiff 1 filed in the Arbitration Court of Moscow the appeal to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 rendered by the Arbitration Court of Moscow on newly discovered circumstances (D84).

   The plaintiff 1 was guided by the following grounds:

i. July 11, 2013: the Arbitration Court of Moscow has considered the lawsuit No.A40-128053/12-117-1239 and has taken the judgment to reject the plaintiff's 1 complaint against the Rospatent's decision dated September 8, 2012 to recognize the patent No.2427879 as invalid. Motivated

judgment on the lawsuit No.A40-128053/12-117-1239 has been set forth July 17, 2013 (see Count Five and Count Six).

ii. Said judgment is based also on the court's conclusion under which the US patent No.7088342 discloses an electronic device which contains a touchpad arranged on the back side of the body of said electronic device. In particularly, the judgment on the lawsuit No.A40-128053/12-117-1239 is based on the following citation: *The US patent No.7088342 documents submitted to the lawsuit contain Fig. 3, wherein the resistive touchpad is shown* (see indent six on the page 7 of the judgment – D49).

iii. Fig. 3 of the US patent No.7088342 (hereinafter Fig. 3 of the US patent No.7088342 is called as Fig.3) has not been examined by the parties during the court hearings July 11, 2013 on the lawsuit No.A40-128053/12-117-1239 that is confirmed by audio recording of the court hearings.

iv. Plaintiffs have found out only from the court's judgment that Fig. 3 shows, as the court concluded in the judgment, the resistive touchpad.

v. Written allegations that Fig. 3 shows the resistive touchpad were contained in the 9-page Sony Electronics' answer which was submitted to the court of first instance and plaintiffs only during the last court session (D43). Plaintiffs pleaded the court to give time to get acquainted with the written evidence stated in said 9-page answer, but in violation of legal procedure the court rejected said plaintiff's plea. As a result, plaintiffs failed to examine said Sony Electronics' written answer and arguments before the court's judgment.

vi. There are in documents of the lawsuit No.A40-128053/12-117-1239 translation from English into Russian several parts of the US patent No.7088342, but herewith said translation does not contain information about Fig. 3 and does not contain information evidencing that Fig. 3 shows the resistive touchpad.

vii. There are no in documents of the lawsuit No.A40-128053/12-117-1239 translation from English into Russian Fig. 3 and description of Fig. 3 (documents of the lawsuit No.A40-128053/12-117-1239 contain Fig. 3 and description of Fig. 3 only in English).

viii. The examination and assessment by the Russian court of evidence submitted in a foreign language (English for the Russian court is a foreign language) is prohibited by the Russian law.

ix. Since documents of the lawsuit No.A40-128053/12-117-1239 did not contain translation from English into Russian Fig. 3 and description of Fig. 3, hence, the court had no the procedural right to examine and assess Fig. 3 as the evidence.

x. Fig 3 is a flowchart which contains technical designations and abbreviations in English (D85) and that is why the court could not establish that Fig. 3 shows the resistive touchpad.

xi. Although the court recognized that was *impossible to consider the lawsuit without an expert opinion since the matter of the lawsuit includes questions that require special knowledge* (see highlighted by green in D56), nevertheless, in violation of legal proceeding, the judge of the Arbitration Court of Moscow has established by herself that Fig. 3 shows the resistive touchpad.

xii. Translation from English into Russian of Fig. 3 and description of Fig. 3 (lines 22-30 of the right column of the page 4 of the US patent No.7088342), which has been carried out by translation agency BYNTS July 1, 2014, has shown that Fig. 3 does not show the resistive touchpad that is also is confirmed by publicly available information describing structure and principle of operation of a touchpad.

xiii. Since Fig. 3 and description of Fig. 3 have not been examined by the parties during court hearings on the lawsuit No.A40-128053/12-117-1239 and since documents on the lawsuit did not

contain translation from English into Russian of Fig. 3 and description of Fig. 3, hence, plaintiffs did not know and could not have known that Fig. 3 does not show a touchpad.

xiv.   The above newly discovered circumstances, which were not and could not be known to the plaintiff 1 during the consideration by the Arbitration Court of Moscow of the lawsuit No.A40-128053/12-117-1239, indicate that the enacted judgment rendered by the Arbitration Court of Moscow July 17, 2013 on the lawsuit No.A40-128053/12-117-1239 was based on the erroneous court's conclusion which entailed wrong and unjust judgment.

Sony Electronics has been presented in the court hearings by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina (see highlighted by yellow in D86). Plaintiff 2 has been brought by the court to trial as the third party.

Although head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva as registered patent attorney (D41) and expert in the Russian patent law (D42) and lawyer of IP practice of Hogan Lovells (CIS) Vironika Pilyugina as registered patent attorney (D47) and expert in the Russian patent law (D48):

(a)   knew that it is not known from the US patent No.7088342 a touchpad arranged on the back side of the body of an electronic device (see Count Five),

(b)   were aware about circumstances disclosed above in paragraphs 'i' – 'xiv' of this Count, nevertheless, they objected to the plaintiff's 1 appeal to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 on newly discovered circumstances (see highlighted by orange in D87).

April 1, 2015: lawyer of Hogan Lovells (CIS) Natalia Gulyaeva as legal representative of Sony Electronics has submitted before the Arbitration Court of Moscow the answer to the plaintiff's 1 appeal to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 on newly discovered circumstances (D87).

Said answer of Natalia Gulyaeva contains the following: *Fig. 3 of the US patent No.7088342 as well as translation [from English into Russian] of lines 22 – 30 of the page 4 of the US patent No.7088342 have been submitted to the lawsuit, have been discussed and have been commented by the parties during the court hearings. The plaintiff's argument that the US patent No.7088342 does not show touchpad on the back side of the body of the device has been examined properly by the court of first instance, the court of appeals and the court of cassation. Thus, translation* [from English into Russian] *of lines 22 – 30 of the page 4 of the US patent No.7088342 cannot be recognized as a circumstance that was not and could not be known to the applicant* (i.e. the plaintiff 1) (see highlighted by yellow in D87).

Since the allegation "*Fig. 3 of the US patent No.7088342 as well as translation* [from English into Russian] *of lines 22 – 30 of the page 4 of the US patent No.7088342 have been submitted to the lawsuit, have been discussed and have been commented by the parties during the court hearings*" was fraud upon the court committed by lawyer of Hogan Lovells (CIS) Natalia Gulyaeva, April 14, 2015 during the court session plaintiffs declared about said fraud committed by Natalia Gulyaeva (D88) who had to recognize before the court that said her allegation do not correspond to actual circumstances that is confirmed by audio recording of the court hearings.

Lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina objected to the plaintiff's 1 appeals submitted to the court of appeals (see highlighted by orange in D90) and then to the court of cassation (see highlighted by orange in D91).

Thus, lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina once again committed fraud upon the court, concealment and nondisclosure of the circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

If lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina had recognized that in fact it is not known from the US patent No.7088342 a touchpad arranged on the back side of the body of an electronic device and that Fig. 3 does not show the resistive touchpad, then it would have been established by the court that the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 rendered by the Arbitration Court of Moscow is wrong and unjust and therefore Rospatent's decision to recognize the patent No.2427879 as invalid is illegal. As a result, plaintiffs would have restored the patent right to get compensation for the infringement of the patent No.2427879 in a court.

Taking into account that:

i. despite appeals of the plaintiff 1 to Sony Corporation and Sony Computer Entertainment February 2014 (see Count Eight), appeal of the plaintiff 1 to Hogan Lovells US LLP March 2014 (see Count Ten), appeals of plaintiffs to Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS) in January 2015 (see Count Twelve), appeal of the plaintiff 1 to Sony Electronics January and February 2015 (see Count Fourteen) and appeal of the plaintiff 2 to partners of Hogan Lovells US LLP and top executives of Hogan Lovells Stephen Immelt and David Hudd in April 2015 (see Count Fifteen) with information evidencing involvement of lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina in systematic and deliberate wrongdoing as legal representative of Sony Electronics, nevertheless, lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina as legal representative of Sony Electronics continued as usual to commit their wrongdoing,

ii. lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina have not been replaced or punished by Hogan Lovells (CIS) for their wrongdoing committed before,

iii. Sony Electronics did not replace Hogan Lovells (CIS) or at least Natalia Gulyaeva and Vironika Pilyugina for their wrongdoing committed before,

iv. Sony Electronics headed by Shigeru Kumekawa (who was CEO of Sony Electronics from September 2014 till April 2016) and senior legal manager of Sony Electronics Evgeniya Vetoshnikova were aware of aforementioned fraudulent representation, concealment and nondisclosure of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina,

v. CEO of Sony Electronics Shigeru Kumekawa has not been replaced or punished by Sony Corporation but vice versa has been raised in rank by Sony Corporation and now he is the President of Sony Europe Limited (D76),

vi. senior legal manager of Sony Electronics Evgeniya Vetoshnikova has not been replaced or punished by Sony Corporation at least for concealment of wrongdoing committed by Sony Electronics and Hogan Lovells (CIS),

hence, the aggregate of aforementioned circumstances in conjunction with arguments disclosed in previous Counts of the complaint evidence the following:

(a) Sony Corporation, Sony Computer Entertainment and Sony Electronics gained unfair and unlawful business advantages from said fraudulent representation, concealment and nondisclosure of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by Natalia Gulyaeva and Vironika Pilyugina,

(b)  in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian court on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation in the Russian court, nondisclosure and concealment from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(c)  since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation, nondisclosure and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by Shigeru Kumekawa to DOJ of information relating to said abetting,

(d)  in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Electronics headed by Shigeru Kumekawa knowingly and willfully has paid to Hogan Lovells (CIS) not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation, nondisclosure and concealment from the courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(e)  in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was the bribe paid by Sony Electronics to Hogan Lovells (CIS) for fraudulent representation and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(f)  in violation of 18 U.S.C. §1961(A)) through bribing Hogan Lovells (CIS) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to commit fraud and to conceal from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(g)  through committing fraudulent representation in the Russian court and concealment from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239 Hogan Lovells (CIS) knowingly and willfully received said bribe from Sony Electronics,

(h)  since in violation of 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about said bribe from Sony Electronics, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to said bribe received from Sony Electronics,

(i)  since in violation of 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about said bribe from Sony Electronics, hence, in violation of 18 U.S.C. §2 and 18 U.S.C. §1512(b)(3)  Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd abetted and corruptly persuaded Moscow office of Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to  said bribe received from Sony Electronics,

(j)  fraudulent representation and concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed knowingly and willfully by lawyers of

Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina are not a self-initiative of Natalia Gulyaeva and Vironika Pilyugina,

(k) since legal representation in form of fraudulent representation and concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina has been paid by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §2(a) and 18 U.S.C. §1961(A) Hogan Lovells (CIS) has bribed lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina,

(l) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) Hogan Lovells (CIS) by means of bribe willfully endeavored lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina to commit fraud and to conceal from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(m) since lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina knowingly and willfully committed fraud and concealed from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §1961(A) lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina knowingly and willfully have received said bribe from Hogan Lovells (CIS),

(n) since in violation of 18 U.S.C. §1001 lawyer of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina did not alert DOJ about aforementioned acts of racketeering activity committed by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(A) and  18 U.S.C. §1961(B) Hogan Lovells (CIS) willfully endeavored Natalia Gulyaeva and Vironika Pilyugina by means of said bribe to prevent the communication by Natalia Gulyaeva and Vironika Pilyugina to DOJ of information relating to aforementioned acts of racketeering activity committed by Hogan Lovells (CIS),

(o) in violation of 18 U.S.C. §371 Hogan Lovells (CIS) and lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina conspired to commit fraud and to conceal from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(p) since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ about said Sony Electronics' bribes given to Hogan Lovells (CIS) for fraudulent representation and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by CEO of Sony Electronics Shigeru Kumekawa to DOJ of information relating to multiple acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS),

(q) in violation of 18 U.S.C. §2 Sony Corporation and Sony Computer Entertainment knowingly and willfully abetted Sony Electronics headed by Shigeru Kumekawa to commit acts of racketeering activity,

(r) through commission of fraud, concealment and nondisclosure of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina ensured sales of game consoles PlayStation Vita in Russia and thus have affected foreign commerce,

(s) through committing acts of racketeering activity Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) ensured sales of game consoles PlayStation Vita in Russia and thus have affected foreign commerce,

(t) in violation of 18 U.S.C. §1001 Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) concealed from DOJ aforementioned acts of racketeering activity.

The US Department of Justice possesses proofs which evidence that:

(1) CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ voluntary and in timely manner that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to commit acts of racketeering activity,

(2) Hogan Lovells (CIS) did not alert DOJ voluntary and in timely manner about bribe received by Hogan Lovells (CIS) from Sony Electronics for committing fraud and concealment from the court of circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(3) lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina did not alert DOJ voluntary and in timely manner about bribes received from Hogan Lovells (CIS) for fraudulent representation and concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by Natalia Gulyaeva and Vironika Pilyugina.

If any of aforementioned entities and individuals, according to federal statute, had alerted DOJ about acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS), then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in previous and present Counts of the complaint, Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

As a conclusion to Count Sixteen:

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:

   (a) Hogan Lovells (CIS) committed fraud upon the court and concealed from the courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

   (b) Sony Corporation and Sony Computer Entertainment knowingly and willfully committed three acts of racketeering activity (see items (b), (c) and (p) of Count Sixteen).

   (c) Sony Electronics knowingly and willfully committed two acts of racketeering activity (see items (e) and (h) of Count Sixteen).

   (d) Hogan Lovells US LLP and Hogan Lovells International LLP knowingly committed an act of racketeering activity (see item (i) of Count Sixteen).

   (e) Hogan Lovells (CIS) knowingly and willfully committed two acts of racketeering activity (see items (k) and (n) of Count Sixteen).

   (f) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS) knowingly and willfully committed eight acts of racketeering activity, concealed said federal offenses from DOJ and thus defrauded the United States.

   (g) CEO of Sony Electronics Shigeru Kumekawa, CEO of Hogan Lovells Stephen Immelt and Deputy CEO of Hogan Lovells David Hudd and lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina voluntary participated in commission of said acts of racketeering activity, concealment of said wrongdoing from DOJ and in defrauding the United States.

2. If (1) Hogan Lovells (CIS) had not committed fraud upon the court and had not concealed from the court circumstances relevant to the lawsuit No.A40-128053/12-117-1239 and (2) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS) and their employees and lawyers had not committed acts of racketeering activity, had not concealed said federal offenses from DOJ and had not defrauded the United States, then (i) plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

## COUNT SEVENTEEN

Plaintiffs are victims of fraudulently attained judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully committed federal offenses, concealed said crimes from DOJ and thus defrauded the United States

September 8, 2014 the plaintiff 1 has filed in the Arbitration Court of Moscow the appeal to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 rendered by the Arbitration Court of Moscow on newly discovered circumstances (D84). The plaintiff 1 was guided by the following grounds:

i. July 17, 2013: the Arbitration Court of Moscow has considered the lawsuit No.A40-128053/12-117-1239 and has taken the judgment to reject the plaintiff's 1 complaint against the Rospatent's decision dated September 8, 2012 to recognize the patent No.2427879 as invalid (see Count Five and Count Six).

ii. Said judgment is based also on the court's conclusion under which the US patent No.7088342 discloses an electronic device which contains a touchpad arranged on the back side of the body of said electronic device. In particularly, the judgment on the lawsuit No.A40-128053/12-117-1239 is based on the following citation: *The US patent No.7088342 documents submitted to the lawsuit contain Fig. 3, wherein the resistive touchpad is shown* (see indent six on the page 7 of the judgment – D49).

iii. Fig. 3 of the US patent No.7088342 (hereinafter Fig. 3 of the US patent No.7088342 is called as Fig.3) has not been examined by the parties during the court hearings July 11, 2013 on the lawsuit No.A40-128053/12-117-1239 that is confirmed by audio recording of the court hearings.

iv. Plaintiffs have found out only from the court's judgment that Fig. 3 (D85) shows, as the court concluded in the judgment, the resistive touchpad.

v. Written allegations that Fig. 3 shows the resistive touchpad were contained in the 9-page Sony Electronics' answer which was submitted to the court of first instance and plaintiffs only during the last court session (D43). Plaintiffs pleaded the court to give time to get acquainted with the written evidence stated in said 9-page answer, but in violation of legal procedure the court rejected said plaintiff's plea. As a result, plaintiffs failed to examine said Sony Electronics' written answer and arguments before the court's judgment.

vi. There are in documents of the lawsuit No.A40-128053/12-117-1239 translation from English into Russian several parts of the US patent No.7088342, but herewith said translation does not contain information about Fig. 3 and does not contain information evidencing that Fig. 3 shows the resistive touchpad.

vii. There are no in documents of the lawsuit No.A40-128053/12-117-1239 translation from English into Russian Fig. 3 and description of Fig. 3 (documents of the lawsuit No.A40-128053/12-117-1239 contain Fig. 3 and description of Fig. 3 only in English).

viii. The examination and assessment by the Russian court of evidence submitted in a foreign language (English for the Russian court is a foreign language) is prohibited by the Russian law.

ix. Since documents of the lawsuit No.A40-128053/12-117-1239 did not contain translation from English into Russian Fig. 3 and description of Fig. 3, hence, the court had no the procedural right to examine and assess Fig. 3 as the evidence.

x. Fig 3 is a flowchart which contains technical designations and abbreviations in English (D85) and that is why the court could not establish that Fig. 3 shows the resistive touchpad.

xi. Although the court recognized that was *impossible to consider the lawsuit without an expert opinion since the matter of the lawsuit includes questions that require special knowledge* (see highlighted by green in D56), nevertheless, in violation of legal proceeding, the judge of the Arbitration Court of Moscow has established by herself that Fig. 3 shows the resistive touchpad.

xii. Translation from English into Russian Fig. 3 and description of Fig. 3 (lines 22-30 of the right column of the page 4 of the US patent No.7088342), which has been carried out by translation agency BYNTS July 1, 2014, has shown that Fig. 3 does not show the resistive touchpad that is also is confirmed by publicly available information describing structure and principle of operation of a touchpad.

xiii. Since Fig. 3 and description of Fig. 3 have not been examined by the parties during court hearings on the lawsuit No.A40-128053/12-117-1239 and since documents on the lawsuit did not contain translation from English into Russian of Fig. 3 and description of Fig. 3, hence, plaintiffs did not know and could not have known that Fig. 3 does not show a touchpad.

xiv. The above newly discovered circumstances, which were not and could not be known to the plaintiff 1 during the consideration by the Arbitration Court of Moscow of the lawsuit No.A40-128053/12-117-1239, indicate that the enacted judgment rendered by the Arbitration Court of Moscow July 17, 2013 on the lawsuit No.A40-128053/12-117-1239 was based on the erroneous court's conclusion which entailed wrong and unjust judgment.

April 14, 2015: the Arbitration Court of Moscow has considered the plaintiff's 1 appeal to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 on newly discovered circumstances and has refused to satisfy said plaintiff's 1 appeal (D86).

The Arbitration Court of Moscow as the court of first instance has motivated its judgment as is follows:

(a) *The plaintiff knew the circumstances that have been put at the basis of the plaintiff's appeal to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 rendered by the Arbitration Court of Moscow on newly discovered circumstances.*

(b) *The US patent document* (it means: the US patent No.7088342) *including Fig. 3 and description* (it means: description of Fig. 3) *were the subject of examination and judicial assessment.*

(c) *The absence in the lawsuit of translation of the figure* (it means: Fig. 3) *was not and is not an obstacle to the assessment of its content, since the figure is a technical scheme of the device. The implementation of notes to it in a foreign language does not prevent the perception of the scheme as a whole.*

(d) *From the written explanations of the plaintiff submitted to the court of first instance it can be seen that the plaintiff assessed the contents of the US patent document No.7088342, including Fig. 3.*

(e) *The plaintiff already in the course of the lawsuit consideration should have been aware of and was aware that he does not agree with the content of both the court's findings on the content of the US patent document No.7088342 and with the content of evidence available in the lawsuit.*

(f) *The plaintiff did not have any obstacles to apply to BYNTS LLC* (it means: BYNTS translation agency) *regarding translation of Fig. 3 and lines 22-30 of the patent document* (it means: the US patent No.7088342) *during the lawsuit consideration.*

(g) *Translation from English into Russian of lines 22 - 30 and Fig. 3 as well as printout of the pages of documents describing structure and principle of operation of a touchpad are new evidence.*

June 23, 2015 the court of appeals has considered the plaintiffs' appeal (D91).

June 30, 2015 the court of appeals has ruled to reject the plaintiffs' appeal and to keep in force the judgment of the Arbitration Court of Moscow rendered April 14, 2015 on the lawsuit No.A40-128053/12-117-1239 (D89).

The court of appeals motivated its ruling as is follows:

(a) *The absence in the lawsuit of translation of Fig. 3 of the US patent document No.7088342 was not an obstacle to the assessment of its content, since the figure is a technical scheme of the device. The implementation of notes to it in a foreign language does not prevent the perception of the scheme as a whole.*

(b) *Translation carried out by BYNTS LLC July 1, 2014 is not a circumstance which V.E. Pilkin* (i.e. the plaintiff 1) *did not know and could not know since the applicant* (i.e. the plaintiff 1) *was not deprived of the right to receive such information during the lawsuit consideration on the merits.*

(c) *The arguments of appellants do not evidence the existence of circumstances that are significant for the present lawsuit, which were not the subject of judicial consideration on the lawsuit and could lead to rendering another judgment.*

July 24, 2015 plaintiffs submitted the appeal to the court of cassation (D92).

September 18, 2015: the court of cassation has ruled to reject the plaintiffs' appeal and to keep in force the judgment of the Arbitration Court of Moscow dated April 14, 2015 and the ruling of the court of appeals dated June 30, 2015 rendered on the lawsuit No.A40-128053/12-117-1239 (D90).

The court of cassation motivated its ruling as is follows:

(a) *The courts have reached the correct conclusion that the circumstances referred to by the applicant* (i.e. plaintiffs) *as newly discovered have already been the subject of examination and judicial assessment on the present lawsuit, and the documents submitted (translations of Fig. 3 and lines 22-30 of the right column of the page 4 of the US Patent No.7088342) should be considered as new evidence relevant to the circumstances previously examined by the courts* (see highlighted by yellow in D90).

All aforementioned conclusions of the court of first instance, of the court of appeal and of the court of cassation on the lawsuit No.A40-128053/12-117-1239 are in fact voluntary fraudulently presented findings aimed to ensure unfair and unlawful business advantages to Sony Electronics and its legal representative Hogan Lovells (CIS) that is confirmed by the following evidence:

i. The following conclusion of the court of first instance "*the plaintiff knew the circumstances that have been put at the basis of the plaintiff's appeal to review the enacted judgment on the lawsuit*

*No.A40-128053/12-117-1239 dated July 17, 2013 rendered by the Arbitration Court of Moscow on newly discovered circumstances*" is voluntary fraudulently presented finding aimed to impair the court's impartial performance of its legal task that is confirmed by the following evidence:

Since Fig. 3 and description of Fig. 3 have not been examined by the parties during the court hearings July 11, 2013 on the lawsuit No.A40-128053/12-117-1239 that is confirmed by audio recording of the court hearings), plaintiffs have found out only from the court's judgment that Fig. 3 shows the resistive touchpad.

Since documents on the lawsuit did not contain translation from English into Russian of Fig. 3 and description of Fig. 3, hence, plaintiffs did not know and could not have known that Fig. 3 does not show a touchpad.

ii.  The following conclusion of the court of first instance " *The US patent document* (it means: the US patent No.7088342) *including Fig. 3 and description* (it means: description of Fig. 3) *were the subject of examination and judicial assessment* " is voluntary fraudulently presented finding aimed to impair the court's impartial performance of its legal task that is confirmed by the following evidence:

Evidence that have not been examined by the parties during the court hearings could not be put by the court at the basis of the judgment. Fig. 3 and description of Fig. 3 have not been examined by the parties during the court hearings on the lawsuit No.A40-128053/12-117-1239 that is confirmed by audio recording of the court hearings. Plaintiffs have found out only from the court's judgment that Fig. 3 shows the resistive touchpad.

iii.  The following conclusion of the court of first instance "*the absence in the lawsuit of translation of the figure* (it means: Fig. 3) *was not and is not an obstacle to the assessment of its content, since the figure is a technical scheme of the device. The implementation of notes to it in a foreign language does not prevent the perception of the scheme as a whole*" is voluntary fraudulently presented finding aimed to impair the court's impartial performance of its legal task that is confirmed by the following evidence:

Fig. 3 is a flowchart which contains technical designations and abbreviations in English (D85). Examining parts of text and drawings of the US patent No.7088342 submitted to the lawsuit, even the expert was unable to determine what kind of device is shown in Fig. 3 (see the answer to the question 2 in D34).

iv.  The following conclusion of the court of first instance "*from the written explanations of the plaintiff submitted to the court of first instance it can be seen that the plaintiff assessed the contents of the US patent document No.7088342, including Fig. 3*" is voluntary fraudulently presented finding aimed to impair the court's impartial performance of its legal task that is confirmed by the following evidence:

Fig. 3 has not been examined by the parties during the court hearings on the lawsuit No.A40-128053/12-117-1239.

Plaintiffs have found out only from the court's judgment that Fig. 3 shows, as the court concluded in the judgment, the resistive touchpad.

Written allegations that Fig. 3 shows the resistive touchpad were contained in the nine page Sony Electronics' answer which was submitted to plaintiffs only during the last court session (D43). Plaintiffs pleaded the court to give time to get acquainted with the written evidence stated in said nine page answer, but in violation of legal procedure the court rejected said plaintiff's plea. As a result, plaintiffs failed to examine said Sony Electronics' written answer and arguments before the court's judgment.

Plaintiffs did not know and could not have known during the consideration of the lawsuit No.A40-128053/12-117-1239 in the court of first instance that plaintiffs do not agree with the court conclusion that Fig. 3 shows the resistive touchpad, since plaintiffs have found out about said court finding only from the judgment, i.e. after the consideration of the lawsuit No.A40-128053/12-117-1239 in the court of first instance.

Of all the written explanations and evidence of plaintiffs submitted to the court of first instance, it does not follow that the plaintiffs assessed the contents of Fig. 3.

v. The following conclusion of the court of first instance "*the plaintiff already in the course of the lawsuit consideration should have been aware of and was aware that he does not agree with the content of both the court's findings on the content of the US patent document No.7088342 and with the content of evidence available in the lawsuit*" is voluntary fraudulently presented finding aimed to impair the court's impartial performance of its legal task that is confirmed by the following evidence:

Plaintiffs did not know and could not have known during the consideration of the lawsuit No.A40-128053/12-117-1239 in the court of first instance that plaintiffs do not agree with the court conclusion that Fig. 3 shows the resistive touchpad, since plaintiffs have found out about said court finding only from the judgment, i.e. after the consideration of the lawsuit No.A40-128053/12-117-1239 in the court of first instance.

There are in documents of the lawsuit No.A40-128053/12-117-1239 translation from English into Russian several parts of the US patent No.7088342, but herewith said translation does not contain information about Fig. 3 and does not contain information evidencing that Fig. 3 shows the resistive touchpad

vi. The following conclusion of the court of first instance "*The plaintiff did not have any obstacles to apply to BYNTS LLC* (it means: BYNTS translation agency) *regarding translation of Fig. 3 and lines 22-30 of the patent document* (it means: the US patent No.7088342) *during the lawsuit consideration*" is voluntary fraudulently presented finding aimed to impair the court's impartial performance of its legal task that is confirmed by the following evidence:

Fig. 3 has not been examined by the parties during the court hearings on the lawsuit No.A40-128053/12-117-1239.

