# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VITALY PILKIN, *et al.*,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>SONY INTERACTIVE ENTERTAINMENT, LLC, *et al.*,<br><br>        *Defendants*. | Civil Action No. 17-2501 (RDM) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Vitaly Pilkin and Vladimir Miroshnichenko are citizens of the Russian Federation, and, appearing *pro se*, bring this suit against Sony Entertainment LLC and Sony Corporation (collectively "Sony"), the law firm Hogan Lovells LLP, and the United States Department of Justice and Attorney General Jefferson Sessions "in his official capacity" (collectively "Federal Defendants"), seeking damages for an alleged criminal conspiracy to deprive them of profits from their Russian patent. Dkt. 1 at 1, 3. Although Plaintiffs' 152-page complaint is not the picture of clarity, it appears that their principal argument is that Sony and Hogan Lovells conspired to undermine Plaintiffs' patent in legal proceedings in Russia, actions which Plaintiffs allege violated a number of United States statutes. Plaintiffs seek monetary damages of $340,000,000 "based on the doctrine of unjust enrichment[.]" *Id.* at 4. Plaintiffs further argue that the Federal Defendants are liable for their losses because the Department of Justice failed to investigate and to prosecute Sony and Hogan Lovells for criminal activity, thereby "aid[ing] Sony Group companies and Hogan Lovells" and "defraud[ing] the United States." *Id.*

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a case "at any time" it determines that the complaint "fails to state a claim upon which relief can be granted" or "seeks monetary relief against a defendant who is immune from such relief." Even more fundamentally, federal courts have an obligation to ensure that they have subject matter jurisdiction over any and all claims pending before them. *See* Fed. R. Civ. P. 12(h)(3) (requiring the Court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting). For the reasons explained below, the Court will dismiss the complaint against the Federal Defendants for want of subject matter jurisdiction.

A suit against the Department of Justice and the Attorney General in his official capacity must be treated as a suit against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Claims against the United States for money damages, however, are barred by sovereign immunity unless a waiver of that immunity is "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Here, Plaintiffs allege that the United States is liable for money damages because they provided the Federal Defendants with "arguments and proofs which evidence[d] that for several years Sony Group Companies, [and] Hogan Lovells . . . with high probability committed an FCPA violation and [a] RICO offense," Dkt. 1 at 103, and the Federal Defendants did not investigate or prosecute Sony and Hogan Lovells based on that information, *id.* at 106 (alleging that the Federal Defendants "committed acts that obstructed a lawful governmental function by means that were dishonest," in violation of "the U.S. Attorneys' Manual (Title 9, 9-42.001[)]" and "18 U.S.C. § 371").

Plaintiffs have not identified—and cannot identify—any statute that waives the sovereign immunity of the United States for claims premised on the failure of the Department of Justice to investigate allegations of criminal misconduct or to bring criminal charges against a third party.

Certainly, nothing in the United States Attorneys' Manual purports to authorize suits against the United States, *see United States v. North*, No. 88-cr-80, 1988 WL 148491, at *1 n.2 (D.D.C. Nov. 10, 1988) ("The United States Attorney's Manual . . . . does not have the force of law."), nor is it possible to construe anything contained in 18 U.S.C. § 371 or RICO to do so. And, although the Federal Tort Claims Act authorizes certain suits for money damages against the United States, that waiver of sovereign immunity does not apply to "[a]ny claim based upon . . . the exercise or performance or the failure to perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a). Here, no statute, regulation, or policy mandates that the Department of Justice initiate a criminal investigation or bring criminal charges, and judicial "second-guessing" of whether the Department should do so is not only at odds with the purposes of the discretionary function exception, *see United States v. Gaubert*, 499 U.S. 315, 323 (1991), but would raise significant separation of powers concerns, *see Heckler v. Chaney*, 470 U.S. 821, 832 (1985).

Because the United States has not waived its sovereign immunity, the Court lacks subject matter jurisdiction over Plaintiffs' claims against the Federal Defendants, and those claims must be dismissed.

Accordingly, on the Court's own motion, it is hereby

**ORDERED** that this action should be, and is hereby, **DISMISSED** against the United States Department of Justice and United States Attorney General Jefferson Sessions.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: April 4, 2018