LET IT BE FILED

Ralph S. Moss
USDT
5/1/18

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VITALY EVGENIEVICH PILKIN<br><br>14/1, Yasny proezd, apartment 8,<br>Moscow, 127081, Russian Federation<br><br>VLADIMIR VITALYEVICH<br>MIROSHNICHENKO<br>84, 3 pochtovoe otdelenie street,<br>apartment 28, Lyubertsy, Moscow Region,<br>140003, Russian Federation<br><div align="right">Plaintiffs,</div><br><div align="center">vs.</div><br>SONY INTERACTIVE ENTERTAINMENT<br>LLC<br>2207 Bridgepointe Pkwy, San Mateo,<br>CA 94404, United States<br><br>SONY CORPORATION<br>1-7-1 Konan Minato-ku, Tokyo, 108-0075 Japan<br><br>HOGAN LOVELLS US LLP<br>Columbia Square 555 Thirteenth Street, NW<br>Washington, D.C. 20004, United States<br><div align="right">Defendants.</div> | AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF<br><br><br>Civil Action No. 1:17-cv- 02501 (RDM)<br><br><br>PLAINTIFFS DEMAND A TRIAL BY JURY |



### AMENDED COMPLAINT

Based on Memorandum Opinion and Order filed 04/04/18 obliging the plaintiffs to dismiss this action against the United States Department of Justice and United States Attorney General Jefferson Sessions and Order filed 04/05/18 offering the plaintiffs to file an amended complaint that satisfied the requirements of Rule 8 as well as pursuant to Rule 15(a)(2) the plaintiffs on their own behalf file this amended complaint against the above captioned defendants, respectfully alleging as follows:

## I.  THE PARTIES

1.    **Plaintiffs:**

**Vitaly Evgenievich Pilkin** (plaintiff 1) is natural person and citizen of the Russian Federation, residing in the Russian Federation at the address: Yasny proezd, 14/1, apartment 8, Moscow, 127081, Russian Federation, e-mail: vitalypilkin@gmail.com, phone number is +79852225545.

**Vladimir Vitalievich Miroshnichenko** (plaintiff 2) is natural person and citizen of the Russian Federation, residing in the Russian Federation at the address: 3 pochtovoe otdelenie street, 84, apartment 28, Lyubertsy, Moscow Region, 140003, Russian Federation, e-mail: vladimir8428@gmail.com, phone number is +79161334053.

2.    **Defendants:**

**Sony Interactive Entertainment LLC** (until April, 2016 it was Sony Computer Entertainment Inc.) is Sony Group Company, subsidiary of Sony Corporation, headquartered at 2207 Bridgepointe Pkwy, San Mateo, CA 94404 United States. It does business in the District of Columbia as well as has agents and other representatives in the District of Columbia.

**Sony Corporation** is a foreign corporation headquartered at 1-7-1 Konan Minato-ku, Tokyo, 108-0075 Japan. It does business in the District of Columbia as well as has agents and other representatives in the District of Columbia. Securities of Sony Corporation are listed and traded in the United States. Sony Corporation is issuer and periodically submits reports before the Securities and Exchange Commission.

**Hogan Lovells US LLP** is a limited liability partnership registered in the District of Columbia with its principal place of business at Columbia Square 555 Thirteenth Street, NW Washington, D.C. 20004, United States.

## II.  JURISDICTION

3.    Jurisdiction in this action is predicated upon 28 U.S.C. §§ 1331, 1332, 1343(a)(3), 1357, 2201.

4.    This cause of action is based on the doctrine of unjust enrichment and is not civil remedies under 18 USC §1964(c).

### III.   VENUE

5.      Venue for this action is predicated upon 28 U.S.C. §1391(a)(1).

### IV.   INTRODUCTION

6.      In order not to pay the patent infringement damages to the plaintiffs who were the owners of the Russian patent on the invention, the defendants and their affiliates conspired and committed an FCPA (Foreign Corrupt Practices Act) violation and the RICO (The Racketeer Influenced and Corrupt Organizations Act) offense. The commission by the defendants and their affiliates of said federal offenses allowed to invalidate the patent on the invention, to deprive the plaintiffs of the right to get compensation for the patent infringement damages, to affect foreign commerce and to ensure unjust enrichment of the defendants at the expense of the plaintiffs.

### V. STATEMENT OF FACTS

**A.  Conspiracy**

7.      The plaintiffs were the owners of the patent of the Russian Federation No.2427879 on the invention named as "Control of virtual symbols" (hereinafter called as 'the patent').

8.      The invention under the patent is used in game console PlayStation Vita.

9.      Sony Computer Entertainment (since April 2016 Sony Interactive Entertainment) is the manufacturer of game consoles PlayStation Vita and developer of said game consoles worldwide. Sony Interactive Entertainment and Sony Corporation get income from sales of game consoles PlayStation Vita worldwide.

10.     At the end of 2011 Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) found out that the invention protected by the patent is used in game console PlayStation Vita and became a legal obstacle in the way of sales of game consoles PlayStation Vita in Russia.

11.     In order not to pay compensation to the plaintiffs who were the owners of the patent for the patent infringement damages Sony Corporation, Sony Computer Entertainment, Hogan Lovells (CIS) and Sony Electronics conspired to commit any possible acts, including the commission of

federal offenses, in order to deprive the plaintiffs of the patent and thus to affect foreign commerce and to ensure unjust enrichment of Sony Group companies at the expense of the plaintiffs.

12.   Despite the defendants are aware of aforementioned conspiracy, nevertheless, no one of the conspirators responsible for said wrongdoing has been punished or dismissed, on the contrary, some of them have been raised in rank.

13.   In violation of federal statute, Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS), their top executives, employees and lawyers, who have been involved in the commission of said conspiracy, knowingly and willfully concealed said conspiracy from DOJ.

## B.   Corrupt practices, bribes, fraudulent representations, fraudulent concealment and nondisclosure

14.   Implementing aforementioned conspiracy, Sony Electronics represented by law firm Hogan Lovells (CIS) filed with the Russian Patent and Trademark Office (Rospatent) the opposition against the grant by Rospatent of the patent.

15.   Not having any proofs which would evidence that the invention disclosed in the patent is invalid, Hogan Lovells (CIS) had to falsify knowingly and willfully proofs in Sony Electronics' opposition against the grant of the patent as well as to commit fraudulent representation, fraudulent concealment and nondisclosure while Rospatent was considering said Sony Electronics' opposition.

16.   Sony Electronics was aware of said fraudulent representations, fraudulent concealment and nondisclosure committed by Hogan Lovells (CIS).

17.   In order to invalidate the patent Sony Electronics funded corruption and bribing top executives of Rospatent. Hogan Lovells (CIS), using Sony Electronics' funds, organized and realized said corruption and bribing.

18.  September 8, 2012 Rospatent decided to satisfy Sony Electronics' opposition against the grant of the patent and to recognize the patent as invalid.

19.  Despite Rospatent was aware that Sony Electronics' opposition against the grant of the patent was based on the fraudulent representation and did not contain proofs evidencing that the patent is invalid, nevertheless, the decision of Rospatent to invalidate the patent is based completely on said fraudulent representation.

20.  Arguments and conclusions put in the basis of the decision of Rospatent to invalidate the patent do not correspond to actual circumstances of the case and evidence available in the case.

21.  Top executives of Rospatent as the Russian government officials being in their official capacity have made deliberately false representations and abused of entrusted power with full understanding that their conduct was wrongful.

22.  Sony Corporation and Sony Computer Entertainment knowingly and willfully aided Sony Electronics and Hogan Lovells (CIS) to corrupt and bribe top executives of Rospatent.

