IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VITALY PILKIN <br> *Plaintiff*, <br> vs. <br> SONY INTERACTIVE ENTERTAINMENT LLC, et al., <br> *Defendants*. | Civil Action No. 1:17 - 2501 (RDM) |

**PLAINTIFF'S OPPOSITION TO SERVED DEFENDANT HOGAN LOVELLS US LLP'S MOTION TO DISMISS**

Plaintiff Vitaly Pilkin (hereinafter referred to as 'Plaintiff') respectfully requests that the Court deny Defendant Hogan Lovells US LLP's motion to dismiss this action with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. 26).

Defendant Hogan Lovells US LLP (hereinafter referred to as 'Defendant' or 'Hogan Lovells') failed to state in the motion to dismiss a claim upon which relief may be granted. In support, Plaintiff respectfully refers the Court to the memorandum of point and authorities in opposition to Defendant's motion to dismiss filed concurrently herewith.

Under penalty of perjury, Plaintiff declares that the information given in this opposition to the Defendant's motion to dismiss is true and correct. Executed on June 27, 2018.

Respectfully submitted,

Vitaly Pilkin

Plaintiff *Pro Se*

1/1, Vereskovaya Street, apartment 111,
Moscow, 129329,
Russian Federation,
Phone: +79852225545.
E-mail: vitalypilkin@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on June 27, 2018, I electronically filed the foregoing with the United States District Court for the District of Columbia by using the CM/ECF system and emailed a copy of the foregoing to served defendants Hogan Lovells US LLP at peter.bisio@hoganlovells.com and kirti.datla@hoganlovells.com and Sony Interactive Entertainment LLC at psechler@robbinsrussell.com and alavinbuk@robbinsrussell.com

Date: June 27, 2018

Vitaly Pilkin

Plaintiff *Pro se*

1/1, Vereskovaya Street, apartment 111,
Moscow, 129329,
Russian Federation,
Phone: +79852225545.
E-mail: vitalypilkin@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VITALY PILKIN<br>   *Plaintiff,*<br> vs.<br>SONY INTERACTIVE ENTERTAINMENT LLC, et al.,<br>   *Defendants*. | Civil Action No. 1:17 - 2501 (RDM) |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

## IN OPPOSITION TO SERVED DEFENDANT HOGAN LOVELLS US LLP'S

## MOTION TO DISMISS

Date: June 27, 2018

Vitaly Pilkin

Plaintiff *Pro se*

1/1, Vereskovaya Street, apartment 111,
Moscow, 129329,
Russian Federation,
Phone: +79852225545.
E-mail: vitalypilkin@gmail.com

**TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………………………………………. 2

BACKGROUND……………………………………………………………………... 3

PROCEDURAL HISTORY…………………………………………………………… 4

STATEMENT ………………………………………………………………..…… 5

STANDARDS FOR DISMISSAL ………………………………………………...…. 5

ARGUMENT……………………………………………………………...……... 7

I.  THIS COURT HAS SUBJECT-MATTER JURISDICTION …………………..…. 7

    A.  There Is Federal Question Jurisdiction ……………………………………….. 7

    B.  There Is Diversity Jurisdiction……………………………………….....…. 9

II. PLAINTIFF STATES CLAIMS UPON WHICH RELIEF CAN BE GRANTED… 10

    A.  This Cause Of Action Is Based On The Doctrine Of Unjust Enrichment …..…. 10

    B.  Plaintiff's Allegations Satisfy The Requirements Of Rules 8(a) or 9(b) …………. 11

    C.  Statute Of Limitations …………………………………………………...……..12

    D.  This Court May Not Recognize a Foreign-Country Judgment …………….…13

CONCLUSION  ………………………………………………………………… .... 13

## BACKGROUND

As a result of conspiracy, incitements to violate the criminal statute of the United States, bribes, fraudulent representations, concealment of circumstance relevant to the patent dispute, corrupt practices, wrongful influence on adjudications rendered by Rospatent and the Russian courts, concealment of said criminal wrongdoing, obstruction of criminal investigations and defrauding the United States committed by Defendants in concert with their affiliates, Plaintiff has been deprived of the Russian patent on the invention (hereinafter referred to as 'the patent') and his right to get compensation for the patent infringement damages that ensured unjust enrichment of Defendants and their affiliates at the expense of Plaintiff.

