# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VITALY PILKIN, <br><br> *Plaintiff*, <br><br> v. <br><br> SONY INTERACTIVE ENTERTAINMENT, LLC, *et al.*, <br><br> *Defendants.* | Civil Action No. 17-2501 (RDM) |

## MEMORANDUM OPINION

Plaintiff Vitaly Pilkin is a citizen of the Russian Federation who, appearing *pro se*, brings this suit seeking $340 million in damages on a theory of unjust enrichment. On November 13, 2017, Pilkin filed a 152-page complaint asserting claims against Sony Interactive Entertainment LLC, Sony Corporation, Hogan Lovells LLP, the United States Department of Justice, and Attorney General Jefferson Sessions. *See* Dkt. 1 at 1, 3 (Compl.). The Court dismissed the claims against the Department of Justice and Attorney General Sessions, who was sued in his official capacity, on grounds of sovereign immunity. Dkt. 8. The following day, noting that it was "difficult to discern" Pilkin's "theory (or theories) of relief" based on the lengthy complaint, the Court ordered Pilkin to show cause why the complaint should not be dismissed for failure to comply with Federal Rule of Civil Procedure Rule 8 or, in the alternative, to file an amended complaint that satisfied the requirements of Rule 8. Dkt. 9. Pilkin filed an amended complaint on May 1, 2018, *see* Dkt. 12 (Amended Compl.), and Defendants Sony Interactive Entertainment and Hogan Lovells LLP moved to dismiss, *see* Dkt. 25; Dkt. 26. Shortly thereafter, Pilkin filed a motion for leave to file a second amended complaint. Dkt. 31.

As with his original complaint, Pilkin's first amended complaint "is not the picture of clarity." Dkt. 8 at 1. Pilkin alleges that he and Vladimir Vitalievich Miroshnichenko, now deceased, co-owned a Russian patent and that the invention covered by that patent is used in the PlayStation Vita game console manufactured and sold by the Sony Defendants. *See* Dkt. 12 at 1, 3 (Amended Compl. ¶¶ 1, 7–9). Having failed in defending the validity of his patent before the Russian administrative agency responsible for patents, *id*. at 4–5 (Amended Compl. ¶¶ 14, 18), as well as at least three Russian judicial bodies, *id*. at 6–7 (Amended Compl. ¶¶ 26–31), Pilkin turned to this Court. Pilkin's principal argument seems to be that Defendants conspired to undermine his patent in a number of administrative and legal proceedings in Russia and were unjustly enriched by the Sony Defendants' infringement of the patent.

Defendant Sony Interactive Entertainment ("SIE"), headquartered in California, moves to dismiss for lack of personal jurisdiction under the D.C. long-arm statute and the U.S. Constitution. *See* Dkt. 25-1 at 14–16. According to Pilkin, SIE is subject to personal jurisdiction in this district because it "does business . . . as well as has agents and other representatives in the District of Columbia." Dkt. 12 at 2 (Amended Compl. ¶ 2). As explained below, the Court concludes that it lacks personal jurisdiction over SIE and, accordingly, grants SIE's motion to dismiss.[1]

## I. LEGAL STANDARD

The plaintiff bears the burden of establishing a basis for exercising personal jurisdiction over each defendant in an action. *See Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005);

---

[1] Although SIE also challenges the Court's subject-matter jurisdiction, *see* Dkt. 25-1 at 11–14, and "subject-matter jurisdiction necessarily precedes a ruling on the merits," the Court may reach SIE's personal jurisdiction defense without first addressing subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).

*Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). "When deciding personal jurisdiction without an evidentiary hearing[,] . . . the 'court must resolve factual disputes in favor of the plaintiff.'" *Livnat v. Palestinian Auth.*, 851 F.3d 45, 57 (D.C. Cir. 2017) (citation omitted). But, the Court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts," *id.* (citation omitted), and a plaintiff's "[m]ere conclusions or 'bare allegation[s]' do not constitute the *prima facie* case for jurisdiction that this standard requires," *Fawzi v. Al Jazeera Media Network*, 273 F. Supp. 3d 182, 186 (D.D.C. 2017) (alteration in original) (citation omitted).

## II. ANALYSIS

Courts may exercise either general or specific personal jurisdiction. General jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit," whereas specific jurisdiction requires an "affiliation between the forum and the underlying controversy." *Livnat*, 851 F.3d at 56 (citation omitted). "To establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) (citing *United States v. Ferrara,* 54 F.3d 825, 828 (D.C. Cir. 1995)). Those principles apply to corporate defendants:

> A court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State. . . . Specific jurisdiction, on the other hand, depends on an "affiliatio[n] between the forum and the underlying controversy". . . . In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of "issues deriving from, or connected with, the very controversy that establishes jurisdiction."

3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal citations omitted); *see also Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Because Pilkin fails, at the first step, to allege "pertinent jurisdictional facts" sufficient to make a *prima facie* showing of personal jurisdiction under the District's long-arm statute, *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988), this Court need not reach the constitutional question. *See Arora v. Buckhead Family Dentistry, Inc.*, 263 F. Supp. 3d 121, 126 (D.D.C. 2017).

