# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VITALY PILKIN,<br><br>    *Plaintiff*,<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT, LLC, *et al.*,<br><br>    *Defendants*. | Civil Action No. 17-2501 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Vitaly Pilkin is a citizen of the Russian Federation who, appearing *pro se*, brings this suit seeking $340 million in damages "based on the doctrine of unjust enrichment." Dkt. 12 at 2 (Amend. Compl. ¶ 4). On November 13, 2017, Pilkin filed a 152-page single-spaced complaint asserting claims against Sony Interactive Entertainment LLC, Sony Corporation, Hogan Lovells US LLP ("Hogan Lovells"), the United States Department of Justice, and then-Attorney General Jefferson Sessions in his official capacity. *See* Dkt. 1 at 2, 3. The Court dismissed the claims against the Department of Justice and Attorney General Sessions on grounds of sovereign immunity, Dkt. 8 at 3, and, with respect to the remaining defendants, ordered Pilkin to show cause why the complaint should not be dismissed for failure to comply with Federal Rule of Civil Procedure 8 or, in the alternative, to file an amended complaint that satisfied the requirements of Rule 8, Dkt. 9 at 2. Pilkin filed an amended complaint on May 1, 2018, against Sony Interactive Entertainment, Sony Corporation, and Hogan Lovells. Dkt. 12. On January 16, 2019, the Court dismissed Pilkin's claim against Sony Interactive Entertainment for lack of personal jurisdiction. Dkt. 45 at 2. As a result, the only remaining defendants are

Hogan Lovells and Sony Corporation. Sony Corporation has not yet been served. *See* Minute Order (Feb. 13, 2019).

Currently before the Court is Hogan Lovells's motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, Dkt. 26, and Pilkin's motion for leave to file a second amended complaint, Dkt. 31. As explained below, the Court agrees that Pilkin has failed to allege facts sufficient to establish federal question jurisdiction. In the current procedural posture, however, the Court cannot determine whether Pilkin can establish diversity jurisdiction. The Court, moreover, cannot decide whether the amended complaint states a claim upon which relief can be granted without first determining whether it has subject-matter jurisdiction. As a result, the Court will deny Hogan Lovells's motion to dismiss without prejudice. Finally, because Hogan Lovells opposes Pilkin's motion for leave to amend solely on the ground that the proposed second amended complaint does not cure any of the deficiencies identified in Hogan Lovells's motion to dismiss; because resolution of those defenses is premature at this time; and because Pilkin's proposed changes to the complaint are, in any event, minimal, the Court will grant Pilkin's motion for leave to amend as a matter of administrative convenience and without expressing any view on Hogan Lovells's defenses.

## I. ANALYSIS

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Moreover, given "the nature and limits of the judicial power of the United States," the Court must assess its jurisdiction "as a threshold matter" and may not decide whether the complaint states a claim on the merits without first addressing the issue of jurisdiction. *Steel*

*Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swain*, 111 U.S. 379, 382 (1884)). Pilkin relies on two statutory fonts of federal jurisdiction: federal question jurisdiction and diversity jurisdiction. *See* Dkt. 12 at 2 (Amended Compl. ¶ 3). As explained below, the first cannot support Pilkin's state-law claim for relief, and the second will not exist if Sony Corporation is served and remains a party to this action.

**A.     Federal Question Jurisdiction**

Pilkin first argues that this Court has jurisdiction under 28 U.S.C. § 1331, which vests district courts with "original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States." The "vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 808 (1986). This, however, is not such a case; the parties agree that Pilkin has not alleged a federal cause of action. Pilkin alleges only one claim, and that claim is for unjust enrichment. Dkt. 12 at 26 (Amend. Compl. ¶ 93). In support of this common law claim, Pilkin alleges that he was deprived of his Russian patent rights and that Sony Corporation and Sony Interactive Entertainment were unjustly enriched at his expense due to an array of alleged wrongful acts, "including the commission of federal offenses." *Id*. at 27 (Amend. Compl. ¶ 94). He alleges, for example, that Hogan Lovells, Sony Electronics, and others made "false representation[s]" in the patent proceedings in Russia, engaged in "fraudulent concealment," "bribed top executives" of the Russian Patent and Trademark Office, and committed "multiple acts of racketeering activity." *Id.* at 27–28 (Amend. Compl. ¶¶ 94–95). But he does not allege that he is entitled to relief *pursuant to* any federal statute or law.

The requirement that a plaintiff allege a federal cause of action in order to invoke federal question jurisdiction, however, admits of a narrow exception, which the Supreme Court

explicated in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 312 (2005).  Under *Grable*, a state law claim will suffice if, and only if, it "necessarily raise[s] a stated federal issue," that is "actually disputed and substantial," and that "a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (alteration in original) (quoting *Grable*, 545 U.S. at 314).  "Where all" of these "requirements are met," a district court may exercise federal question jurisdiction "because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts."  *Id.* (quoting *Grable*, 545 U.S. at 313–14).  For several reasons, Pilkin's unjust enrichment claim does not satisfy this demanding test.