Plaintiffs have found out only from the court's judgment that Fig. 3 shows, as the court concluded in the judgment, the resistive touchpad.

Written allegations that Fig. 3 shows the resistive touchpad were contained in the 9-page Sony Electronics' answer which was submitted to plaintiffs only during the last court session (D43). Plaintiffs pleaded the court to give time to get acquainted with the written evidence stated in said 9-page answer, but in violation of legal procedure the court rejected said plaintiff's plea. As a result, plaintiffs failed to examine said Sony Electronics' written answer and arguments before the court's judgment.

Plaintiffs did not know and could not have known during the consideration of the lawsuit No.A40-128053/12-117-1239 in the court of first instance that plaintiffs do not agree with the court conclusion that Fig. 3 shows the resistive touchpad, since plaintiffs have found out about said court finding only from the judgment, i.e. after the consideration of the lawsuit No.A40-128053/12-117-1239 in the court of first instance.

Thus, plaintiffs have no grounds to ask BYNTS translation agency to translate Fig. 3 and description of Fig. 3 in the course of the consideration of the lawsuit in the court of first instance.

Thus, in the course of the consideration of the lawsuit in the court of first instance plaintiffs have no possibility to identify circumstances evidencing that Fig. 3 does not show the resistive touchpad.

vii. The following conclusion of the court of first instance "*translation from English into Russian of lines 22 - 30 and Fig. 3 are new evidence*" is voluntary fraudulently presented finding aimed to impair the court's impartial performance of its legal task that is confirmed by the following evidence:

Translation from English into Russian of Fig. 3 and description of Fig. 3 submitted by plaintiffs to the court is not new evidence since the judgment on the lawsuit No.A40-128053/12-117-1239 is based on the following conclusion: *The US patent No.7088342 documents submitted to the lawsuit contain Fig. 3, wherein the resistive touchpad is shown* (see indent six on the page 7 of the judgment – D49).

viii. The following conclusion of the court of first instance "*printout of the pages of documents describing structure and principle of operation of a touchpad are new evidence*" is voluntary fraudulently presented finding aimed to impair the court's impartial performance of its legal task that is confirmed by the following evidence:

Printout of the pages of documents describing structure and principle of operation of a touchpad were not grounds to the appeal to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 rendered by the Arbitration Court of Moscow on newly discovered circumstances. Said documents were attached to said appeal only with a view to show to the court, which does not have special knowledge, that the information given in the translation from English into Russian of Fig. 3 and description of Fig. 3 do not correspond to structure and principle of operation of a touchpad.

ix. The following conclusion of the court of appeals "*Translation carried out by BYNTS LLC July 1, 2014 is not a circumstance which V.E. Pilkin* (i.e. the plaintiff) *did not know and could not know since the applicant* (i.e. the plaintiff) *was not deprived of the right to receive such information during the lawsuit consideration on the merits*" is voluntary fraudulently presented finding aimed to impair the court's impartial performance of its legal task that is confirmed by proofs disclosed in aforementioned paragraph 'vi'.

x. The following conclusion of the court of appeals "*the absence in the lawsuit of translation of the figure 3 of the US patent document No.7088342 was not an obstacle to the assessment of its content, since the figure is a technical scheme of the device. The implementation of notes to it in a foreign language does not prevent the perception of the scheme as a whole*" is voluntary fraudulently presented finding aimed to impair the court's impartial performance of its legal task that is confirmed by proofs disclosed in aforementioned paragraph 'iii'.

xi. The following conclusion of the court of appeals "*the arguments of appellants do not evidence the existence of circumstances that are significant for the present lawsuit, which were not the subject of judicial consideration on the lawsuit and could lead to rendering another judgment*" is voluntary fraudulently presented finding aimed to impair the court's impartial performance of its legal task that is confirmed by the following evidence:

Translation from English into Russian of Fig. 3 and description of Fig. 3 is essential circumstance for the lawsuit No.A40-128053/12-117-1239 that could lead to rendering another judgment since said translation evidence that Fig. 3 does not show the resistive touchpad.

xii. The following conclusion of the court of cassation "*the courts have reached the correct conclusion that the circumstances referred to by the applicant (i.e. plaintiffs) as newly*

*discovered have already been the subject of examination and judicial assessment on the present lawsuit, and the documents submitted (translations of Fig. 3 and lines 22-30 of the right column of the page 4 of the US Patent No.7088342) should be considered as new evidence relevant to the circumstances previously examined by the courts*" is voluntary fraudulently presented finding aimed to impair the court's impartial performance of its legal task that is confirmed by proofs disclosed in aforementioned paragraphs 'i'-'xi'.

Thus, when considering the plaintiff's 1 appeal to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 rendered by the Arbitration Court of Moscow on newly discovered circumstances the Russian court of first instance, the Russian court of appeals and the Russian court of cassation through voluntary fraudulently presented findings have set out knowingly unjust judgment and rulings and thus ensured unfair and unlawful business advantages to Sony Electronics and its legal representative Hogan Lovells (CIS).

Thus, the Russian judges who have considered the plaintiff's 1 appeal to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 on newly discovered circumstances being in their official capacity abused of entrusted power with full understanding of their wrongdoing for private gain of Sony Corporation, Sony Computer Entertainment and Sony Electronics.

If the Russian court of first instance, the Russian court of appeals and the Russian court of cassation had considered impartially the plaintiff's 1 appeal to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 on newly discovered circumstances and had rendered fair judgment and rulings on the lawsuit No.A40-128053/12-117-1239, then it would have been established that the enacted judgment of the Arbitration Court of Moscow dated July 17, 2013 on the lawsuit No.A40-128053/12-117-1239 is wrong and unjust and therefore Rospatent's decision to recognize the patent No.2427879 as invalid is illegal. As a result, plaintiffs would have restored the patent right to get compensation for the infringement of the patent No.2427879.

Taking into account aforementioned arguments and proofs as well as that:

i. 'Corruption' is defined by Transparency International as the abuse of entrusted power for private gain. World Bank defines corruption as the abuse of public office for private gain. The Stanford Encyclopedia of Philosophy defines corruption as the abuse of power by a public official for private gain. Bribery is the most common form of corruption,

ii. Under 15 U.S.C. § 78dd-1(a)(1)(A), it shall be unlawful for any issuer which has a class of securities registered pursuant to section 78l of this title or which is required to file reports under section 78o(d) of this title, or for any officer, director, employee, or agent of such issuer or any stockholder thereof acting on behalf of such issuer, to make use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to any foreign official for purposes of: (i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person.

iii. it was not possible without anything of value to obtain knowingly unjust adjudications rendered by the Russian judges of three Russian courts on the lawsuit No.A40-128053/12-117-1239,

iv. Sony Corporation, Sony Computer Entertainment and Sony Electronics gained unfair and unlawful business advantages from deliberate deception and abuse of entrusted power committed

by the Russian judges of three Russian courts being in their official capacity on the lawsuit No.A40-128053/12-117-1239,

v. without anything of value the Russian judges of three Russian courts being in their official capacity had no motive to make deliberately false representations and to abuse of entrusted power for private gain of Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS),

vi. Sony Electronics, CEO of Sony Electronics Shigeru Kumekawa and senior legal manager of Sony Electronics Evgeniya Vetoshnikova understood that judgment and rulings rendered by the Russian judges on the lawsuit No.A40-128053/12-117-1239 are knowingly unjust,

vii. lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina understood that judgment and rulings rendered by the Russian judges on the lawsuit No.A40-128053/12-117-1239 are knowingly unjust,

viii. lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina have not been replaced or punished by Hogan Lovells (CIS) for their wrongdoing,

ix. CEO of Sony Electronics Shigeru Kumekawa has not been replaced or punished by Sony Corporation at least for concealment of wrongdoing committed by Sony Electronics and Hogan Lovells (CIS),

x. senior legal manager of Sony Electronics Evgeniya Vetoshnikova has not been replaced or punished by Sony Corporation at least for concealment of wrongdoing committed by Sony Electronics and Hogan Lovells (CIS),

xi. Sony Electronics did not replace Hogan Lovells (CIS) with another law firm as legal representative of Sony Electronics,

therefore, the aggregate of aforementioned circumstances in conjunction with the arguments and proofs disclosed in previous Counts of the complaint evidence that:

(a) in violation of the FCPA, 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances in order to obtain knowingly unjust adjudications on the lawsuit No.A40-128053/12-117-1239,

(b) since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances in order to obtain knowingly unjust adjudications on the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by Shigeru Kumekawa to DOJ of information relating to said abetting,

(c) in violation of 18 U.S.C. §2 Sony Electronics headed by Shigeru Kumekawa knowingly has paid to Hogan Lovells (CIS) not only for legal services of Hogan Lovells (CIS) as legal

representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances,

(d) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to corrupt the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances,

(e) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was the bribe paid by Sony Electronics to Hogan Lovells (CIS) for unlawful services of Hogan Lovells (CIS) for corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances,

(f) in violation of 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) through bribing Hogan Lovells (CIS) Sony Electronics headed by Shigeru Kumekawa corruptly persuaded Hogan Lovells (CIS) to corrupt the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances,

(g) through bribing Hogan Lovells (CIS) and using unlawful services of Hogan Lovells (CIS) Sony Electronics headed by Shigeru Kumekawa has funded corruption of the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances that is violation of the FCPA as well as of 18 U.S.C. §2(a) and 18 U.S.C. §1961(A),

(h) through corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances Hogan Lovells (CIS) willfully received said bribe,

(i) through corruption of the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances Sony Electronics and Hogan Lovells (CIS) wrongfully influenced adjudications of the lawsuit No.A40-128053/12-117-1239,

(j) since Hogan Lovells (CIS) received from Sony Electronics payments for corrupting the Russian judges, hence, using one part of Sony Electronics' payments to corrupt the Russian judges of three Russian courts, Hogan Lovells (CIS) has bribed the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances,

(k) through bribing the Russian judges of three Russian courts Sony Electronics headed by Shigeru Kumekawa and Hogan Lovells (CIS) committed an FCPA violation, since the Russian judges are the Russian government officials who were in their official capacity,

(l) through bribing the Russian judges of three Russian courts Sony Electronics headed by Shigeru Kumekawa and Hogan Lovells (CIS) have violated 18 U.S.C. §1961(A) since said bribes affected foreign commerce, namely: knowingly unjust adjudications on the lawsuit No.A40-128053/12-117-1239 permitted to Sony Corporation, Sony Computer Entertainment and Sony Electronics to ensure sales of game consoles PlayStation Vita in Russia,

(m) since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ about an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics

Shigeru Kumekawa to prevent the communication by CEO of Sony Electronics Shigeru Kumekawa to DOJ of information relating to: (1) an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS),

(n) Sony Corporation and Sony Computer Entertainment knowingly and willfully abetted Sony Electronics headed by Shigeru Kumekawa to commit acts of racketeering activity,

(o) since in violation of 15 U.S.C. §78dd--1 (f)(2)(B) and 18 U.S.C. §1001 senior legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) CEO of Sony Electronics Shigeru Kumekawa corruptly persuaded senior legal manager of Sony Electronics Evgeniya Vetoshnikova to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to: (1) high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS),

(p) since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about an FCPA violation committed by Sony Electronics, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS),

(q) since lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina understood that judgment and rulings rendered by the Russian judges on the lawsuit No.A40-128053/12-117-1239 are knowingly unjust and herewith in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 they did not alert DOJ about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) Hogan Lovells (CIS) corruptly persuaded lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina to prevent the communication by Natalia Gulyaeva and Vironika Pilyugina to DOJ of information relating to said FCPA violation committed by Sony Electronics and Hogan Lovells (CIS),

(r) in violation of 18 U.S.C. §2(a) Sony Corporation and Sony Computer Entertainment knowingly and willfully aided Sony Electronics to commit an FCPA violation and acts of racketeering activity,

(s) in violation of 18 U.S.C. §371 Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) conspired to defraud the United States,

(t) through commission of an FCPA violation and acts of racketeering activity Sony Corporation, Sony Computer Entertainment, Sony Electronics headed by Shigeru Kumekawa and Hogan Lovells (CIS) have ensured sales of game consoles PlayStation Vita in Russia and thus affected foreign commerce,

(u) in violation of the FCPA and 18 U.S.C. §1001 Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) concealed from DOJ said FCPA violation and acts of racketeering activity and thus defrauded the United States.

The US Department of Justice possesses proofs which evidence that:

(1) CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ voluntary and in timely manner that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to commit an FCPA violation and acts of racketeering activity,

(2) Senior legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ voluntary and in timely manner about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and acts of racketeering activity committed by Sony Electronics,

(3) Hogan Lovells (CIS) did not alert DOJ voluntary and in timely manner that Sony Electronics has bribed Hogan Lovells (CIS) in order to induce Hogan Lovells (CIS) to commit an FCPA violation and acts of racketeering activity,

(4) lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina did not alert DOJ voluntary and in timely manner about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and acts of racketeering activity committed by Hogan Lovells (CIS).

If any of aforementioned entities and individuals, according to federal statute, had alerted DOJ about said FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS), then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in previous Counts of the complaint, Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

Since said judgment and rulings rendered by the Russian court of first instance, the Russian court of appeals and the Russian court of cassation on the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances are in fact knowingly unjust, hence, plaintiffs are victims of fraudulently attained judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239.

Under D.C. Code §15-364(c)(2), a court of the District of Columbia may not recognize a foreign-country judgment if the judgment was obtained by fraud that deprived the losing party of an adequate opportunity to present its case.

Under D.C. Code §15-364(c)(7), a court of the District of Columbia may not recognize a foreign-country judgment if the judgment was rendered in circumstances that raise substantial doubt about the integrity of the rendering court with respect to the judgment.

Under D.C. Code §15-364(d), a party resisting recognition of a foreign-country judgment has the burden of establishing that a ground for non-recognition stated in subsection (b) or (c) of this section exists.

In this connection, based on D.C. Code §15-364, the United States District Court of the District of Columbia should not recognize the following foreign-country judgments and rulings rendered on the lawsuit No.A40-128053/12-117-1239: the judgment of the Arbitration Court of Moscow dated April 14, 2015, ruling of the Ninth Arbitration Court of Appeals dated June 13, 2015 and ruling of the Court for Intellectual Property Rights as the court of cassation dated September 18, 2015.

As a conclusion to Count Seventeen:

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:

   (a) Sony Electronics and Hogan Lovells (CIS) corrupted and bribed the Russian courts in order to obtain knowingly unjust adjudication for private gain of Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS).

(b) Sony Corporation and Sony Computer Entertainment knowingly and willfully committed three acts of racketeering activity (see items (a), (b) and (m) of Count Seventeen).

(c) Sony Electronics knowingly and willfully committed four acts of racketeering activity (see items (f), (g), (o) and (p) of Count Seventeen).

(d) Hogan Lovells (CIS) knowingly and willfully committed two acts of racketeering activity (see items (j) and (q) of Count Seventeen).

(e) Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully committed nine acts of racketeering activity, concealed said wrongdoing from DOJ and thus defrauded the United States.

(f) CEO of Sony Electronics Shigeru Kumekawa, senior legal manager of Sony Electronics Evgeniya Vetoshnikova, lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina voluntary participated in commission of said acts of racketeering activity, concealment of said wrongdoing from DOJ and in defrauding the United States.

2. If Sony Electronics and Hogan Lovells (CIS) had not corrupted and had not bribed the Russian courts who have considered the lawsuit No.A40-128053/12-117-1239, then (i) plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched at the expense of plaintiffs and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

3. If (1) Sony Electronics and Hogan Lovells (CIS) had not committed an FCPA violation and (2) Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) had not committed acts of racketeering activity, had not concealed said federal offenses from DOJ and had not defrauded the United States, then (i) plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

4. If the Russian courts had considered impartially the plaintiff's 1 appeal to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 on newly discovered circumstances and had rendered fair judgment and rulings on the lawsuit, then (i) it would have been established by the courts that the enacted judgment of the Arbitration Court of Moscow dated July 17, 2013 on the lawsuit No.A40-128053/12-117-1239 is wrong and unjust and therefore Rospatent's decision to invalidate the patent No.2427879 is illegal, (ii) plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879, (iii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iv) Hogan Lovells would not have procured its commission for its wrongdoing.

5. Plaintiffs are victims of fraudulently attained judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239.

6. The United States District Court of the District of Columbia should not recognize the following foreign-country judgments rendered on the lawsuit No.A40-128053/12-117-1239: the judgment of the Arbitration Court of Moscow dated April 14, 2015, ruling of the Ninth Arbitration Court of Appeals dated June 13, 2015 and ruling of the Court for Intellectual Property Rights as the court of cassation dated September 18, 2015.

## COUNT EIGHTEEN

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan

Lovells International LLP and Hogan Lovells (CIS) knowingly and willfully committed federal offenses, concealed said crimes from DOJ and thus defrauded the United States

December 24, 2015: lawyer of Hogan Lovells (CIS) Vironika Pilyugina as legal representative of Sony Electronics headed by Shigeru Kumekawa submitted before the Ninth Arbitration Court of Appeals the answer to the Plaintiff's 1 appeal to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 on newly discovered circumstances (D93).

Said answer contained the following data: *"Translation submitted by the plaintiff does not contradict conclusions indicated in the decision of Rospatent that it is known feature electronic device with a display, a touchpad and a joystick, and therefore translation submitted by the plaintiff is not a circumstance relevant to the lawsuit and capable to affect the conclusions of the court in setting out a judicial act"* (see highlighted by green at page 2 of D93).

Lawyer of Hogan Lovells (CIS) Vironika Pilyugina acting as legal representative of Sony Electronics being aware of proofs of plaintiff 1 and also as registered patent attorney of the Russian Federation (D47) and expert in the Russian patent law (D48) **knew** that in fact it is not known from paragraph [0009] of the US patent application 2006/0250377 an electronic device which comprises simultaneously a touchpad, a visual display and a joystick (see Count Five), nevertheless, she committed once again fraud upon the court and concealed once again from the court circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

If lawyer of Hogan Lovells (CIS) Vironika Pilyugina had recognized that in fact it is not known from paragraph [0009] of the US patent application 2006/0250377 an electronic device which comprises simultaneously a touchpad, a visual display and a joystick, then it would have been established by the court that Rospatent's decision to recognize the patent No.2427879 as invalid is illegal. As a result, plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879.

Thus, despite appeals of the plaintiff 1 to Sony Corporation and Sony Computer Entertainment February 2014 (see Count Eight), appeal of the plaintiff 1 to Hogan Lovells US LLP March 2014 (see Count Ten), appeals of plaintiffs to Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS) in January 2015 (see Count Twelve), appeal of the plaintiff 1 to Sony Electronics January and February 2015 (see Count Fourteen) and appeal of the plaintiff 2 to partners of Hogan Lovells US LLP and top executives of Hogan Lovells Stephen Immelt and David Hudd in April 2015 (see Count Fifteen), Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian court continued to commit fraud upon the court, concealment from the court of circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

Taking into account proofs disclosed in previous Counts of the complaint as well as that:

i. Vironika Pilyugina has not been replaced or punished by Hogan Lovells (CIS) for committing said fraudulent representation, concealment and nondisclosure of circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

ii. Sony Electronics did not replace Hogan Lovells (CIS) or at least Natalia Gulyaeva and Vironika Pilyugina after fraudulent representation, concealment and nondisclosure of the circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina and even after concealment and nondisclosure of the circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina,

iii. CEO of Sony Electronics Shigeru Kumekawa has not been replaced or punished by Sony Corporation but vice versa has been raised in rank by Sony Corporation and now he is the President of Sony Europe Limited (D76),

hence, said fraud upon the court, concealment and nondisclosure of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by Vironika Pilyugina evidence the following:

(a) Sony Corporation, Sony Computer Entertainment and Sony Electronics gained unfair and unlawful business advantages from said fraud, concealment and nondisclosure of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by Vironika Pilyugina,

(b) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian court on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation in the Russian court and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(c) since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian court on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by Shigeru Kumekawa to DOJ of information relating to said abetting,

(d) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Electronics headed by Shigeru Kumekawa knowingly paid to Hogan Lovells (CIS) not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian court on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation and concealment from the court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(e) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was the bribe paid by Sony Electronics to Hogan Lovells (CIS) for fraudulent representation and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(f) in violation of 18 U.S.C. §1961(A)) through bribing Hogan Lovells (CIS) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to commit fraud and to conceal from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(g) through committing fraudulent representation in the Russian court and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239 Hogan Lovells (CIS) knowingly and willfully received said bribe from Sony Electronics,

(h) since in violation of 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about said bribe from Sony Electronics, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to said bribe received from Sony Electronics,

(i) since in violation of 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about said bribe from Sony Electronics, hence, in violation of 18 U.S.C. §2 and 18 U.S.C. §1512(b)(3) Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd abetted and corruptly persuaded Moscow office of Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to  said bribe received from Sony Electronics,

(j) fraudulent representation and concealment from the Russian court of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed knowingly and willfully by lawyer of Hogan Lovells (CIS) Vironika Pilyugina is not a self-initiative of Vironika Pilyugina,

(k) since legal representation in form of fraudulent representation and concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by lawyer of Hogan Lovells (CIS) Vironika Pilyugina has been paid by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §2(a) and 18 U.S.C. §1961(A) Hogan Lovells (CIS) bribed lawyer of Hogan Lovells (CIS) Vironika Pilyugina,

(l) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) Hogan Lovells (CIS) by means of bribe willfully endeavored lawyer of Hogan Lovells (CIS) Vironika Pilyugina to commit fraud and to conceal from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(m) since lawyer of Hogan Lovells (CIS) Vironika Pilyugina knowingly and willfully committed fraud and concealed from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §1961(A) lawyer of Hogan Lovells (CIS) Vironika Pilyugina knowingly and willfully received said bribe from Hogan Lovells (CIS),

(n) since in violation of 18 U.S.C. §1001 lawyer of Hogan Lovells (CIS) Vironika Pilyugina did not alert DOJ about aforementioned act of racketeering activity committed by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(A) and  18 U.S.C. §1961(B) Hogan Lovells (CIS) willfully endeavored Vironika Pilyugina by means of said bribe to prevent the communication by Vironika Pilyugina to DOJ of information relating to aforementioned act of racketeering activity committed by Hogan Lovells (CIS),

(o) in violation of 18 U.S.C. §371 Hogan Lovells (CIS) and lawyer of Hogan Lovells (CIS) Vironika Pilyugina conspired to commit fraud and to conceal from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(p) since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ about said Sony Electronics' bribes given to Hogan Lovells (CIS) for fraudulent representation and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by CEO of Sony Electronics Shigeru Kumekawa to DOJ of information relating to multiple acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS),

(q) in violation of 18 U.S.C. §2 Sony Corporation and Sony Computer Entertainment knowingly and willfully abetted Sony Electronics headed by Shigeru Kumekawa to commit acts of racketeering activity,

(r) through commission of fraud, concealment and nondisclosure of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 lawyer of Hogan Lovells (CIS) Vironika Pilyugina ensured sales of game consoles PlayStation Vita in Russia and thus affected foreign commerce,

(s) through committing acts of racketeering activity Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) ensured sales of game consoles PlayStation Vita in Russia and thus affected foreign commerce,

(t) in violation of 18 U.S.C. §1001 Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) concealed from DOJ aforementioned acts of racketeering activity and thus defrauded the United States.

The US Department of Justice possesses proofs which evidence that:

(1) CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ voluntary and in timely manner that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to commit acts of racketeering activity,

(2) Hogan Lovells (CIS) did not alert DOJ voluntary and in timely manner about bribe received by Hogan Lovells (CIS) from Sony Electronics for committing fraud and concealment from the court of circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

(3) lawyer of Hogan Lovells (CIS) Vironika Pilyugina did not alert DOJ voluntary and in timely manner about bribe received from Hogan Lovells (CIS) for fraudulent representation and concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by Vironika Pilyugina.

If any of aforementioned entities and individuals had alerted DOJ, according to federal statute, about acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS), then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in previous and present Counts of the complaint, Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

<u>As a conclusion to Count Eighteen:</u>

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:

   (a) Hogan Lovells (CIS) committed fraud upon the court and concealed from the court circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

   (b) Sony Corporation and Sony Computer Entertainment knowingly and willfully committed three acts of racketeering activity (see items (b), (c) and (p) of Count Eighteen).

   (c) Sony Electronics knowingly and willfully committed two acts of racketeering activity (see items (e) and (h) of Count Eighteen).

   (d) Hogan Lovells US LLP and Hogan Lovells International LLP knowingly committed an act of racketeering activity (see item (i) of Count Eighteen).

   (e) Hogan Lovells (CIS) knowingly and willfully committed two acts of racketeering activity (see items (k) and (n) of Count Eighteen).

   (f) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS) knowingly and willfully

committed eight acts of racketeering activity, concealed said wrongdoing from DOJ and thus defrauded the United States.

(g) CEO of Sony Electronics Shigeru Kumekawa, CEO of Hogan Lovells Stephen Immelt and Deputy CEO of Hogan Lovells David Hudd and lawyer of Hogan Lovells (CIS) Vironika Pilyugina voluntary participated in commission of said acts of racketeering activity, concealment of said wrongdoing from DOJ and in defrauding the United States.

2. If (1) Hogan Lovells (CIS) had not committed fraud upon the court and had not concealed from the court circumstances relevant to the lawsuit No.A40-128053/12-117-1239 and (2) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers had not committed acts of racketeering activity, had not concealed said federal offenses from DOJ and had not defrauded the United States, then (i) it would have been established by the court that Rospatent's decision to invalidate the patent No.2427879 is illegal, (ii) plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879, (iii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iv) Hogan Lovells would not have procured its commission for its wrongdoing.

## COUNT NINETEEN

<u>In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Corporation, Sony Interactive Entertainment and Sony Electronics knowingly and willfully committed federal offenses, concealed said crimes from DOJ and thus defrauded the United States</u>

September 12, 2016: plaintiffs submitted before CEO of Sony Electronics Shigeru Kumekawa (in fact at that time CEO of Sony Electronics was already Takakiyo Fujita) information called as 'Application for a legal representation' wherein have been presented additional arguments and proofs evidencing that: (1) Sony Electronics and lawyers of Moscow office of Hogan Lovells (CIS) as the legal representatives of Sony Electronics influenced willfully and wrongfully the decision of Rospatent as well as adjudications in order to ensure unfair and unlawful gain for Sony Group as well as to cause a loss to plaintiffs, (2) as a result of an FCPA violation committed by Sony Electronics and lawyers of Moscow office of Hogan Lovells as the legal representatives of Sony Electronics plaintiffs were wrongfully deprived the right to the patent on the invention which is used in game console PlayStation Vita. In this connection plaintiffs invited CEO of Sony Electronics to undertake measures provided by the Foreign Corrupt Practices Act as well as by a Resource Guide to the U.S. Foreign Corrupt Practices Act (D94). No reply has been received.

January 27, 2017: plaintiffs appealed to Sony Corporation and Sony Interactive Entertainment with proposal for resolving dispute through ADR (D95). To said appeal were enclosed: (1) draft of the complaint to the US District Court for the DC against Hogan Lovells which evidences that fraud and corrupt practices committed by Hogan Lovells (CIS) as legal representative of Sony Electronics caused damages to plaintiffs (D96), (2) draft of the complaint to the US District Court for the DC against Department of Justice and the Attorney General Loretta Lynch which evidences that inaction of Department of Justice and the Attorney General Loretta Lynch in investigation of alleged offense against the United States committed by Sony Group Companies, law firm Hogan Lovells and others constitutes a violation of 28 U.S.C. §547(1) (D97) and (3) file called as 'Grounds for ADR' which evidence grounds to resolve dispute through negotiation (D98). The plaintiffs' appeal remained without answer.