23.  Despite the defendants are aware of the commission of said crimes, nevertheless, no one of employees and lawyers of Sony Group companies and Hogan Lovells responsible for said wrongdoing has been punished or dismissed, on the contrary, some of them have been raised in rank.

24.  Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) as well as top executives, employees and lawyers of Sony Group companies and Hogan Lovells who have been involved in the commission of said crimes conspired to conceal and then knowingly and willfully concealed said wrongdoing from DOJ.

25.  Conspiracy, fraudulent representation, corrupt practices, bribes, fraudulent concealment and fraudulent nondisclosure allowed:

(a)  Sony Corporation, Sony Computer Entertainment and Sony Electronics to ensure sales of game consoles PlayStation Vita in Russia and thus to affect foreign commerce and to ensure

unjust enrichment of Sony Corporation and Sony Computer Entertainment at the expense of the plaintiffs;

(b)  Hogan Lovells to procure its commission deriving from said wrongdoing.

## C.  Continuing corrupt practices, bribes, fraudulent representations, fraudulent concealment and nondisclosure

26.  The plaintiff's 1 complaint against the decision of Rospatent to invalidate the patent has been considered by the Arbitration Court of Moscow as the court of first instance July 17, 2013 (the lawsuit No.A40-128053/12-117-1239),  the plaintiff's 1 appeal to reverse judgment of the court of first instance on the lawsuit has been considered by the Arbitration Court of Appeals October 3, 2013 and the plaintiff's 1 appeal on the lawsuit submitted before the court of cassation has been considered by the Court for Intellectual Property Rights December 6, 2013.

27.  The court of first instance, the court of appeals and the court of cassation set out judgment and rulings on the lawsuit which rejected the plaintiff's 1 complaint against the decision of Rospatent to invalidate the patent and confirmed the lawfulness of said decision of Rospatent.

28.  Rospatent and Hogan Lovells (CIS) knowingly, willfully and repeatedly committed fraud upon the Russian courts and concealed from the Russian courts circumstances relevant to the lawsuit.

29.  Sony Electronics was aware of fraudulent representations, fraudulent concealment and fraudulent nondisclosure of circumstances relevant to the lawsuit committed knowingly and repeatedly by Rospatent and lawyers of Hogan Lovells (CIS).

30.  The judgment on the lawsuit rendered by the Russian court of first instance is knowingly unjust adjudication since:

(a)  The court of first instance rejected all plaintiffs' proofs without any reasoned evaluation.

(b)  The court of first instance refused to put before forensic examination all plaintiffs' questions without any explanation.

(c)  The court of first instance assigned questions to be put before forensic examination which did not contribute just and fair settlement of the lawsuit.

(d) The court of first instance refused to verify reliability of the plaintiff's statement of tampering proofs committed by Rospatent.

(e) Although the court of first instance recognized that was impossible to consider the lawsuit without an expert opinion, nevertheless, not having expert knowledge, the court of first instance established as reliable Rospatent's proofs which have been called by the plaintiffs as falsified.

(f) The court of first instance put in the basis of the judgment falsified conclusions contained in the decision of Rospatent to invalidate the patent and fraudulent arguments submitted to the court of first instance by Hogan Lovells (CIS).

(g) The findings of the court of first instance set forth in the judgment on the lawsuit do not correspond to the proofs available in the lawsuit.

(h) The judgment on the lawsuit has been rendered with deliberate substantial violation of the legal proceedings as well as substantive law which influenced the outcome of the litigation on the lawsuit.

31. The court of appeals and the court of cassation confirmed lawfulness of conclusions set out in the judgment of the court of first instance on the lawsuit dated July 17, 2013, herewith:

(a) Findings of the court of appeals and the court of cassation set forth in their adjudications do not correspond to the proofs available in the lawsuit;

(b) Rulings of the court of appeals and the court of cassation were taken with deliberate substantial violation of the legal proceedings as well as substantive law which influenced the outcome of the litigation on the lawsuit.

32. Rulings of the court of appeals and the court of cassation rendered on the lawsuit are in fact knowingly unjust.

33. The Russian judges as the Russian government officials being in their official capacity have made deliberately false representations and abused of entrusted power with full understanding of their wrongdoing. Sony Group has gained unfair and unlawful business advantages from

aforementioned deliberate deception and abuse of entrusted power committed by the Russian judges.

34.   Sony Electronics and Hogan Lovells (CIS) as legal representative of Sony Electronics on the lawsuit have influenced willfully and wrongfully adjudications in the lawsuit in order to ensure unfair and unlawful gain for Sony Group companies.

35.   In order to confirm by the Russian courts the lawfulness of the decision of Rospatent to invalidate the patent Sony Electronics funded corruption and bribing the Russian judges of three Russian courts. Hogan Lovells (CIS), using Sony Electronics' funds, organized and realized said corruption and bribing.

36.   Sony Corporation and Sony Computer Entertainment knowingly and willfully aided Sony Electronics and Hogan Lovells (CIS) to corrupt and bribe the Russian judges of three Russian courts.

37.   Despite the defendants are aware of aforementioned crimes, nevertheless, no one of employees and lawyers of Sony Group companies and Hogan Lovells responsible for said wrongdoing has been punished or dismissed, on the contrary, some of them have been raised in rank.

38.   In violation of federal statute, Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) as well as employees and lawyers of Sony Group companies and Hogan Lovells who have been involved in the commission of said crimes conspired to conceal and then knowingly and willfully concealed from DOJ said wrongdoing.

39.   Conspiracy, fraudulent representation, corrupt practices, bribes, fraudulent concealment and fraudulent nondisclosure allowed:

   (a)  Sony Corporation, Sony Computer Entertainment and Sony Electronics to ensure sales of game consoles PlayStation Vita in Russia and thus to affect foreign commerce and to ensure unjust enrichment of Sony Corporation and Sony Computer Entertainment at the expense of the plaintiffs;

(b)   Hogan Lovells to procure its commission deriving from said wrongdoing.

40.   The adjudications rendered by the Russian judges on the lawsuit No.A40-128053/12-117-1239 (i) are knowingly unjust, (ii) have been obtained by fraud, corruption and bribes that deprived the plaintiffs of an adequate opportunity to present its case and (iii) rendered in circumstances when the Russian judges abused of entrusted power with full understanding of their wrongdoing. The plaintiffs became the victims of fraudulently attained judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239.

## D.   Continuing corrupt practices, bribes, fraudulent representations, fraudulent concealment and nondisclosure

41.   Despite throughout 2014 and 2015 Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP and a large number of partners and lawyers of Hogan Lovells have been informed by the plaintiffs on conspiracy, fraudulent representations, corrupt practices, bribes, fraudulent concealment and fraudulent nondisclosure committed by Sony Electronics and Hogan Lovells (CIS), nevertheless, no one of employees and lawyers of Sony Electronics and Hogan Lovells (CIS) has been punished or dismissed, on the contrary, some of them have been raised in rank and Sony Electronics and Hogan Lovells (CIS) continued to commit conspiracy, fraud, corrupt practices, bribes, fraudulent concealment and fraudulent nondisclosure.

42.   Disagreeing with the findings of the Russian courts set out in judgment and rulings in 2013 on the lawsuit No.A40-128053/12-117-1239, the plaintiff 1 appealed to the Arbitration Court of Moscow as the court of first instance to review on newly discovered circumstances the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013.

43.   The Russian court of first instance considered said plaintiff's 1 appeal to review the enacted judgment on newly discovered circumstances on the lawsuit April 14, 2015, the Russian court of appeals considered said appeal June 13, 2015 and the Russian court of cassation considered said appeal September 18, 2015.