Defendants knowingly and willfully caused to Plaintiff and Miroshnichenko Vladimir Vitalievich (hereinafter referred to as 'Inventor') also pain and suffering damages. Inventor was also Plaintiff in this action before he died April 23, 2018.

Since Defendants acted with deliberate intent to cause harm to Plaintiff and Inventor, with full understanding that their conduct is wrongful and with willful disregard for the rights of Plaintiff and Inventor, Defendants' conduct is outrageous, fraudulent, egregiously insidious and particularly reprehensible, Defendants do not feel any regret about their wrongdoing, therefore, the Court should appoint punitive damages which will deter Defendants from similar acts in the future.

Aforementioned facts are disclosed in Plaintiff's amended complaint (*see* Dkt.12) and second amended complaint attached to Plaintiff's motion for leave to file second amended complaint (*see* Dkt. 31). Said facts are evidenced by Plaintiff's original complaint (Dkt. 1) served on Defendants and accompanied with the Court order to respond to it.

Based on the calculation of damages suffered by Plaintiff as a result of said criminal wrongdoing committed by Defendants, Defendants are liable to Plaintiff for damages of $340,000,000. Said calculation is disclosed in Plaintiffs' original complaint. *See* Count Thirty of Dkt.1.

## PROCEDURAL HISTORY

1. November 13, 2017: Vitaly Pilkin and Vladimir Miroshnichenko, *in forma pauperis* Plaintiffs, filed original complaint against Sony Interactive Entertainment LLC, Sony Corporation, Hogan Lovells US LLP and the Department of Justice. *See* Dkt.1.

2. Memorandum Opinion and Order filed 04/04/18 obliged Plaintiffs to dismiss this action against the United States Department of Justice and United States Attorney General Jefferson Sessions. *See* Dkt.8.

3. Order filed 04/05/18 offered Plaintiffs to file an amended complaint that satisfied the requirements of Rule 8. *See* Dkt.8.

4. Based on the Memorandum Opinion and Order filed 04/04/18 and Order filed 04/05/18 as well as pursuant to Rule 15(a)(2) and due to April 23, 2018 Plaintiff Vladimir Miroshnichenko died, Plaintiff Vitaly Pilkin on his own behalf filed May 1, 2018 the amended complaint against Sony Interactive Entertainment LLC, Sony Corporation and Hogan Lovells US LLP. *See* Dkt. 12. Said amended complaint is a compressed statement of facts disclosed in the original complaint filed November 13, 2017. No new facts were added in the amended complaint.

5. June 1, 2018: the Served Defendants Sony Interactive Entertainment LLC and Hogan Lovells US LLP each moved to dismiss under Rule 12(b) the amended complaint filed May 1, 2018. *See* Dkts. 25, 26.

6. June 4, 2018 the Court ordered that Plaintiff file a brief in opposition to SIE LLC's motion to dismiss on or before July 2, 2018.

7. June 21, 2018: Not having received Defendants' written consent to file second amended complaint, Plaintiff Vitaly Pilkin, pursuant to Rule 15(a), filed contested motion for leave to file second amended complaint and attached to the Plaintiff's motion second amended complaint (*see* Dkt. 31).

## STATEMENT

Hogan Lovells US LLP (hereinafter referred to as 'Hogan Lovells') advanced several arguments in its motion to dismiss.

*First*, Hogan Lovells contends that this Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) since (1) there is no federal question jurisdiction and (2) there is no diversity jurisdiction.

*Second*, Hogan Lovells contends that the Amended Complaint (Dkt. 12) fails to state an unjust enrichment claim since it fails to allege facts that state an unjust enrichment claim against Hogan Lovells US LLP.

*Third*, Hogan Lovells contends that Plaintiff failed to state a claim for which relief can be granted under Rule 12(b)(6) since (1) Plaintiff's allegations do not satisfy the requirements of Rules 8(a) or 9(b), (2) Plaintiff's claim is barred by D.C.'s statute of limitations.

*Fourth*, Hogan Lovells contends that Plaintiff's allegations do not satisfy the principles of res judicata and international comity.