Pilkin contends that this Court has personal jurisdiction over SIE for two reasons: First, he alleges that SEI "does business . . . as well as has agents and other representatives in the District of Columbia." Dkt. 12 at 2 (Amended Compl. ¶ 2). Second, he contends that "Defendants, including SIE LLC, committed federal offenses and concealed them from the Department of Justice," and that, as a result, a "substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia." Dkt. 33 at 15. These allegations, even if accepted as true, are insufficient to support either general or specific jurisdiction.

**A.     General Jurisdiction**

SEI is considered a "foreign" corporation because there is no evidence—and Pilkin does not allege—that it is "domiciled in [or] organized under the laws" of the District of Columbia, nor does SEI maintain "its principal place of business" here. D.C. Code § 13–422. To the contrary, as Plaintiff concedes, SIE is "headquartered" in San Mateo, California. Dkt. 12 at 2 (Amended Compl. ¶ 2); *see also* Dkt. 33 at 15 (characterizing SIE as an "out-of-state Defendant"). As a result, the Court must look to D.C. Code § 13–334(a), which authorizes general jurisdiction over a foreign corporation only if it is "doing business in the District" and the exercise of general jurisdiction comports with constitutional due process. *See FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1092 (D.C. Cir. 2008). Under this demanding standard, the Court may exercise general jurisdiction over SIE only if the company's affiliations with the

District of Columbia are so "'continuous and systematic' as to render [it] essentially at home" here. *Goodyear Dunlop Tires*, 564 U.S. at 919. Pilkin's jurisdictional allegations do not come close to satisfying this test. As a result, the Court cannot exercise general jurisdiction over SIE.

**B.   Specific Jurisdiction**

Pilkin also fails to allege facts sufficient to establish specific jurisdiction under D.C. law.[2] D.C. law, as relevant here, permits a court to exercise specific jurisdiction over a defendant that (1) "transact[s] any business in the District of Columbia," D.C. Code § 13–423(a)(1); (2) "caus[es] tortious injury in the District of Columbia by an act or omission in the District of Columbia," *id*. § 13–423(a)(3); or (3) "caus[es] tortious injury in the District of Columbia by an act or omission outside the District of Columbia if [the defendant] regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia," *id*. § 13–423(a)(4).

To establish that a defendant "transact[s] any business in the District of Columbia" for the purposes of § 13–423(a)(1), a plaintiff must demonstrate that (1) the defendant transacted business in the District; (2) the claim arose from the business transacted in the District; (3) the defendant had minimum contacts with the District; and (4) the Court's exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial

---

[2]   Plaintiff's references to the federal "long-arm statute" and 28 U.S.C. §1391(b)(2), Dkt. 33 at 15, are misplaced. The general federal long-arm provision applies only where the defendant "is not subject to jurisdiction in any state's courts." Fed. R. Civ. P. 4(k)(2)(A); *see also Mwani v. bin Laden*, 417 F.3d at 11. Here, Pilkin provides no evidence (or allegation) that SIE would not be subject to jurisdiction in California, where, as he concedes, it is headquartered. And to the extent that Pilkin seeks to establish personal jurisdiction "under 28 U.S.C. §1391(b)(2)," Dkt. 33 at 15, he conflates two distinct requirements: (1) that a court have personal jurisdiction over a defendant and (2) that the action be brought in the proper venue. *See, e.g.*, 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1063 (4th ed.) ("The concept[] . . . of . . . venue should be distinguished from the principle that the court must have jurisdiction over the defendant's person.").

justice." *Nat'l Resident Matching Program v. Elec. Residency LLC*, 720 F. Supp. 2d 92, 98 (D.D.C. 2010) (citation omitted). Pilkin's bare allegation that SIE "does business . . . as well as has agents and other representatives in the District of Columbia," Dkt. 12 at 2 (Amended Compl. ¶ 2), falls short of meeting this burden. Neither Pilkin's first amended complaint nor his opposition brief contains any allegation even suggesting that his unjust enrichment claim arose from any business SIE has transacted in the District. To the contrary, Pilkin alleges that his injury arises from the outcome of Russian judicial proceedings concerning a Russian patent. Although Pilkin does allege that SIE "committed federal offenses and concealed them from the Department of Justice," Dkt. 33 at 15, he does not identify any specific tortious conduct that allegedly occurred in the District of Columbia. Moreover, nothing contained in Pilkin's proposed second amended complaint would cure this defect.

Nor does Pilkin allege facts sufficient to establish specific jurisdiction under either § 13–423(a)(3) or § 13–423(a)(4), both of which permit the exercise of personal jurisdiction only if the defendant's actions cause an injury *in the District*. *See Forras v. Rauf*, 812 F.3d 1102, 1107 (D.C. Cir. 2016) (Section 13–423(a)(3) "confers jurisdiction only over a defendant who commits an act in the District which causes an injury in the District") (emphasis and citation omitted)); *id*. at 1107–08 (Section 13–423(a)(4) "requires . . . an injury inside the District"). Because Pilkin fails to allege that he has incurred any injury within the District of Columbia, he cannot establish personal jurisdiction over SIE pursuant to either § 13–423(a)(3) or § 13–423(a)(4).

## CONCLUSION

The complaint is devoid of allegations that would permit the Court to conclude that SIE is subject to either general or specific jurisdiction in this district. Accordingly, Defendant SEI's motion to dismiss for lack of personal jurisdiction, Dkt. 25, will be granted.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge


Date: January 16, 2019