As an initial matter, Pilkin cannot show that a federal question is "necessarily raised" by his unjust enrichment claim.  *Gunn*, 568 U.S. at 258.  To be sure, he points to a host of federal statutes that he alleges Defendants violated.  But he is clear that those purported acts of wrongdoing are not exclusive and that his claim of unjust enrichment is premised, at least in the alternative, on various "fraudulent representations" and acts of "fraudulent concealment and nondisclosure."  Dkt. 12 at 27 (Amend. Compl. ¶27).  The fact that he also alleges violations of numerous federal statutes—again, exclusively in service of his unjust enrichment claim—may add gravity to his claim, but his cause of action does not turn on whether any federal statute was violated.  For a federal issue to be "necessarily raised," "vindication of [the] right [asserted] under state law [must] necessarily turn[] on some construction of federal law."  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9 (1983).  That is not the case here.

4

Pilkin's effort to invoke § 1331 also founders on the substantiality requirement. *See Grable,* 545 U.S. at 313. Under that prong of the test, "it is not enough that the federal issue be significant to the particular parties in the immediate suit." *Gunn*, 568 U.S. at 260 (quoting *Grable*, 545 U.S. at 314). "The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Id.* Accordingly, "[w]here state-law claims implicate federal statutes or regulations, but do not involve disputes as to their meaning, courts have uniformly found federal jurisdiction under *Grable* lacking." *Wash. Consulting Grp., Inc. v. Raytheon Tech. Servs. Co., LLC*, 760 F. Supp. 2d 94, 106 (D.D.C. 2011); *see also Pritika v. Moore*, 91 F. Supp. 3d 553, 558 (S.D.N.Y. 2015) ("[C]ourts have typically found a substantial federal issue only in those exceptional cases that go beyond the application of some federal legal standard to private litigants' state law claims, and instead implicate broad consequences to the federal system or the nation as a whole.").

As the Supreme Court observed in *Gunn*, two examples illustrate the kind of unique circumstances that justify extending federal question jurisdiction to state law claims. The first example comes from *Grable* itself. In that case, the Internal Revenue Service ("IRS") seized a parcel of property belonging to the plaintiff, Grable & Sons Metal Products, to satisfy a tax delinquency. 545 U.S. at 310. Years later, after the IRS had sold the property to a third party, Grable & Sons brought a quiet title action asserting a superior interest in the property on the theory that the IRS had failed to provide the notice required under federal law, thus invalidating the seizure and subsequent sale. *Id*. at 311. As the Supreme Court explained, the allegation that Grable & Sons was not provided the notice required by federal law formed an essential element of the claim; the case posed only a legal—and not a factual—dispute; and "[t]he meaning of the federal tax provision [was] an important issue of federal law that sensibly belong[ed] in a federal

court," particularly given the federal government's "strong interest in the 'prompt and certain collection of delinquent taxes.'" *Id*. at 315 (internal citation omitted). In deciding that the case raised a "significant" federal issue, the Supreme Court "focused not on the interests of the litigants themselves, but rather on the broader significance of the notice question for the Federal Government." *Gunn*, 568 U.S. at 260.

The second example comes from a case discussed in *Grable*: *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921). *Grable* described *Smith* as "[t]he classic example" of a state-law claim that raises a significant federal issue. 545 U.S. at 312. In *Smith*, the plaintiff brought suit "claiming that the defendant corporation could not lawfully buy certain bonds of the National Government because their issuance was unconstitutional." *Id.* As the Court explained in *Grable*, even though state law "provided the cause of action," the district court had federal question jurisdiction "because the principal issue in the case was the federal constitutionality of the bond issue." *Id*. Again, the Supreme Court premised its holding on the existence of "a serious federal interest" in the "principal issue" raised by the litigation. *Id.* at 312–13.

Like other cases that the Supreme Court has characterized as "poles apart from *Grable*" and *Smith*, *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006); *see also Gunn*, 568 U.S. at 262, Pilkin's unjust enrichment claim does not turn on an important question of federal law. The central issue in the case is not a "pure issue of law" that might affect a federal interest; rather, the case raises a "fact-bound and situation-specific" question about whether Defendants deprived Pilkin of his interest in a Russian patent by means of wrongful conduct, such as bribery or fraudulent misrepresentations. *Empire Healthchoice Assurance, Inc.*, 547 U.S. at 700–01 (internal citations omitted). There is no reason to believe that Pilkin's claim that Defendants were unjustly enriched through their wrongful conduct rises or falls based on

6

whether the alleged misconduct—bribery and fraudulent misrepresentations—violated federal, as opposed to state or foreign, law.

There is no "'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." *Grable*, 545 U.S. at 314 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 821 (1988) (Stevens, J., concurring)). As the plaintiff in this action, however, Pilkin bears the burden of alleging facts or offering evidence sufficient to establish federal jurisdiction, and he has failed to offer any basis for this Court to conclude that this is one of those "extremely rare" cases in which a state-law claim necessarily implicates significant federal questions of law that warrant a federal tribunal. *Gunn*, 568 U.S. at 257.