January 30, 2017: plaintiffs appealed to Sony Electronics (CEO of Sony Electronics is Takakiyo Fujita) with proposal for resolving dispute through ADR (D99). To said appeal were enclosed: (1) draft of the complaint to the US District Court for the DC against Hogan Lovells which evidences that fraud and corrupt practices committed by Hogan Lovells (CIS) as legal representative of Sony Electronics caused damages to plaintiffs (D96), (2) draft of the complaint to the US District Court for the DC against Department of Justice and the Attorney General Loretta Lynch which evidences that inaction of Department of Justice and the Attorney General Loretta Lynch in investigation of alleged offense against the United States committed by Sony Group Companies, law firm Hogan Lovells and others constitutes a violation of 28 U.S.C. § 547 (1) (D97) and (3) file called as 'Grounds for ADR' which evidence grounds to resolve dispute through negotiation (D98).The plaintiffs' appeal remained without answer.

March 1, 2017: plaintiffs submitted before CEO of Sony Electronics Takakiyo Fujita documents evidencing that Sony Corporation, Sony Computer Entertainment, Hogan Lovells (CIS) and Sony Electronics conspired and committed an FCPA violation (D99) and invited him to carry out bona fide corporate investigation of information evidencing an FCPA violation committed by Sony Electronics, former General Directors of Sony Electronics Fumiatsu Hirai and Shigeru Kumekawa and head of legal department of Sony Electronics Evgenia Vetoshnikova and then to alert DOJ voluntary and in timely manner about said FCPA violation. No reply has been received.

Thus, under 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 Sony Corporation, Sony Interactive Entertainment, Sony Electronics and CEO of Sony Electronics Takakiyo Fujita should have carried out corporate investigation of alleged FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and then, if an FCPA violation was confirmed, should have presented results of said investigation to DOJ.

If Sony Corporation, Sony Interactive Entertainment and Sony Electronics had carried out bona fide corporate investigation, then, as evidenced by arguments and proofs disclosed in previous Counts of the complaint, they should have submitted to DOJ the following information: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) corrupted the Russian government officials and committed an FCPA violation, (3) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed multiple acts of racketeering activity, (4) employees of Sony Corporation, Sony Computer Entertainment and Sony Electronics as well as lawyers of Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States and (5) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP and their employees and lawyers concealed said federal offenses from DOJ and thus defrauded the United States.

Since senior legal manager of Sony Electronics Evgeniya Vetoshnikova (D39), former CEO of Sony Electronics Kenichiro Hibi who is at present CEO of Sony India (D151) and former CEO of Sony Electronics Shigeru Kumekawa who at present is CEO of Sony Europe Limited (D152) have not been replaced or punished by Sony Corporation for their voluntary wrongdoing, hence:

(a) in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 Sony Corporation, Sony Interactive Entertainment and Sony Electronics: (1) did not carry out bona fide corporate investigation, (2) did not submit before DOJ results of bona fide corporate investigation, (3) concealed from DOJ said federal offenses and thus defrauded the United States,

(b) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Interactive Entertainment corruptly persuaded CEO of Sony Electronics Takakiyo Fujita to prevent the communication by CEO of Sony Electronics Takakiyo Fujita to DOJ of information relating to said FCPA violation and multiple acts of racketeering activity and to conceal from DOJ said federal offenses. It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

DOJ possesses proofs which evidence that in violation of federal statute Sony Corporation, Sony Interactive Entertainment and Sony Electronics headed by CEO of Sony Electronics Takakiyo Fujita did not submit before DOJ results of bona fide corporate investigation.

If Sony Corporation, Sony Interactive Entertainment and Sony Electronics headed by CEO of Sony Electronics Takakiyo Fujita had submitted results of said bona fide corporate investigation to DOJ, then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in previous Counts of the complaint, Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website.

As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

    <u>As a conclusion to Count Nineteen:</u>

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:
   (a) Sony Corporation, Sony Computer Entertainment and Sony Electronics concealed from DOJ a large number of federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers and thus defrauded the United States.
   (b) Sony Corporation and Sony Interactive Entertainment knowingly and willfully committed two acts of racketeering activity (see item (b) of Count Nineteen), concealed said federal offenses from DOJ and thus defrauded the United States.
   (c) CEO of Sony Electronics Takakiyo Fujita voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States.

2. If Sony Corporation, Sony Computer Entertainment and Sony Electronics had not concealed from DOJ federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers and thus had not defrauded the United States, then (i) plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

## COUNT TWENTY

<u>In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Hogan
Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed federal
offenses, concealed said crimes from DOJ and thus defrauded the United States</u>

September 12-13, 2016: plaintiffs submitted before CEO of Hogan Lovells Stephen Immelt,
deputy CEO of Hogan Lovells David Hudd, General Counsel of Hogan Lovells Frances Le Grys,
leader of global Investigations of Hogan Lovells Crispin Rapinet, partner of Investigations of
Hogan Lovells Gejaa Gobena, partner of IP practice of Hogan Lovells Celine Crowson information
called as 'Application for a legal representation' (D101), wherein have been presented additional
arguments and proofs evidencing fraud, corrupt practices and high probability of an FCPA violation
committed by lawyers of Moscow office of Hogan Lovells as legal representatives of Sony
Electronics. Plaintiffs invited top executives of Hogan Lovells Stephen Immelt and David Hudd and
aforementioned partners of Hogan Lovells to undertake measures provided by the Foreign Corrupt
Practices Act as well as by a Resource Guide to the U.S. Foreign Corrupt Practices Act. No replies
have been received.

November 9, 2016: plaintiffs appealed to CEO of Hogan Lovells Stephen Immelt and
managing partner of Moscow Office of Hogan Lovells (CIS) Oxana Balayan with a proposal for
compensation of damages (D102), wherein plaintiffs submitted proofs evidencing fraud and corrupt
practices committed by lawyers of Hogan Lovells (CIS) as legal representative of Sony Electronics
as well as high probability of an FCPA violation committed by Hogan Lovells (CIS) and Sony
Electronics. In this connection plaintiffs invited Hogan Lovells to compensate damages caused by
Hogan Lovells to plaintiffs in the pretrial order, to punish persons responsible for committing false
representations as well as to undertake measures provided by the United States law. It was enclosed
to said proposal the draft of the complaint to the US District Court for the DC with attached to the
complaint documents against Hogan Lovells US LLP evidencing that fraud and corrupt practices
committed by Hogan Lovells (CIS) as legal representative of Sony Electronics caused damages to
plaintiffs (D96). The plaintiffs' proposal was read but remained without answer.

November 9, 2016: plaintiffs appealed to one hundred and five partners and lawyers of Hogan
Lovells (D103) wherein plaintiffs submitted proofs evidencing that lawyers of Hogan Lovells
committed an FCPA violation, conspired and then concealed said offense against the United States
from DOJ, defrauded the United States, Hogan Lovells did not carry out bona fide corporate
investigation, all lawyers of Hogan Lovells who were involved in offense against United States are
not punished or have not been replaced, CEO of law firm Hogan Lovells Mr. Immelt has no
willingness to cooperate with DOJ in the investigation of an FCPA violation, voluntary and in
timely manner did not disclose wrongdoing, conceals alleged FCPA violation. To said appeal were
enclosed: (1) draft of the complaint to the US District Court for the DC against Hogan Lovells
which evidences that fraud and corrupt practices committed by Hogan Lovells (CIS) as legal
representative of Sony Electronics caused damages to plaintiffs (D104), (2) draft of the complaint to
the US District Court for the DC against Department of Justice and the Attorney General Loretta
Lynch which evidences that inaction of Department of Justice and the Attorney General Loretta
Lynch in investigation of alleged offense against the United States committed by Sony Group
Companies, law firm Hogan Lovells and others constitutes a violation of 28 U.S.C. § 547 (1)
(D105) and (3) file called as 'Damages' (D106) which evidences damages caused by Hogan Lovells
and Sony Group to plaintiffs.

The plaintiffs' appeal to more than 100 partners and lawyers of Hogan Lovells remained without answer. These partners and lawyers of Hogan Lovells are: Richard Becker, Rene Arce, Penny Angell, Sasha Baker, John Booher, Maria Boyce, Russ Cashdan, Mark Cheskin, Joseph Gilligan, Adam Golden, Therese Goldsmith, Daniel Gonzalez, Mark Goodman, Federico Hernandez, Bernardo Herrerias, Wataru Kamoto, Susanne Karow, Neal Katyal, Stephanie Keen, Sahira Khwaja, Duncan Klinedinst, Gerard Neiens, Jeff Olson, Patricia Ambrose, Scot Anderson, Ateve Abrams, Philip Altman, Thomas Beimers, Rika Beppu, John Cook, Megan Dixon, Tim Fletcher, Imogen Fowler, Amy Freed, Scott Friedman, Nathaniel Gallon, Santiago Garrido, Mark Gately, Heiko Gemmel, Jeffrey George, Heidi Gertner, David Gibbons, Virginia Gibson, Luis Graham, Kevin Gralley, Ruth Grant, Jeffrey Greenbaum, Norbert Heier, Sina Hekmat, Chalid Heyder, Timothy Hill, Nkonzo Hlatshwayo, Janice Hogan, Joseluis Huerta, Stephane Huten, Christopher Hutton, David Isbell, Johan Jacobs, Richard Jadot, Clay James, Stefanie Kern, Joseph Kim, Steve Barley, Barry Dastin, Chris Dobby, Jaime Espinosa, Peter Spivack, Nicola Evans, Taylor Evans, Michele Farquhar, Prentiss Feagles, Ira Feinberg, Douglas Fellman, Zhen Feng, Andy Ferris, Vincent Fidelle, Cole Finegan, Julian Fischer, William Fisher, Howard Flack, Bill Flanagan, Kevin Greenslade, Deborah Gregory, Omar Guerrero, Miriam Gundt, George Hagerty, Maureen Hanlon, Chris Hardman, Kelly Hardy, Samaa Haridi, Michele Harrington, Ed Harris, Scott Harris, Tyler Harvey, Anita Dejong, Wouter Jongen, Henry Kahn, Corinne Knopp, Dimitra Kouvelakis, Mark Kurtenbach, Raymond Kurz, James Kwan, Tim Lester, Alvin Lindsay, Jeffrey Lolley, Michael Maddigan.

January 27, 2017: plaintiffs appealed to Hogan Lovells US LLP with proposal for resolving dispute through ADR (D95). To said appeal were enclosed: (1) draft of the complaint to the US District Court for the DC against Hogan Lovells which evidences that fraud and corrupt practices committed by Hogan Lovells (CIS) as legal representative of Sony Electronics caused damages to plaintiffs (D96), (2) draft of the complaint to the US District Court for the DC against Department of Justice and the Attorney General Loretta Lynch which evidences that inaction of Department of Justice and the Attorney General Loretta Lynch in investigation of alleged offense against the United States committed by Sony Group Companies, law firm Hogan Lovells and others constitutes a violation of 28 U.S.C. §547(1) (D97) and (3) file called as 'Grounds for ADR' (D98) which evidence grounds to resolve dispute through negotiation. The plaintiffs' appeal remained without answer.

January 30, 2017: plaintiffs appealed to partners of Hogan Lovells Stephen Immelt, David Hudd, Frances Le Grys, Oxana Balayan, Eve Howard, Lloyd Parker, Tim Lester and Stefan Schuppert with proposal for resolving dispute through ADR (D107). To said appeal were enclosed: (1) draft of the complaint to the US District Court for the DC against Hogan Lovells which evidences that fraud and corrupt practices committed by Hogan Lovells (CIS) as legal representative of Sony Electronics caused damages to plaintiffs (D96), (2) draft of the complaint to the US District Court for the DC against Department of Justice and the Attorney General Loretta Lynch which evidences that inaction of Department of Justice and the Attorney General Loretta Lynch in investigation of alleged offense against the United States committed by Sony Group Companies, law firm Hogan Lovells and others constitutes a violation of 28 U.S.C. §547(1) (D97) and (3) file called as 'Grounds for ADR' (D98) which evidence grounds to resolve dispute through negotiation. The plaintiffs' appeal remained without answer.

Thus, under 15 U.S.C. §78dd–1 (f)(2)(B), top executives of Hogan Lovells Stephen Immelt and David Hudd and aforementioned partners of Hogan Lovells should have carried out corporate

investigation of alleged FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and then, if an FCPA violation was confirmed, should have submitted results of said investigation to DOJ.

If top executives of Hogan Lovells Stephen Immelt and David Hudd and aforementioned partners of Hogan Lovells had carried out bona fide corporate investigation, then, as evidenced by arguments and proofs disclosed in previous Counts of the complaint, they should have submitted to DOJ the following information: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) corrupted the Russian government officials and committed an FCPA violation, (3) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed multiple acts of racketeering activity, (4) employees of Sony Corporation, Sony Computer Entertainment and Sony Electronics as well as lawyers of Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States and (5) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP and their employees and lawyers knowingly and willfully concealed said federal offenses from DOJ and thus defrauded the United States.

Taking into consideration aforementioned circumstances and since even lawyers of Hogan Lovells (CIS) Natalia Gulyaeva (D42) and Vironika Pilyugina (D48) have not been replaced or punished by Hogan Lovells (CIS) for their voluntary wrongdoing, hence:

(a) in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 top executives of Hogan Lovells Stephen Immelt and David Hudd and aforementioned one hundred sixteen partners and lawyers of Hogan Lovells: (1) did not carry out bona fide corporate investigation and did not submit before DOJ results of bona fide corporate investigation, (2) concealed from DOJ aforementioned federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers,

(b) in violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd corruptly persuaded aforementioned one hundred sixteen partners and lawyers of Hogan Lovells to prevent the communication by aforementioned partners and lawyers of Hogan Lovells to DOJ of information evidencing a large number of federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers.

DOJ possesses proofs which evidence that in violation of federal statute aforementioned partners of Hogan Lovells as well as CEO of Hogan Lovells Stephen Immelt and Deputy CEO of Hogan Lovells David Hudd did not submit before DOJ results of bona fide corporate investigation.

If CEO of Hogan Lovells Stephen Immelt, Deputy CEO of Hogan Lovells David Hudd and aforementioned partners of Hogan Lovells had presented results of said bona fide corporate investigation to DOJ, then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in previous Counts of the complaint, Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan

Lovells (CIS) and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

As a conclusion to Count Twenty:

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:
   (a) Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully concealed from DOJ a large number of federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP and their employees and lawyers and thus defrauded the United States.
   (b) Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed one hundred sixteen acts of racketeering activity (see item (b) of Count Twenty), concealed said federal offenses from DOJ and thus defrauded the United States.
   (c) CEO of Hogan Lovells Stephen Immelt, Deputy CEO of Hogan Lovells David Hudd and one hundred sixteen partners and lawyers of Hogan Lovells knowingly and willfully participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States.

2. If Hogan Lovells US LLP and Hogan Lovells International LLP had not concealed from DOJ federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers and thus had not defrauded the United States, then (i) plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

## COUNT TWENTY ONE

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed federal offenses, concealed said crimes from DOJ and thus defrauded the United States

May 24, 2017: plaintiffs appealed to a large number of partners of Hogan Lovells with information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses (D108). File named as 'The compliant' (D109) was attached to said plaintiffs' appeal.

In particularly, said appeal with attached file has been sent by e-mail to 170 partners of law firm Hogan Lovells, namely: Daniel Gonzalez, Mark Goodman, German Gomez, Alejandro Garcia Gonzalez, Jeffrey George, Virginia Gibson, Mark Gately, Jay Gede, Nathaniel Gallon, Christine Gateau, Lisa Fried, Robert Fugard, David Fox, Amy Freed, Imogen Fowler, Leaann Fowler, Andy Ferris, Keith Flaum, Tim Fletcher, Ludovic Babin, Wessel Badenhorst, Olesya Bakar, Sasha Baker, Josemaria Balana, Beata Balasnoszczyk, Katie Banks, Sohail Barkatali, Steve Barley, Richard Basuk, Silvia Bauza, Richard Becker, Rika Beppu, Miranda Berge, Jennifer Biever, Sabine Bironneau, John Booher, Maria Boyce, John Brockland, Adam Brown, Rachael Bushey, Bruno Cantier, Andrew Carey, Isabel Carvalho, Ana Castedo, Lourdes Catrain, Russ Cashdan, Roberta Chang, Vivien Chaplin, Brian Chappell, Nicholas Cheffings, Penny Chenery, Mark Cheskin, Zenas

Choi, Arlene Chow, Claudette Christian, Robert Church, Richard Climan, Lauren Colton, John Cook, Mark Cooper, Aaron Crane, Julian Craughan, Andrew Crook, Barry Dastin, Federico Denoriega, Jorge Diaz-Silveira, Angel Dominguez, Marc Elvinger, Adrian Emch, Zhen Feng, Meaghan Atkinson, Patrick Ayad, Helen Atkeson, Fulvia Astolfi, Kevin Ashman, Tom Astle, Oliver Armas, Deborah Ashford, Emil Arca, Rene Arce, Ernesto Apuzzo, Timothy Aragon, Penny Angell, Francesca Angeloni, Ernesto Algaba, Rahail Ali, Eduardo Ustaran, T. Clark Weymouth, John Stanton, Helen Trilling, Amy Roma, Miguelangel Sanchez, Warren Maruyama, David Moss, Andrew J. Lee, Alexander Maltas, Gary Kushner, Stuart Langbein, Mike Heyl, Allen Hicks, Trey Hanbury, Maile Hermida, Therese Goldsmith, Elizabeth Halpern, Tazewell Ellett, Michele Farquhar, Agnes Dover, Aleksandar Dukic, Robert Cohn, Aaron Cutler, Lance Bultena, Ken Choe, Charles Brasted, Julie Brill, James Banks, Sabrina Borocci, Mitchell Zamoff, Tim Wybitul, Stephanie Yonekura, Juergen Witte, Marek Wroniak, Peter Walsh, David Wertheimer, Warren Thomson, Rebecca Wales, Peter Spivack, Michael Theis, Michael Shepard, Patrick Sherrington, Michele Sartori, Jodi Scott, Steven Robinson, Francesca Rolla, Crispin Rapinet, Evans Rice, Michael Roberts, James Mcgovern, Neil Mirchandani, Vittorio Moresco, Robert Bennett, Ty Cobb, Megan Dixon, Jonathan Diesenhaus, Ira Feinberg, Douglas Fellman, Virginia Gibson, Marc Gottridge, Luis Graham, Chris Hardman, Lillian Hardy, Vaughn Harrison, Kathryn Hellings, Jon Holland, Theresa House, Joseluis Huerta, Cary Kochberg, Michael Kelly, Sebastian Lach, Louise Lamb, Mitch Lazris, Allan Leung, Antonin Levy, Richard.I.Lewis, Andrew Lillie, Mark Lin, Gregory Lisa, Philip Parish, Douglas Paul, Sebastian Polly (D108). All aforementioned 170 partners of Hogan Lovells have received said plaintiffs' e-mail appeal.

May 31, 2017: plaintiffs appealed to a large number of partners of Hogan Lovells with information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses (D110). File named as 'The compliant' (D109) was attached to said appeal.

In particularly, said appeal with attached file has been sent by e-mail to 68 partners of law firm Hogan Lovells, namely: Corinne Knopp, Bruno Knadjian, Duncan Klinedinst, Bernd Klemm, Michelle Kisloff, Kenneth Kirschner, Suyong Kim, Joseph Kim, Michael Kidney, Richard Kiddell, Sahira Khwaja, Stefanie Kern, Rachel Kent, Ciara Kennedy-Loest, Ellen Kennedy, Michael Kelly, Robin Keller, Erhard Keller, Ruth Grant, Kevin Greenslade, Deborah Gregory, Omar Guerrero, Simon Gwynne, George Hagerty, Martin Hahn, Elizabeth Halpern, Trey Hanbury, Maureen Hanlon, Dori Hanswirth, Kelly Hardy, Samaa Haridi, Philip Harle, Michele Harrington, Ed Harris, Tyler Harvey, Robert Hawk, Mark Heimlich, Kathryn Hellings, Jennifer Henderson, David Hensler, Federico Hernandez, Hugo Hernandezojeda, Bernardo Herrerias, Mike Heyl, Allen Hicks, Ben Higson, Paul Hilton, Desmond Hogan, Janice Hogan, Benjamin Holt, Craig Hoover, Richard Horan, Theresa House, Mike House, Eve Howard, Jasper Howard, Peter Humphreys, Jeffrey Hurlburt, Tauhid Ijaz, Hiroto Imai, William Intner, David Isbell, Jason Isralowitz, Faye Jarvis, Clay James, Sheri Jeffrey, Alex Johnson, James Johnson (D110). All aforementioned 68 partners of Hogan Lovells have received said plaintiffs' e-mail appeal.

June 1, 2017: plaintiffs appealed to a large number of partners of Hogan Lovells with information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses (D111). File named as 'The compliant' (D109) was attached to said plaintiffs' appeal.

In particularly, said appeal with attached file has been sent by e-mail to 131 partners of law firm Hogan Lovells, namely: Chris Walsh, Ranee Adipat, James Adams, Natalie Napier, Paul Mullen, Imran Mufti, Colm Moran, Louise Moore, William Monts, Latane Montague, Andrea Monks, Osborne Molatudi, Lavery Modise, Ted Mlynar, Patrick Mittmann, Todd Miller, Ethan Miller, Martin Michaelson, Andreas Meyer, Lodewyk Meyer, Katia Merlini, Dominique Mendy, Chris Melville, John Meltzer, Derek Meilman, Danielle Magidson, Evan Koster, Stefan Krantz, Joseph Krauss, Bernhard Kuhn, Hendrik Kornbichler, Cary Kochberg, Christian Knuetel, Ajay Kuntamukkala, Christoph Kueppers, Mark Kurtenbach, Raymond Kurz, Adam Kushner, Gary Kushner, James Kwan, Robert Kyle, Sebastian Lach, Louise Lamb, Christine Lane, Stuart Langbein, Shaun Langhorne, Michael Larner, Keith Larson, Kurt Lawson, Jon Layman, Mitch Lazris, Frances Le Grys, Andrew J. Lee, Susan Lee, Xenia Legendre, David Leggott, Robert Leibenluft, Melissa Leibowitz, Michael Leistikow, Nicky Lester, Tim Lester, Allan Leung, Adam Levin, Steve Levitan, Joseph Levitt, Matthew Levitt, Wylie Levone, Craig Lewis, Richard I. Lewis, Sharon Lewis, Sammy Li, Carol Licko, Scott Lilienthal, Andrew Lillie, John Lilyestrom, Mark Lin, Alvin Lindsay, Antonin Levy, Michael Levy, Kevin Lipson, Claire Lipworth, Gregory Lisa, Frederick Liu, Graciela Llaneza, Timothy Lloyd, Eric Lobenfeld, Dave Locascio, Jason Lohr, Jeffrey Lolley, Fabrizio Lolliri, David London, Richard Lorenzo, Scott Loughlin, Christoph Louven, Anton Louwinger, Eugene Low, Timothy Lyden, Michael Maddigan, Imraan Mahomed, Alexander Maltas, Chris Mammen, Paul Manca, Rebecca Mandel, Janet Mcdavid, Meredith Manning, Luigi Mansani, Tony Marshall, Stefan Martin, Robert Masman, Mike Mason, Mike Matheou, Winston Maxwell, Bronwen May, Mark Mazo, Torrey Mcclary, Scott Mcclure, James Mcgovern, James Mcdonald, Michael Mcgill, Stacey Mcevoy, Andrew Mcginty, Thomas Mcgovern, Don Mcgown, Gill Mcgreevy, Paul Mcloughlin, Alexander Mcmyn,    Michael Mctiernan, Elizabeth Meers, Thierry  Meillat, Lynn Mehler,  Kim Mehrbrey (D111). All aforementioned 131 partners of Hogan Lovells have received said plaintiffs' e-mail appeal.

June 1, 2017: plaintiffs appealed to CEO of Hogan Lovells Stephen Immelt and Deputy CEO of Hogan Lovells David Hudd with information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses (D112). File named as 'The compliant' (D109) was attached to said plaintiffs' appeal.

June 27, 2017: plaintiffs appealed to a large number of partners of Hogan Lovells with information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses (D113). Two relevant files named as 'Draft of the compliant' (D114) and explanations to draft of the complaint (D115) were attached to said plaintiffs' appeal.

In particularly, said appeal with attached two files have been sent by e-mail to 118 partners of law firm Hogan Lovells, namely: Mark Weinstein, Jun Wei, Edith Webster, Peter Watts, Phyllis Wan, Peter Walsh, Chris Walsh, Adrian Walker, Rebecca Wales, Joseluis Vittor, Lucky Vidmar, Gary Veron, Michael Vernick, Pieter Vantol, Jose Valdivia, Alice Valder Curran, Eduardo Ustaran, Craig Umbaugh, Craig Ulman, Richard Ufland, Roger Tym, Richard Tyler, Niki Tuttle, Michael Turrill, Sarah Turner, Shawna Tunnell, Lillian Tsu, Helen Trilling, Steven Tran, Keith Trammell, Dennis Tracey, David Toy, Juanf Torreslanda, Adam Tope, Howard Topaz, Hilary Tompkins, Jeffrey Tolin, Tim Tobin, Scott Tindall,  John Tillman, Arturo Tiburcio, Matt Thomson, Barry Thompson, Michael Thomas, Stacey Rosenberg, John Salmon, George Salter, Paul Salvaty, Robin

Samuel, Lee Samuelson, Michele Sartori, Justin Savage, Jacky Scanlan-Dyas, Richard Schaberg, Christopher Schindler, Michael Schlitt, Jeff Schneider, Allison Schoenthal, Christopher Schott, Marcus Schreibauer, Constanze Schulte, Eckard Schwarz, Alex Sciannaca, Jodi Scott, Jane Seager, Nathan Searle, Randy Segal, Anna Shaw, Ira Sheinfeld, Michael Shepard, Rupert Shiers, Ivan Shiu, James Showen, Howard Silver, Michael Silver, Ronald Silverman, Daniel Simons, Brent Singley, Eduardo Siqueiros, Paul Skelly, Andrew Skipper, Elizabeth Slattery, Craig Smith, Jennifer Smith, John Smith, Maree Sneed, Jo Solomon, Claire Southern, John Stanton, Deborah Staudinger, Stuart Stein, Marty Steinberg, Steven Steinborn, Martha Steinman, Francesco Stella, Albert Stemp, Daniel Stenger, Oscar Stephens, Cate Stetson, Jonathan Stoel, Joy Sturm, Carine Stoick, Christian Stoll, Clifford Stromberg, John Sullivan, Maryanne Sullivan, Martin Sura, Victoria Sutcliffe, Rupert Sydenham, Michael Szlamkowicz, Jon Talotta, Nelson Tang, Andrew Taylor, Cullen Taylor, David Taylor, Michael Theis, Gillian Thomas, Christopher Thomas (D113). All aforementioned 118 partners of Hogan Lovells have received said plaintiffs' e-mail appeal.

June 29, 2017: plaintiffs appealed to a large number of partners of Hogan Lovells with information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses (D116). As indicated in said appeal three files named as 'Draft of the compliant' (D114), explanations to draft of the complaint (D115) and public appeal to Sony Corporation and Hogan Lovells signed by authors of said public appeal (D117) were attached.