44.   The court of first instance, the court of appeals and the court of cassation rejected said plaintiff's
      1 appeal to review on newly discovered circumstances the enacted judgment on the lawsuit and
      confirmed the lawfulness of said judgment.

45.   Rospatent and Hogan Lovells (CIS) continued to commit fraud upon the court, fraudulent
      concealment and fraudulent nondisclosure of the circumstances relevant to the lawsuit No.A40-
      128053/12-117-1239.

46.   Sony Electronics was aware of fraudulent representations, fraudulent concealment and
      fraudulent nondisclosure of circumstances relevant to the lawsuit committed knowingly and
      repeatedly by Rospatent and lawyers of Hogan Lovells (CIS).

47.   Through voluntary fraudulently presented findings the Russian courts have set out knowingly
      unjust judgment and rulings.

48.   The Russian judges as the Russian government officials being in their official capacity have
      made deliberately false representations and abused of entrusted power with full understanding
      of their wrongdoing. Sony Group has gained unfair and unlawful business advantages from
      aforementioned deliberate deception and abuse of entrusted power committed by the Russian
      judges.

49.   Sony Electronics and Hogan Lovells (CIS) as legal representative of Sony Electronics on the
      lawsuit have influenced willfully and wrongfully adjudications in the lawsuit in order to ensure
      unfair and unlawful gain for Sony Group companies.

50.   In order to confirm by the court the lawfulness of the decision of Rospatent to invalidate the
      patent No.2427879 Sony Electronics funded corruption and bribing the Russian judges of three
      Russian courts. Hogan Lovells (CIS), using Sony Electronics' funds, organized and realized
      said corruption and bribing.

51.   Sony Corporation, Sony Computer Entertainment, Hogan Lovells US LLP and Hogan Lovells
      International LLP knowingly and willfully aided Sony Electronics and Hogan Lovells (CIS) to
      corrupt and bribe the Russian judges of three Russian courts.

52. Despite the defendants are aware of aforementioned crimes, nevertheless, no one of employees and lawyers of Sony Group companies and Hogan Lovells responsible for said wrongdoing has been punished or dismissed, on the contrary, some of them have been raised in rank.

53. In violation of federal statute, Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) as well as employees and lawyers of Sony Group companies and Hogan Lovells who have been involved in the commission of said crimes conspired to conceal and then knowingly and willfully concealed from DOJ said wrongdoing.

54. Conspiracy, fraudulent representation, corrupt practices, bribes, fraudulent concealment and fraudulent nondisclosure allowed:

    (a) Sony Corporation, Sony Computer Entertainment and Sony Electronics to ensure sales of game consoles PlayStation Vita in Russia and thus to affect foreign commerce and to ensure unjust enrichment of Sony Corporation and Sony Computer Entertainment at the expense of the plaintiffs;

    (b) Hogan Lovells to procure its commission deriving from said wrongdoing.

55. The adjudications rendered by the Russian judges when considering the plaintiff's 1 appeal to review the enacted judgment on newly discovered circumstances (i) are knowingly unjust, (ii) have been obtained by fraud, corruption and bribes that deprived the plaintiffs of an adequate opportunity to present its case and (iii) rendered in circumstances when the Russian judges abused of entrusted power with full understanding of their wrongdoing. The plaintiffs became the victims of fraudulently attained judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239.

56. Taking into consideration facts disclosed in paragraphs 40 and 55 of the present amended complaint, in accordance with D.C. Code §15-364, the US District Court for the District of Columbia may not recognize a foreign-country judgments and rulings on the lawsuit No.A40-128053/12-117-1239.

57.   Despite throughout 2014 and 2015 Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP and a large number of partners and lawyers of Hogan Lovells have been informed by the plaintiffs on said conspiracy, fraudulent representations, corrupt practices, bribes, fraudulent concealment and fraudulent nondisclosure committed by Sony Electronics and Hogan Lovells (CIS), nevertheless, December 24, 2015 Hogan Lovells (CIS) as legal representative of Sony Electronics submitted before the Russian court of appeals the answer to plaintiff's 1 appeal to review the enacted judgment on newly discovered circumstances on the lawsuit No.A40-128053/12-117-1239 which contained fraudulent representation in order to gain unfair and unlawful business advantages to Sony Corporation, Sony Computer Entertainment and Sony Electronics.

E.   **Sony Group companies defrauded the United States**

58.   In the period from February 2014 till September 2017 the plaintiffs (1) repeatedly appealed to Sony Group companies, including Sony Corporation, Sony Computer Entertainment and Sony Electronics with information which evidence that in order to ensure unjust enrichment at the expense of the plaintiffs Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS), their top executives, their employees, partners and lawyers committed a large number of federal offenses, including an FCPA violation and a large number of acts of racketeering activity, (2) invited them to carry out bona fide corporate investigation of said evidence and then to submit results of said bona fide investigation to DOJ voluntary and in timely manner and (3) invited them to compensate damages caused to the plaintiffs through ADR.

59.   Nevertheless, Sony Corporation, Sony Computer Entertainment and Sony Electronics:

   (a)   did not carry out bona fide corporate investigation of information submitted to them by the plaintiffs;

(b) did not punish or dismiss no one of their employee involved in the commission of said federal offenses;

(c) did not submit results of said bona fide corporate investigation to DOJ.

60. On the contrary:

(a) Being aware of federal offenses committed by Sony Group companies and Hogan Lovells, Sony Corporation and Sony Computer Entertainment during several years knowingly and willfully abetted and aided Sony Electronics and Hogan Lovells (CIS) to corrupt and bribe the Russian government officials, to commit fraudulent representation and fraudulent concealment, to corrupt employees and lawyers of Sony Electronics and Hogan Lovells (CIS) in order to commit said wrongdoing and to conceal from DOJ the commission of said wrongdoing.

(b) Sony Corporation, Sony Computer Entertainment, Sony Electronics and their top executives conspired to conceal and conceal from DOJ information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS), their top executives, employees and lawyers committed a large number of federal offenses.

## F. Hogan Lovells defrauded the United States

61. In the period from March 2014 till September 2017 the plaintiffs (1) repeatedly appealed to top executives of Hogan Lovells and more than 700 partners of Hogan Lovells with information which evidence that (i) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS), their top executives, employees, partners and lawyers, including CEO of Hogan Lovells Stephen Immelt and Deputy CEO of Hogan Lovells David Hudd, committed a large number of federal offenses, including an FCPA violation and multiple acts of racketeering activity, (ii) Hogan Lovells US LLP and CEO of Hogan Lovells Stephen Immelt corruptly persuaded the Attorney General Loretta Lynch to influence wrongfully DOJ decision to refuse investigation of federal offenses

committed by Sony Group companies, Hogan Lovells, their top executives, employees, partners and lawyers, (2) invited them to carry out bona fide corporate investigation of said evidence and then to submit results of said bona fide investigation to DOJ voluntary and in timely manner, (3) urged CEO of Hogan Lovells Stephen Immelt to confess in the commission of said crimes, (4) invited them to compensate damages caused to the plaintiffs through ADR.

62.   Nevertheless, Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS):

   (a)  did not carry out bona fide corporate investigation of information submitted to them by the plaintiffs;

   (b)  did not punish or dismiss no one of their partners and lawyers involved in the commission of said federal offenses;

   (c)  did not submit results of said bona fide corporate investigation to DOJ.

63.   On the contrary:

   (a)  Being aware of federal offenses committed by Sony Group companies and Hogan Lovells, Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS) during several years knowingly and willfully abetted and aided Sony Electronics and Moscow office of Hogan Lovells (CIS) to corrupt and bribe the Russian government officials, to commit fraudulent representation and fraudulent concealment, to corrupt lawyers of Hogan Lovells (CIS) in order to commit said wrongdoing and to conceal from DOJ the commission of said wrongdoing.