## STANDARDS FOR DISMISSAL

**A.    Motion to Dismiss Under Rule 12(b)(1)**

Federal district courts are courts of limited jurisdiction, Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994), and "[a] motion for dismissal under [Federal Rule of Civil Procedure] 12(b)(1) 'presents a threshold challenge to the court's jurisdiction . . . .'" Morrow v. United States, 723 F. Supp. 2d 71, 75 (D.D.C. 2010) (Walton, J.) (quoting Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987)). Thus, a district court is obligated to dismiss a claim if it "lack[s] . . . subject matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1). Because "it is presumed that a cause lies outside [a federal court's] limited jurisdiction," Kokkonen, 511 U.S. at 377, the plaintiff bears the burden of establishing by a preponderance of the evidence that a district court has subject matter jurisdiction, see Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). In deciding a motion to dismiss based

5

upon lack of subject matter jurisdiction, the district court "need not limit itself to the allegations of the complaint." Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 14 (D.D.C. 2001). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." Scolaro v. D.C. Bd. of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). Additionally, a district court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged.'" Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)). However, "the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13–14 (citation and internal quotation marks omitted).

B.   Motion to Dismiss Under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests whether the complaint properly "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a) requires only that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But although "detailed factual allegations" are not required, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)), a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," id. Rather, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint alleging "facts [that] are 'merely consistent with' a defendant's liability . . . 'stops short of the line

6

between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

"In evaluating a Rule 12(b)(6) motion, the Court must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" Hettinga v. United States, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)). However, conclusory allegations are not entitled to an assumption of truth, and even allegations pleaded with factual support need only be accepted insofar as "they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. Along with the allegations made within the four corners of the complaint, the court can consider "any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice." EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). The Court will dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

## ARGUMENT

### I. THIS COURT HAS SUBJECT-MATTER JURISDICTION

#### A. There Is Federal Question Jurisdiction

Under 28 U.S.C. § 1331 "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States". This Court has federal question jurisdiction under 28 U.S.C. § 1331 since in order to ensure unjust enrichment of Sony Group companies at the expense of Plaintiff Defendants in concert with their affiliates for several years knowingly and repeatedly committed federal offenses.

Aforementioned facts are disclosed in Plaintiff's amended complaint (*see* Dkt. 12, ¶¶ 73-92) as well as in second amended complaint attached to Plaintiff's motion for leave to file second

amended complaint (*see* Dkt. 31, ¶¶ 142-150). Said facts are evidenced by Plaintiff's original complaint (Dkt. 1) served on Defendants and accompanied with the Court order to respond to it.

Facts disclosed in Plaintiff's amended complaints do not permit to turn Plaintiff's unjust enrichment claim on Russian law because the cause of action arises from the commission by Defendants of federal offenses in Russia, the United States and the United Kingdom.

The Supreme Court of the United States in *RJR Nabisco, Inc. v. European Community*, No.15-138 (2016), held that RICO's incorporation of predicate acts which themselves expressly apply extraterritorially manifested a "clear, affirmative indication that § 1962 applies to foreign racketeering activity". *Id.* at 11-12. The Supreme Court of the United States also held that while RICO contains no domestic enterprise requirement, an enterprise still "must engage in, or affect in some significant way, commerce directly involving the United States." *Id.* at 17.

As evidenced by facts disclosed in the amended complaints (Dkts.12, 31), Defendants and their affiliates affected in significant way foreign commerce of Sony Interactive Entertainment LLC (that is domestic concern) and Sony Corporation (that is issuer) by committing federal offenses.

Plaintiff does not demand civil or criminal prosecution of Defendants under the RICO Act. "This cause of action is based on the doctrine of unjust enrichment and is not civil remedies under 18 U.S.C §1964(c)". Plaintiff does not demand threshold of damages as provided for by the RICO Act in cases of a civil remedies under 18 U.S.C §1964(c). It does not matter for this action whether in order to ensure unjust enrichment Defendants committed the RICO offense or they violated only some of the federal statute. If Defendants had violated even at least one federal statute in order to ensure unjust enrichment that would have made Defendant's enrichment as lack of an adequate legal basis.

Since there is no private right of action under the FCPA, from second amended complaint (*see* Dkt.31) were deleted facts related to (1) FCPA violation committed by Defendants and (2) consideration by the Department of Justice of Plaintiff's submissions which evidence that Defendants committed FCPA violation.

8

Plaintiff does not demand civil or criminal prosecution of Defendants under the FCPA since this is the case of the Department of Justice.

This Court has the right to establish whether Defendants are unjustly enriched or not as a result of violation of the federal statute.

### B. There Is Diversity Jurisdiction

A district court shall consider diversity jurisdiction only in case of non-federal question jurisdiction. Since it has been proved above the federal question jurisdiction, therefore, there is no need to establish the diversity jurisdiction in this action.