The Court, accordingly, concludes that it does not have federal question jurisdiction over Pilkin's common law unjust enrichment claim.

**B.     Diversity Jurisdiction**

Pilkin also avers that the Court has diversity jurisdiction. Dkt. 12 at 2 (Amended Compl. ¶ 3). The district courts' diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). Unlike *Article III*, however, the diversity statute has been long construed to require complete diversity. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999); *Saadeh v. Farouki*, 107 F.3d 52, 55 (D.C. Cir. 1997). The complete diversity requirement, moreover, applies "in cases involving alien parties." *Saadeh*, 107 F.3d at 55. As a result, "the diversity statute [does] not confer jurisdiction over a lawsuit involving an alien on one side, and an alien and citizen on the other side." *Id.*; *see also Ruhrgas AG*, 526 U.S. at 580 n.2 ("The foreign citizenship of defendant Ruhrgas, a German corporation, and plaintiff Norge, a Norwegian corporation, rendered diversity incomplete."). As Hogan

Lovells correctly observes, Dkt. 26-1 at 11–12, the complete diversity requirement means that this Court would lack diversity jurisdiction over a claim by Pilkin, a Russian citizen, against Sony Corporation, "a foreign corporation headquartered . . . [i]n Japan," Dkt. 12 at 2 (Amend. Compl. ¶¶ 1–2). The absence of complete diversity, moreover, deprives the Court of diversity jurisdiction over the entire action and not merely Pilkin's claim against Sony Corporation. Under these circumstances, the Court might exercise its discretion under Federal Rule of Civil Procedure 21 to dismiss Sony Corporation for the action as a "so-called 'jurisdictional spoiler[.]'" *In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 542 (D.C. Cir. 2011) (internal citation omitted); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 573–74 (2004) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).

Before taking that step, however, the Court will provide the parties with the opportunity to be heard on the issue. If Sony Corporation is an indispensable party, for example, the Court may not drop the company under Rule 21. *See generally* 7 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1685 (3d ed. 2018) ("Wright & Miller"). Or, Pilkin might decide that he is prepared to forgo a federal forum if the price of proceeding in federal court is the dismissal of Sony Corporation. *See, e.g.*, *Singletary v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 9 F.3d 1236, 1238 (7th Cir. 1993) ("If a plaintiff *wants* to retain a nondiverse defendant, it is no business of the court to tell him he can't; the court's job in such a case is to tell the plaintiff that he can't stay in federal court.") On the other hand, it is possible that Pilkin's claim against Sony Corporation, like his claim against Sony Interactive Entertainment, will not survive a motion to dismiss for lack of personal jurisdiction, at least raising the question whether Sony Corporation's status as a named party over which the Court (hypothetically) lacks personal jurisdiction is sufficient to defeat complete diversity. *See Brown v. Eli Lilly & Co.*, 654 F.3d

347, 356–57 (2d Cir. 2011) (granting summary judgment in favor of the non-diverse party). For present purposes, the Court merely concludes that its subject-matter jurisdiction is in doubt and that, until that doubt is resolved, it may not reach Hogan Lovells's motion to dismiss for failure to state a claim.

C.     **Motion for Leave to Amend**

Rule 15 dictates that the Court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). "It is within the sound discretion of the district court to decide whether to grant such leave." *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C. Cir. 1987); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Here, Hogan Lovells opposes Pilkin's motion for leave to amend solely on the ground that it would be futile, asserting that the proposed second amended complaint does not cure any of the deficiencies identified in its motion to dismiss. *See* Dkt. 32 at 2 ("None of these proposed changes address the numerous grounds upon which [Hogan Lovells] ha[s] already moved to dismiss the Amended Complaint."). That contention, however, raises the same difficulties posed by Hogan Lovells's motion under Rule 12(b)(6)—the Court must avoid considering the merits of Pilkin's allegations until it is satisfied that it has subject-matter jurisdiction. Moreover, as the parties here agree, the proposed amendment differs from the Amended Complaint in only minor respects, *see* Dkt. 32 at 2; Dkt. 31 at 2. As a result, Hogan Lovells will not suffer any prejudice from such an amendment. *See Zenith Radio Corp.*, 401 U.S. at 330–31.

The Court will, accordingly, grant Pilkin's motion for leave to amend as a matter of administrative convenience and without expressing any view on Hogan Lovells's defenses.

## CONCLUSION

In the current posture of the case, the Court cannot determine whether it has jurisdiction to reach the merits of Hogan Lovells's motion to dismiss for failure to state a claim. The Court, accordingly, **DENIES** Hogan Lovells's motion to dismiss, Dkt. 26, without prejudice, as premature. As a matter of administrative convenience, and without passing on the legal sufficiency of the second amended complaint, the Court **GRANTS** Pilkin's motion for leave to amend, Dkt. 31, and **DEEMS** Pilkin's second amended complaint as filed. Hogan Lovells's time to answer or otherwise respond to the second amended complaint, however, is extended until 21 days after Sony Corporation either appears in this action or moves to dismiss for lack of personal jurisdiction.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: February 14, 2019