In particularly, said appeal with attached files has been sent by e-mail to 249 partners of law firm Hogan Lovells, namely: Dori Hanswirth, Trey Hanbury, Laurie Hammond, Elizabeth Halpern, Martin Hahn, George Hagerty, Jason Hadges, Simon Gwynne, Miriam Gundt, Sebastien Gros, Deborah Gregory, Kevin Greenslade, Jeffrey Greenbaum, Ruth Grant, Luis Graham, Mahashini Govender, Laurent Gouiffes, Marc Gottridge, Daniel Gonzalez, Alejandro Garcia G., German Gomez, Therese Goldsmith, Scott Golden, Adam Golden, Stephanie Gold, Tim Goggin, Burkhart Goebel, Gejaa Gobena, Robert Glennon, Joseph Gilligan, Bruce Gilchrist, Virginia Gibson, David Gibbons, Giovanni Ghirardi, Heidi Gertner, Jeffrey George, Heiko Gemmel, Baptiste Gelpi, Jay Gede, Javier Gazulla, Mark Gately, Christine Gateau, Ngallon, Michael Gallimore, Gonzalo F. Gallego, Andrew Gallagher, Charles Fuller, Robert Fugard, Scott Friedman, Lisa Fried, Amy Freed, David Fox, Leaann Fowler, Imogen Fowler, Stephen Foster, David Foster, Victor Fornasier, Tim Ffletcher, Andrew Flemming, Keith Flaum, Bill Flanagan, Ari Fitzgerald, Julian Fischer, Corrado Fiscale, Cole Finegan, Vincent Fidelle, Andy Ferris, William Ferreira, Zhen Feng, Douglas Fellman, Ira Feinberg, Prentiss Feagles, Michele Farquhar, Tobias Faber, Jean Ewang, Taylor Evans, Nicola Evans, Adrian Emch, Marc Elvinger, Tarek Eltumi, Jessica Ellsworth, Lisa Ellman, Tazewell Ellett, Alex Eliott, Mark Eagan, Alan Dye, Claire Dutch, Cecile Dupoux, David Dunn, Dan Dunn, Leah Dunlop, Robert Duncan, Aleksandar Dukic, John Duke, Warren Drue, Paul Downs, Roberta Downey, Agnes Dover, Xavier Doumen, Chris Donoho, Elizabeth Donley, Alex Dolmans, Edward Dolan, Chris Dobby, Megan Dixon, Dennis Dillon, Christian Dimauro, Cecile Derycke, Michael Delarco, Victor Devlaam, Margaret Delisser, Barry Dastin, Robert Darwin, Aaron Cutler, William Curtin, Brian Curran, Steve Abrams, Ernesto Algaba, John Allison, Philip Altman, Patricia Ambrose, Scot Anderson, Penny Angell, Lutz Angerer, Timothy Aragon, Emil Arca, Oliver Armas, Deborah Ashford, Kevin Ashman, Tom Astle, Fulvia Astolfi, Helen Atkeson, Nick Atkins, Meaghan Atkinson, Patrick Ayad, Ludovic Babin, Alex Bahn, Olesya Bakar, James Banks, Katie Banks, Joe Bannister, Steve Barley, Stuart Barr, John Basnage, Richard Basuk, Silvia

Bauza, Richard Becker, John Beckman, Thomas Beimers, Adam Bellack, Lars Benger, Obert Bennett, Stephen Bennett, Rika Beppu, Miranda Berge, Marco Berliri, Lee Berner, Justin Bernick, Christopher Berry, Melissa Bianchi, Jennifer Biever, Sabine Bironneau, Peter Bisio, Klaas Bisschop, Katlen Bloecker, Roland Bomhard, David Bonser, John Booher, Sabrina Borocci, Andreas Bothe, Ed Bowyer, Maria Boyce, Tim Brandi, Patricia Brannan, Charles Brasted, Logan Breed, Mark Brennan, Andrew Briggs, Susan Bright, Julie Brill, Whiston Bristow, Jeremy Brittenden, Ina Brock, John Brockland, Daniel Brook, Adam Brown, Edward Brown, Philip Brown, Steven Bryan, Robert Buehler, Jeff Buckland, Matthew Bullen, Lance Bultena, Johannes Buntjer, Kevin Burke, Maurice Burke, Rachael Bushey, Glenn Campbell, Tony Canny, Bruno Cantier, Anthony Capobianco, Andrew Carey, Carin Carithers, Isabel Carvalho, Christopher Casey, Russ Cashdan, Ana Castedo, Lourdes Catrain, Owen Chan, Christian Chandler, Roberta Chang, Vivien Chaplin, Helen Chapman, Brian Chappell, Eugene Chen, Frederick Chen, Penny Chenery, Philip Cheng, Jonathan Chertkow, Mark Cheskin, Carl Chiappa, Filippo Chiaves, Ken Choe, Zenas Choi, Arlene Chow, Claudette Christian, Robert Church, Bruno Ciuffetelli, Emma Clarke, Kevin Clayton, Richard Climan, Ty Cobb, Bret Cohen, Lewis Cohen, Robert Cohn, John Cook, Lauren Colton, Mark Cooper, Tom Connally, John Connell, Susan Cook, Mark Cooper, Manon Cordewener, Cameron Cosby, David Crandall, Aaron Crane, Andrew Crook, Celine Crowson (D116). All aforementioned 249 partners of Hogan Lovells have received said plaintiffs' e-mail appeals.

June 30, 2017: CEO of Hogan Lovells Stephen Immelt has visited Moscow (Russia) where he met at least with managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan (D118). Therefore, CEO of Hogan Lovell Stephen Immelt had opportunity to verify personally reliability of information submitted to him and to partners of Hogan Lovells by plaintiffs.

September 5, 2017: plaintiffs emailed to CEO of Hogan Lovells Stephen Immelt appeal wherein plaintiffs reminded CEO of Hogan Lovells Stephen Immelt of a large number of federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers, once again urged CEO of Hogan Lovells to confess in commission of said crimes (119). As confirmation plaintiffs attached to said appeal 'Draft of the compliant' (D120).

September 7, 2017: global law firm Hogan Lovells' partnership has extended Stephen Immelt's and David Hudd's terms of office as CEO and Deputy CEO respectively by another two years, taking them through to 30 June 2020 (D121).

As evidenced above in the present Count of the complaint, from May 24, 2017 till June 29, 2017 seven hundred thirty six partners of Hogan Lovells (for reference: the total number of partners of Hogan Lovells is eight hundred ninety three (D122)) have got to know from plaintiffs that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed commit a large number of federal offenses.

As follows from Counts Fifteen and Twenty of the complaint many of partners of Hogan Lovells have got to know from plaintiffs about said federal offenses already not for the first time.

As follows from Counts Twelve, Fifteen and Twenty of the complaint CEO of Hogan Lovells Stephen Immelt and Deputy CEO of Hogan Lovells David Hudd have got to know directly from plaintiffs about said federal crimes already not for the first time.

Thus, taking into account 15 U.S.C. §78dd–1 (f)(2)(B), 18 U.S.C. §2 and 18 U.S.C. §1001 in their interrelation, aforementioned partners of Hogan Lovells as well as CEO of Hogan Lovells Stephen Immelt and Deputy CEO of Hogan Lovells David Hudd should have carried out bona fide

corporate investigation of evidence disclosed in aforementioned plaintiffs' appeals and then, if said evidence was confirmed, should have submitted results of said corporate investigation to DOJ.

If aforementioned partners of Hogan Lovells as well as CEO of Hogan Lovells Stephen Immelt and Deputy CEO of Hogan Lovells David Hudd had carried out bona fide corporate investigation, then, as evidenced by arguments and proofs disclosed in previous Counts of the complaint, they should have submitted to DOJ the following information: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) corrupted the Russian government officials and committed an FCPA violation, (3) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed a large number of acts of racketeering activity, (4) employees of Sony Corporation, Sony Computer Entertainment and Sony Electronics as well as lawyers of Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States and (5) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP concealed said federal offenses from DOJ and thus defrauded the United States.

Taking into consideration aforementioned circumstances and since:

i. CEO of Hogan Lovells Stephen Immelt (D123), Deputy CEO of Hogan Lovells David Hudd (D124), General Counsel of Hogan Lovells Frances Le Grys (D125) and lawyers of Hogan Lovells (CIS) Oxana Balayan (D126), Natalia Gulyaeva (D42) and Vironika Pilyugina (D48) have not been punished or replaced by Hogan Lovells,

ii. partners of Hogan Lovells, being aware of a large number of federal offenses committed by Hogan Lovells and personally by CEO Stephen Immelt and Deputy CEO David Hudd, nevertheless, knowingly and willfully have extended Stephen Immelt's and David Hudd's terms of office as CEO and Deputy CEO respectively by another two years (D121),

hence:

(a) in violation of 15 U.S.C. §78dd–1 (f)(2)(B), 18 U.S.C. §371 and 18 U.S.C. §1001 CEO of Hogan Lovells Stephen Immelt, Deputy CEO of Hogan Lovells David Hudd and aforementioned partners of Hogan Lovells: (1) did not carry out bona fide corporate investigation, (2) did not submit before DOJ results of bona fide corporate investigation,

(b) in violation of 15 U.S.C. §78dd–1 (f)(2)(B), 18 U.S.C. §371, 18 U.S.C. §1001 and 18 U.S.C. §1962(d) aforementioned 736 partners of Hogan Lovells and top executives of Hogan Lovells Stephen Immelt and David Hudd conspired to conceal and concealed knowingly and willfully from DOJ information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses,

(c) in violation of 15 U.S.C. §78dd–1 (f)(2)(B), 18 U.S.C. §2, 18 U.S.C. §1001, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) top executives of Hogan Lovells Stephen Immelt and David Hudd corruptly persuaded aforementioned 736 partners of Hogan Lovells to prevent the communication by said partners of Hogan Lovells to DOJ of information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan

Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses.

DOJ possesses proofs which evidence that in violation of federal statute aforementioned 736 partners of Hogan Lovells as well as CEO of Hogan Lovells Stephen Immelt and Deputy CEO of Hogan Lovells David Hudd did not submit before DOJ results of bona fide corporate investigation and by doing that aforementioned 736 partners of Hogan Lovells and top executives of Hogan Lovells Stephen Immelt and David Hudd defrauded the United States.

If CEO of Hogan Lovells Stephen Immelt, Deputy CEO of Hogan Lovells David Hudd, and aforementioned partners of Hogan Lovells had submitted results of said bona fide corporate investigation to DOJ, then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in previous and present Counts of the complaint, Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

As a conclusion to Count Twenty One:

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:
   (a) Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully concealed from DOJ a large number of federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP and their employees and lawyers and thus defrauded the United States.
   (b) Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed seven hundred thirty six acts of racketeering activity (see item (c) of Count Twenty One), concealed said federal offenses from DOJ and thus defrauded the United States.
   (c) CEO of Hogan Lovells Stephen Immelt, Deputy CEO of Hogan Lovells David Hudd and seven hundred thirty six partners of Hogan Lovells voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States.

2. If Hogan Lovells US LLP and Hogan Lovells International LLP had not concealed from DOJ federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers and thus had not defrauded the United States, then (i) plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

## COUNT TWENTY TWO
In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Corporation and a large number of Sony Group companies knowingly and willfully committed federal offenses, concealed said crimes from DOJ and thus defrauded the United States

June 3, 2017: plaintiffs sent by mail to Legal & Compliance Department of Sony Corporation information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses (D127).

June 3, 2017: plaintiffs sent by mail to Sony Interactive Entertainment information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses (D128).

June 5, 2017: plaintiffs submitted to CEO of Sony Electronics Takakiyo Fujita information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses (D129). File named as 'Compliant' (D109) was attached to said plaintiffs' appeal.

June 29, 2017: plaintiffs submitted to Sony Electronics information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses (D130).

Draft of the complaint, explanations to draft of the complaint and public appeal to Sony Corporation and Hogan Lovells signed by authors of said appeal (D114, D115, D117) have been attached to said appeal. Said appeal has been received by Sony Electronics.

September 5, 2017: plaintiffs appealed to CEO of Sony India Kenichiro Hibi with information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers, including Kenichiro Hibi as CEO of Sony Electronics, committed a large number of federal offenses (D131). File named as 'Draft of the compliant' (D120) was attached to said plaintiffs' appeal.

September 5, 2017: plaintiffs appealed to CEO of Sony Electronics Takakiyo Fujita with information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers, including Takakiyo Fujita as CEO of Sony Electronics, committed a large number of federal offenses (D132). File named as 'Draft of the compliant' (D120) was attached to said plaintiffs' appeal.

September 6, 2017: plaintiffs appealed to Sony Europe CEO Shigeru Kumekawa with information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers, including Shigeru Kumekawa as CEO of Sony Electronics, committed a large number of federal offenses (D133). File named as 'Draft of the compliant' (D120) was attached to said plaintiffs' appeal.

September 7 - 8, 2017: plaintiffs appealed to subsidiaries of Sony Corporation: Vice President of Sony/ATV Music Publishing Paul Williams (D134), Senior Director of Sony Corporation of America Lisa Gephardt (D135), Paul Silkowski, Cecil Wong,  Jay Chaney, Steve Banaszek from Sony Corporation of America (D136), Guido Alt from Sony Interactive Entertainment Europe (D137), Senior Director of Sony Interactive Entertainment LLC Jennifer Clark (D138), Sony Europe Limited (D139), Sony India (D140), Senior Associate of Sony Biotechnology Inc. Natalie Nunez (D141), Chief Communications Officer of Sony Pictures Entertainment Robert Lawson

(D142), Executive Vice President of Sony Music Entertainment Liz Young (D143), Sony Australia (D144), Sony New Zealand (D145), Sony Korea (D146), Sony Mobile Thailand (D147) with the report on crime (D148) wherein have been evidenced that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses. Plaintiffs attached to said appeals file named 'Report on crime' (D148) and file named 'Draft of the complaint' (D120).

September 14, 2017: plaintiffs appealed to Chairman of the Board of Sony Corporation Osamu Nagayama (D149) and to President and CEO of Sony Corporation Kazuo Hirai (D150) wherein have been evidenced that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses.

Thus, taking into account 15 U.S.C. §78dd–1 (f)(2)(B), 18 U.S.C. §2 and 18 U.S.C. §1001 in their interrelation, Sony Corporation, Sony Interactive Entertainment and Sony Electronics should have carried out bona fide corporate investigation of evidence disclosed in aforementioned plaintiffs' appeals and then, if said evidence was confirmed, should have submitted results of said corporate investigation to DOJ.

If Sony Corporation, Sony Interactive Entertainment and Sony Electronics had carried out bona fide corporate investigation, then, as evidenced by arguments and proofs disclosed in previous Counts of the complaint, they should have submitted to DOJ the following information: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) corrupted the Russian government officials and committed an FCPA violation, (3) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed a large number of acts of racketeering activity, (4) employees of Sony Corporation, Sony Computer Entertainment and Sony Electronics as well as lawyers of Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States and (5) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP and their employees and lawyers concealed said federal offenses from DOJ and thus defrauded the United States.

Taking into consideration aforementioned circumstances and since CEO of Sony Electronics Kenichiro Hibi (now he is CEO of Sony India – D151), CEO of Sony Electronics Shigeru Kumekawa (now he is the President of Sony Europe – D152), CEO of Sony Electronics Takakiyo Fujita (D153), senior legal manager of Sony Electronics Evgeniya Vetoshnikova (D39), who are among others responsible for commission of federal offenses, have not been punished or replaced by Sony Corporation or Sony Interactive Entertainment for their wrongdoing, hence:

(a) in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 Sony Corporation, Sony Interactive Entertainment and Sony Electronics: (1) did not carry out bona fide corporate investigation and (2) did not submit before DOJ results of bona fide corporate investigation,

(b) in violation of 18 U.S.C. §371, 18 U.S.C. §1001 and 18 U.S.C. §1962(d) Sony Corporation, Sony Interactive Entertainment and Sony Electronics conspired to conceal and concealed

knowingly and willfully from DOJ that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses,

(c)  in violation of 15 U.S.C. §78dd–1 (f)(2)(B), 18 U.S.C. §2, 18 U.S.C. §1001, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Interactive Entertainment corruptly persuaded CEO of Sony Electronics Takakiyo Fujita, CEO of Sony India Kenichiro Hibi,  President of Sony Europe Shigeru Kumekawa, Vice President of Sony/ATV Music Publishing Paul Williams, Senior Director Lisa Gephardt Sony Corporation of America, Paul Silkowski, Cecil Wong,  Jay Chaney, Steve Banaszek from Sony Corporation of America, Guido Alt from Sony Interactive Entertainment Europe, Senior Director of Sony Interactive Entertainment LLC Jennifer Clark, Sony Europe Limited, Sony India, Senior Associate of Sony Biotechnology Inc. Natalie Nunez, Chief Communications Officer of Sony Pictures Entertainment Robert Lawson, Executive Vice President of Sony Music Entertainment Liz Young, Sony Australia, Sony New Zealand, Sony Korea, Sony Mobile Thailand to prevent the communication to DOJ of information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses.

DOJ possesses proofs which evidence that in violation of federal statute Sony Corporation, Sony Interactive Entertainment and Sony Electronics did not submit before DOJ results of bona fide corporate investigation.

DOJ possesses proofs which evidence that in violation of 15 U.S.C. §78dd–1 (f)(2)(B), 18 U.S.C. §2, 18 U.S.C. §371 and 18 U.S.C. §1001 Sony Corporation, Chairman of the Board of Sony Corporation Osamu Nagayama, President and CEO of Sony Corporation Kazuo Hirai, Sony Interactive Entertainment, Sony Electronics, CEO of Sony Electronics Takakiyo Fujita, Sony India, CEO of Sony India Kenichiro Hibi,  Sony Europe Limited, President of Sony Europe Shigeru Kumekawa, Vice President of Sony/ATV Music Publishing Paul Williams, Senior Director of Sony Corporation of America Lisa Gephardt, Paul Silkowski, Cecil Wong, Jay Chaney, Steve Banaszek from Sony Corporation of America, Guido Alt from Sony Interactive Entertainment Europe, Senior Director of Sony Interactive Entertainment LLC Jennifer Clark, Senior Associate of Sony Biotechnology Inc. Natalie Nunez, Chief Communications Officer of Sony Pictures Entertainment Robert Lawson, Executive Vice President of Sony Music Entertainment Liz Young, Sony Australia, Sony New Zealand, Sony Korea, Sony Mobile Thailand did not alert DOJ on multiple federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers.

If Sony Corporation, Sony Interactive Entertainment and Sony Electronics had submitted results of said bona fide corporate investigation to DOJ, then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in the present complaint, Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879

As a conclusion to Count Twenty Two:

1. In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:

   (a) Sony Corporation and Sony Group companies knowingly and willfully concealed from DOJ a large number of federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers and thus defrauded the United States.

   (b) Sony Corporation and Sony Interactive Entertainment knowingly and willfully committed twenty acts of racketeering activity (see item (c) of Count Twenty Two).

   (c) Chairman of the Board of Sony Corporation Osamu Nagayama, President and CEO of Sony Corporation Kazuo Hirai, CEO of Sony Electronics Takakiyo Fujita, CEO of Sony India Kenichiro Hibi,  President of Sony Europe Shigeru Kumekawa, Vice President of Sony/ATV Music Publishing Paul Williams, Senior Director of Sony Corporation of America Lisa Gephardt, Paul Silkowski, Cecil Wong, Jay Chaney, Steve Banaszek from Sony Corporation of America, Guido Alt from Sony Interactive Entertainment Europe, Senior Director of Sony Interactive Entertainment LLC Jennifer Clark, Senior Associate of Sony Biotechnology Inc. Natalie Nunez, Chief Communications Officer of Sony Pictures Entertainment Robert Lawson, Executive Vice President of Sony Music Entertainment Liz Young voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States.

2. If Sony Corporation and Sony Group companies had not concealed from DOJ federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers and thus had not defrauded the United States, then (i) plaintiffs would have restored the right to get compensation for the infringement of the patent No.2427879, (ii) Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and (iii) Hogan Lovells would not have procured its commission for its wrongdoing.

### COUNT TWENTY THREE

The United States Department of Justice headed by the Attorney General Loretta Lynch knowingly and willfully aided Sony Group companies, Hogan Lovells and their employees and lawyers to avoid liability for committed federal offenses and thus to ensure unjust  enrichment of Sony Group companies and Hogan Lovells

October 31, 2013: plaintiffs submitted before DOJ 'Report of violation by Sony Corporation of the U.S. Foreign Corrupt Practices Act' (D154).

November 12, 2013: the plaintiff 1 submitted before DOJ 'Additional information regarding an FCPA violation committed by Sony Corporation, Sony Electronics and Hogan Lovells (CIS)' (D155).

February 24, 2015: the plaintiff 1 submitted before DOJ 'New and relevant evidence to the information about possible violation by Sony Corporation of the US Foreign Corrupt Practices Act' (D156).

March 15, 2015: the plaintiff 1 submitted before DOJ 'Additional evidence to the information about possible violation by Sony Corporation of the US Foreign Corrupt Practices Act' (D157).

March 30, 2015: the plaintiff 1 submitted before DOJ 'New and relevant evidence to the information about possible violation by Sony Corporation of the US Foreign Corrupt Practices Act' (D158).

April 30, 2015: the plaintiff 1 submitted before DOJ 'Information about possible violation by law firm Hogan Lovells of the US Foreign Corrupt Practices Act' (D159).

September 4, 2015: the plaintiff 1 submitted before DOJ 'Useful information for potential investigation' (D160).

September 12, 2016: plaintiffs have submitted before DOJ 'Complaint on an FCPA violation committed by CEO of law firm Hogan Lovells Stephen Immelt' (D161).

Aforementioned information submitted before DOJ contains arguments and proofs which evidence that for several years Sony Group Companies, Hogan Lovells and their employees and lawyers repeatedly with high probability committed an FCPA violation and the RICO offense.

As follows from The *Principles of Federal Prosecution of Business Organizations*, set forth in Chapter 9-28.000 of the U.S. Attorney's Manual, nine factors should be considered in conducting an investigation, determining whether to charge a corporation, and negotiating plea or other agreements:

- the nature and seriousness of the offense, including the risk of harm to the public;
- the pervasiveness of wrongdoing within the corporation, including the complicity in, or the condoning of, the wrongdoing by corporate management;
- the corporation's history of similar misconduct, including prior criminal, civil, and regulatory enforcement actions against it;
- the corporation's timely and voluntary disclosure of wrongdoing and its willingness to cooperate in the investigation of its agents;
- the existence and effectiveness of the corporation's pre-existing compliance program;
- the corporation's remedial actions, including any efforts to implement an effective corporate compliance program or improve an existing one, replace responsible management, discipline or terminate wrongdoers, pay restitution, and cooperate with the relevant government agencies;
- collateral consequences, including whether there is disproportionate harm to shareholders, pension holders, employees, and others not proven personally culpable, as well as impact on the public arising from the prosecution;
- the adequacy of the prosecution of individuals responsible for the corporation's malfeasance;
- the adequacy of remedies such as civil or regulatory enforcement actions.

Arguments and proofs disclosed by plaintiffs in aforementioned submissions to DOJ evidence the following:

- Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovell International LLP, Hogan Lovells (CIS) and their employees and lawyers conspired and committed several federal offenses,
- corporate management of said companies was voluntary involved in conspiring and committing said federal offenses,
- Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovell International LLP and Hogan Lovells (CIS) did not undertake any efforts to implement an effective corporate compliance programs or to improve an existing programs,
- Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovell International LLP and Hogan Lovells (CIS) concealed from DOJ committed federal offenses and by doing that they defrauded the United States,
- no one from aforementioned entities and their employees and lawyers disclosed timely and voluntary said federal offenses and no one from them wants to cooperate in the investigation of committed federal offenses,

- no one from aforementioned entities replaced responsible management, disciplined or terminated wrongdoers,
- no one demonstrates its willingness to pay restitution and cooperate with the relevant government agencies, corporates compliance programs do not work,
- Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovell International LLP and Hogan Lovells (CIS) did not demonstrate the adequacy of the prosecution of employees responsible for the corporation's malfeasance,
- Hogan Lovells unlawfully used unofficial sources of information in DOJ in order to avoid liability for an FCPA violations and the RICO offense committed by Sony Group Companies, Hogan Lovells and their employees and lawyers.

Taking into account that:

i. the prosecution of corporate crime is a high priority for the Department of Justice. By investigating allegations of wrongdoing and bringing charges where appropriate for criminal misconduct, the Department promotes critical public interests (see 'Principles of Federal Prosecution of Business Organizations' in US Attorneys' Manual),

ii. under federal statute, if entities who have knowledge about high probability of an FCPA violation and herewith have no willingness to cooperate with DOJ in the investigation of an FCPA violation, voluntary and in timely manner do not disclose wrongdoing, conceal alleged FCPA violation, therefore they aid an FCPA violation and thus they are punishable as a principal,

iii. when knowledge of the existence of a particular circumstance is required for an offense, such knowledge is established if a person is aware of a high probability of the existence of such circumstance, unless the person actually believes that such circumstance does not exist (15 U.S.C. §78dd–1 (f)(2)(B)),

iv. as Congress made clear, it meant to impose liability not only on those with actual knowledge of wrongdoing, but also on those who purposefully avoid actual knowledge: *The so-called "head-in-the-sand" problem—variously described in the pertinent authorities as "conscious disregard," "willful blindness" or "deliberate ignorance"—should be covered so that management officials could not take refuge from the Act's prohibitions by their unwarranted obliviousness to any action (or inaction), language or other "signaling device" that should reasonably alert them of the "high probability" of an FCPA violation* (H.R. Rep. No. 100-576, at 920 (1988)),

v. under 28 U.S.C. §547 (1), each United States attorney, within his district, shall prosecute for all offenses against the United States,

vi. under USAM 9-2.010, the United States Attorney, as the chief federal statute enforcement officer in his district, is authorized to request the appropriate federal investigative agency to investigate alleged or suspected violations of federal statute,

vii. within DOJ, the Fraud Section of the Criminal Division has primary responsibility for all FCPA matters. FCPA matters are handled primarily by the FCPA Unit within the Fraud Section, regularly working jointly with U.S. Attorneys' Offices around the country (see page 4 of the Resource Guide to the FCPA),

viii. under the RICO Act, Manual for Federal Prosecutors prepared by the Staff of the Organized Crime and Gang Section of DOJ (Sixth revised edition, May 2016) and public official information available on DOJ website, Organized Crime and Gang Section of Criminal Division of DOJ (OCGS) is authorized to investigate and prosecute RICO offenses,

hence, under federal statute, DOJ should have investigated arguments and proofs disclosed in plaintiffs' information submitted before DOJ which evidence that with high probability Sony Group Companies, Hogan Lovells and their employees and lawyers committed an FCPA violation and the RICO offense.

Nevertheless, in violation of federal statute, DOJ knowingly and willfully refused to investigate plaintiffs' information submitted before DOJ in 2013, 2015 and 2016 that is confirmed by the following:

I.   Enough time has been passed:

(a) to examine plaintiffs' submissions to DOJ,

(b) to find out that that Sony Group Companies, Hogan Lovells and their employees and lawyers others with high probability conspired to commit federal offenses,

(c) to find out that plaintiffs' information contains proofs which evidence that Sony Electronics and Hogan Lovells (CIS) with high probability  committed an FCPA violation,

(d) to find out that plaintiffs' information contains proofs which evidence that Sony Group Companies, Hogan Lovells and their employees and lawyers committed the RICO offense,

(e) to find out that Sony Group Companies, Hogan Lovells and their employees and lawyers concealed from DOJ said federal offenses,

(f) to establish that Sony Group Companies, Hogan Lovells and their employees and lawyers committed federal offense as far as they have no willingness to cooperate with DOJ in the investigation of suspected FCPA violation and the RICO offense committed by them,

(g) to establish that Sony Group Companies, Hogan Lovells, and their employees and lawyers conspired to defraud the United States, since they did not carry out bona fide corporate investigation of circumstances evidencing an FCPA violation and the RICO offense and did not submit before DOJ results of said bona fide corporate investigation,

(h) to initiate bona fide investigation of suspected and committed by Sony Group Companies, Hogan Lovells and their employees and lawyers federal offenses, in accordance with federal statute.