   (b)  Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS), their top executives and more than 700 partners of Hogan Lovells conspired to conceal and concealed from DOJ information evidencing that Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS), their top executives, employees and lawyers committed a large number of federal offenses.

(c)  More than 700 partners of Hogan Lovells, despite they were aware of involvement of CEO of

Hogan Lovells Stephen Immelt and Deputy CEO of Hogan Lovells David Hudd in a large

number of federal offenses jointly committed by Sony Corporation, Sony Interactive

Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP,

Hogan Lovells (CIS) in order to affect foreign commerce and to ensure unjust enrichment of

Sony Group companies at the expense of the plaintiffs, nevertheless, said partners of Hogan

Lovells extended September 2017 Stephen Immelt's and David Hudd's terms of office as

CEO and Deputy CEO respectively by another two years, concealed said federal offenses

from DOJ and thus aided the defendants to commit said federal offenses.

## G.  Defendants induced DOJ to obstruct a lawful governmental function

64.  From October 2013 till September 2016 the plaintiffs submitted before DOJ repeatedly

information which evidence the following:

(a)  Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP,

Hogan Lovell International LLP, Hogan Lovells (CIS), their top executives, employees,

partners and lawyers conspired and committed several federal offenses,

(b)  corporate management of said companies was voluntary involved in conspiring and

committing said federal offenses,

(c)  Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP,

Hogan Lovell International LLP and Hogan Lovells (CIS) did not undertake any efforts to

implement an effective corporate compliance programs or to improve an existing programs,

(d)  Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP,

Hogan Lovell International LLP and Hogan Lovells (CIS) concealed from DOJ committed

federal offenses,

(e)  no one from aforementioned entities and their employees and lawyers disclosed timely and

voluntary said federal offenses and no one from them wants to cooperate in the investigation

of committed federal offenses,

(f) no one from aforementioned entities replaced responsible management, disciplined or terminated wrongdoers,

(g) no one demonstrates its willingness to pay restitution and cooperate with the relevant government agencies, corporates compliance programs do not work,

(h) Sony Corporation, Sony Computer Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovell International LLP and Hogan Lovells (CIS) did not demonstrate the adequacy of the prosecution of employees responsible for the corporation's malfeasance,

(i) Hogan Lovells unlawfully used unofficial sources of information in DOJ in order to avoid liability for FCPA violations and the RICO offense committed by Sony Group companies, Hogan Lovells, their top executives, employees and lawyers.

65.   Since:

(a) the prosecution of corporate crime is a high priority for the Department of Justice. By investigating allegations of wrongdoing and bringing charges where appropriate for criminal misconduct, the Department promotes critical public interests (see 'Principles of Federal Prosecution of Business Organizations' in US Attorneys' Manual);

(b) under 28 U.S.C. §547 (1), each United States attorney, within his district, shall prosecute for all offenses against the United States;

(c) under USAM 9-2.010, the United States Attorney, as the chief federal statute enforcement officer in his district, is authorized to request the appropriate federal investigative agency to investigate alleged or suspected violations of federal statute;

(d) within DOJ, the Fraud Section of the Criminal Division has primary responsibility for all FCPA matters. FCPA matters are handled primarily by the FCPA Unit within the Fraud Section, regularly working jointly with U.S. Attorneys' Offices around the country (see page 4 of the Resource Guide to the FCPA);

(e) under the RICO Act, Manual for Federal Prosecutors prepared by the Staff of the Organized Crime and Gang Section of DOJ (Sixth revised edition, May 2016) and public official

information available on DOJ website, Organized Crime and Gang Section of Criminal Division of DOJ (OCGS) is authorized to investigate and prosecute RICO offenses,

hence, under federal statute, DOJ should have investigated plaintiffs' information submitted before DOJ which evidence that Sony Group companies, Hogan Lovells and their employees and lawyers committed an FCPA violation and the RICO offense.

66.  Nevertheless, in violation of federal statute, DOJ headed by the Attorney General Loretta Lynch knowingly and willfully refused to investigate aforementioned plaintiffs' information submitted before DOJ in 2013, 2015 and 2016.

67.  DOJ refusal to investigate the plaintiffs' information evidencing an FCPA violation and the RICO offense committed by Sony Group companies, Hogan Lovells and their employees and lawyers is a result at least of corrupt practices committed by Hogan Lovells US LLP and CEO of Hogan Lovells Stephen Immelt. In violation of 18 U.S.C. §201(b)(1)(C), Hogan Lovells US LLP and CEO of Hogan Lovells Stephen Immelt corruptly persuaded the Attorney General Loretta Lynch to influence wrongfully DOJ decision to refuse investigation of federal offenses committed by Sony Group companies, Hogan Lovells, their top executives, employees and lawyers.

68.  The Attorney General Loretta Lynch knowingly and willfully obstructed criminal investigation by DOJ of federal offenses committed by Sony Group Companies, Hogan Lovells, their top executives, employees and lawyers.

69.  From March 2017 till September 2017 the plaintiffs submitted before DOJ headed by the Attorney General Jeff Sessions and FBI information which evidence the following:

(a)  From December 2011 till March 2017 Sony Corporation, Sony Interactive Entertainment, Sony Electronics and law firm Hogan Lovells: (1) knowingly and willfully committed multiple illegal acts, including: offenses against the United States, corrupting the Russian and the US government officials, bribery, obstruction of criminal investigations, tampering with a witness, fraudulent representations, fraudulent concealment and fraudulent nondisclosure, wire

and mail fraud and (2) involved in commission of said illegal acts a large number of individuals including partners and lawyers of Hogan Lovells and even the Attorney General Loretta Lynch who knowingly and willfully obstructed criminal investigation by Department of Justice of said offenses. As a result of voluntary participation in the conduct of the enterprise through a pattern of racketeering activity said companies committed the RICO offense and an FCPA violation and have got income derived from the commission of said crimes;

(b) Hogan Lovells and partners of Hogan Lovells continue to conceal from DOJ FCPA violations and RICO offense jointly committed by Sony Group companies and law firm Hogan Lovells;

(c) After the Attorney General Loretta Lynch retired January 2017 Sony Group companies and Hogan Lovells saved their ties with unknown high ranking corrupt officials of DOJ.

(d) DOJ as before continues to conceal federal offences committed by Sony Group companies and Hogan Lovells and by doing this DOJ continues to defraud the United States.

70. September 20, 2017 the plaintiffs received reply from DOJ which confirmed the following:

(a) in violation of federal statute, DOJ was not investigating and is not investigating plaintiffs' information submitted to DOJ which evidence (1) FCPA violations and RICO offense jointly committed by Sony Corporation, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS), their top executives, employees and lawyers and (2) misconduct inside DOJ;

(b) DOJ concealed said federal offenses jointly committed by Sony Group companies, law firm Hogan Lovells, their top executives, employees and lawyers before the Attorney General Loretta Lynch retired and continues to conceal said federal crimes at present. By doing this DOJ knowingly and willfully aided and continues to aid Sony Group companies, Hogan Lovells and their employees and lawyers to avoid liability for the commission of said federal crimes and, as a consequence, to affect foreign commerce and thus to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs.

71.   In order to avoid liability for the commission of said federal offenses and thus to ensure unjust enrichment of the defendants at the expense of the plaintiffs the defendants induced DOJ to obstruct a lawful governmental function by means that were dishonest.