Even not to take into the consideration the fact this Court has federal question jurisdiction, nevertheless, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

This action involves citizens of different States (Hogan Lovells US LLP that resides in District of Columbia and Sony Interactive Entertainment LLC that resides in State of California) and Japanese citizen Sony Corporation as Defendants, from one side, and the Russian citizen as Plaintiff, from another side.

"The current diversity statute confers subject matter jurisdiction on the federal courts where ... the controversy is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). The statute does not provide that diversity is destroyed if citizens of foreign states are both plaintiffs and defendants, and one commentator has recognized that "the language of Section 1332(a)(3) is broad enough to allow aliens to be additional parties on both sides of the dispute" (see *Samincorp, Inc. v. Southwire Co., Inc.*, 531 F. Supp. 1 (N.D. Ga. 1980).

Hogan Lovells did not provide proofs evidencing that Sony Corporation is not admitted for permanent residence in the United States and is not domiciled in one of a State.

Despite Sony Corporation is a citizen of a foreign state, nevertheless, Sony Corporation can be considered as lawfully admitted for permanent residence in the United States and is domiciled in

9

the State of New York since (1) for many years securities of Sony Corporation are listed and traded in the United States, (1) Sony Corporation is issuer and periodically submits reports before the Securities and Exchange Commission, (3) from annual report pursuant to section 13 or 15(d) of the Securities and Exchange Act of 1934 for the fiscal year ended March 31, 2016 follows name, telephone, e-mail and address of Sony Corporation contact person: J. Justin Hill, Senior Vice President, Investor Relations, Sony Corporation of America, 25 Madison Avenue, 26th Floor, New York, NY 10010-8601, Telephone: 212-833-6722, E-mail: ir.sony@am.sony.com (*see* first page of the annual report which is attached to this Plaintiff's memorandum as 'Exhibit A').

## II.     PLAINTIFF STATES CLAIMS UPON WHICH RELIEF CAN BE GRANTED

### A.   This Cause Of Action Is Based On The Doctrine Of Unjust Enrichment

Unjust enrichment means when a person unfairly gets a benefit by chance, mistake or another's misfortune for which the one enriched has not paid or worked and morally and ethically should not keep. A person who has been unjustly enriched at the expense of another must legally return the unfairly kept money or benefits. Unjust enrichment is an equitable doctrine applied in the absence of a contract and used to prevent one person from being unjustly enriched at another's expense.

The Restatement (Third) of Restitution and Unjust Enrichment states that unjust enrichment is enrichment that lacks an adequate legal basis. The doctrine of unjust enrichment applies "when a person retains a benefit (usually money) which in justice and equity belongs to another." Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 63 (D.C. 2005). The recipient of such a benefit has "a duty to make restitution to the other person 'if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for [the recipient] to retain it.'" Id. (quoting RESTATEMENT OF RESTITUTION § 1 cmt. c (AM. LAW INST. 1937)).

To recover on a theory of unjust enrichment …" the plaintiff "must show that [the defendant] was unjustly enriched at his expense and that the circumstances were such that in good conscience

10

[the defendant] should make restitution." Id. The FRED EZRA COMPANY, Appellant, v. Theodore PEDAS et al., Appellees. No. 95-CV-631, 682 A.2d 173 (1996).

"Unjust enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." Fort Lincoln Civic Ass'n, Inc. v. Fort Lincoln New Town Corp., 944 A.2d 1055, 1076 (D.C. 2008) (quoting Thompsen, 878 A.2d at 1222); see also Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 62–64 (D.C. 2005). Thus, "a claim for unjust enrichment accrues only when the enrichment actually becomes unlawful, i.e., where there has been a wrongful act giving rise to a duty of restitution." Thompsen, 878 A.2d at 1225". United States Court of Appeals, District of Columbia Circuit, Michael J. BREGMAN, Appellant v. Steven R. PERLES, et al., Appellees. No. 12–7091, April 01, 2014.

The original complaint (Dkt.1) and the amended complaint (Dkt.12) contain facts which evidence that as a result of federal offenses committed by Defendants in concert with their affiliates, Defendants are unjustly enriched at the expense of Plaintiff. Second amended complaint attached to Plaintiff's motion for leave to file second amended complaint (*see* Dkt. 31) does not contain any new fact as concern Defendants' unjust enrichment.