II.  Reply of Office of Professional Responsibility of DOJ dated February 8, 2017 (D162), wherein is noted that "*we have found no specific information suggesting that the United States Attorney's Office exercised its discretion inappropriately ... You may wish to consult private counsel or contact the nearest Legal Aid Society to determine what additional legal avenues, if any, may be available to you*", confirms that DOJ has refused to investigate information disclosed in plaintiffs' submissions to DOJ.

If DOJ had investigated bona fide aforementioned plaintiffs' submissions to DOJ, then, as a result of DOJ investigation and evidenced by arguments and proofs disclosed in the present complaint, DOJ would have found out at least the following: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) corrupted the Russian government officials and committed an FCPA violation, (3) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International  LLP knowingly and willfully committed a large number of acts of racketeering activity, (4) employees of Sony Corporation, Sony Computer Entertainment and Sony Electronics as well as lawyers of Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United

States and (5) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP concealed said federal offenses from DOJ and thus defrauded the United States.

If it was so, at least Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs would have restored the right to get compensation from Sony Group companies and Hogan Lovells for wrongful deprivation of the patent No.2427879 and unjust enrichment of Sony Group companies and Hogan Lovells.

Since this did not happen, hence, in violation of the U.S. Attorneys' Manual (Title 9, 9-42.001 - Fraud Against the Government, section 923 - 18 U.S.C. § 371 - Conspiracy to Defraud the United States), DOJ committed acts that obstructed a lawful governmental function by means that were dishonest.

As a conclusion to Count Twenty Three:

1. In order to ensure unjust enrichment of Sony Group companies and Hogan Lovells and to prevent their liability for committed federal offenses:

    (a) In violation of federal statute, DOJ headed by the Attorney General Loretta Lynch refused to investigate plaintiffs' information which evidence that Sony Corporation, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed federal offenses.

    (b) By commission of acts that obstructed a lawful governmental function by means that were dishonest DOJ has aided Sony Group companies and Hogan Lovells to commit said federal offenses, to avoid liability for commission of said federal offenses and, as a consequence, to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs.

2. If DOJ had investigated bona fide aforementioned plaintiffs' submissions to DOJ, then plaintiffs would have restored the right to get compensation from Sony Group companies and Hogan Lovells for wrongful deprivation of the patent No.2427879 and unjust enrichment of Sony Group companies and Hogan Lovells.

**COUNT TWENTY FOUR**

In order to avoid liability for committed federal offenses Hogan Lovells US LLP and Hogan Lovells (CIS) defrauded the United States. In order to aid Sony Group companies and Hogan Lovells to avoid liability for commission of federal offenses and to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs the United States Department of Justice headed by the Attorney General Loretta Lynch defrauded the United States

January 15, 2015: Stephen Immelt as CEO of the international legal practice Hogan Lovells as well as a large number of partners of Hogan Lovells US LLP urged the United States Senate Committee on the Judiciary to approve Loretta Lynch as the Attorney General of the United States by forwarding to the United States Senate Committee on the Judiciary written panegyric recommendation to Loretta Lynch as former partner of Hogan & Hartson (merged with Lovells to become Hogan Lovells) (D163). The plaintiff 1 has got to know about said recommendation March 2017 by browsing the Web. Said recommendation was publicly available at the United States Senate Committee on the Judiciary website.

February 26, 2015: Loretta Lynch was confirmed by the Senate Judiciary Committee and approved by the United States Senate as the Attorney General of the United States April 23, 2015.

April 27, 2015: Loretta Lynch became the Attorney General of the Unites States.

May 08, 2015: lawyer of law firm Hogan Lovells (CIS) Vironika Pilyugina declared publicly during the hearings in the Russian Court for Intellectual Property Rights literally the following: '*According to our information Pilkin and Miroshnichenko* (i.e. plaintiffs) *did not submit evidence to the U.S. Department of Justice about violation by Sony Electronics of the FCPA*'. Despite the numerous petitions of plaintiffs, in violation of legal proceedings, the Russian Court for Intellectual Property Rights has refused to present to plaintiffs audio recording of the court hearing.

May 20, 2015: the plaintiff 1 submitted before DOJ 'Additional information about possible violation by law firm Hogan Lovells of the US Foreign Corrupt Practices Act' (D164), wherein it has been noted that since at May 8, 2015 Vitaly Pilkin and Vladimir Miroshnichenko have not informed law firm Hogan Lovells or Sony Electronics or any other third party about evidence submitted by plaintiffs to DOJ, therefore said statement of lawyer of law firm Hogan Lovells (CIS) Vironika Pilyugina means that law firm Hogan Lovells has informal source of information in DOJ that is the subject to be investigated by DOJ.

Since under 28 U.S.C. §535(b), any information, allegation, matter, or complaint witnessed, discovered, or received in a department or agency of the executive branch of the Government relating to violations of Federal criminal law involving Government officers and employees shall be expeditiously reported to the Attorney General by the head of the department or agency, or the witness, discoverer, or recipient, as appropriate, hence, at least at the end of May, 2015 the Attorney General Loretta Lynch has got to know officially about the plaintiff's 1 submission to DOJ 'Additional information about possible violation by law firm Hogan Lovells of the US Foreign Corrupt Practices Act' dated May 20, 2015.

September 15, 2016: the plaintiff 1 submitted before FBI information about inactivity of DOJ towards law firm Hogan Lovells which can be explained only by the fact that Hogan Lovells has corruption ties with somebody in DOJ who is able to affect the investigation against Hogan Lovells (D165). No reply has been received.

October 7, 2016: the plaintiff 1 submitted to the Office of Professional Responsibility of DOJ arguments and proofs evidencing that DOJ does/did not investigate information submitted by plaintiffs before DOJ evidencing that Sony Group companies, law firm Hogan Lovells and others committed an offense against the United States, or such investigation is/was carried out by DOJ not bona fide that constitutes a violation of 28 U.S.C. §547 (1) (D166).

October 14, 2016: the plaintiff 1 submitted to the Attorney General Loretta Lynch additional proofs evidencing that Sony Group companies and Hogan Lovells committed an offense against the United States as well  as argued that DOJ does/did not investigate information submitted by plaintiffs before DOJ in 2013 and 2015 evidencing that Sony Group companies, law firm Hogan Lovells and others committed an offense against the United States that constitutes a violation of 28 U.S.C. §547 (1), or such investigation is/was carried out by DOJ not bona fide that constitutes a violation of 28 U.S.C. §547 (1) (D167). No reply has been received.

February 8, 2017: Office of Professional Responsibility (OPR) of DOJ replied by e-mail on the plaintiffs' appeal dated October 7, 2016 and noted that "*we have found no specific information suggesting that the United States Attorney's Office exercised its discretion inappropriately ... You may wish to consult private counsel or contact the nearest Legal Aid Society to determine what additional legal avenues, if any, may be available to you*" (D162).

As follows from aforementioned chronology of events, Loretta Lynch as the Attorney General knew about aforementioned panegyric recommendation, therefore Loretta Lynch understood that said recommendation influenced her appointment as the Attorney General.

Thus, when, under 28 U.S.C. §535(b), at the end of May, 2015 the Attorney General Loretta Lynch has got to know officially about the plaintiff's 1 submission to DOJ 'Additional information about possible violation by law firm Hogan Lovells of the US Foreign Corrupt Practices Act' dated May 20, 2015, she became personally and directly interested in not investigating said alleged offense. In other words it has been arisen a conflict of interest.

Conflict of interest rules are intended to prevent officials from making decisions in circumstances that could reasonably be perceived as violating this duty of office. Those with a conflict of interest are expected to recuse themselves from (i.e., abstain from) decisions where such a conflict exists.

Since the Attorney General Loretta Lynch knew about aforementioned plaintiffs' 'Additional information about possible violation by law firm Hogan Lovells of the US Foreign Corrupt Practices Act' dated May 20, 2015, hence, she had to recuse herself from:
– considering plaintiffs' specified information,
– expressing her written or oral attitude towards plaintiffs' specified information,
– discussing plaintiffs' specified information with officers of DOJ,
– taking decision to investigate or not alleged offense against the United States committed by Hogan Lovells.

However, the Attorney General Loretta Lynch has not recused herself from aforementioned actions that is confirmed by the following arguments:
(1) if the Attorney General Loretta Lynch had recused herself, then, DOJ would have investigated bona fide not only plaintiffs' 'Additional information about possible violation by law firm Hogan Lovells of the US Foreign Corrupt Practices Act' dated May 20, 2015 but also all other relevant plaintiffs' information submitted to DOJ which evidence involvement of Hogan Lovells in commission of federal offenses,
(2) if DOJ had investigated bona fide plaintiffs' information submitted to DOJ which evidences involvement of Hogan Lovells in commission of federal offenses, then, as a result of DOJ investigation and as evidenced by arguments and proofs disclosed in the complaint, at least Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website. As a result, plaintiffs would have restored the right to get compensation from Sony Group companies and Hogan Lovells for wrongful deprivation of the patent No.2427879 and unjust enrichment of Sony Group companies and Hogan Lovells.

Taking into account aforementioned arguments and proofs as well as since:
i. at the moment of signing said panegyric recommendation to Loretta Lynch CEO of the international legal practice Hogan Lovells Stephen Immelt was aware that: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) corrupted the Russian government officials and committed an FCPA violation, (3) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS)

committed multiple acts of racketeering activity, (4) plaintiffs appealed to DOJ with information about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and other federal offenses committed by Hogan Lovells, Sony Group companies and their lawyers and employees,

ii. the Attorney General Loretta Lynch has not recused herself,

iii. lawyer of law firm Hogan Lovells (CIS) Vironika Pilyugina had knowledge about unlawful ties of Hogan Lovells US LLP with DOJ,

iv. in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 lawyer of Hogan Lovells (CIS) Vironika Pilyugina did not alert DOJ about said unlawful ties of Hogan Lovells with DOJ,

hence:

(a) aforementioned written panegyric recommendation was a bribe which was given in violation of 18 U.S.C. §201(b)(1)(C) by Hogan Lovells US LLP and CEO of Hogan Lovells Stephen Immelt to Loretta Lynch as future Attorney General with intent to prevent unlawfully criminal investigation by DOJ of federal offenses committed by Sony Group companies, Hogan Lovells and their employees and lawyers,

(b) the Attorney General Loretta Lynch received said bribe from Hogan Lovells in form of panegyric recommendation since she did not recuse herself, knowingly and willfully obstructed criminal investigation by DOJ of federal offenses committed by Sony Group Companies, Hogan Lovells and their employees and lawyers,

(c) in violation of 18 U.S.C. §201(b)(1)(C) Hogan Lovells US LLP and CEO of Hogan Lovells Stephen Immelt corruptly persuaded  the Attorney General Loretta Lynch to wrongfully influence on DOJ decision to refuse investigation of federal offenses committed by Sony Group Companies, Hogan Lovells and their employees and lawyers,

(d) in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) corruptly persuaded lawyer of Hogan Lovells (CIS) Vironika Pilyugina to prevent the communication by Vironika Pilyugina to DOJ of information relating to unlawful ties of Hogan Lovells with DOJ,

(e) in accordance with the U.S. Attorneys' Manual (Title 9, 9-42.001 - Fraud Against the Government, section 923 - 18 U.S.C. § 371 - Conspiracy to Defraud the United States), the Attorney General Loretta Lynch committed acts that obstructed a lawful governmental function by means that were dishonest.

<u>As a conclusion to Count Twenty Four:</u>

1. In order to prevent liability for committed federal offenses:

   (a) Hogan Lovells US LLP and Hogan Lovells (CIS) knowingly and willfully committed two acts of racketeering activity (see items (c) and (d) of Count Twenty Four).

   (b) CEO of Hogan Lovells Stephen Immelt, the Attorney General Loretta Lynch and lawyer of Hogan Lovells (CIS) Vironika Pilyugina voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States.

   (c) By commission of acts that obstructed a lawful governmental function by means that were dishonest DOJ has aided Sony Group companies and Hogan Lovells to commit said federal offenses, to avoid liability for commission of said federal offenses and, as a consequence, to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs.

2. If DOJ had not defrauded the United States, then plaintiffs would have restored the right to get compensation from Sony Group companies and Hogan Lovells for wrongful deprivation of the patent No.2427879 and unjust enrichment of Sony Group companies and Hogan Lovells.

## COUNT TWENTY FIVE

In order to aid Sony Group companies and Hogan Lovells to avoid liability for commission of federal offenses and to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs the United States Department of Justice headed by the Attorney General Jeff Sessions defrauded the United States

March 7, 2017: plaintiffs appealed to the Attorney General Jeff Sessions, wherein plaintiffs submitted arguments and proofs evidencing that Loretta Lynch as the Attorney General having conflict of interest arisen from panegyric written recommendation to Loretta Lynch given by CEO of Hogan Lovells Stephen Immelt and by a large number of partners of Hogan Lovells to the Senate Committee on the Judiciary with high probability aided, abetted and concealed alleged offense against the United States committed by Hogan Lovells, CEO of Hogan Lovells Stephen Immelt, Sony Corporation and others (D168). No reply has been received.

May 23, 2017: plaintiffs submitted before the Attorney General Jeff Sessions, Criminal Division of DOJ, Fraud Section of Criminal Division of DOJ and Federal Bureau of Investigation (FBI) information which evidences that from December 2011 till March 2017 Sony Corporation, Sony Interactive Entertainment, Sony Electronics and law firm Hogan Lovells knowingly and willfully committed multiple acts of racketeering activity and involved in commission of said illegal acts a large number of individuals including former Attorney General Loretta Lynch. Plaintiffs urged DOJ to consider submitted information pursuant to 18 U.S.C. §1964(b) and 18 U.S.C. §1968(a) (D169, D170, D171 and D172). No reply has been received.

May 26, 2017: plaintiffs submitted before Criminal Division of DOJ information which evidences that as a result of voluntary participation in the conduct of the enterprise through a pattern of racketeering activity Sony Group and law firm Hogan Lovells committed the RICO offense and get income derived from commission of the RICO offense (D173). No reply has been received.

June 1, 2017: plaintiffs submitted before the Attorney General Jeff Sessions, Office of Professional Responsibility of DOJ, Inspector General and FBI information which evidences that: from December 2011 till March 2017 Sony Corporation, Sony Interactive Entertainment, Sony Electronics and law firm Hogan Lovells: (1) knowingly and willfully committed multiple illegal acts, including: offenses against the United States, corrupting the Russian and the US government officials, bribery, obstruction of criminal investigations, tampering with a witness, fraudulent representations, concealment and nondisclosure, wire and mail fraud and (2) involved in commission of said illegal acts a large number of individuals including partners and lawyers of Hogan Lovells and even the Attorney General Loretta Lynch who knowingly and willfully obstructed criminal investigation by Department of Justice of said offenses. As a result of voluntary participation in the conduct of the enterprise through a pattern of racketeering activity said companies committed the RICO offense (D174, D175, D176 and D177). No reply has been received.

June 5, 2017: plaintiffs submitted before Deputy Attorney General, Solicitor General of DOJ, National Security Division of DOJ, Antitrust Division of DOJ information which evidences that: from December 2011 till March 2017 Sony Corporation, Sony Interactive Entertainment, Sony Electronics and law firm Hogan Lovells: (1) knowingly and willfully committed multiple illegal

acts, including: offenses against the United States, corrupting the Russian and the US government officials, bribery, obstruction of criminal investigations, tampering with a witness, fraudulent representations, concealment and nondisclosure, wire and mail fraud and (2) involved in commission of said illegal acts a large number of individuals including partners and lawyers of Hogan Lovells and even the Attorney General Loretta Lynch who knowingly and willfully obstructed criminal investigation by Department of Justice of said offenses. As a result of voluntary participation in the conduct of the enterprise through a pattern of racketeering activity said companies committed the RICO offense and an FCPA violation and have got income derived from commission of said crimes (D178, D179, D180 and D181). No reply has been received.

August 8, 2017: plaintiffs submitted before Criminal Division of DOJ and Fraud Section of Criminal Division of DOJ information which evidences that: from December 2011 till March 2017 Sony Corporation, Sony Interactive Entertainment, Sony Electronics and law firm Hogan Lovells: (1) knowingly and willfully committed multiple illegal acts, including: offenses against the United States, corrupting the Russian and the US government officials, bribery, obstruction of criminal investigations, tampering with a witness, fraudulent representations, concealment and nondisclosure, wire and mail fraud and (2) involved in commission of said illegal acts a large number of individuals including partners and lawyers of Hogan Lovells and even the Attorney General Loretta Lynch who knowingly and willfully obstructed criminal investigation by Department of Justice of said offenses. As a result of voluntary participation in the conduct of the enterprise through a pattern of racketeering activity said companies committed the RICO offense and an FCPA violation and have got income derived from commission of said crimes (D182). No reply has been received.

August 9, 2017: plaintiffs submitted before Office of Professional Responsibility of DOJ report on misconduct inside DOJ (D183). No reply has been received.

August 14 and 15, 2017: plaintiffs submitted before the Attorney General Jeff Sessions, Deputy Attorney General, Inspector General of DOJ and FBI report on misconduct inside DOJ (D184, D185, D186 and D187). No reply has been received.

September 10, 2017: plaintiffs submitted before Fraud Section of Criminal Division of DOJ and Criminal Division of DOJ information  which evidences that Hogan Lovells and partners of Hogan Lovells continue to conceal from DOJ an FCPA violations and RICO offenses jointly committed by Sony Group companies and law firm Hogan Lovells (D188). Plaintiffs have attached to said submission draft of the complaint (D189) which contains arguments and proofs evidencing high probability of an FCPA violations and RICO offenses jointly committed by Sony Group companies and law firm Hogan Lovells.

September 13, 2017: plaintiffs submitted before Fraud Section of Criminal Division and Criminal Division of DOJ additional information evidencing that Hogan Lovells and partners of Hogan Lovells continue to conceal from DOJ an FCPA violations and RICO offenses jointly committed by Sony Group companies and law firm Hogan Lovells (D190).

September 13, 2017: plaintiffs submitted before the Attorney General Jeff Sessions information evidencing that with high probability (1) after the Attorney General Loretta Lynch retired January 2017 Sony Group companies and Hogan Lovells saved their ties with unknown high ranking corrupt officials of DOJ, (2) DOJ as before continues to conceal federal offences committed by Sony Group companies and Hogan Lovells and by doing that DOJ continues to defraud the United States (D191). No reply has been received.

September 18, 2017: plaintiffs received reply from Fraud Section of Criminal Division of DOJ on plaintiffs' information submitted to DOJ September 10, 2017. FCPA Coordinator of Fraud Section recommended plaintiffs to contact the applicants' local field office of FBI (D192).

September 20, 2017: plaintiffs received reply from Criminal Division of DOJ wherein it recommended plaintiffs as follows: *you should contact the Federal Bureau of Investigation (FBI), the investigative arm of the Department of Justice. The FBI will determine whether a federal investigation may be warranted. If appropriate, the FBI will refer the matter to a United States Attorney for a final determination regarding legal action* (D193).

Taking into consideration aforementioned circumstances as well as since:

i.   under the Foreign Corrupt Practices Act (FCPA), Resource Guide to the FCPA and public official information available on DOJ website, the Fraud Section of Criminal Division of DOJ is authorized to investigate and prosecute FCPA violations,

ii.  under the RICO Act, Manual for Federal Prosecutors prepared by the Staff of the Organized Crime and Gang Section of DOJ (Sixth revised edition, May 2016) and public official information available on DOJ website, Organized Crime and Gang Section of Criminal Division of DOJ (OCGS) is authorized to investigate and prosecute RICO offenses,

iii. under the federal statute, investigation and prosecution of an FCPA violations and RICO offenses are the jurisdiction of DOJ,

iv.  under the Attorney General Order No.1931-94, Office of Professional Responsibility of DOJ (OPR) has jurisdiction to investigate allegations of professional misconduct against Department attorneys that relate to the exercise of their authority to investigate, litigate or provide legal advice, including allegations of professional misconduct against Department immigration judges. OPR also has jurisdiction to investigate allegations of misconduct against Department law enforcement personnel that relate to allegations of attorney misconduct within the jurisdiction of OPR,

v.   the Office of the Inspector General of DOJ has jurisdiction over all allegations of misconduct against Department attorneys that do not fall within OPR's jurisdiction,

vi.  the Attorney General Jeff Sessions, Deputy Attorney General, Office of Professional Responsibility of DOJ, Inspector General, Criminal Division of DOJ, Fraud Section of Criminal Division of DOJ, Solicitor General of DOJ, National Security Division of DOJ, Antitrust Division of DOJ and FBI are aware of plaintiffs' information which evidence that (1) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP and their employees and lawyers with high probability committed an FCPA violations and the RICO offenses and (2) the Attorney General Loretta Lynch knowingly and willfully obstructed criminal investigation by Department of Justice of said federal offenses,

hence, aforementioned replies of Fraud Section of Criminal Division of DOJ and Criminal Division of DOJ evidence the following:

a)  in violation of federal statute and DOJ regulations, Fraud Section of Criminal Division of DOJ and of Criminal Division of DOJ conspired not to investigate the applicants' information dated September 10 and 13, 2017 which evidences that Hogan Lovells and partners of Hogan Lovells continue to conceal from DOJ an FCPA violations and RICO offenses jointly committed by Sony Group companies and law firm Hogan Lovells,

b)  in violation of federal statute, DOJ did not investigate and is not investigating applicants' information submitted to DOJ for 4 years which evidences (1) high probability of an FCPA

violations and RICO offenses jointly committed by Sony Corporation, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers and (2) misconduct inside DOJ,

c) DOJ concealed said federal offenses jointly committed by Sony Group companies, law firm Hogan Lovells and their employees and lawyers before the Attorney General Loretta Lynch retired and continues to conceal said federal crimes at present and by doing that DOJ knowingly and willfully (1) aided and continues to aid Sony Group companies, Hogan Lovells and their employees and lawyers to avoid liability for commission of said federal crimes and, as a consequence, to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs.

If DOJ had investigated bona fide aforementioned plaintiffs' submissions to DOJ, then, as a result of DOJ investigation and evidenced by arguments and proofs disclosed in the present complaint, Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers who have committed federal offenses would have been held liable by DOJ and said information would have been known publicly from DOJ website.

If it was so, plaintiffs would have restored the right to get compensation from Sony Group companies and Hogan Lovells for wrongful deprivation of the patent No.2427879 and unjust enrichment of Sony Group companies and Hogan Lovells.

As a conclusion to Count Twenty Five:

1. By concealing (1) federal offenses committed by Sony Corporation, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their top managers, employees and lawyers and (2) misconduct inside DOJ the United States Department of Justice headed by the Attorney General Jeff Sessions knowingly and willfully aided Sony Group companies, Hogan Lovells and their employees and lawyers to commit said federal offenses, to avoid liability for committed federal offenses and thus to ensure unjust enrichment of Sony Group companies and Hogan Lovells.

2. DOJ committed acts that obstructed a lawful governmental function by means that were dishonest.

3. If DOJ had not defrauded the United States, then plaintiffs would have restored the right to get compensation from Sony Group companies and Hogan Lovells for wrongful deprivation of the patent No.2427879 and unjust enrichment of Sony Group companies and Hogan Lovells.

**COUNT TWENTY SIX**

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Computer Entertainment and Hogan Lovells US LLP knowingly and willfully committed federal offenses

**(1)** October 12, 2011: plaintiffs submitted to Sony Computer Entertainment America proofs evidencing that the invention under the patent No.2427879 is used in game console PlayStation Vita and proposed to buy the patents rights protected by the patent No.2427879 (D14).

October 26, 2011: Sony Computer Entertainment America replied on the plaintiffs' appeal dated October 12, 2011 (D17). As follows from said reply, Sony Computer Entertainment America is unable to follow up on the [plaintiffs'] submission since Sony Computer Entertainment America does not accept any unsolicited ideas and therefore returns the plaintiffs submission with attached documents.

The reply of Sony Computer Entertainment America is in fact fraudulent representation since it:

i. knowingly does not contain answer on proofs evidencing that Sony Computer Entertainment America infringes the patent No.2427879 and on the plaintiffs' proposal to license the invention under the patent No.2427879,

ii. was aimed to defraud plaintiffs and to use the invention under the patent No. 2427879 without any compensation and thus to ensure sales of game console PlayStation Vita in Russia and to affect foreign commerce.

Thus, using the US post, in violation of 18 U.S.C. §1341 and 18 U.S.C. §1961(B), Sony Computer Entertainment America committed mail fraud.

**(2)**    As follows from  arguments and proofs disclosed above in the present complaint, Sony Corporation, Sony Computer Entertainment, Sony Interactive Entertainment as assignee of Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS) did not carry out, according to federal statute, bona fide corporate investigation of circumstances evidencing a large number of federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP and their employees and lawyers.

Thus, any submission (if any) related to the plaintiffs' information about federal crimes disclosed in the present complaint sent by anyone from aforementioned entities to DOJ through mail was aimed to conceal said federal offenses and thus to defraud the United States that constitutes violation of 18 U.S.C. §1341 and 18 U.S.C. §1961(B).

DOJ possesses proofs which evidence whether aforementioned entities presented to DOJ said submissions or not.

**(3)**    As follows from  arguments and proofs disclosed in the present complaint,  CEO of Sony Electronics Kenichiro Hibi, CEO of Sony Electronics Fumiatsu Hirai, CEO of Sony Electronics Shigeru Kumekawa, CEO of Sony Electronics Takakiyo Fujita, senior legal manager of Sony Electronics Evgeniya Vetoshnikova, CEO of international legal practice Hogan Lovells Stephen Immelt, Deputy CEO of international legal practice Hogan Lovells David Hudd, General Counsel of Hogan Lovells Frances Le Grys, a large number of partners of Hogan Lovells, managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan and lawyers of Hogan Lovells (CIS) Anton Bankovskiy, Natalia Gulyaeva and Vironika Pilyugina did not alert DOJ voluntary and in timely manner, according to federal statute, about an FCPA violation (high probability of an FCPA violation) committed by Sony Electronics and Hogan Lovells (CIS) and multiple acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP.

Thus, any submission (if any) related to the plaintiffs' information about federal offenses disclosed in the present complaint sent by anyone from aforementioned individuals to DOJ through mail was aimed to conceal said crimes and thus to defraud the United States that constitutes violation of 18 U.S.C. §1341 and 18 U.S.C. §1961(B).

DOJ possesses proofs which evidence whether aforementioned individuals presented to DOJ said submissions or not.

**(4)**    As follows from Count Twenty Four, written panegyric recommendation given by Hogan Lovells US LLP to Loretta Lynch and submitted to the United States Senate Committee on the Judiciary was a bribe which was given in violation of 18 U.S.C. §201(b)(1)(C) by Hogan Lovells US LLP and CEO of Hogan Lovells Stephen Immelt to Loretta Lynch as future Attorney General

with intent to prevent criminal investigation by DOJ of federal offenses committed by Hogan Lovells, Sony Group companies and their lawyers and employees.

It is obvious that said recommendation has been submitted to the United States Senate Committee on the Judiciary by mail that can be confirmed by Hogan Lovells US LLP and the United State Senate Committee on the Judiciary.