## VI.   DEFENDANTS' LIABILITY

### A.   Legal definitions and provisions of federal statutes

72.   For proper understanding the responsibility of the defendants for their acts within the present cause of action, the plaintiffs refer to the following legal definitions and provisions of federal statutes:

(a)   **Knowingly unjust judgment** in relation to civil proceedings is such adjudication which does not correspond to the actual circumstances of a lawsuit and set out with willful violation by a judge (judges) of substantive and / or procedural law that affected the outcome of the lawsuit.

(b)   **Fraud** is defined as an abuse of position, or false representation, or prejudicing someone's rights for personal gain. Put simply, fraud is an act of deception intended for personal gain or to cause a loss to another party. The general criminal offence of fraud can include: deception whereby someone knowingly makes false representation, or they fail to disclose information, or they abuse a position.

(c)   **The elements of fraud** are "(1) a false representation, (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) an action that is taken in reliance upon the representation." *In re Estate of Nethken*, 978 A.2d 603, 607 (D.C. 2009).

(d)   **Corruption** is defined by Transparency International as the abuse of entrusted power for private gain. World Bank defines corruption as the abuse of public office for private gain. The Stanford Encyclopedia of Philosophy defines corruption as the abuse of power by a public official for private gain. Bribery is the most common form of corruption.

(e)   **15 U.S.C. § 78dd-1(a)(1)(A)** provides that it shall be unlawful for any issuer which has a class of securities registered pursuant to section 78l of this title or which is required to file reports under section 78o(d) of this title, or for any officer, director, employee, or agent of such issuer or any stockholder thereof acting on behalf of such issuer, to make use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to any foreign official for purposes of: (i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person.

(f)   **15 U.S.C. § 78dd-2(a)(1)(A)** provides that it shall be unlawful for any domestic concern, or for any officer, director, employee, or agent of such domestic concern or any stockholder thereof acting on behalf of such domestic concern, to make use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to any foreign official for purposes of (i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage in order to assist such domestic concern in obtaining or retaining business for or with, or directing business to, any person.

(g)   **15 U.S.C. § 78dd-1(f)(1)(A)** and **15 U.S.C. §78dd–2 (h)(2)(A)** provide that the term "foreign official" means any officer or employee of a foreign government or any department, agency, or instrumentality thereof, or of a public international organization, or any person acting in an official capacity for or on behalf of any such government or department, agency, or instrumentality.

(h)   **15 U.S.C. §78dd–1 (f)(2)(A)** and **15 U.S.C. §78dd–2 (h)(3)(A)** provide the following: a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if (i) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or (ii) such person has a firm belief that such circumstance exists or that such result is substantially certain to occur.

(i)   **15 U.S.C. §78dd–1 (f)(2)(B)** and **15 U.S.C. §78dd–2 (h)(3)(B)** provide the following: when knowledge of the existence of a particular circumstance is required for an offense, such knowledge is established if a person is aware of a high probability of the existence of such circumstance, unless the person actually believes that such circumstance does not exist.

(j)   **18 U.S.C. §2** provides the following: (a) whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal; (b) whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

(k)   **18 U.S.C. § 371** creates an offense relating to conspiracy to defraud the United States and provides the following: if two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose. In *Hass v. Henkel*, 216 U.S. 462 (1910), the Supreme Court stated: The statute is broad enough in its terms to include any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of government . . . Any conspiracy which is calculated to obstruct or impair its efficiency and destroy the value of its operation and reports as fair, impartial and reasonably accurate, would be to defraud the United States by depriving it of its lawful right and duty of promulgating or diffusing the information so officially acquired in the way and at the time required by law or departmental regulation.

(l) **18 U.S.C. §201(b)(1)(C)** provides the following: whoever, directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent to induce such public official or such person who has been selected to be a public official to do or omit to do any act in violation of the lawful duty of such official or person.

(m) **18 U.S.C. §1001** creates an offense relating to false statement and provides the following: if whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

(n) **18 U.S.C. §1341** creates an offense relating to mail fraud.

(o) **18 U.S.C. §1343** creates an offense relating to wire fraud.

(p) **18 U.S.C. §1510(a)** creates an offense relating to obstruction of criminal investigations and provides the following: whoever willfully endeavors by means of bribery to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator.

(q) **18 U.S.C. §1512(b)(1)** provides that it shall be unlawful if whoever knowingly corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to influence, delay, or prevent the testimony of any person in an official proceeding.

(r) **18 U.S.C. §1512(b)(3)** provides that it shall be unlawful if whoever knowingly corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to prevent the communication to a law enforcement officer of information relating to the commission or possible commission of a federal offense.

(s) **18 U.S.C. §1961(1)** provides that 'Racketeering activity' means: (A) any act … involving ….bribery, …………. which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: section 201 (relating to bribery), …….. section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), …….. section 1510 (relating to obstruction of criminal investigations), …….. section 1512 (relating to tampering with a witness…), …….. . The Supreme Court of the United States in *RJR Nabisco, Inc. v. European Community*, No.15-138 (2016), held that RICO's incorporation of predicate acts which themselves expressly apply extraterritorially manifested a "clear, affirmative indication that § 1962 applies to foreign racketeering activity". *Id.* at 11-12.  The Supreme Court of the United States also held that while RICO contains no domestic enterprise requirement, an enterprise still "must engage in, or affect in some significant way, commerce directly involving the United States." *Id.* at 17.

(t) **18 U.S.C. §1961(4)** provides that "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

(u) **18 U.S.C. §1961(5)** provides that "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years after the commission of a prior act of racketeering activity.

(v) **18 U.S.C. §1962(c)** provides that it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

(w) **18 U.S.C. §1962(d)** provides that it shall be unlawful for any person to conspire to be involved in operation of any enterprise the activities of which affects foreign commerce, in the conduct or participation of such enterprise's affairs through a pattern of racketeering activity. The Supreme Court of the United States in *RJR Nabisco, Inc. v. European Community*, No.15-138 (2016), held that RICO's incorporation of predicate acts which themselves expressly apply extraterritorially manifested a "clear, affirmative indication that §1962 applies to foreign racketeering activity". *Id.* at 11-12. The Supreme Court of the United States also held that while RICO contains no domestic enterprise requirement, an enterprise still "must engage in, or affect in some significant way, commerce directly involving the United States." *Id.* at 17.

## B. Defendants committed federal offenses

73. In violation of 18 U.S.C. §2, 18 U.S.C. §371, 18 U.S.C. §1001, 18 U.S.C. §1962(d), Sony Corporation, Sony Computer Entertainment and Hogan Lovells (CIS) conspired to commit any possible acts, including the commission of federal offenses, in order to deprive the plaintiffs of the patent and thus to affect foreign commerce and to ensure unjust enrichment of Sony Group companies at the expense of the plaintiffs.

74. In violation of 18 U.S.C. §2, 18 U.S.C. §371, 18 U.S.C. §1001, Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) knowingly and willfully concealed said conspiracy from DOJ and thus defrauded the United States.

75. Since from 2012 to 2015 several employees changed position of CEO of Sony Electronics, Sony Corporation and Sony Computer Entertainment, hence, in violation of 15 U.S.C. §78dd-1(a)(1)(A), 15 U.S.C. § 78dd-2(a)(1)(A), 18 U.S.C. §2, 18 U.S.C. §1512(b)(1), 18 U.S.C.

§1961(1)(A) and 18 U.S.C. §1961(1)(B), Sony Corporation and Sony Computer Entertainment repeatedly abetted Sony Electronics and corruptly persuaded several CEO of Sony Electronics:

(a) to pay to Hogan Lovells (CIS) not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in Rospatent and in the Russian courts but also for (i) fraudulent representations, fraudulent concealment and nondisclosure committed by Hogan Lovells (CIS) while the patent dispute has been considered in Rospatent and in the Russian courts and (ii) corrupting and bribing top executives of Rospatent and the Russian judges (who are foreign government officials) in order to ensure invalidation of the patent;

(b) to use funds of Sony Electronics for funding said unlawful acts of Hogan Lovells (CIS);

(c) to use funds of Sony Electronics for funding corruption and bribing top executives of Rospatent and the Russian judges while the patent dispute has been considered in Rospatent and in the Russian courts.