### B. Plaintiff's Allegations Satisfy The Requirements Of Rules 8(a) or 9(b)

Plaintiff's allegations satisfy the requirements of Rules 8(a) or 9(b) since (1) Plaintiff's amended complaint (Dkt. 12) and second amended complaint (Dkt.31) are a short and plain statement of the claim showing that Plaintiff is entitled to relief; (2) Plaintiff's amended complaint (Dkt. 12) and second amended complaint (Dkt.31) are accompanied by sufficient factual matter and state with particularity the circumstances constituting Defendants' fraud; (3) Plaintiff alleges in Plaintiff's amended complaint and second amended complaint sufficient facts concerning the Served Defendants' fraudulent criminal activity committed in order to ensure unjust enrichment at the expense of Plaintiff; (4) Plaintiff's amended complaint and second amended complaint contain factual content that allows

the court to draw a reasonable inference that Defendant Hogan Lovells is liable for the misconduct alleged.

Since Defendant Hogan Lovells did not exercise its right to move under Rule 12(e) "for a more definite statement of a pleading to which a responsive pleading is allowed", therefore, Plaintiff's amended complaint (Dkt. 12) is not vague or ambiguous that Defendant Hogan Lovells cannot reasonably prepare a response.

As concern unjust enrichment Plaintiff's second amended complaint (Dkt.31) contains factual content completely based on facts disclosed in Plaintiff's original complaint (Dkt. 1) that has been served on Defendants and accompanied with the Court order to respond to it.

### C.  Statute Of Limitations

Under §12-301 of D.C. Code, actions for the recovery of damages may not be brought after the expiration of the period of three years from the time the right to maintain the action accrues. Since Defendants and their affiliates committed a series of illegal acts against Plaintiff the limitation period may begin to run from the last act in the series. In the 8th Circuit case of Treanor v. MCI Telecommunications, Inc., the court explained that the continuing-violations doctrine "tolls [freezes] the statute of limitations in situations where a continuing pattern forms due to [illegal] acts occurring over a period of time, as long as at least one incident ... occurred within the limitations period".

As concern damages related to Defendants' unjust enrichment, the last illegal acts in the series have been committed September, 2017. *See* ¶¶ 134 – 139 of Plaintiff's second amended complaint attached to the motion for leave to file second amended complaint (*see* Dkt. 31).

As concern pain and suffering damages caused by Defendants to Plaintiff and Inventor, the last illegal acts in the series have been committed December 22, 2017. *See* ¶ 140 of Plaintiff's second amended complaint attached to the motion for leave to file second amended complaint (*see* Dkt. 31).

### D. This Court May Not Recognize a Foreign-Country Judgment

As follows from ¶¶ 75 – 77 and ¶¶ 108 - 109 of Plaintiff's second amended complaint attached to the motion for leave to file second amended complaint (*see* Dkt. 31), the judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239 by the Russian courts in 2013 and 2015 were obtained by fraud that deprived Plaintiff of an adequate opportunity to present its case. As a result Plaintiff became a victim of said fraudulently attained judgment and rulings.

Under D.C. Code §15-364(c)(2), a court of the District of Columbia may not recognize a foreign-country judgment if the judgment was obtained by fraud that deprived the losing party of an adequate opportunity to present its case.

Under D.C. Code §15-364(c)(7), a court of the District of Columbia may not recognize a foreign-country judgment if the judgment was rendered in circumstances that raise substantial doubt about the integrity of the rendering court with respect to the judgment.

### CONCLUSION

Defendant Hogan Lovells failed to state in motion to dismiss a claim upon which relief may be granted.

Date: June 27, 2018

Vitaly Pilkin

Plaintiff *Pro se*

1/1, Vereskovaya Street, apartment 111,
Moscow, 129329,
Russian Federation,
Phone: +79852225545.
E-mail: vitalypilkin@gmail.com

13

## CERTIFICATE OF SERVICE

I hereby certify that, on June 27, 2018, I electronically filed the foregoing with the United States District Court for the District of Columbia by using the CM/ECF system and emailed a copy of the foregoing to served defendants Hogan Lovells US LLP at peter.bisio@hoganlovells.com and kirti.datla@hoganlovells.com and Sony Interactive Entertainment LLC at psechler@robbinsrussell.com and alavinbuk@robbinsrussell.com.

Date: June 27, 2018

Vitaly Pilkin

Plaintiff *Pro se*

1/1, Vereskovaya Street, apartment 111,
Moscow, 129329,
Russian Federation,
Phone: +79852225545.
E-mail: vitalypilkin@gmail.com