Thus, in violation of 18 U.S.C. §1341 and 18 U.S.C. §1961(B), Hogan Lovells US LLP and CEO of Hogan Lovells Stephen Immelt through using mail committed mail fraud aimed to defraud the United States.

<u>As a conclusion to Count Twenty Six:</u>

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:

1. Sony Computer Entertainment knowingly and willfully committed an act of racketeering activity (see (1) of Count Twenty Six).
2. Hogan Lovells US LLP knowingly and willfully committed an act of racketeering activity (see (4) of Count Twenty Six).
3. CEO of international legal practice Hogan Lovells Stephen Immelt voluntary participated in commission of said act of racketeering activity, concealment of said wrongdoing from DOJ and in defrauding the United States.

## COUNT TWENTY SEVEN

<u>In order to ensure unjust enrichment and to avoid liability for committed wrongdoing Sony Corporation, Sony Computer Entertainment, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed federal offenses</u>

**(1)** As follows from Count Two, after Sony Corporation and Sony Computer Entertainment have got to know from Sony Electronics about patent dispute arisen between Sony Electronics and plaintiffs they turned to head of Intellectual Property practice of Hogan Lovells (CIS) Natalia Gulyaeva to advise whether to license the patent No.2427879 or not. Said information has been placed in 2015 on website of Hogan Lovells (D28), wherein is said: '*Natalia Gulyaeva is recognized…… for her excellent client care and the quality of client services. Representative experience: ….. Advising Sony Corporation and Sony Computer Entertainment on patent licensing in Russia and representing the client in the patent disputes with the Russian patent trolls*'.

It is obvious that Sony Corporation and Sony Computer Entertainment turned by wire to head of Intellectual Property practice of Hogan Lovells (CIS) Natalia Gulyaeva in order to get advice whether to license the patent No.2427879 or not. Hence, said advice was also provided by wire that can be confirmed by Sony Corporation, Sony Computer Entertainment and by Natalia Gulyaeva.

As follows from Count Two, Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, to deprive plaintiffs of the patent No.2427879 and thus to ensure sales of game consoles of PlayStation Vita in Russia.

It is obvious that said conspiracy has been agreed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(2)** As follows from Count Two, Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to implement said conspiracy.

It is obvious that said abetting and corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(3)**   As follows from item (a) of Count Three and item (a) of Count Four, Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi: (1) to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Chamber for Patent Disputes but also for any possible acts of Hogan Lovells (CIS), including for corrupting top executives of Rospatent in order to invalidate the patent No.2427879 and (2) to use funds of Sony Electronics for bribing Hogan Lovells (CIS) and for funding corruption of top executives of Rospatent.

It is obvious that said abetting and corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(4)**   As follows from items (b) and (h) of Count Three and item (j) of Count Four, Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to prevent the communication by CEO of Sony Electronics Kenichiro Hibi to DOJ of information relating to said FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS).

It is obvious that said abetting and corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(5)**   As follows from item (a) of Count Five, Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation on the lawsuit No.A40-128053/12-117-1239 and concealment from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

It is obvious that said abetting and corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(6)**   As follows from item (b) of Count Five, Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to prevent the communication by Fumiatsu Hirai to DOJ of information relating to said abetting.

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(7)**   As follows from item (h) of Count Five, Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai: (1) to prevent the communication by CEO of Sony Electronics Fumiatsu Hirai to DOJ of information relating to act of racketeering activity committed by Sony Electronics.

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(8)**   As follows from item (p) of Count Five, Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) conspired to commit offense against the United States.

It is obvious that said conspiracy has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(9)**   As follows from item (a) of Count Six, Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for corrupting the Russian

judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 in order to obtain knowingly unjust adjudications on the lawsuit No.A40-128053/12-117-1239.

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(10)** As follows from item (b) of Count Six, Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to prevent the communication by Fumiatsu Hirai to DOJ of information relating to said abetting.

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(11)** As follows from item (m) of Count Six, Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai: (1) to prevent the communication by CEO of Sony Electronics Fumiatsu Hirai to DOJ of information relating to said FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and acts of racketeering activity committed by Sony Corporation and Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS).

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(12)** As follows from item (s) of Count Six, Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) conspired to commit offense against the United States.

It is obvious that said conspiracy has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(13)** As follows from item (a) of Count Nine, Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to raise in rank Evgeniya Vetoshnikova in order to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS).

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(14)** As follows from item (b) of Count Ten, Hogan Lovells US LLP corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS).

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(15)** As follows from item (b) of Count Eleven, Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

It is obvious that said abetting and corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(16)** As follows from item (c) of Count Eleven, Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to prevent the communication by Fumiatsu Hirai to DOJ of information relating to said abetting.

It is obvious that said abetting and corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(17)** As follows from item (i) of Count Eleven, Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to prevent the communication by CEO of Sony Electronics Fumiatsu Hirai to DOJ of information relating to act of racketeering activity committed by Sony Electronics.

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(18)** As follows from item (k) of Count Eleven, Hogan Lovells US LLP corruptly persuaded Moscow office of Hogan Lovells (CIS) to conceal from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(19)** As follows from item (b) of Count Twelve, Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd (who also is CEO of Hogan Lovells (CIS)) corruptly persuaded managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan to raise in rank Vironika Pilyugina in order to prevent the communication by Vironika Pilyugina to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS).

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(20)** As follows from item (e) of Count Twelve, Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd (he also is CEO of Hogan Lovells (CIS)) corruptly persuaded managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan to prevent potential communication by Oxana Balayan to DOJ of information relating to an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and acts of racketeering activity committed by Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP.

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(21)** As follows from item (a) of Count Thirteen, Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd corruptly persuaded managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan not to carry out bona fide corporate investigation and not to submit said bona fide corporate investigation to DOJ.

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(22)** As follows from Count Thirteen, the plaintiff 1 received reply from Partner & General Counsel of Hogan Lovells Frances Le Grys, wherein she said the following: *"Your emails of 25 February 2015 addressed to Stephen Immelt and David Hudd have been passed to me for my review. I am the General Counsel of Hogan Lovells International LLP and am responsible for dealing with any complaints or issues raised against the firm. I am also aware of the previous emails you sent to Stephen Immelt and David Hudd in January 2015 on this matter, and other*

*contacts you have made to the firm in this respect. I have investigated your assertions and do not believe that any response is required from Hogan Lovells in respect of them. We do not intend to enter into any further correspondence with you on this matter*".

Since Hogan Lovells US LLP, Hogan Lovells International LLP, CEO of international legal practice Hogan Lovells Stephen Immelt, Deputy CEO of international legal practice Hogan Lovells David Hudd and General Counsel of Hogan Lovells Frances Le Grys had knowledge about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), therefore, under 15 U.S.C. §78dd–1 (f)(2)(B), Hogan Lovells US LLP, Hogan Lovells International LLP, CEO of international legal practice Hogan Lovells Stephen Immelt, Deputy CEO of international legal practice Hogan Lovells David Hudd and General Counsel of Hogan Lovells Frances Le Grys should have investigated bona fide said information and then, if an FCPA violation is confirmed, should have presented results of said bona fide investigation to DOJ.

As follows from Count Thirteen, General Counsel of Hogan Lovells Frances Le Grys did not carry out, according to federal statute, bona fide corporate investigation of circumstances evidencing an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS).

Using email address Frances.LeGrys@hoganlovells.com Frances Le Grys has replied February 27, 2015 to the plaintiff's 1 appeal. Said reply was aimed to defraud the plaintiff 1 and thus to convince him in the absence of something wrong in acts committed by Hogan Lovells. Taking into account arguments and proofs disclosed in the present complaint, said reply is knowingly false representation sent to the plaintiff 1 by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

Thus, General Counsel of Hogan Lovells Frances Le Grys knowingly committed wire fraud aimed to affect foreign commerce.

**(23)** As follows from item (b) of Count Thirteen, Hogan Lovells US LLP headed by Stephen Immelt corruptly persuaded General Counsel of Hogan Lovells Frances Le Grys not to carry out bona fide corporate investigation, not to submit to DOJ results of said bona fide corporate investigation.

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(24)** As follows from item (a) of Count Fourteen, Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by Shigeru Kumekawa to DOJ of information relating to an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS).

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(25)** As follows from item (b) of Count Sixteen, Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian court on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation in the Russian court, nondisclosure and concealment from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

It is obvious that said abetting and corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(26)**  As follows from item (c) of Count Sixteen, Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by Shigeru Kumekawa to DOJ of information relating to said abetting.

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(27)**  As follows from item (i) of Count Sixteen, Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd abetted and corruptly persuaded Moscow office of Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to bribe received from Sony Electronics.

It is obvious that said abetting and corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(28)**  As follows from item (p) of Count Sixteen, Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by CEO of Sony Electronics Shigeru Kumekawa to DOJ of information relating to acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS).

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(29)**  As follows from item (q) of Count Sixteen, Sony Corporation and Sony Computer Entertainment knowingly and willfully abetted Sony Electronics headed by Shigeru Kumekawa to commit acts of racketeering activity.

It is obvious that said abetting has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(30)**  As follows from item (a) of Count Seventeen, Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances in order to obtain knowingly unjust adjudications on the lawsuit No.A40-128053/12-117-1239.

It is obvious that said abetting and corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(31)**  As follows from item (b) of Count Seventeen, Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by Shigeru Kumekawa to DOJ of information relating to said abetting.

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

**(32)**  As follows from item (m) of Count Seventeen, Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by CEO of Sony Electronics Shigeru Kumekawa to DOJ of information relating to: (1) an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) acts of racketeering activity committed by Sony Corporation and Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS).

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

(33) As follows from item (n) of Count Seventeen, Sony Corporation and Sony Computer Entertainment knowingly and willfully abetted Sony Electronics headed by Shigeru Kumekawa to commit acts of racketeering activity.

It is obvious that said abetting has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

(34) As follows from item (b) of Count Eighteen, Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian court on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239.

It is obvious that said abetting and corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

(35) As follows from item (c) of Count Eighteen, Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by Shigeru Kumekawa to DOJ of information relating to said abetting.

It is obvious that said abetting has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

(36) As follows from item (i) of Count Eighteen, Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd abetted and corruptly persuaded Moscow office of Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to bribe received from Sony Electronics.

It is obvious that said abetting and corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

(37) As follows from item (p) of Count Eighteen, Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by CEO of Sony Electronics Shigeru Kumekawa to DOJ of information relating to acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS).

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

(38) As follows from item (q) of Count Eighteen, Sony Corporation and Sony Computer Entertainment knowingly and willfully abetted Sony Electronics headed by Shigeru Kumekawa to commit acts of racketeering activity. It is obvious that said abetting has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

(39) As follows from item (b) of Count Nineteen, Sony Corporation and Sony Interactive Entertainment corruptly persuaded CEO of Sony Electronics Takakiyo Fujita to prevent the communication by CEO of Sony Electronics Takakiyo Fujita to DOJ of information relating to an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and multiple acts of racketeering activity committed Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS).

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

(40) As follows from item (c) of Count Twenty Two, Sony Corporation and Sony Interactive Entertainment corruptly persuaded CEO of Sony Electronics Takakiyo Fujita, CEO of Sony India

Kenichiro Hibi, President of Sony Europe Shigeru Kumekawa, Vice President of Sony/ATV Music Publishing Paul Williams, Senior Director of Sony Corporation of America Lisa Gephardt, Paul Silkowski, Cecil Wong, Jay Chaney, Steve Banaszek from Sony Corporation of America, Guido Alt from Sony Interactive Entertainment Europe, Senior Director of Sony Interactive Entertainment LLC Jennifer Clark, Senior Associate of Sony Biotechnology Inc. Natalie Nunez, Chief Communications Officer of Sony Pictures Entertainment Robert Lawson, Executive Vice President of Sony Music Entertainment Liz Young to prevent the communication by aforementioned individuals to DOJ of information relating to multiple federal offenses committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers.

It is obvious that said corrupt persuasion has been committed by wire that constitutes violation of 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

As a conclusion to Count Twenty Seven:

In order to ensure unjust enrichment and to avoid liability for committed wrongdoing:

1. Sony Corporation, Sony Computer Entertainment and Sony Interactive Entertainment knowingly and willfully committed thirty one act of racketeering activity provided for 18 U.S.C. §1343 and 18 U.S.C. §1961(B) (see items (1), (2), (3), (4), (5), (6), (7), (8), (9), (10), (11), (12), (13), (15), (16), (17), (24), (25), (26), (28), (29), (30), (31), (32, (33), (34), (35), (37), (38), (39) and (40) of Count Twenty Seven).

2. Sony Electronics knowingly and willfully committed one act of racketeering activity provided for 18 U.S.C. §1343 and 18 U.S.C. §1961(B) (see item (8) of Count Twenty Seven).

3. Hogan Lovells (CIS) knowingly and willfully committed three acts of racketeering activity provided for 18 U.S.C. §1343 and 18 U.S.C. §1961(B) (see items (1), (8), (12) of Count Twenty Seven).

4. Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed nine acts of racketeering activity provided for 18 U.S.C. §1343 and 18 U.S.C. §1961(B) (see items (14), (18), (19), (20), (21), (22), (23), (27), (36) of Count Twenty Seven).

5. Sony Corporation, Sony Computer Entertainment, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP knowingly and willfully committed forty four acts of racketeering activity provided for 18 U.S.C. §1343 and 18 U.S.C. §1961(B).

6. CEO of Sony Electronics Kenichiro Hibi, CEO of Sony Electronics Fumiatsu Hirai, CEO of Sony Electronics Shigeru Kumekawa, CEO of Sony Electronics Takakiyo Fujita, CEO of international legal practice Hogan Lovells Stephen Immelt, Deputy CEO of international legal practice Hogan Lovells David Hudd, General Counsel of Hogan Lovells Frances Le Grys and managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan voluntary participated in commission of said acts of racketeering activity, concealment of said federal offenses from DOJ and in defrauding the United States.

## COUNT TWENTY EIGHT

In order to affect foreign commerce, to ensure unjust enrichment and to avoid liability for committed federal offenses from December 2011 till September 2017 Sony Corporation, Sony Computer Entertainment, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed one thousand thirty seven acts of racketeering activity

Under 18 U.S.C. §1961(1), 'Racketeering activity' means: (A) any act … involving ….bribery, …………. which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: section 201 (relating to bribery), …….. section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), …….. section 1510 (relating to obstruction of criminal investigations), …….. section 1512 (relating to tampering with a witness…), …….. .

The Supreme Court of the United States in *RJR Nabisco, Inc. v. European Community*, No.15-138 (2016), held that RICO's incorporation of predicate acts which themselves expressly apply extraterritorially manifested a "clear, affirmative indication that § 1962 applies to foreign racketeering activity". *Id.* at 11-12.

The Supreme Court of the United States also held that while RICO contains no domestic enterprise requirement, an enterprise still "must engage in, or affect in some significant way, commerce directly involving the United States." *Id.* at 17.

As evidenced by arguments and proofs disclosed in the complaint, defendants affected in significant way foreign commerce of Sony Interactive Entertainment (that is domestic concern) and Sony Corporation (that is issuer).

I.  From December 2011 till September 2017 Sony Corporation, Sony Computer Entertainment and Sony Interactive Entertainment knowingly and willfully committed eighty acts of racketeering activity which affected in significant way foreign commerce of Sony Interactive Entertainment. They are:

1.  In violation of 18 U.S.C. §2, 18 U.S.C. §371, 18 U.S.C. §1001, 18 U.S.C. §1962(d), Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) knowingly and willfully conspired to commit any possible acts, including illegal, to deprive plaintiffs of the patent No.2427879 and thus to ensure sales of game consoles of PlayStation Vita in Russia (see items (a) and (b) of Count Two).

2.  In violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to implement said conspiracy (see item (c) of Count Two).

3.  In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Chamber for Patent Disputes of Rospatent but also for any possible acts including illegal in order to recognize the patent No.2427879 as invalid (see item (a) of Count Three).

4.  Since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Kenichiro Hibi did not alert DOJ that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Chamber for Patent Disputes of Rospatent but also for any possible acts including illegal in order to recognize the patent No.2427879 as invalid, hence, in violation of 18 U.S.C. §2(a), 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to prevent the communication by Kenichiro Hibi to DOJ of information relating to said abetting (see item (b) of Count Three).

5.  Since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Kenichiro Hibi did not alert DOJ about Sony Electronics' bribes to Hogan Lovells (CIS), hence, in violation of 18 U.S.C.

§1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Kenichiro Hibi: (1) to prevent the communication by CEO of Sony Electronics Kenichiro Hibi to DOJ of information relating to act of racketeering activity committed by Sony Electronics (see item (h) of Count Three).

6.  In violation of the FCPA, 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi: (1) to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Chamber for Patent Disputes but also for unlawful services of Hogan Lovells (CIS) for corrupting top executives of Rospatent in order to invalidate the patent No.2427879 and (2) to use funds of Sony Electronics for funding corruption of top executives of Rospatent (see item (a) of Count Four).

7.  Since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 CEO of Sony Electronics Kenichiro Hibi did not alert DOJ about: (1) an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to prevent the communication by CEO of Sony Electronics Kenichiro Hibi to DOJ of information relating to: (1) said FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) (see item (j) of Count Four).

8.  In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation on the lawsuit No.A40-128053/12-117-1239 and concealment from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239 (see item (a) of Count Five).

9.  Since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation on the lawsuit No.A40-128053/12-117-1239 and concealment from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §2(a), 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to prevent the communication by Fumiatsu Hirai to DOJ of information relating to said abetting (see item (b) of Count Five).

10. Since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ about said Sony Electronics' bribes to Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai: (1) to prevent the communication by CEO of Sony Electronics Fumiatsu Hirai to DOJ of information relating to act of racketeering activity committed by Sony Electronics (see item (h) of Count Five).

11. In violation of the FCPA, 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 in order to obtain knowingly unjust adjudications on the lawsuit No.A40-128053/12-117-1239 (see item (a) of Count Six).

12. Since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 in order to obtain knowingly unjust adjudications on the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to prevent the communication by Fumiatsu Hirai to DOJ of information relating to said abetting (see item (b) of Count Six).

13. Since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ about an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to prevent the communication by CEO of Sony Electronics Fumiatsu Hirai to DOJ of information relating to: (1) an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) acts of racketeering activity committed by Sony Corporation and Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) (see item (m) of Count Six).

14. In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to raise in rank Evgeniya Vetoshnikova in order to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS) (see item (b) of Count Nine).

15. In violation of 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment endeavored  Hogan Lovells US LLP by means of bribes paid by Sony Electronics to Hogan Lovells (CIS) to prevent the communication by Hogan Lovells US LLP to DOJ of information relating to: (1) an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) commission by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) multiple acts of racketeering activity in order to ensure sales of game consoles PlayStation Vita in Russia and to affect foreign commerce (see item (a) of Count Ten).

16. In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as

legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239 (see item (b) of Count Eleven).

17. Since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian court on the lawsuit No.A40-128053/12-117-1239 but also for concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §2(a), 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to prevent the communication by Fumiatsu Hirai to DOJ of information relating to said abetting (see item (c) of Count Eleven).

18. Since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Fumiatsu Hirai did not alert DOJ about said Sony Electronics' bribes to Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and   18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to prevent the communication by CEO of Sony Electronics Fumiatsu Hirai to DOJ of information relating to act of racketeering activity committed by Sony Electronics (see item (i) of Count Eleven).

19. In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by Shigeru Kumekawa to DOJ of information relating to: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (3) multiple acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) (see item (a) of Count Fourteen).

20. In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian court on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation in the Russian court, nondisclosure and concealment from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239 (see item (b) of Count Sixteen).

21. Since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation, nondisclosure and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by Shigeru Kumekawa to DOJ of information relating to said abetting (see item (c) of Count Sixteen).

22. Since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ about said Sony Electronics' bribes given to Hogan Lovells (CIS) for fraudulent representation and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by CEO of Sony Electronics Shigeru Kumekawa to DOJ of information relating to multiple acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) (see item (p) of Count Sixteen).

23. In violation of the FCPA, 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances in order to obtain knowingly unjust adjudications on the lawsuit No.A40-128053/12-117-1239 (see item (a) of Count Seventeen).

24. Since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit No.A40-128053/12-117-1239 but also for corrupting the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances in order to obtain knowingly unjust adjudications on the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by Shigeru Kumekawa to DOJ of information relating to said abetting (see item (b) of Count Seventeen).

25. Since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ about an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by CEO of Sony Electronics Shigeru Kumekawa to DOJ of information relating to: (1) an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) acts of racketeering activity committed by Sony Corporation and Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) (see item (m) of Count Seventeen).

26. In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian court on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239 (see item (b) of Count Eighteen).

27. Since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ that Sony Corporation and Sony Computer Entertainment abetted Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian court on the lawsuit No.A40-128053/12-117-1239 but also for fraudulent representation and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by Shigeru Kumekawa to DOJ of information relating to said abetting (see item (c) of Count Eighteen).

28. Since in violation of 18 U.S.C. §1001 CEO of Sony Electronics Shigeru Kumekawa did not alert DOJ about said Sony Electronics' bribes given to Hogan Lovells (CIS) for fraudulent representation and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Corporation and Sony Computer Entertainment corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to prevent the communication by CEO of Sony Electronics Shigeru Kumekawa to DOJ of information relating to multiple acts of racketeering activity committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) (see item (p) of Count Eighteen).

29. In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Interactive Entertainment corruptly persuaded CEO of Sony Electronics Takakiyo Fujita to prevent the communication by CEO of Sony Electronics Takakiyo Fujita to DOJ of information relating to said FCPA violation and multiple acts of racketeering activity and to conceal from DOJ said offenses against the United States (see item (b) of Count Nineteen).

30. in violation of 15 U.S.C. §78dd–1 (f)(2)(B), 18 U.S.C. §2, 18 U.S.C. §1001, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Corporation and Sony Interactive Entertainment corruptly persuaded CEO of Sony Electronics Takakiyo Fujita, CEO of Sony India Kenichiro Hibi, President of Sony Europe Shigeru Kumekawa, Vice President of Sony/ATV Music Publishing Paul Williams, Senior Director of Sony Corporation of America Lisa Gephardt, Paul Silkowski, Cecil Wong, Jay Chaney, Steve Banaszek from Sony Corporation of America, Guido Alt from Sony Interactive Entertainment Europe, Senior Director of Sony Interactive Entertainment LLC Jennifer Clark, Sony Europe Limited, Sony India, Senior Associate of Sony Biotechnology Inc. Natalie Nunez, Chief Communications Officer of Sony Pictures Entertainment Robert Lawson, Executive Vice President of Sony Music Entertainment Liz Young, Sony Australia, Sony New Zealand, Sony Korea, Sony Mobile Thailand to prevent the communication to DOJ of information relating to multiple federal crimes committed by Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers (see item (c) of Count Twenty Two).

31. Using the US post, in violation of 18 U.S.C. §1341 and 18 U.S.C. §1961(B), Sony Computer Entertainment committed mail fraud (see (1) of Count Twenty Six).

32. Sony Corporation, Sony Computer Entertainment and Sony Interactive Entertainment knowingly and willfully committed thirty one act of racketeering activity provided for 18 U.S.C. §1343 and 18 U.S.C. §1961(B) (see items (1), (2), (3), (4), (5), (6), (7), (8), (9), (10),

(11), (12), (13), (15), (16), (17), (24), (25), (26), (28), (29), (30), (31), (32, (33), (34), (35), (37), (38), (39) and (40) of Count Twenty Seven).

II. From December 2011 till September 2017 Sony Electronics knowingly and willfully committed thirty two acts of racketeering activity which affected in significant way foreign commerce of Sony Interactive Entertainment. They are:

1. In violation of 18 U.S.C. §2 and 18 U.S.C. §1961(A) one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was the bribe paid by Sony Electronics to Hogan Lovells (CIS) for any possible acts including illegal (see item (d) of Count Three).

2. Through bribing Hogan Lovells (CIS) Sony Electronics knowingly and willfully committed an act of racketeering activity (18 U.S.C. §1961(A)) since said bribe corruptly persuaded Hogan Lovells (CIS) to commit fraudulent representation in the Chamber for Patent Disputes of Rospatent (see item (e) of Count Three).

3. Since in violation of 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about said bribe from Sony Electronics, hence, in violation of 18 U.S.C. §1512(b)(3) and  18 U.S.C. §1961(B) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to said bribe from Sony Electronics (see item (g) of Count Three).

4. Since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ about high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) CEO of Sony Electronics Kenichiro Hibi corruptly persuaded legal manager of Sony Electronics Evgeniya Vetoshnikova to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS) (see item (o) of Count Three).

5. In violation of 18 U.S.C. §2 and 18 U.S.C. §1961(A) one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Chamber for Patent Disputes was the bribe paid by Sony Electronics to Hogan Lovells (CIS) for corrupting top executives of Rospatent in order to invalidate the patent No.2427879 (see item (c) of Count Four).

6. In violation of 18 U.S.C. §1961(A) through bribing Hogan Lovells (CIS) Sony Electronics headed by Kenichiro Hibi  corruptly persuaded Hogan Lovells (CIS) to corrupt top executives of Rospatent in order to invalidate the patent No.2427879 and thus to ensure sales of game consoles PlayStation Vita in Russia (see item (d) of Count Four).

7. Since Hogan Lovells (CIS) corrupted top executives of Rospatent, hence, Sony Electronics headed by Kenichiro Hibi funded corruption of top executives of Rospatent through Hogan Lovells (CIS) that is violation of the FCPA as well as of 18 U.S.C. §2(a) and 18 U.S.C. §1961(A) (see item (f) of Count Four).

8. Since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) CEO of Sony Electronics Kenichiro Hibi corruptly persuaded legal manager of Sony Electronics Evgeniya Vetoshnikova to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to high probability

of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) (see item (k) of Count Four).

9. Since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about an FCPA violation and act of racketeering activity committed by Sony Electronics headed by Kenichiro Hibi, hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Electronics headed by Kenichiro Hibi corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to: (1) an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) act of racketeering activity committed by Sony Electronics headed by Kenichiro Hibi (see item (m) of Count Four).

10. In violation of 18 U.S.C. §2 and 18 U.S.C. §1961(A) one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was the bribe paid by Sony Electronics to Hogan Lovells (CIS) for fraudulent representation on the lawsuit No.A40-128053/12-117-1239 and concealment from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239 (see item (d) of Count Five).

11. Through bribing Hogan Lovells (CIS) Sony Electronics knowingly and willfully committed an act of racketeering activity (18 U.S.C. §1961(A)) since said bribe corruptly persuaded Hogan Lovells (CIS) to commit fraud on the lawsuit No.A40-128053/12-117-1239 and to conceal from the Russian courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239 (see item (e) of Count Five).

12. Since in violation of 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about said bribe from Sony Electronics, hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to said bribe from Sony Electronics (see item (g) of Count Five).

13. Since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ about high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) CEO of Sony Electronics Fumiatsu Hirai corruptly persuaded legal manager of Sony Electronics Evgeniya Vetoshnikova to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS) (see item (o) of Count Five).

14. In violation of 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) through bribing Hogan Lovells (CIS) Sony Electronics headed by Fumiatsu Hirai corruptly persuaded Hogan Lovells (CIS) to corrupt the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 (see item (f) of Count Six).

15. Through bribing Hogan Lovells (CIS) and using unlawful services of Hogan Lovells (CIS) Sony Electronics headed by Fumiatsu Hirai funded corruption of the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 that is violation of the FCPA as well as of 18 U.S.C. §2(a) and 18 U.S.C. §1961(A) (see item (g) of Count Six).

16. Since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) CEO of Sony Electronics Fumiatsu Hirai corruptly persuaded legal

manager of Sony Electronics Evgeniya Vetoshnikova to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to: (1) high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS) (see item (o) of Count Six).