76. From 2012 to 2015, in violation of 15 U.S.C. §78dd-1(a)(1)(A), 15 U.S.C. § 78dd-2(a)(1)(A), 18 U.S.C. §2, 18 U.S.C. §1512(b)(1), 18 U.S.C. §1961(1)(A) and 18 U.S.C. §1961(1)(B), Sony Electronics knowingly and repeatedly paid to Hogan Lovells (CIS) not only for legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in Rospatent and in the Russian courts but also for (i) fraudulent representations, fraudulent concealment and nondisclosure committed by Hogan Lovells (CIS) while the patent dispute has been considered in Rospatent and in the Russian courts  and (ii) corrupting and bribing top executives of Rospatent and the Russian judges in order to ensure invalidation of the patent.

77. In violation of 18 U.S.C. §2 and 18 U.S.C. §1961(1)(A) one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was the bribe paid repeatedly by Sony Electronics to Hogan Lovells (CIS) for fraudulent representations, fraudulent concealment and nondisclosure committed by Hogan Lovells (CIS) and for corrupting and bribing top executives of Rospatent and the Russian judges while the patent dispute has been considered in Rospatent and in the Russian courts.

78. In violation of 15 U.S.C. §78dd-1(a)(1)(A), 15 U.S.C. § 78dd-2(a)(1)(A), 18 U.S.C. §1512(b)(1), 18 U.S.C. §1961(1)(A), 18 U.S.C. §1961(1)(B), Hogan Lovells (CIS) (i) committed fraudulent representations, fraudulent concealment and nondisclosure while the patent dispute has been considered in Rospatent and in the Russian courts and (ii) corrupted and bribed top executives of Rospatent and the Russian judges while the patent dispute has been considered in Rospatent and in the Russian courts.

79. In violation of 18 U.S.C. §1512(b)(1), 18 U.S.C. §1961(1)(A) and 18 U.S.C. §1961(1)(B), Hogan Lovells (CIS) repeatedly corruptly persuaded lawyers of Hogan Lovells (CIS) to commit fraudulent representations, fraudulent concealment and nondisclosure while the patent dispute has been considered in Rospatent and in the Russian courts.

80. In violation of 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(1)(A) and 18 U.S.C. §1961(1)(B), Sony Electronics and Hogan Lovells (CIS) willfully endeavored and corruptly persuaded lawyers of Sony Electronics and Hogan Lovells (CIS) to prevent their communication to DOJ of information evidencing an FCPA violation and acts of racketeering activity committed by Sony Electronics and Hogan Lovells (CIS).

81. In violation of 18 U.S.C. §1961(1)(A), 18 U.S.C. §1961(1)(B), 18 U.S.C. §1962(c), 18 U.S.C. §1962(d), Sony Electronics and Hogan Lovells (CIS) committed multiple acts of racketeering activity.

82. In violation of 15 U.S.C. § 78dd-1(a)(1)(A), 15 U.S.C. § 78dd-2(a)(1)(A), 15 U.S.C. §78dd–1 (f)(2)(B), 15 U.S.C. §78dd–2 (h)(3)(B) and 18 U.S.C. §2(a), Sony Corporation, Sony Computer Entertainment, Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully aided Sony Electronics and Hogan Lovells (CIS) to commit multiple FCPA violations.

83. In violation of 18 U.S.C. §1961(1)(A), 18 U.S.C. §1961(1)(B), 18 U.S.C. §1962(c), 18 U.S.C. §1962(d), Sony Corporation, Sony Computer Entertainment, Sony Interactive Entertainment, Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully aided Sony Electronics and Hogan Lovells (CIS) to commit multiple acts of racketeering activity.

84.   In violation of 18 U.S.C. §1961(1)(A), 18 U.S.C. §1961(1)(B), 18 U.S.C. §1962(c), 18 U.S.C. §1962(d), Sony Corporation, Sony Computer Entertainment, Sony Interactive Entertainment, Hogan Lovells US LLP, Hogan Lovells International LLP, their top executives, employees, partners and lawyers committed multiple acts of racketeering activity.

85.   In violation of 18 U.S.C. §1341 and 18 U.S.C. §1343 the defendants committed multiple federal offenses relating to mail fraud and wire fraud.

86.   In violation of 18 U.S.C. §2, 18 U.S.C. §201(b)(1)(C), 18 U.S.C. §1510(a), 18 U.S.C. §1961(1)(A), 18 U.S.C. §1961(1)(B), Hogan Lovells US LLP and CEO of Hogan Lovells Stephen Immelt corruptly persuaded the Attorney General Loretta Lynch to obstruct criminal investigation by DOJ of federal offenses committed by Sony Group Companies, Hogan Lovells, their top executives, employees, partners and lawyers.

87.   In violation of 18 U.S.C. §2, 18 U.S.C. §371, 18 U.S.C. §1001, the defendants induced DOJ to obstruct a lawful governmental function by means that were dishonest.

88.   In violation of 18 U.S.C. §1001 and 18 U.S.C. §1510(a), Sony Electronics, Sony Corporation, Sony Computer Entertainment, Sony Interactive Entertainment, their top executives and employees knowingly and willfully concealed from DOJ an FCPA violation and the RICO offense committed by Sony Electronics, Sony Corporation, Sony Computer Entertainment, Hogan Lovells US LLP, Hogan Lovells International LLP knowingly, Hogan Lovells (CIS), their top executives, employees, partners and lawyers.

89.   In violation of 18 U.S.C. §1001 and 18 U.S.C. §1510(a), Hogan Lovells US LLP, Hogan Lovells International LLP knowingly, Hogan Lovells (CIS), their top executives, partners and lawyers knowingly and willfully concealed from DOJ an FCPA violation and the RICO offense committed by Sony Electronics, Sony Corporation, Sony Computer Entertainment, Hogan Lovells US LLP, Hogan Lovells International LLP knowingly, Hogan Lovells (CIS), their top executives, employees, partners and lawyers.

90.   Taking into consideration facts disclosed in paragraphs 73 - 89 of the amended complaint, the defendants knowingly and willfully participated, directly or indirectly, in the conduct of the enterprise's affairs "through a pattern of racketeering activity" in order to affect in some significant way foreign commerce directly involving the United States and thus to ensure unjust enrichment of the defendants at the expense of the plaintiffs. In combination with provisions of 18 U.S.C. §1961(1), 18 U.S.C. §1961(4), 18 U.S.C. §1961(5), 18 U.S.C. §1962(c) and 18 U.S.C. §1962(d) said defendants' acts constitute the RICO offense.

91.   Taking into consideration facts disclosed in paragraphs 73 - 90 of the amended complaint, the defendants defrauded the United States in order to affect in some significant way foreign commerce directly involving the United States and thus to ensure unjust enrichment of the defendants at the expense of the plaintiffs.

92.   Aforementioned facts of the commission by the defendants of federal offenses are confirmed also by evidence disclosed in plaintiffs' complaint filed with the Court November 13, 2017.