17. Since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about an FCPA violation committed by Sony Electronics, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) (see item (p) of Count Six).

18. In violation of 18 U.S.C. §2, 18 U.S.C. § 1510 (a), 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) through raising in rank of Evgeniya Vetoshnikova Sony Electronics headed by Fumiatsu Hirai willfully endeavored Evgeniya Vetoshnikova by means of said bribery to prevent potential communication by Evgeniya Vetoshnikova to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS) (see item (c) of Count Nine).

19. In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Sony Electronics headed by Fumiatsu Hirai knowingly paid to Hogan Lovells (CIS) not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian court on the lawsuit No.A40-128053/12-117-1239 but also for concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239 (see item (d) of Count Eleven).

20. Since in violation of 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about said bribe from Sony Electronics, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to said bribe from Sony Electronics (see item (h) of Count Eleven).

21. Concealment from the Russian court of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed knowingly and willfully by senior legal manager of Sony Electronics Evgeniya Vetoshnikova is not her self-initiative and that is why evidences that in violation of 18 U.S.C. §2(a), 18 U.S.C. §1512(b)(1) and  18 U.S.C. §1961(B) Sony Electronics corruptly persuaded senior legal manager of Sony Electronics Evgeniya Vetoshnikova to conceal from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239 (see item (q) of Count Eleven).

22. Since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ about high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and  18 U.S.C. §1961(B) CEO of Sony Electronics Fumiatsu Hirai corruptly persuaded legal manager of Sony Electronics Evgeniya Vetoshnikova to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to high probability of acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS) (see item (r) of Count Eleven).

23. In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) CEO of Sony Electronics Shigeru Kumekawa corruptly persuaded senior legal manager of Sony Electronics Evgeniya Vetoshnikova to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS) (see item (b) of Count Fourteen).

24. In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was the bribe paid by Sony Electronics to Hogan Lovells (CIS) for fraudulent representation and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239 (see item (e) of Count Sixteen).

25. Since in violation of 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about said bribe from Sony Electronics, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to said bribe received from Sony Electronics (see item (h) of Count Sixteen).

26. In violation of 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) through bribing Hogan Lovells (CIS) Sony Electronics headed by Shigeru Kumekawa corruptly persuaded Hogan Lovells (CIS) to corrupt the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances (see item (f) of Count Seventeen).

27. Through bribing Hogan Lovells (CIS) and using unlawful services of Hogan Lovells (CIS) Sony Electronics headed by Shigeru Kumekawa has funded corruption of the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances that is violation of the FCPA as well as of 18 U.S.C. §2(a) and 18 U.S.C. §1961(A) (see item (g) of Count Seventeen).

28. Since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 senior legal manager of Sony Electronics Evgeniya Vetoshnikova did not alert DOJ about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) CEO of Sony Electronics Shigeru Kumekawa corruptly persuaded senior legal manager of Sony Electronics Evgeniya Vetoshnikova to prevent the communication by Evgeniya Vetoshnikova to DOJ of information relating to: (1) high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS) (see item (o) of Count Seventeen).

29. Since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about an FCPA violation committed by Sony Electronics, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) (see item (p) of Count Seventeen).

30. In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was the bribe paid by Sony Electronics to Hogan Lovells (CIS) for fraudulent representation and concealment from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239 (see item (e) of Count Eighteen).

31. Since in violation of 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about said bribe from Sony Electronics, hence, in violation of 18 U.S.C. §1512(b)(3) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to said bribe received from Sony Electronics (see item (h) of Count Eighteen).

32. Sony Electronics knowingly and willfully committed one act of racketeering activity provided for 18 U.S.C. §1343 and 18 U.S.C. §1961(B) (see item (8) of Count Twenty Seven).

**III.** From December 2011 till September 2017 Hogan Lovells (CIS) knowingly and willfully committed twenty four acts of racketeering activity which affected in significant way foreign commerce of Sony Interactive Entertainment. They are:

1. In violation of 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) corruptly persuaded lawyer of Hogan Lovells (CIS) Anton Bankovskiy to commit fraudulent representation in the Chamber for Patent Disputes of Rospatent (see item (j) of Count Three).

2. Since legal representation in form of fraud committed by lawyer of Hogan Lovells (CIS) Anton Bankovskiy have been paid by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §2(a), 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) Hogan Lovells (CIS) has bribed lawyer of Hogan Lovells (CIS) Anton Bankovskiy (see item (l) of Count Three).

3. Since in violation of 18 U.S.C. §1001 lawyer of Hogan Lovells (CIS) Anton Bankovskiy did not alert DOJ about aforementioned acts of racketeering activity committed by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(A) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) willfully endeavored Anton Bankovskiy by means of said bribe to prevent the communication by Anton Bankovskiy to DOJ of information relating to aforementioned acts of racketeering activity committed by Hogan Lovells (CIS) (see item (n) of Count Three).

4. In violation of the FCPA and 18 U.S.C. §1961(A) using one part of Sony Electronics' payments for corrupting top executives of Rospatent, Hogan Lovells (CIS) bribed top executives of Rospatent (see item (h) of Count Four).

5. Since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 lawyer of Hogan Lovells (CIS) Anton Bankovskiy did not alert DOJ about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) corruptly persuaded lawyer of Hogan Lovells (CIS) Anton Bankovskiy to prevent the communication by Anton Bankovskiy to DOJ of information relating to high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) (see item (n) of Count Four).

6. Since legal representation in form of fraudulent representation and concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina have been paid by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §2(a), 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) Hogan Lovells (CIS) bribed lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina (see item (l) of Count Five).

7. Since in violation of 18 U.S.C. §1001 lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina did not alert DOJ about aforementioned acts of racketeering activity committed by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(A) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) willfully endeavored Natalia Gulyaeva and Vironika Pilyugina by means of said bribe to prevent the communication by Natalia Gulyaeva and Vironika Pilyugina to DOJ of information relating to aforementioned acts of racketeering activity committed by Hogan Lovells (CIS) (see item (n) of Count Five).

8. Since Hogan Lovells (CIS) received from Sony Electronics payments for corrupting the Russian judges,  hence,  using one part of Sony Electronics' payments to corrupt the Russian

judges of three Russian courts, Hogan Lovells (CIS) bribed the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 (see item (j) of Count Six).

9. Since lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina understood that judgment and rulings rendered by the Russian judges on the lawsuit No.A40-128053/12-117-1239 are knowingly unjust and herewith in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 they did not alert DOJ about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) Hogan Lovells (CIS) corruptly persuaded lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina to prevent the communication by Natalia Gulyaeva and Vironika Pilyugina to DOJ of information relating to said FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) (see item (q) of Count Six).

10. In violation of 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) corruptly persuaded lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina to conceal from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239 (see item (l) of Count Eleven).

11. Since legal representation in form of concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina have been paid by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §2(a), 18 U.S.C. §1512(b)(1) and 18 U.S.C. §1961(A) Hogan Lovells (CIS) bribed lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina for committing concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 (see item (n) of Count Eleven).

12. Since in violation of 18 U.S.C. §1001 lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina did not alert DOJ about aforementioned acts of racketeering activity committed by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(A) and  18 U.S.C. §1961(B) Hogan Lovells (CIS) willfully endeavored Natalia Gulyaeva and Vironika Pilyugina by means of said bribe to prevent the communication by Natalia Gulyaeva and Vironika Pilyugina to DOJ of information relating to aforementioned acts of racketeering activity committed by Hogan Lovells (CIS) (see item (p) of Count Eleven).

13. In violation of 18 U.S.C. §2, 18 U.S.C. § 1510 (a), 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) through raising in rank of Vironika Pilyugina managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan willfully endeavored Vironika Pilyugina by means of said bribe to prevent potential communication by Vironika Pilyugina to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS) (see item (c) of Count Twelve).

14. In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan corruptly persuaded lawyers of Moscow office of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina to prevent the communication by Natalia Gulyaeva and Vironika Pilyugina to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS) (see item (c) of Count Thirteen).

15. Since legal representation in form of fraudulent representation and concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239

committed by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina has been paid by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §2(a) and 18 U.S.C. §1961(A) Hogan Lovells (CIS) has bribed lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina (see item (k) of Count Sixteen).

16. Since in violation of 18 U.S.C. §1001 lawyer of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina did not alert DOJ about aforementioned acts of racketeering activity committed by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(A) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) willfully endeavored Natalia Gulyaeva and Vironika Pilyugina by means of said bribe to prevent the communication by Natalia Gulyaeva and Vironika Pilyugina to DOJ of information relating to aforementioned acts of racketeering activity committed by Hogan Lovells (CIS) (see item (n) of Count Sixteen).

17. Since Hogan Lovells (CIS) received from Sony Electronics payments for corrupting the Russian judges, hence, using one part of Sony Electronics' payments to corrupt the Russian judges of three Russian courts, Hogan Lovells (CIS) has bribed the Russian judges of three Russian courts who have considered the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances (see item (j) of Count Seventeen).

18. Since lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina understood that judgment and rulings rendered by the Russian judges on the lawsuit No.A40-128053/12-117-1239 are knowingly unjust and herewith in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 they did not alert DOJ about high probability of an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1512(b)(3) Hogan Lovells (CIS) corruptly persuaded lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina to prevent the communication by Natalia Gulyaeva and Vironika Pilyugina to DOJ of information relating to said FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) (see item (q) of Count Seventeen).

19. Since legal representation in form of fraudulent representation and concealment from the Russian courts of circumstances relevant to the lawsuit No.A40-128053/12-117-1239 committed by lawyer of Hogan Lovells (CIS) Vironika Pilyugina has been paid by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §2(a) and 18 U.S.C. §1961(A) Hogan Lovells (CIS) bribed lawyer of Hogan Lovells (CIS) Vironika Pilyugina (see item (k) of Count Eighteen).

20. Since in violation of 18 U.S.C. §1001 lawyer of Hogan Lovells (CIS) Vironika Pilyugina did not alert DOJ about aforementioned act of racketeering activity committed by Hogan Lovells (CIS), hence, in violation of 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(A) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) willfully endeavored Vironika Pilyugina by means of said bribe to prevent the communication by Vironika Pilyugina to DOJ of information relating to aforementioned act of racketeering activity committed by Hogan Lovells (CIS) (see item (n) of Count Eighteen).

21. In violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Hogan Lovells (CIS) corruptly persuaded lawyer of Hogan Lovells (CIS) Vironika Pilyugina to prevent the communication by Vironika Pilyugina to DOJ of information relating to unlawful ties of Hogan Lovells with DOJ (see item (d) of Count Twenty Four).

22. Hogan Lovells (CIS) knowingly and willfully committed three acts of racketeering activity provided for 18 U.S.C. §1343 and 18 U.S.C. §1961(B) (see items (1), (8), (12) of Count Twenty Six).

**IV.** <u>From March 2014 till September 2017 Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed nine hundred one act of racketeering activity which affected in significant way foreign commerce of Sony Interactive Entertainment. They are:</u>

1. In violation of 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Hogan Lovells US LLP corruptly persuaded Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to: (1) an FCPA violation committed by Sony Electronics and Hogan Lovells (CIS) and (2) commission by Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) multiple acts of racketeering activity in order to ensure sales of game consoles PlayStation Vita in Russia and to affect foreign commerce (see item (b) of Count Ten).

2. In violation of 18 U.S.C. §1512(b)(1) and  18 U.S.C. §1961(B) Hogan Lovells US LLP corruptly persuaded Moscow office of Hogan Lovells (CIS) to conceal from the Russian court circumstances relevant to the lawsuit No.A40-128053/12-117-1239 (see item (k) of Count Eleven).

3. In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd (who also is CEO of Hogan Lovells (CIS)) corruptly persuaded managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan to raise in rank Vironika Pilyugina in order to prevent the communication by Vironika Pilyugina to DOJ of information relating to an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS) (see item (b) of Count Twelve).

4. Since in violation of 15 U.S.C. §78dd–1 (f)(2)(B) and 18 U.S.C. §1001 managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan did not alert DOJ voluntary and in timely manner about high probability of an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS), hence, Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd (he also is CEO of Hogan Lovells (CIS)) corruptly persuaded managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan to prevent potential communication by Oxana Balayan to DOJ of information relating to: (1) an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS) and (2) act of racketeering activity committed by Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP (see item (e) of Count Twelve).

5. In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd corruptly persuaded managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan not to carry out bona fide corporate investigation, not to submit said bona fide corporate investigation to DOJ and thus to prevent the communication by Oxana Balayan to DOJ of the following information: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit all possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) committed an FCPA violation, (3) Sony Corporation, Sony Computer

Entertainment, Sony Electronics, Hogan Lovells (CIS) and  Hogan Lovells US LLP knowingly and willfully committed multiple acts of racketeering activity (see item (a) of Count Thirteen).

6.  In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd corruptly persuaded General Counsel of Hogan Lovells Frances Le Grys not to carry out bona fide corporate investigation, not to submit to DOJ results of said bona fide corporate investigation and thus to prevent the communication by Frances Le Grys to DOJ of the following information: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) committed an FCPA violation, (3) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP and managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan knowingly and willfully committed multiple acts of racketeering activity (see item (b) of Count Thirteen).

7.  In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) top executives of Hogan Lovells Stephen Immelt and David Hudd corruptly persuaded thirty partners of Washington office of Hogan Lovells US LLP to prevent the communication by said partners of Hogan Lovells US LLP to DOJ of information relating to: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) committed an FCPA violation, (3) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS), CEO of Hogan Lovells Stephen Immelt, Deputy CEO of Hogan Lovells David Hudd, General Counsel of Hogan Lovells Frances Le Grys, managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan and lawyers of Moscow office of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina voluntary participated in commission of multiple acts of racketeering activity (see item (b) of Count Fifteen).

8.  Since in violation of 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about said bribe from Sony Electronics, hence, in violation of 18 U.S.C. §2 and 18 U.S.C. §1512(b)(3)  Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd abetted and corruptly persuaded Moscow office of Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to  said bribe received from Sony Electronics (see item (i) of Count Sixteen).

9.  Since in violation of 18 U.S.C. §1001 Hogan Lovells (CIS) did not alert DOJ about said bribe from Sony Electronics, hence, in violation of 18 U.S.C. §2 and 18 U.S.C. §1512(b)(3)  Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd abetted and corruptly persuaded Moscow office of Hogan Lovells (CIS) to prevent the communication by Hogan Lovells (CIS) to DOJ of information relating to  said bribe received from Sony Electronics (see item (i) of Count Eighteen).

10.  In violation of 18 U.S.C. §2, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) Hogan Lovells US LLP headed by Stephen Immelt and Hogan Lovells International LLP headed by David Hudd corruptly persuaded one hundred sixteen partners and lawyers of Hogan Lovells to prevent the communication by said partners and lawyers of Hogan Lovells to DOJ of information relating to aforementioned offenses against the United States (see item (b) of Count Twenty).

11. In violation of 15 U.S.C. §78dd–1 (f)(2)(B), 18 U.S.C. §2, 18 U.S.C. §1001, 18 U.S.C. §1512(b)(3) and 18 U.S.C. §1961(B) top executives of Hogan Lovells Stephen Immelt and David Hudd corruptly persuaded aforementioned seven hundred thirty six partners of Hogan Lovells to prevent the communication by said partners of Hogan Lovells to DOJ of information relating to: (1) Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including illegal, in order to ensure sales of game consoles of PlayStation Vita in Russia, (2) Sony Electronics and Hogan Lovells (CIS) committed an FCPA violation, (3) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS), CEO of Hogan Lovells Stephen Immelt, Deputy CEO of Hogan Lovells David Hudd, General Counsel of Hogan Lovells Frances Le Grys, managing partner of Moscow office of Hogan Lovells (CIS) Oxana Balayan and lawyers of Moscow office of Hogan Lovells (CIS) Anton Bankovskiy, Natalia Gulyaeva, Vironika Pilyugina as well as a large number of employees of Sony Group companies and partners of Hogan Lovells voluntary participated in commission of multiple acts of racketeering activity (see item (c) of Count Twenty One).

12. In violation of 18 U.S.C. §201(b)(1)(C) Hogan Lovells US LLP and CEO of Hogan Lovells Stephen Immelt corruptly persuaded  the Attorney General Loretta Lynch to wrongfully influence on DOJ decision to refuse investigation of offenses against the United States committed by Sony Companies and Hogan Lovells (see item (c) of Count Twenty Four).

13. In violation of 18 U.S.C. §1341 and 18 U.S.C. §1961(B), Hogan Lovells US LLP and CEO of international legal practice Hogan Lovells Stephen Immelt through using mail committed mail fraud aimed to defraud the United States (see (4) of Count Twenty Six).

14. Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed nine acts of racketeering activity provided for 18 U.S.C. §1343 and 18 U.S.C. §1961(B) (see items (14), (18), (19), (20), (21), (22), (23), (27), (36) of Count Twenty Seven).

V.   The United States Department of Justice knowingly and willfully committed acts that obstructed a lawful governmental function by means that were dishonest. Said acts affected in significant way foreign commerce of Sony Interactive Entertainment and Sony Corporation

1. The United States Department of Justice headed by the Attorney General Loretta Lynch knowingly and willfully aided Sony Group companies, Hogan Lovells and their employees and lawyers to avoid liability for committed federal offenses and thus to ensure unjust  enrichment of Sony Group companies and Hogan Lovells (see Count Twenty Three).

2. In order to aid Sony Group companies and Hogan Lovells to avoid liability for commission of federal offenses and to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs the United States Department of Justice headed by the Attorney General Loretta Lynch defrauded the United States (see Count Twenty Four).

3. In order to aid Sony Group companies and Hogan Lovells to avoid liability for commission of federal offenses and to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs the United States Department of Justice headed by the Attorney General Jeff Sessions defrauded the United States (see Count Twenty Five).

As a conclusion to Count Twenty Eight:

1. From December 2011 till September 2017 Sony Corporation and Sony Computer Entertainment knowingly and willfully committed eighty acts of racketeering activity which affected in

significant way foreign commerce of Sony Interactive Entertainment and Sony Corporation (see paragraph I of Count Twenty Eight).

2. From December 2011 till September 2017 Sony Electronics knowingly and willfully committed thirty two acts of racketeering activity which affected in significant way foreign commerce of Sony Interactive Entertainment and Sony Corporation (see paragraph II of Count Twenty Eight).

3. From December 2011 till September 2017 Hogan Lovells (CIS) knowingly and willfully committed twenty four acts of racketeering activity which affected in significant way foreign commerce of Sony Interactive Entertainment and Sony Corporation (see paragraph III of Count Twenty Eight).

4. From March 2014 till September 2017 Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully committed nine hundred one act of racketeering activity which affected in significant way foreign commerce of Sony Interactive Entertainment and Sony Corporation (see paragraph IV of Count Twenty Eight).

5. The United States Department of Justice affected in significant way foreign commerce of Sony Interactive Entertainment and Sony Corporation (see paragraph V of Count Twenty Eight).

## COUNT TWENTY NINE

<u>Sony Corporation and Sony Interactive Entertainment are unjustly enriched at the expense of plaintiffs. Hogan Lovells has procured its commission by assisting Sony Corporation and Sony Interactive Entertainment in ensuring unjust enrichment</u>

<u>As evidenced by the arguments and proofs disclosed in the previous Counts of the complaint</u>:

i. Sony Computer Entertainment (since April 2016 assignee of Sony Computer Entertainment is Sony Interactive Entertainment) is the manufacturer of game consoles PlayStation Vita and developer of said game consoles worldwide.

ii. Sony Interactive Entertainment gets income from sales of game consoles PlayStation Vita worldwide, including Russia.

iii. Sony Corporation as parent company for Sony Interactive Entertainment gets income from sales of game consoles PlayStation Vita worldwide, including Russia.

iv. Plaintiffs were the owners of the patent No.2427879.

v. The invention under the patent No.2427879 is used in game console PlayStation Vita.

vi. Since the patent No.2427879 became legal obstacle in the way of sales of game consoles PlayStation Vita in Russia, Sony Corporation and Sony Computer Entertainment together with Hogan Lovells (CIS) conspired to combine their financial, corporate, professional and administrative opportunities to undertake any possible acts, including illegal, to remove said obstacle in order to ensure sales of game consoles PlayStation Vita in Russia, to affect in significant way foreign commerce of Sony Interactive Entertainment and Sony Corporation and to ensure unjust enrichment of Sony Corporation and Sony Computer Entertainment.

vii. In order to invalidate the patent No. 2427879, to affect in significant way foreign commerce of Sony Interactive Entertainment and Sony Corporation and to ensure unjust enrichment of Sony Interactive Entertainment and Sony Corporation at the expense of plaintiffs:

– Sony Electronics presented by Hogan Lovells (CIS) submitted to Rospatent the opposition against the grant of the patent No.2427879,

– Hogan Lovells (CIS) falsified evidence in said Sony Electronics' opposition against the grant of the patent No.2427879,

– Sony Electronics and Hogan Lovells (CIS) corrupted and bribed top executives of Rospatent,

– Hogan Lovells (CIS) and Sony Electronics repeatedly committed fraud upon the courts and repeatedly concealed from the courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239,

– Sony Electronics and Hogan Lovells (CIS) repeatedly corrupted and bribed the Russian courts,

– Sony Electronics and Hogan Lovells (CIS) repeatedly committed FCPA violations,

– Hogan Lovells (CIS) and Sony Electronics knowingly, willfully and repeatedly committed a large number of acts of racketeering activity,

– By committing a large number of acts of racketeering activity Sony Corporation, Sony Computer Entertainment (and then Sony Interactive Entertainment), Hogan Lovells US LLP, Hogan Lovells International LLP and their top managers, employees, partners and lawyers knowingly, willfully and repeatedly aided Sony Electronics and Hogan Lovells (CIS) to commit said wrongdoing.

viii. In order to avoid liability for committed crimes:

– In violation of federal statute as well as by committing a large number of acts of racketeering activity Sony Corporation, Sony Computer Entertainment (and then Sony Interactive Entertainment), Sony Electronics and their top managers and employees knowingly, willfully and repeatedly concealed said crimes from DOJ and thus repeatedly defrauded the United States,

– In violation of federal statute as well as by committing a large number of acts of racketeering activity Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their top managers, partners and lawyers knowingly, willfully and repeatedly concealed said crimes from DOJ and thus repeatedly defrauded the United States.

ix. In order to affect in significant way foreign commerce of Sony Interactive Entertainment and Sony Corporation, to ensure unjust enrichment of Sony Group companies and Hogan Lovells and to prevent their liability for committed federal offenses:

– In violation of federal statute, DOJ headed by the Attorney General Loretta Lynch  refused to investigate plaintiffs' information which evidence that Sony Corporation, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their top managers, employees and lawyers jointly committed a large number of federal offenses,

– By concealing (i) federal offenses committed by Sony Corporation, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their top managers, employees and lawyers and (ii) misconduct inside DOJ the United States Department of Justice headed by the Attorney General Jeff Sessions knowingly and willfully aided Sony Group companies, Hogan Lovells and their top managers, employees and lawyers to avoid liability for committed federal offenses and thus to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs,

– By doing that the United States Department of Justice repeatedly defrauded the United States.

The Restatement (Third) of Restitution and Unjust Enrichment states that unjust enrichment is enrichment that lacks an adequate legal basis.

The doctrine of unjust enrichment applies "when a person retains a benefit (usually money) which in justice and equity belongs to another." Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 63 (D.C. 2005). The recipient of such a benefit has "a duty to make restitution to the other person 'if the circumstances of its receipt or retention are such that, as

between the two persons, it is unjust for [the recipient] to retain it.'" Id. (quoting RESTATEMENT OF RESTITUTION § 1 cmt. c (AM. LAW INST. 1937)).

"Unjust enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." Euclid St., LLC v. District of Columbia Water & Sewer Auth., 41 A.3d 453, 463 n.10 (D.C. 2012).

Plaintiffs as owners of the patent No.2427879 would not have lost the right to get compensation for the infringement of the patent No.2427879, Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and Hogan Lovells would not have procured its commission for its wrongdoing, if:

(1)  Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) had not conspired to commit any possible acts, including illegal, in order to deprive plaintiffs of the patent No.2427879, had not concealed said conspiracy from DOJ and had not defrauded the United States,
and / or

(2)  Sony Electronics and Hogan Lovells (CIS) had not falsified evidence in Sony Electronics' opposition against the grant of the patent No.2427879, had not corrupted and had not bribed top executives of Rospatent.

Plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879, Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched and Hogan Lovells would not have procured its commission for its wrongdoing, if:

(1)  Hogan Lovells (CIS) and Sony Electronics had not committed repeatedly fraud upon the courts, had not concealed repeatedly from the courts circumstances relevant to the lawsuit No.A40-128053/12-117-1239 and had not corrupted and had not bribed repeatedly the Russian courts,
and / or

(2)  Sony Electronics and Hogan Lovells (CIS) had not committed repeatedly FCPA violations,
and / or

(3)  from December 2011 till September 2017 Sony Electronics had not committed thirty two acts of racketeering activity,
and / or

(4)  from December 2011 till September 2017 Hogan Lovells (CIS) had not committed twenty four acts of racketeering activity,
and / or

(5)  Sony Corporation, Sony Computer Entertainment, Hogan Lovells US LLP and Hogan Lovells International LLP had not aided Sony Electronics and Hogan Lovells (CIS) to falsify evidence, to commit fraud upon the courts, to conceal from the courts circumstances relevant to the lawsuit, to corrupt the Russian government officials and to commit FCPA violations and multiple acts of racketeering activity,
and / or

(6)  from December 2011 till September 2017 Sony Corporation and Sony Computer Entertainment had not committed eighty acts of racketeering activity,
and / or

(7)   from March 2014 till September 2017 Hogan Lovells US LLP and Hogan Lovells International LLP had not committed nine hundred one act of racketeering activity, and / or

(8)   a large number of top managers and employees of Sony Group companies, including Sony Corporation, Sony Computer Entertainment, Sony Interactive Entertainment and Sony Electronics, had not participated in commission of said acts of racketeering activity, and / or

(9)   a large number of top managers, partners and lawyers of Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP had not participated in commission of said acts of racketeering activity, and / or

(10)  Sony Corporation, Sony Computer Entertainment, Sony Interactive Entertainment, Sony Electronics and their top managers and employees had not concealed repeatedly said federal offenses from DOJ and had not defrauded the United States, and / or

(11)  Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP and their top managers, partners and lawyers had not concealed repeatedly said federal offenses from DOJ and thus had not defrauded the United States.

Plaintiffs would have restored the right to get compensation from Sony Group companies and Hogan Lovells for wrongful deprivation of the patent No.2427879 and unjust enrichment of Sony Group companies and Hogan Lovells, if:

(1)   DOJ had not concealed (i) federal offenses committed by Sony Corporation, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers and (ii) misconduct inside DOJ,

(2)   DOJ had not aided Sony Group companies and Hogan Lovells to commit said federal offenses, to avoid liability for commission of said federal offenses and, as a consequence, to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs,

(3)   DOJ had not committed acts that obstructed a lawful governmental function by means that were dishonest.

As a conclusion to Count Twenty Nine:

1. Sony Corporation and Sony Interactive Entertainment are unjustly enriched at the expense of plaintiffs.

2. By assisting Sony Corporation and Sony Interactive Entertainment in ensuring unjust enrichment Hogan Lovells procured its commission.

3. By commission of acts that obstructed a lawful governmental function by means that were dishonest the United States DOJ has aided Sony Group companies and Hogan Lovells to commit said federal offenses, to avoid liability for commission of said federal offenses and, as a consequence, to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs.