## VII.   DAMAGES

### Count I. Unjust enrichment

93.   The Restatement (Third) of Restitution and Unjust Enrichment states that unjust enrichment is enrichment that lacks an adequate legal basis. The doctrine of unjust enrichment applies "when a person retains a benefit (usually money) which in justice and equity belongs to another." Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 63 (D.C. 2005). The recipient of such a benefit has "a duty to make restitution to the other person 'if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for [the recipient] to retain it.'" Id. (quoting RESTATEMENT OF RESTITUTION § 1 cmt. c (AM. LAW INST. 1937)). "Unjust enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." Euclid St., LLC v. District of Columbia Water & Sewer Auth., 41 A.3d 453, 463 n.10 (D.C. 2012).

94. The plaintiffs as the owners of the patent would not have lost the right to get compensation for the infringement of the patent, Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched at the expense of the plaintiffs and Hogan Lovells would not have procured its commission for its wrongdoing, if:

(a) Sony Corporation, Sony Computer Entertainment, Sony Electronics and Hogan Lovells (CIS) (i) had not conspired to commit any possible acts, including the commission of federal offenses, in order to deprive the plaintiffs of the patent and (ii) had not concealed said conspiracy from DOJ, and / or

(b) Sony Electronics and Hogan Lovells (CIS) (i) had not committed false representation in Sony Electronics' opposition against the grant of the patent, (ii) had not committed false representation, fraudulent concealment and nondisclosure when the patent dispute has been considered in Rospatent and (iii) had not corrupted and had not bribed top executives of Rospatent who have considered Sony Electronics' opposition against the grant of the patent.

95. The plaintiffs as the patentees would have restored the right to get compensation for the infringement of the patent, Sony Corporation and Sony Computer Entertainment would not have been unjustly enriched at the expense of the plaintiffs and Hogan Lovells would not have procured its commission for its wrongdoing, if:

(a) Hogan Lovells (CIS) and Sony Electronics had not committed repeatedly fraudulent representations, fraudulent concealment and nondisclosure and had not corrupted and had not bribed repeatedly the Russian courts that have considered the lawsuit No.A40-128053/12-117-1239, and / or

(b) Sony Electronics and Hogan Lovells (CIS) had not committed FCPA violations, and / or

(c) from December 2011 till September 2017 Sony Electronics and Hogan Lovells (CIS) had not committed multiple acts of racketeering activity, and / or

(d) Sony Corporation, Sony Computer Entertainment, Hogan Lovells US LLP and Hogan Lovells International LLP had not aided Sony Electronics and Hogan Lovells (CIS) to commit

repeatedly fraudulent representations, fraudulent concealment and nondisclosure, to corrupt and to bribe repeatedly the Russian government officials, to commit FCPA violations and multiple acts of racketeering activity, and / or

(e) from December 2011 till September 2017 Sony Corporation, Sony Computer Entertainment and Sony Interactive Entertainment had not committed multiple acts of racketeering activity, and / or

(f) from March 2014 till September 2017 Hogan Lovells US LLP and Hogan Lovells International LLP had not committed multiple acts of racketeering activity, and / or

(g) a large number of top executives and employees of Sony Corporation, Sony Computer Entertainment, Sony Interactive Entertainment and Sony Electronics had not participated voluntary in the commission of said acts of racketeering activity, and / or

(h) a large number of top executives, partners and lawyers of Hogan Lovells (CIS), Hogan Lovells US LLP and Hogan Lovells International LLP had not participated voluntary in the commission of said acts of racketeering activity, and / or

(i) Sony Corporation, Sony Computer Entertainment, Sony Interactive Entertainment, Sony Electronics, their top executives and employees had not concealed repeatedly said federal offenses from DOJ, and / or

(j) Hogan Lovells (CIS), Hogan Lovells US LLP, Hogan Lovells International LLP, their top executives, partners and lawyers had not concealed repeatedly said federal offenses from DOJ.

96.   The plaintiffs would have restored the right to get compensation from Sony Group companies and Hogan Lovells for wrongful deprivation of the patent and unjust enrichment of Sony Group companies and Hogan Lovells, if:

(a) the defendants had not induced DOJ to obstruct a lawful governmental function by means that were dishonest;

(b) DOJ had not concealed multiple federal offenses committed by Sony Corporation, Sony Interactive Entertainment, Sony Electronics, Hogan Lovells US LLP, Hogan Lovells

International LLP, Hogan Lovells (CIS), their top executives, employees, partners and lawyers,

(c) DOJ had not aided Sony Group companies and Hogan Lovells (i) to commit said federal offenses, (ii) to avoid liability for the commission of said federal offenses and, as a consequence, (ii) to affect foreign commerce of Sony Corporation and Sony Interactive Entertainment and thus to ensure unjust enrichment of Sony Group companies and Hogan Lovells at the expense of plaintiffs,

(d) DOJ had not committed acts that obstructed a lawful governmental function by means that were dishonest.

97. Based on the calculation of damages suffered by the plaintiffs as a result of wrongdoing committed by the defendants (said calculation is available in Count Thirty of plaintiffs' complaint filed with the Court November 13, 2017), the defendants are liable to the plaintiffs for damages of $340,000,000.

98. This cause of action is based on the doctrine of unjust enrichment and it is not civil remedies under 18 USC §1964(c).

**Count II. Pain and suffering damages**

99. The defendants caused and continue to cause to the plaintiffs pain and suffering damages that is confirmed by the following facts:

(a) The Board of Directors of Sony Corporation adopted May 28, 2003 the Sony Group Code of Conduct. Taking into account provisions of said Code of Conduct, the plaintiffs were sure that Sony Corporation and Sony Computer Entertainment Sony Interactive Entertainment are law-abiding companies and will respect plaintiffs' patent rights.  It turned out quite the contrary. There is a great distance between provisions of said Code of Conduct and facts disclosed in the present amended complaint. Sony Corporation and Sony Interactive Entertainment are in fact criminal companies. Said manifest disrespect showed by Sony Corporation and Sony

Interactive Entertainment to intellectual property rights of the plaintiffs caused and continues to cause to the plaintiffs mental suffering and emotional distress.

(b) Hogan Lovells has multiple awards and has high rankings over the years. The plaintiffs were sure that Hogan Lovells as international legal practice, including Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS), is a law-abiding company and will respect the rights of the plaintiffs. It turned out quite the contrary. Hogan Lovells is in fact a criminal company. Said manifest disrespect showed by Hogan Lovells to intellectual property rights of the plaintiffs caused and continues to cause to the plaintiffs mental suffering and emotional distress.

(c) As a result of a large number of federal offenses committed by Sony Corporation, Sony Interactive Entertainment, Hogan Lovells, their affiliates, top executives, employees and lawyers the plaintiffs have been wrongfully deprived the right to get compensation for the infringement of the patent that caused and continues to cause to the plaintiffs mental suffering and emotional distress.

(d) Despite multiple appeals of the plaintiffs to Sony Corporation, Sony Interactive Entertainment, Hogan Lovells, their affiliates, top executives, employees and lawyers, nevertheless, Sony Corporation, Sony Interactive Entertainment and Hogan Lovells, fully understanding their wrongdoing, have not demonstrated their desire to contact with the plaintiffs with a view to pay restitution for their deliberate wrongdoing. On the contrary, Sony Corporation, Sony Interactive Entertainment and Hogan Lovells have ignored multiple invitations of the plaintiffs to settle the dispute and to compensate damages in the pretrial order. In other words, Sony Corporation, Sony Interactive Entertainment and Hogan Lovells do not feel any regret about their wrongdoing that caused and continue to cause to the plaintiffs mental suffering and emotional distress.

(e)  Sony Corporation, Sony Interactive Entertainment and Hogan Lovells displayed actual intent to cause losses to the plaintiffs that caused and continues to cause to the plaintiffs mental suffering and emotional distress.