## COUNT THIRTY

Defendants are liable to plaintiffs for damages of $340,000,000

As follows from arguments and proofs disclosed in the complaint, if Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) had not committed wrongdoing, then, plaintiffs as owners of the patent No.2427879 would not have lost the right to get compensation for the infringement of the patent No.2427879.

As follows from arguments and proofs disclosed in the complaint, if Sony Corporation, Sony Computer Entertainment, Sony Interactive Entertainment, Sony Electronics Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP, their top managers, employees, partners and lawyers had not committed wrongdoing, then, plaintiffs as patentees would have restored the right to get compensation for the infringement of the patent No.2427879.

As follows from arguments and proofs disclosed in the complaint, if DOJ had not committed acts that obstructed a lawful governmental function by means that were dishonest, then, plaintiffs would have restored the right to get compensation from Sony Group companies and Hogan Lovells for wrongful deprivation of the patent No.2427879.

Thus, it is derived from aforementioned arguments that the amount of compensatory damages suffered by plaintiffs as a result of wrongdoing committed by defendants is equivalent to damages arisen from the infringement of the patent No.2427879.

If Sony Corporation or Sony Interactive Entertainment had acquired the right to use the patent No. 2427879, then, in a contract, that is common practice of relationship between licensees and a licensors, it would be anticipated that plaintiffs (as licensor) receive royalties from all income of Sony Corporation and Sony Interactive Entertainment (as licensee) deriving from marketing PS Vita in Russia.

PS Vita and games for PS Vita should be included in calculation of the patent infringement damages under the following legal grounds: patentees of the patent No.2427879 had the right to receive royalties from all income generated by Sony Interactive Entertainment and Sony Electronics as a result of marketing PS Vita in Russia. As a result of marketing PS Vita in Russia Sony Interactive Entertainment and Sony Electronics generate income in Russia from marketing PS Vita as well as from marketing games for PS Vita.

Home video game console PlayStation 4 (PS 4) and games for PS 4 should be included in calculation of the patent infringement damages under the following legal grounds: PS 4 together with PS Vita form new computer entertainment system that has functional opportunities which PS 4 and PS Vita don't have without each other that creates additional gaming opportunities and additional competitive advantage for both PS Vita and PS 4. Nearly all games for PS4 can be used on PS Vita. Said functional opportunities are achieved by the use in PS Vita of the technical solution claimed by patentees in the patent No.2427879. As a result of marketing said computer entertainment system in Russia Sony Interactive Entertainment and Sony Electronics generate also income from marketing PS 4 as well as games for PS 4 in Russia.

Games for PlayStation 3 should be included in calculation of the patent infringement damages under the following legal grounds: (1) there is opportunity to play games for PlayStation 3 on PS Vita using interface protected by the patent No.2427879 and (2) games for PS3 are playable on PS4 wherein PS Vita serves as the controller of PS4. As a result of marketing PS Vita in Russia Sony Interactive Entertainment and Sony Electronics generate also income from marketing games for PS3.

Sony Interactive Entertainment Inc. manufactures, distributes, develops and markets game consoles PS Vita and PS 4 worldwide.

Sony Interactive Entertainment Inc. develops, publishes and markets games for PS Vita, PS4 and PS3.

Sony Electronics is the Sony Group company responsible for marketing products of Sony Group companies in Russia.

I.  Calculation of the amount of compensation for the infringement of the patent No.2427879 as of April 1, 2017

Patent infringement damages in no event can be less than a reasonable royalty for the use made of the technical solution by the infringer together with interest and costs as fixed by the court. In other words: patentees deserve the economic benefits they would have enjoyed had their patent been respected. When lost profits cannot be proven, a reasonable royalty serves as a floor on damages.

The legal framework for estimating a reasonable royalty is to construct a hypothetical negotiation between a willing licensor and a willing licensee.

According to exhibit 2.1 "Reasonable Royalty Rates Awarded by Industry: 1990-2006 (U.S. District Courts)" (page 176, "Royalty Rates for Licensing Intellectual Property", Russell L. Parr, 2007, published by John Wiley & Sons, Inc.), median reasonable royalty rate in computer and electronic product manufacturing is 6% (see highlighted by yellow in Doc **11**).

Data of global sales of PS Vita, games for PS Vita, games for PS3, PS4 and games for PS4 as of April 1, 2017 are shown in the Table 1.

Table 1

| TITLE | SOLD ITEMS* AS OF APRIL 1, 2017 | AVERAGE COST UNIT (USD) | THE TOTAL AMOUNT OF SALES AS OF APRIL 1, 2017 (USD) |
|---|---|---|---|
| PS Vita | 15,483,835 | 300* | 4,645,150,500 |
| Games for PS Vita | 59,968,947 | 20 | 1,199,378,940 |
| Games for PS 3 | 947,066,378 | 30 | 28,411,991,340 |
| PS 4 | 57,678,432 | 450 | 25,955,294,400 |
| Games for PS 4 | 380,513,696 | 50 | 19,025,684,800 |
| Total | | | 79,237,499,980 |

Source of information**: http://www.vgchartz.com/weekly/42827/Global/

* - At the initial stage, the PS Vita was sold in Russia, depending on the model, at a price ranging from $350 to $450, in 2017 PS Vita is sold in Russia at a price of $200.

** - Estimates taken from VGChartz.com website are reliable on the following grounds: VGChartz Limited is a business intelligence and research firm and publisher of the VGChartz.com websites. As an industry research firm, VGChartz publishes over 7,000 unique estimates per week relating to worldwide game hardware and software sales and hosts an ever-expanding game database with over 40,000 titles listed and 1.5 million unique data points.

There are no data freely available as concern the amount of PS Vita, games for PS Vita, games for PS 3 as well as PS 4 and games for PS 4 sold in Russia. Nevertheless based on the fact that the population of the Russian Federation is slightly more than 2% of the world population (146.8 million and 7.3 billion people, accordingly), therefore as of April 1, 2017 the total amount of sales in the Russian Federation is as follows:

- PS Vita: $92,903,010 (2% from $4,645,150,500 is $ 92,903,010);
- Games for PS Vita: $23,987,578 (2% from $1,199,378,940 is $23,987,578);
- Games for PS 3: $568,239,827 (2% from $28,411,991,340 is $568,239,827);
- PS 4: $519,105,888 (2% from $25,955,294,400 is $519,105,888);
- Games for PS 4: $380,513,696 (2% from $19,025,684,800 is $380,513,696).

Thus, the amount of compensation for the infringement of the patent No.2427879 as of April 1, 2017 is as follows:

- PS Vita: $5,574,180 (6% from 92,903,010 is $5,574,180);

- Games for PS Vita: $1,439,254 (6% from $23,987,578 is $1,439,254);
- Games for PS 3: $34,094,389 (6% from $568,239,827 is $34,094,389);
- PS 4: $31,146,353 (6% from $519,105,888 is $31,146,353);
- Games for PS 4: $22,830,821 (6% from $380,513,696 is $22,830,821).

Thus, the total amount of compensation for the infringement of the patent No.2427879 as of April 1, 2017 is at a rate of $95 million ($5,574,180 + $1,439,254 + $34,094,389 + $31,146,353 + $22,830,821 = $95,084,997).

II.   Calculation of the amount of compensation for the infringement of the patent No.2427879 from April 1, 2017 till expiration of its validity (October 5, 2029)

Based on the data presented on the site VGChartz, the table 2 provides statistics on the sales of PS Vita, games for PS Vita, games for PS 3, PS 4 and games for PS 4 by years.

Table 2

| Title | Sold worldwide in 2014 (pcs.) | Sold worldwide in 2015 (pcs.) | Sold worldwide in 2016 (pcs.) |
|---|---|---|---|
| PS Vita | 2,700,000 | 2,600,000 | 2,100,000 |
| Games for PS Vita | 14,100,000 | 11,200,000 | 12,800,000 |
| Games for PS 3 | 94,600,000 | 49,600,000 | 24,800,000 |
| PlayStation 4 | 14,600,000 | 17,500,000 | 17,400,000 |
| Games for PS 4 | 71,000,000 | 125,000,000 | 151,000,000 |

Regarding PlayStation Vita

There is no official information on how long Sony Interactive Entertainment will manufacture PS Vita. There is also no official information about whether a new model will succeed PlayStation Vita or not. It is reasonable to assume that the PlayStation Vita, similar to PlayStation Portable, will be sold for another 4 years.

Taking into account the data presented in the table 2, it is reasonable to assume that around 2,000,000 pcs of PS Vita will be sold from 2017 onwards worldwide per year, i.e. for another 4 years will be sold 8,000,000 pcs of PS Vita.

Therefore, in the period from April 1, 2017 till the expiration date of the validity of the patent No.2427879 will be sold worldwide about 8,000,000 pcs of PS Vita for $1,600,000,000. Thus, from April 1, 2017 till the expiration date of the validity of the patent No.2427879 will be sold in the Russian Federation about 160,000 pcs of PS Vita (2% from 8,000,000 is 160,000) for $32,000,000.

Thus, the amount of compensation for the infringement of the patent No. 2427879 as for PS Vita from April 1, 2017 till the expiration date of the validity of the patent No.2427879 is estimated at $1,920,000 (6% from $32,000,000 is $1,920,000).

Regarding games for PlayStation Vita

Games for game consoles are published and sold also after manufacturing of game consoles is discontinued. Therefore, it can be assumed that games for PS Vita will be sold for another 10 years.

Based on the data presented in the table 2, it can be assumed that in the period from April 1, 2017 till the expiration date of the validity of the patent No.2427879 about 12,500,000 games for PS Vita will be sold worldwide per year.

Therefore, in the period from April 1, 2017 till the expiration date of the validity of the patent No.2427879 about 125,000,000 games for PS Vita will be sold worldwide for $2,500,000,000.

Therefore, in the period from April 1, 2017 till the expiration date of the validity of the patent No.2427879 about 2,500,000 of games for PS Vita (2% from 125,000,000 is 2,500,000) will be sold in the Russian Federation for $50,000,000.

Thus, the amount of compensation for the infringement of the patent No. 2427879 as for games for PS Vita from April 1, 2017 till the expiration date of the validity of the patent No.2427879 is estimated at $3,000,000 (6% from $50,000,000 is $3,000,000).

<u>Regarding games for PS 3</u>

Games for game consoles are published and sold also after manufacturing of game consoles is discontinued. Therefore, it can be assumed that games for PS 3 will be sold for another 5 years.

Based on the data presented in the table 2, it can be assumed that in the period from April 1, 2017 till the expiration date of the validity of the patent No.2427879 about 15,000,000 of games for PS 3 will be sold worldwide per year.

Therefore, in the period from April 1, 2017 till the expiration date of the validity of the patent No.2427879 about 75,000,000 games for PS 3 will be sold worldwide for $2,250,000,000.

Therefore, in the period from April 1, 2017 till the expiration date of the validity of the patent No.2427879 about 1,500,000 games for PS 3 (2% from 75,000,000 is 1,500,000) will be sold in the Russian Federation for $45,000,000.

Thus, the amount of compensation for the infringement of the patent No. 2427879 as for games for PS 3 from April 1, 2017 till the expiration date of the validity of the patent No.2427879 is estimated at $2,700,000 (6% from $45,000,000 is $2,700,000).

<u>Regarding PS 4</u>

There is no official information on how long Sony Interactive Entertainment will manufacture PS 4. There is also no official information about whether a new model will succeed PS 4 or not. Nevertheless, it is reasonable to assume that PS 4 will be succeeded.

Based on the data presented in the table 2, it can be assumed that in the period from April 1, 2017 till the expiration date of the validity of the patent No.2427879 about 17,400,000 of PS 4 will be sold worldwide per year.

Therefore, in the period from April 1, 2017 till the expiration date of the validity of the patent No.2427879 about 218,810,958 of PS 4 will be sold worldwide for $98,464,931,100.

Therefore, in the period from April 1, 2017 till the expiration date of the validity of the patent No.2427879 about 4,376,219 of PS 4 (2% from 218,810,958 is 4,376,219) will be sold in the Russian Federation for $1,969,298,550.

Thus, the amount of compensation for the infringement of the patent No. 2427879 as for PS 4 from April 1, 2017 till the expiration date of the validity of the patent No.2427879 is estimated at $118,158,000 (6% from $1,969,298,550 is $118,158,000).

<u>Regarding games for PS 4</u>

Nearly all games for PS 4 are also designed for PS Vita. Games are published and sold after manufacturing of game consoles is discontinued. Therefore, it can be assumed that games for PS 4 will be sold till the expiration date of the validity of the patent No.2427879.

Based on the data presented in the table 2, it can be assumed that in the period from April 1, 2017 till the expiration date of the validity of the patent No.2427879 about 160,000,000 games for PS 4 will be sold worldwide per year.

Therefore, in the period from April 1, 2017 till the expiration date of the validity of the patent No.2427879 2,000,000,000 games for PS 4 will be sold worldwide for $100,000,000,000.

Therefore, in the period from April 1, 2017 till the expiration date of the validity of the patent No.2427879 about 40,000,000 of games for PS 4 (2% from 2,000,000,000 is 40,000,000) will be sold in the Russian Federation for $2,000,000,000.

Thus, the amount of compensation for the infringement of the patent No. 2427879 as for games for PS 4 from April 1, 2017 till the expiration date of the validity of the patent No.2427879 is estimated at $120,000,000 (6% from $2,000,000,000 is $120,000,000).

Thus, the amount of compensation for the infringement of the patent No. 2427879 as for PS Vita, games for PS Vita, games for PS 3, PS 4 and games for PS 4 from April 1, 2017 till the expiration date of the validity of the patent No.2427879 is estimated at a rate of $245 million.

Thus, the amount of compensation for the infringement of the patent No. 2427879 as for PS Vita, games for PS Vita, games for PS 3, PS 4 and games for PS 4 for the entire period of the validity of the patent No.2427879 is estimated at a rate of $340 million ($95 million + $245 million = $340 million).

Thus, based on the doctrine of unjust enrichment defendants are liable to plaintiffs for damages of $340,000,000.

This cause of action is not civil remedies under 18 USC §1964(c) since the Supreme Court of the United States held that there is nothing in §1964(c) that provides a clear indication of Congress's intent to create a private cause of action for injuries suffered outside of the United States, *RJR Nabisco, Inc. v. European Community*, No. 15-138 (2016).

Said amount of damages and this cause of action are based on the doctrine of unjust enrichment (see Count Twenty Nine).

As a conclusion to Count Thirty:

Defendants are liable to plaintiffs for damages of $340,000,000.

## COUNT THIRTY ONE

Defendants caused and continue to cause to plaintiffs pain and suffering damages

Sony Corporation, Sony Interactive Entertainment, Hogan Lovells and the United States Department of Justice caused and continue to cause to plaintiffs pain and suffering damages that is confirmed by the following evidence:

1. The Board of Directors of Sony Corporation adopted May 28, 2003 the Sony Group Code of Conduct (D10). According to this Code of Conduct:

– *Sony Group's policy is to comply with all applicable laws and regulations of the countries and regions in which it operates and to conduct its business activities in an honest and ethical manner* (page 6 of Code of Conduct);

– *It is the policy of Sony Group to comply with all applicable antitrust, competition and fair trade laws and regulations of each country and region where Sony Group conducts business* (page 12 of Code of Conduct);

– *Intellectual Property of Others: In addition to vigorously defending Sony Group's own rights, it is imperative to respect the rights of others. Personnel must not knowingly misuse the intellectual property of others or violate their intellectual property rights* (page 14 of Code of Conduct);

– *Great care must be taken in dealing with government officials; in many countries gifts or payments to government officials are specifically prohibited by law. Some countries assert extraterritorial jurisdiction for such laws regarding gifts or payments to government officials. No gift or payment may be given to government officials, directly or indirectly, for the purpose*

*of, or that appears to be for the purpose of, seeking favorable arrangements or action by such officials* (page 16 of Code of Conduct);

– *All records, recordation and reporting of information, including but not limited to books and other financial records, must be accurate, complete, honest and timely and must be a fair representation of facts. Personnel should never cause records to be inaccurate or create records that are misleading or artificial* (page 17 of Code of Conduct).

Taking into account said Code of Conduct and based on high reputation of Sony Corporation and Sony Computer Entertainment, plaintiffs were sure that Sony Corporation and Sony Computer Entertainment are law-abiding companies and will respect the plaintiffs' patent rights. Unfortunately it turned out quite the contrary. There is a great distance between high reputation of Sony Corporation and Sony Interactive Entertainment, from one side, and a harsh truth evidencing that Sony Corporation and Sony Interactive Entertainment are in fact criminal companies, from another side. Said manifest disrespect showed by Sony Corporation and Sony Interactive Entertainment to intellectual property rights of plaintiffs caused and continues to cause to plaintiffs mental suffering and emotional distress.

**2.** Hogan Lovells has multiple awards and has high rankings over the years (D194). Plaintiffs were sure that Hogan Lovells as international legal practice, including Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS), is a law-abiding company and will respect the rights of plaintiffs. Unfortunately it turned out quite the contrary. There is a great distance between awards and high rankings of Hogan Lovells, from one side, and a harsh truth evidencing that Hogan Lovells is in fact a criminal company, from another side. Said manifest disrespect showed by Hogan Lovells to intellectual property rights of plaintiffs caused and continues to cause to plaintiffs mental suffering and emotional distress.

**3.** As a result of a large number of federal offenses committed by Sony Corporation, Sony Interactive Entertainment, Hogan Lovells, their affiliates, top managers, employees and lawyers plaintiffs have been wrongfully deprived the right to get compensation for the infringement of the patent No.2427879 that caused and continues to cause to plaintiffs mental suffering and emotional distress.

**4.** Despite multiple appeals of plaintiffs to Sony Corporation, Sony Interactive Entertainment, Hogan Lovells, their affiliates, top managers, employees and lawyers, nevertheless, Sony Corporation, Sony Interactive Entertainment and Hogan Lovells, fully understanding their wrongdoing, have not demonstrated their desire to contact with plaintiffs with a view to pay restitution for their deliberate wrongdoing. On the contrary, Sony Corporation, Sony Interactive Entertainment and Hogan Lovells ignored the invitation of plaintiffs to settle the dispute and to compensate non-pecuniary damages in the pretrial order. In other words, Sony Corporation, Sony Interactive Entertainment and Hogan Lovells do not feel any regret about their wrongdoing that caused and continue to cause to plaintiffs mental suffering and emotional distress.

**5.** Sony Corporation and Hogan Lovells ignored the invitation of plaintiffs' legal representative to settle the dispute through negotiation (D195 and D196). Thus, Sony Corporation and Hogan Lovells do not feel any regret about their wrongdoing that caused and continue to cause to plaintiffs mental suffering and emotional distress.

**6.** Sony Corporation, Sony Interactive Entertainment and Hogan Lovells displayed actual intent to cause losses to plaintiffs that caused and continues to cause to plaintiffs mental suffering and emotional distress.

**7.** In order to ensure unjust enrichment at the expense of plaintiffs and to avoid liability for committed wrongdoing Sony Corporation, Sony Interactive Entertainment and Hogan Lovells committed a large number of federal offenses that caused and continue to cause to plaintiffs mental suffering and emotional distress.

**8.** Sony Corporation, Sony Interactive Entertainment and Hogan Lovells knowingly, willfully and wrongfully have deprived the plaintiff 2 as the author of two inventions which were protected by the patent No.2427879 of the author's right to the name. Such blatant injustice and deception caused and continues to cause to plaintiffs mental suffering and emotional distress.

**9.** Wrongful recognition of the patent No.2427879 as invalid led to recognition as invalid of dozens of embodiments of the first and the second inventions which have been protected by the patent No.2427879 that caused and continue to cause to plaintiffs mental suffering and emotional distress.

**10.** It was said at Hogan Lovells' website (D28) that Natalia Gulyaeva as the partner of Hogan Lovells advised Sony Corporation and Sony Computer Entertainment on patent licensing in Russia and represented the client in the patent disputes with the Russian patent trolls. Said allegation refers to patentees (D29). Patentees are not patent trolls (D29). Said Hogan Lovells' deliberate pejorative usage of term "patent trolls" towards plaintiffs is a slander which discredits plaintiffs. Said Hogan Lovells' public slander discrediting plaintiffs caused to plaintiffs mental suffering and emotional distress.

**11.** Sony Corporation, Sony Interactive Entertainment and Hogan Lovells discriminated the human rights of plaintiffs just because plaintiffs live in the Russian Federation where corruption is rampant (D197). If plaintiffs had lived in the United States, then Sony Corporation, Sony Interactive Entertainment and Hogan Lovells could not commit the above mentioned offenses against plaintiffs. Thus, it turns out that the respect or disrespect for human rights of people by Sony Corporation, Sony Interactive Entertainment and Hogan Lovells depends on the country these people live. Said manifest discrimination of the human rights of plaintiffs caused and continues to cause to plaintiffs mental suffering and emotional distress.

**12.** Multiple federal offenses committed by Sony Corporation, Sony Interactive Entertainment and Hogan Lovells disrupted the plaintiffs' professional plans as plaintiffs were forced during 2011, 2012, 2013, 2014, 2015, 2016 and 2017 to spend a lot of time to protect their rights knowingly and willfully violated by Sony Corporation, Sony Interactive Entertainment and Hogan Lovells that caused and continues to cause to plaintiffs mental suffering and emotional distress.

**13.** Mental suffering and emotional distress caused knowingly and willfully by Sony Corporation, Sony Interactive Entertainment and Hogan Lovells to plaintiff 2 has impacted negatively on his health. So, plaintiff 2 was diagnosed with diabetes November 2013 (D198).

**14.** The fact that DOJ (1) in violation of federal statute refused to investigate plaintiffs' information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their employees and lawyers committed a large number of federal offenses, (2) knowingly and willfully concealed said federal offenses, (3) knowingly and willfully aided Sony Group companies, Hogan Lovells and their employees and lawyers to avoid liability for committed federal offenses and (4) repeatedly defrauded the United States in order to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs, caused to plaintiffs mental suffering and emotional distress.

Justice is expressed in adequacy of legal liability. In this regard, defendants will grasp their legal liability for pain and suffering damages caused to plaintiffs if the court will set a fair and compensurate amount of compensation.

As a conclusion to Count Thirty One:

Plaintiffs believe that legal responsibility of defendants for pain and suffering damages caused knowingly and willfully by defendants to plaintiffs should be fair and commensurate.

## COUNT THIRTY TWO

Punitive damages should deter Sony Corporation, Sony Interactive Entertainment, Hogan Lovells and the United States Department of Justice from similar acts in the future

Punitive damages is a monetary compensation awarded to an injured party that goes beyond that which is necessary to compensate the individual for losses and that is intended to punish the wrongdoer. Punitive damages are usually reserved for when the defendant has displayed actual intent to cause harm.

The conduct of Sony Corporation, Sony Interactive Entertainment, Hogan Lovells and the United States Department of Justice is characterized as egregiously insidious.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

As follows from arguments and proofs disclosed in the complaint:

i. Sony Corporation, Sony Interactive Entertainment, Hogan Lovells and the United States Department of Justice acted with deliberate intent to cause harm to plaintiffs and with full understanding that their conduct is wrongful, with willful disregard for the rights of plaintiffs,

ii. conduct of Sony Corporation, Sony Interactive Entertainment, Hogan Lovells and the United States Department of Justice is outrageous, fraudulent, egregiously insidious and particularly reprehensible,

iii. Sony Corporation, Sony Interactive Entertainment, Hogan Lovells and the United States Department of Justice do not feel any regret about committed by them federal offenses.

As a conclusion to Count Thirty Two:

Plaintiffs believe that the amount of punitive damages will deter Sony Corporation, Sony Interactive Entertainment, Hogan Lovells and the United States Department of Justice from similar acts in the future.

## COUNT THIRTY THREE

Plea for declaratory judgment

(1)     Count One contains proofs which evidence that the invention under the patent No.2427879 is used in game console PlayStation Vita.

Based on arguments and proofs disclosed in Count One, pursuant to 28 U.S.C. §2201(a), plaintiffs plead the United States District Court of the District of Columbia for the following declaratory judgment:

The set of features *"An electronic device comprising a touchpad, a visual display and a joystick characterized in that at least one touchpad is arranged on the rear side of the body of the electronic device to function in said arrangement, herewith a user of the electronic device through manipulations with the touchpad or with the joystick controls at least one virtual symbol displayed on at least one visual display arranged on the front side of the body of the electronic device"* of the

149

invention disclosed in independent claim 1 of the patent No.2427879 is used in game console PlayStation Vita.

**(2)**     Count Seven contains arguments and proofs which evidence that: (1) the judgment of the Arbitration Court of Moscow dated July 17, 2013, the ruling of the Ninth Arbitration Court of Appeals dated October 3, 2013 and the ruling of the Court for Intellectual Property Rights as the court of cassation dated December 6, 2013 rendered on the lawsuit No.A40-128053/12-117-1239 are knowingly unjust, (2) said adjudications were obtained by fraud that deprived plaintiffs of an adequate opportunity to present their case and (3) plaintiffs are victims of fraudulently attained judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239.

Count Seventeen contains arguments and proofs evidencing that: (1) the judgment of the Arbitration Court of Moscow dated April 14, 2015, the ruling of the Ninth Arbitration Court of Appeals dated June 30, 2015 and the ruling of the Court for Intellectual Property Rights as the court of cassation dated September 18, 2015 rendered on the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances are knowingly unjust, (2) said adjudications were obtained by fraud that deprived plaintiffs of an adequate opportunity to present their case and (3) plaintiffs are victims of fraudulently attained judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances.

Pursuant to 28 U.S.C. §2201(a) and D.C. Code §15-364, plaintiffs plead the United States District Court of the District of Columbia for the following declaratory judgment:

The United States District Court of the District of Columbia does not recognize the following foreign-country judgments and rulings:

(a)  The judgment of the Arbitration Court of Moscow dated July 17, 2013, the ruling of the Ninth Arbitration Court of Appeals dated October 3, 2013 and the ruling of the Court for Intellectual Property Rights as the court of cassation dated December 6, 2013 rendered on the lawsuit No.A40-128053/12-117-1239.

(b)  The judgment of the Arbitration Court of Moscow dated April 14, 2015, the ruling of the Ninth Arbitration Court of Appeals dated June 30, 2015 and the ruling of the of the Court for Intellectual Property Rights as the court of cassation dated September 18, 2015 rendered on the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances.

## COUNT THIRTY FOUR

Plea for declaratory judgment

Counts Twenty Three, Twenty Four and Twenty Five contain proofs which evidence that the United States Department of Justice committed acts that obstructed a lawful governmental function by means that were dishonest.

Pursuant to 28 U.S.C. §2201(a), plaintiffs plead the United States District Court of the District of Columbia for the following declaratory judgment:

Consideration by the United States Department of Justice of plaintiffs' information which evidence that Sony Corporation, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and their top managers, employees and lawyers jointly committed a large number of federal offenses was not bona fide. During consideration of said plaintiffs' information the United States Department of Justice committed acts that obstructed a lawful governmental function by means that were dishonest.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues in this action.

**CONCLUSION**

**Wherefore,** plaintiffs respectfully demand judgment against defendants as follows:

(i)    for compensatory damages in the amount of $340,000,000 pursuant to Count Twenty Seven,

(ii)   for pain and suffering damages pursuant to Count Thirty One,

(iii)  for punitive damages pursuant to Count Thirty Two,

(iv)   a declaratory judgment pursuant to Count Thirty Three,

(v)    a declaratory judgment pursuant to Count Thirty Four,

(vi)   both pre-judgment and post-judgment interest as provided by law,

(vii)  such other and further relief as this Court finds just and proper.

Signed by:
Vitaly Pilkin

Vladimir Miroshnichenko