(f)  In order to affect foreign commerce of Sony Corporation and Sony Interactive Entertainment and thus to ensure unjust enrichment at the expense of the plaintiffs and to avoid liability for committed wrongdoing Sony Corporation, Sony Interactive Entertainment and Hogan Lovells committed a large number of federal offenses that caused and continue to cause to the plaintiffs mental suffering and emotional distress.

(g)  Sony Corporation, Sony Interactive Entertainment and Hogan Lovells knowingly, willfully and wrongfully have deprived the plaintiff 2 as the author of two inventions which were protected by the patent of the author's right to the name. Such blatant injustice and deception caused and continues to cause to the plaintiffs mental suffering and emotional distress.

(h)  Wrongful invalidation of the patent invalidated dozens of embodiments of the first and the second inventions which have been protected by the patent that caused and continue to cause to the plaintiffs mental suffering and emotional distress.

(i)  It was said at Hogan Lovells' official website that Natalia Gulyaeva as the partner of Hogan Lovells advised Sony Corporation and Sony Computer Entertainment on patent licensing in Russia and represented the client in the patent disputes with the Russian patent trolls. Said allegation refers to the plaintiffs as the owners of the patent. The plaintiffs are not patent trolls. Said Hogan Lovells' deliberate pejorative usage of term "patent trolls" towards the plaintiffs is a defamation that discredits the plaintiffs and caused to the plaintiffs mental suffering and emotional distress.

(j)  Sony Corporation, Sony Interactive Entertainment and Hogan Lovells have discriminated the human rights of the plaintiffs just because the plaintiffs live in the Russian Federation where corruption is rampant. If the plaintiffs had lived in the United States, then, Sony Corporation, Sony Interactive Entertainment and Hogan Lovells could not commit the above mentioned

offenses against the plaintiffs. Thus, it turns out that the respect or disrespect for human rights of people by Sony Corporation, Sony Interactive Entertainment and Hogan Lovells depends on the country these people live. Said manifest discrimination of the human rights of the plaintiffs caused and continues to cause to the plaintiffs mental suffering and emotional distress.

(k) Multiple federal offenses committed by Sony Corporation, Sony Interactive Entertainment, Hogan Lovells, their top executives, employees and lawyers disrupted plaintiffs' professional plans as the plaintiffs were forced during 2011, 2012, 2013, 2014, 2015, 2016 and 2017 to spend a lot of time to protect their rights knowingly and willfully violated by Sony Corporation, Sony Interactive Entertainment and Hogan Lovells that caused and continues to cause to the plaintiffs mental suffering and emotional distress.

(l) Mental suffering and emotional distress caused knowingly and willfully by the defendants to the plaintiffs impacted extremely negative on health of the plaintiff Vladimir Miroshnichenko and April 23, 2018 he died.

100. Justice is expressed in adequacy of legal liability. In this regard, the defendants will grasp their legal liability for pain and suffering damages caused to the plaintiffs if the Court will set a fair and commensurate amount of compensation.

**Count III. Punitive damages**

101. Punitive damages is a monetary compensation awarded to an injured party that goes beyond that which is necessary to compensate the individual for losses and that is intended to punish the wrongdoer. Punitive damages are usually reserved for when the defendant has displayed actual intent to cause harm. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

102. The defendants acted with deliberate intent to cause harm to the plaintiffs and with full understanding that their conduct is wrongful, with willful disregard for the rights of the

plaintiffs. Defendants' conduct is outrageous, fraudulent, egregiously insidious and particularly reprehensible. The defendants do not feel any regret about committed by them federal offenses.

## VIII.  PRAYER FOR RELIEF

**Wherefore,** the plaintiffs respectfully pray for relief and judgment against all defendants, jointly and severally, as follows:

A.    That this Court issue a permanent injunction that will do the following:

(i)   Prohibit each defendant and its successors, officers, employees, and all persons acting in concert with each defendant, from committing any act of racketeering, as defined in 18 U.S.C. § 1961(1), and from associating directly or indirectly, with any other person known to them to be engaged in such acts of racketeering or with any person in concert or participation with them.

(ii)  Prohibit each defendant and its successors, officers, employees, and all persons acting in concert with each defendant, from committing FCPA violations and from associating, directly or indirectly, with any other person known to them to be engaged in such violations or with any person in concert or participation with them.

(iii) Order each defendant to disclose and make available to the Department of Justice all documents and evidence relating to FCPA violations and the RICO offense committed, directly or indirectly, by themselves and their respective agents, affiliates, servants, officers, directors, employees and all persons acting in concert with them.

B.    That this Court issue a declaratory judgment that will do the following:

(a)   Pursuant to 28 U.S.C. §2201(a) and D.C. Code §15-364 declare that  the United States District Court of the District of Columbia does not recognize the following foreign-country judgments and rulings:

i.    The judgment of the Arbitration Court of Moscow dated July 17, 2013, the ruling of the Ninth Arbitration Court of Appeals dated October 3, 2013 and the ruling of the Court for

Intellectual Property Rights as the court of cassation dated December 6, 2013 rendered on the lawsuit No.A40-128053/12-117-1239.

ii.  The judgment of the Arbitration Court of Moscow dated April 14, 2015, the ruling of the Ninth Arbitration Court of Appeals dated June 30, 2015 and the ruling of the of the Court for Intellectual Property Rights as the court of cassation dated September 18, 2015 rendered on the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances.

(b)  Pursuant to 28 U.S.C. §2201(a) declare that (i) consideration by the United States Department of Justice of plaintiffs' information which evidence that the defendants jointly committed a large number of federal offenses was not bona fide, (ii) during consideration of said plaintiffs' information the United States Department of Justice committed acts that obstructed a lawful governmental function by means that were dishonest.

(c)  Pursuant to 28 U.S.C. §2201(a) declare that the invention under the patent is used in game console PlayStation Vita.

C.  Award compensatory damages for the plaintiffs in the amount of $340,000,000 on Count I.

D.  Award pain and suffering damages for the plaintiffs on Count II.

E.  Award punitive damages on Count III.

F.  Grant the plaintiffs both pre-judgment and post-judgment interest as provided by law.

G.  Grant the plaintiffs such other and further relief as this Court finds just and proper.


## IX.  DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues in this action.

Date: April 24, 2018


Signed by:

Vitaly Pilkin



SECURITY CHECKED

THE CONTENTS OF THIS PACKAGE HAVE BEEN CHECKED
FOR SECURITY PURPOSES, BY THE PERSON(S) NAMED:

FOR DHL (PRINT NAME)    FOR CLIENT (PRINT NAME)

Прокошин С          Пилкин В.

FOR DHL (SIGNATURE)    FOR CLIENT (SIGNATURE)

STATION

92 0885 0910   11/18

ORIGIN   DESTINATION CODE   D C A

EXPRESS WORLDWIDE do

SCL v7.3.7

20001 WASHINGTON —

TT99   US-DC

From (Shipper)

Shipper's account number      Contact name

V.E. PILKIN

Shipper's reference

Company name      n/a

Address   14/1, YASAY PROEZd. apt. 8
Moscow, 127081, RUSSIA
VITALYPILKIN@gmail.com
Postcode/Zip Code (required)   Phone, Fax or E-mail (required)
127081                 +79882825545

Shipment details

Total weight   0.5

Full description of contents

Documents

To (Receiver)

CLERK, U.S. DISTRICT COURT

333 CONSTITUTION AVENUE,
NW, WASHINGTON, DC 20001
USA
Postcode/Zip Code (required)
20001

Contact person
CLERK,

L 16

DC1F      Commercial

20001 — 2802

EDD: 4/26/2018
HWB: 9208850910
PCS: 1/1

dhl.co

WAYBILL

Shipment No.:  9208850910  2018-0

Sender's Reference:

24.04.18