# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VITALY EVGENIEVICH PILKIN<br><br>1/1, Vereskovaya Street, apartment 111,<br><br>Moscow, 129329, Russian Federation<br><br>                      Plaintiff,<br><br>     vs.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC<br><br>2207 Bridgepointe Pkwy, San Mateo,<br><br>CA 94404, United States<br><br>SONY CORPORATION<br><br>1-7-1 Konan Minato-ku, Tokyo, 108-0075 Japan<br><br>HOGAN LOVELLS US LLP<br><br>Columbia Square 555 Thirteenth Street, NW<br><br>Washington, D.C. 20004, United States<br>                         Defendants. | SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF<br><br><br>Civil Action No. 1:17-cv- 02501 (RDM)<br><br><br>PLAINTIFF DEMANDS A TRIAL BY JURY |

## SECOND AMENDED COMPLAINT

Pursuant to Rule 15(a) of Federal Rules of Civil Procedure Vitaly Evgenievich Pilkin on his own behalf files this amended complaint against the above captioned defendants, respectfully alleging as follows:

## I.  THE PARTIES

**Plaintiff:**

1. **Vitaly Evgenievich Pilkin** (Plaintiff) is natural person and citizen of the Russian Federation, residing in the Russian Federation at the address: 1/1, Vereskovaya Street, apartment 111, Moscow, 129329, Russian Federation, e-mail: vitalypilkin@gmail.com, phone number is +79852225545.

**Defendants:**

2. **Sony Interactive Entertainment LLC** is Sony Group Company, subsidiary of Sony Corporation, headquartered at 2207 Bridgepointe Pkwy, San Mateo, CA 94404 United States. April, 2016 Sony Interactive Entertainment LLC joins the forces of all business units belonging to Sony Computer Entertainment Inc. and Sony Network Entertainment International LLC, including hardware, software, content and network services operations. Before merger Sony Interactive Entertainment LLC was known as Sony Computer Entertainment Inc. and Sony Network Entertainment International LLC. Sony Interactive Entertainment LLC manufactures, distributes, develops and markets game consoles PlayStation Vita and computer entertainment system PlayStation 4. Sony Interactive Entertainment LLC is domestic concern and it does business in the District of Columbia as well as it has agents and other representatives in the District of Columbia.

3. **Sony Corporation** is a foreign corporation headquartered at 1-7-1 Konan Minato-ku, Tokyo, 108-0075 Japan. Sony Corporation does business in the District of Columbia as well as has agents and other representatives in the District of Columbia. Securities of Sony Corporation are listed and traded in the United States. Sony Corporation is issuer and periodically submits reports before the Securities and Exchange Commission (Washington, DC). Sony Corporation is parent company to Sony Interactive Entertainment LLC.

4. **Hogan Lovells US LLP** is a limited liability partnership registered in the District of Columbia with its principal place of business at Columbia Square 555 Thirteenth Street, NW Washington, D.C. 20004, United States. Hogan Lovells US LLP is the integral part of the international legal practice of Hogan Lovells that comprises Hogan Lovells US LLP, Hogan Lovells International LLP and their affiliated businesses, including Hogan Lovells (CIS). CEO of the international legal practice of Hogan Lovells is Stephen J. Immelt who also is CEO of Hogan Lovells US LLP.  Deputy CEO of the international legal practice of Hogan Lovells is David Hudd who also is CEO of Hogan Lovells International LLP and Director of

Hogan Lovells (CIS). An agency relationship exists between all integral parts of the international legal practice Hogan Lovells, including between Hogan Lovells (CIS) and domestic concern Hogan Lovells US LLP. The liability extends to the agents of domestic concern. Hogan Lovells US LLP participates substantially in the management and control of Hogan Lovells (CIS) since CEO of the international legal practice of Hogan Lovells is Stephen J. Immelt who also is CEO of Hogan Lovells US LLP.

## II. JURISDICTION

5. Jurisdiction in this action is predicated upon 28 U.S.C. §§ 1331, 1332(a), 1343(a)(1), 1357, 2201.

## III. VENUE

6. Venue for this action is predicated upon 28 U.S.C. §1391.

## IV. INFORMATION AND LEGAL DEFINITIONS

7. For proper construing this Amended Complaint, Vitaly Evgenievich Pilkin (Plaintiff) refers to the following information and legal definitions:

   (a) The patent of the Russian Federation No.2427879 on the invention "Control of virtual symbols" is called as 'the patent'.

   (b) Vladimir Vitalievich Miroshnichenko is the inventor of the invention under the patent. Vladimir Vitalievich Miroshnichenko is called as 'Inventor'

   (c) Plaintiff and Inventor were the patentees of the invention.

   (d) Inventor was also Plaintiff in this action before he died April 23, 2018. *See* Dkt. 1.

   (e) The Federal Service on Intellectual Property (the Russian analogue of the USPTO) is called as 'Rospatent'.

   (f) **The elements of fraud** are "(1) a false representation, (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5)

an action that is taken in reliance upon the representation." *In re Estate of Nethken*, 978 A.2d 603, 607 (D.C. 2009).

(g) **Fraud** is defined as an abuse of position, or false representation, or prejudicing someone's rights for personal gain. Put simply, fraud is an act of deception intended for personal gain or to cause a loss to another party. The general criminal offence of fraud can include: deception whereby someone knowingly makes false representation, or they fail to disclose information, or they abuse a position.

(h) **Corruption** is defined by Transparency International as the abuse of entrusted power for private gain. World Bank defines corruption as the abuse of public office for private gain. The Stanford Encyclopedia of Philosophy defines corruption as the abuse of power by a public official for private gain. Bribery is the most common form of corruption.

## V.    INTRODUCTION

8.    As a result of conspiracy, incitements to violate the criminal statute of the United States, bribes, fraudulent representations, concealment of circumstance relevant to the patent dispute, corrupt practices, wrongful influence on adjudications rendered by Rospatent and the Russian courts, concealment of said criminal wrongdoing, obstruction of criminal investigations and defrauding the United States committed by Defendants in concert with their affiliates, Plaintiff has been deprived of the patent and his right to get compensation for the patent infringement that ensured unjust enrichment of Defendants and their affiliates at the expense of Plaintiff.

9.    Defendants knowingly and willfully caused to Plaintiff and Inventor also pain and suffering damages.

10.    Since Defendants acted with deliberate intent to cause harm to Plaintiff and Inventor, with full understanding that their conduct is wrongful and with willful disregard for the rights of Plaintiff and Inventor, Defendants' conduct is outrageous, fraudulent, egregiously insidious and particularly reprehensible, Defendants do not feel any regret about their wrongdoing,

therefore, the Court should appoint punitive damages which will deter Defendants from similar acts in the future.

## VI.  STATUTES OF LIMITATIONS

11.    Under §12-301 of D.C. Code, actions for the recovery of damages may not be brought after the expiration of the period of three years from the time the right to maintain the action accrues. Since Defendants and their affiliates committed a series of illegal acts against Plaintiff the limitation period may begin to run from the last act in the series. In the 8th Circuit case of *Treanor v. MCI Telecommunications, Inc.*, the court explained that the continuing-violations doctrine "tolls [freezes] the statute of limitations in situations where a continuing pattern forms due to [illegal] acts occurring over a period of time, as long as at least one incident ... occurred within the limitations period".

12.    As concern damages related to Defendants' unjust enrichment, the last illegal acts in the series have been committed September, 2017. *See* ¶¶ 134 – 139 of the present Amended Complaint.

13.    As concern pain and suffering damages caused by Defendants to Plaintiff and Inventor, the last illegal acts in the series have been committed December 24, 2015. *See* ¶ 140 of this Amended Complaint.

## VII.    STATEMENT OF FACTS

14.    August 27, 2011: Rospatent has granted the patent to Plaintiff and Inventor.

15.    The patent has claims comprising two inventions: the first invention is disclosed in independent claim 1 of the patent and the second invention is disclosed in independent claim 11 of the patent.

16.    Each invention disclosed in said independent claims comprises several alternative embodiments of the invention. Other paragraphs of claims disclose some special not exhaustive cases of embodiments of said two inventions.

17.  October 6, 2011: Plaintiff and Inventor visited exhibition 'Gameland 2011' in Moscow (Russian Federation) where Sony Computer Entertainment Inc. as manufacturer and developer of game console PlayStation Vita presented said game console. Plaintiffs found out that the invention under the patent is used in game console PlayStation Vita.

18.  October 12, 2011: Plaintiff submitted to Sony Computer Entertainment America proofs evidencing that the invention under the patent is used in game console PlayStation Vita and proposed to buy the patents rights protected by the patent.

19.  October 14, 2011: Plaintiff informed incorporated in Russia Sony Electronics as Sony Group Company that the invention under the patent is used in game console PlayStation Vita and proposed to buy the patents rights protected by the patent. No reply has been received.

20.  October 25, 2011: Plaintiff informed Sony Computer Entertainment Europe that the invention under the patent is used in game console PlayStation Vita and  proposed to buy the patents rights protected by the patent. No reply has been received.

21.  October 26, 2011:  Sony Computer Entertainment America replied on the Plaintiff's appeal dated October 12, 2011. As follows from said reply, Sony Computer Entertainment is unable to follow up on the [Plaintiff's] submission, since it does not accept any unsolicited ideas and therefore it returns the Plaintiff's submission.

22.  November 11, 2011: Plaintiff and Inventor have submitted to Sony Electronics pretension, wherein Sony Electronics has been invited to pay compensation for the patent infringement and to license the invention under the patent.

23.  December 13, 2011: lawyer of IP practice of Hogan Lovells (CIS) Anton Bankovskiy as legal representative of Sony Electronics replied to the pretension. It has been noted in said reply that law firm Hogan Lovells (CIS) will revert to the patentees after a patent examination.

24.  Sony Corporation and Sony Computer Entertainment Inc. as manufacturer and developer of game consoles PlayStation Vita worldwide have got to know from Sony Electronics about the patent dispute arisen between Sony Electronics and Plaintiff and Inventor presumably

November-December 2011, i.e. after Sony Electronics received the pretension wherein Sony Electronics has been invited to pay compensation for the patent infringement and to license the invention under the patent.

25. The patent became a barrier to sales in Russia of game consoles PlayStation Vita manufactured by Sony Computer Entertainment Inc. and therefore a barrier for Sony Computer Entertainment Inc. and Sony Corporation to get income from said sales.

26. In this connection Sony Corporation and Sony Computer Entertainment Inc. have been put before a choice whether to license the patent or not.

27. Sony Corporation and Sony Computer Entertainment Inc. turned to Hogan Lovells (CIS) and head of Intellectual Property practice of Hogan Lovells (CIS) Natalia Gulyaeva to get advice whether to license the patent or not.

28. Sony Corporation, Sony Computer Entertainment Inc., Sony Electronics, CEO of Sony Electronics Kenichiro Hibi, Hogan Lovells (CIS) and head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva knew that the patent is used in game console PlayStation Vita.

29. After receiving advice of head of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva, Sony Corporation and Sony Computer Entertainment Inc. have decided not to license the patent but to authorize Moscow headquarted Sony Group company Sony Electronics headed at that time by Kenichiro Hibi to submit before the Chamber for Patent Disputes of Rospatent opposition against the grant by Rospatent of the patent aimed to invalidate the patent.

30. Sony Corporation, Sony Computer Entertainment Inc. and Hogan Lovells (CIS) voluntary agreed and conspired to combine their financial, corporate, professional and administrative opportunities to undertake any possible acts, including the violation of criminal statute of the United States, to deprive Plaintiff of the patent in order to ensure sales of game consoles PlayStation Vita in Russia. Said conspiracy is confirmed by facts disclosed in this Amended Complaint below.

31. Sony Corporation and Sony Computer Entertainment Inc. conspired to induce and to aid Sony Electronics in commission of any possible acts, including the violation of criminal statute of the United States, in order to deprive Plaintiff of the patent.

32. Sony Corporation and Sony Computer Entertainment Inc. induced, abetted and aided Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to implement said conspiracy.

33. January 17, 2012: not having received in reasonable terms results of the patent examination from Hogan Lovells (CIS), Plaintiff and Inventor appealed to Khoroshevsky District Court of Moscow (Russia) with the claim against Sony Electronics to stop the patent infringement.

34. There is expert opinion which confirms that the invention under the patent is used in game console PlayStation Vita.

35. During consideration by Khoroshevsky District Court of Moscow of the lawsuit Sony Electronics represented by lawyer of Hogan Lovells (CIS) Anton Bankovskiy and assistant manager of legal department of Sony Electronics Evgeniya Vetoshnikova moved the court to suspend consideration of the lawsuit till the results of consideration by Rospatent of Sony Electronics' opposition against the grant of the patent.

36. March 20, 2012: Sony Electronics represented by lawyer of IP practice of Hogan Lovells (CIS) Anton Bankovskiy (who is also registered patent attorney of the Russian Federation) filed in the Chamber for Patent Disputes of Rospatent the opposition of Sony Electronics against the grant of the patent.

37. There is the following legal procedure in the Russian Federation: any individual or entity can oppose the grant of a patent of the Russian Federation on an invention issued by Rospatent by filing the opposition before the Chamber for Patent Disputes of Rospatent. As a result of consideration of such opposition Rospatent may take a decision to invalidate said patent on an invention. Said decision of Rospatent comes into force immediately. Said decision of

Rospatent can be challenged in the Russian court. If the court finds out that said decision of Rospatent is unlawful then said patent on an invention shall be restored.

38. To recognize by Rospatent a patent on an invention invalid it is necessary to provide in said opposition evidence showing that at least one alternative embodiment of an invention protected by said patent is not novel or lack of an inventive step or industrially not applicable (i.e. unpatentable).

39. Sony Electronics required in said opposition signed by lawyer of Hogan Lovells (CIS) Anton Bankovskiy to recognize the patent as invalid due to the invention disclosed in claim 1 of the patent fails to comply with the patentability criteria "industrial applicability", "novelty" and "inventive step", and the invention disclosed in claim 11 of the patent fails to comply with the patentability criteria "novelty".

40. July 4, 2012: The Chamber for Patent Disputes of Rospatent satisfied Sony Electronics' opposition against the grant of the patent.

41. September 8, 2012: Based on conclusion of the Chamber for Patent Disputes, Rospatent decided to satisfy Sony Electronics' opposition against the grant of the patent and to recognize the patent as invalid due to the invention disclosed in claim 1 fails to comply with the patentability criteria "inventive step".

42. On behalf of Sony Electronics assistant of manager of legal department of Sony Electronics Evgeniya Vetoshnikova (since May 2012 she is legal manager of Sony Electronics) controlled actions of Hogan Lovells (CIS) and attended all meetings of the Chamber for Patent Disputes of Rospatent while Sony Electronics' opposition against the grant of the patent had been considering by the Chamber for Patent Disputes of Rospatent.

43. Sony Electronics' opposition to recognize the patent as invalid (1) does not contain proofs evidencing that two inventions disclosed in the patent fail to comply with the patentability and (2) contains knowingly and willfully falsified proofs aimed to recognize the patent as invalid.

44.   Sony Electronics headed by Kenichiro Hibi and assistant of legal manager of Sony Electronics Evgeniya Vetoshnikova were aware of said fraudulent representation (i.e. falsifying proofs relevant to the patent dispute) committed by lawyer of Hogan Lovells (CIS) Anton Bankovskiy.

45.   Sony Corporation and Sony Computer Entertainment Inc. induced, abetted and aided Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to pay to Hogan Lovells (CIS) not only for its legal services as legal representative of Sony Electronics in the Chamber for Patent Disputes of Rospatent but also for its (i) any possible acts including illegal in order to recognize the patent as invalid and (ii) concealing such criminal wrongdoing.

46.   Sony Electronics induced and corruptly persuaded Hogan Lovells (CIS) (i) to commit any possible acts including illegal in order to recognize the patent as invalid, (ii) to influence wrongfully the decision of Rospatent and (iii) to conceal said criminal wrongdoing.

47.   Sony Electronics headed by Kenichiro Hibi knowingly paid to Hogan Lovells (CIS) not only for its legal services as legal representative of Sony Electronics in the Chamber for Patent Disputes of Rospatent but also for its (i) any possible acts including illegal in order to recognize the patent as invalid and (ii) concealment of said criminal wrongdoing. Thus, one part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was the bribe paid by Sony Electronics to Hogan Lovells (CIS) for said criminal wrongdoing.

48.   Said bribe corruptly persuaded Hogan Lovells (CIS) (i) to falsify proofs in the opposition against the grant of the patent, (ii) to commit fraudulent representation in support said opposition while the Chamber for Patent Disputes of Rospatent had been considering said opposition and (iii) to conceal said criminal wrongdoing.

49.   Hogan Lovells (CIS) corruptly persuaded lawyer of Hogan Lovells (CIS) Anton Bankovskiy to falsify proofs in the opposition against the grant of the patent, to commit fraudulent

representation in support said opposition while the Chamber for Patent Disputes of Rospatent had been considering said opposition and to conceal said criminal wrongdoing.

50. The decision of Rospatent to invalidate the patent is based completely on falsified proofs contained in the Sony Electronics' opposition against the grant of the patent. Arguments and conclusions put in the basis of the decision of Rospatent to invalidate the patent do not correspond to evidence available in the patent dispute. Top executives of Rospatent as the Russian government officials being in their official capacity have made deliberately false representations and abused of entrusted power with full understanding that their conduct was wrongful. There is legal opinion and expert opinions which confirm these facts.

51. Sony Electronics and Hogan Lovells (CIS) as legal representative of Sony Electronics influenced wrongfully the decision of Rospatent to invalidate the patent in order to ensure unfair and unlawful gain for Sony Group.

52. Rospatent is the expert in the Russian patent law and that is why the decision of Rospatent to invalidate the patent is knowingly wrongful since said decision is completely based on falsified proofs contained in Sony Electronics' opposition against the grant of the patent. This fact is confirmed also by legal opinion and expert opinions.

53. Sony Corporation and Sony Computer Entertainment Inc. induced, abetted and aided Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to pay to Hogan Lovells (CIS) not only for its legal services as legal representative of Sony Electronics in the Chamber for Patent Disputes of Rospatent but also for its (i) unlawful services for corrupting top executives of Rospatent in order to invalidate the patent and (ii) concealment of said criminal wrongdoing.

54. Sony Electronics headed by Kenichiro Hibi paid to Hogan Lovells (CIS) not only for its legal services as legal representative of Sony Electronics in the Chamber for Patent Disputes of Rospatent but also for its (i) unlawful services for corrupting top executives of Rospatent in order to invalidate the patent and (ii) concealment of said criminal wrongdoing.

55.     One part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Chamber for Patent Disputes was a bribe paid by Sony Electronics to Hogan Lovells (CIS) for its (i) unlawful services for corrupting top executives of Rospatent in order to invalidate the patent and (ii) concealment of said criminal wrongdoing.

56.     Through bribing Hogan Lovells (CIS) Sony Electronics headed by Kenichiro Hibi corruptly persuaded Hogan Lovells (CIS) to corrupt top executives of Rospatent in order to invalidate the patent and to conceal said criminal wrongdoing.

57.     Through corruption of top executives of Rospatent Sony Electronics and Hogan Lovells (CIS) wrongfully influenced the decision of Rospatent to invalidate the patent.

58.     Sony Corporation and Sony Computer Entertainment Inc. knowingly and willfully induced, abetted and aided Sony Electronics and corruptly persuaded CEO of Sony Electronics Kenichiro Hibi to corrupt top executives of Rospatent and to conceal said criminal wrongdoing.

59.     Through the commission of the criminal wrongdoing disclosed in ¶¶ 30 - 58 of this Amended Complaint Sony Corporation, Sony Computer Entertainment Inc., Sony Electronics and Hogan Lovells (CIS) ensured sales of game consoles PlayStation Vita in Russia.

60.     September 24, 2012: Plaintiff challenged the decision of Rospatent to invalidate the patent by filing complaint against Rospatent in the Russian courts.

61.     The Plaintiff's complaint against the decision of Rospatent to invalidate the patent has been considered by the Arbitration Court of Moscow as the court of first instance (the lawsuit No.A40-128053/12-117-1239), the Plaintiff's appeal to reverse the judgment of the Arbitration Court of Moscow on the lawsuit has been considered by the Ninth Arbitration Court of Appeals and the Plaintiff's appeal on the lawsuit submitted before the court of cassation has been considered by the Court for Intellectual Property Rights.

62. Rospatent was defendant on the lawsuit and Sony Electronics and Inventor have been attracted by the Arbitration Court of Moscow as interested third parties on the lawsuit.

63. Sony Electronics has been represented in the lawsuit by lawyers of IP practice of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina who are also registered patent attorneys of the Russian Federation.

64. On behalf of Sony Electronics legal manager of Sony Electronics Evgeniya Vetoshnikova controlled actions of Hogan Lovells (CIS) in the Arbitration Court of Moscow, the Ninth Arbitration Court of Appeals and the Court for Intellectual Property Rights as court of cassation through attending all hearings of said courts.

65. Rospatent and lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina knowingly and repeatedly falsified proofs relevant to the lawsuit and concealed from the Arbitration Court of Moscow (July 11, 2013), the Ninth Arbitration Court of Appeals (October 3, 2013) and the Court for Intellectual Property Rights as court of cassation (December 4, 2013) circumstances relevant to the lawsuit. These facts are confirmed by expert opinions.

66. Sony Electronics, CEO of Sony Electronics Fumiatsu Hirai and legal manager of Sony Electronics Evgeniya Vetoshnikova were aware of said falsification of proofs relevant to the lawsuit and concealment from the Russian courts circumstances relevant to the lawsuit (i.e. fraudulent representation) committed knowingly and repeatedly by Rospatent and lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina.

67. Sony Corporation, Sony Computer Entertainment Inc. and Sony Electronics have gained unfair and unlawful business advantages from said fraudulent representation committed knowingly and repeatedly by Rospatent and lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina since said fraudulent arguments of Rospatent and lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina have been put at the basis of judgment and rulings rendered by the Russian judges on the lawsuit.

68.  Sony Corporation and Sony Computer Entertainment Inc. induced, abetted and aided Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay to Hogan Lovells (CIS) not only for its legal services as legal representative of Sony Electronics in the Russian courts on the lawsuit but also for its (1) fraudulent representation committed by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina and (2) concealment of said criminal wrongdoing.

69.  Sony Electronics headed by Fumiatsu Hirai knowingly paid to Hogan Lovells (CIS) not only for its legal services as legal representative of Sony Electronics in the Russian courts on the lawsuit but also for its (1) fraudulent representation committed by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina and (2) concealment of said criminal wrongdoing.

70.  One part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was a bribe paid by Sony Electronics to Hogan Lovells (CIS) for its fraudulent representation and concealment of said criminal wrongdoing.

71.  Through said bribing Sony Electronics corruptly persuaded Hogan Lovells (CIS) to commit said fraudulent representation and to conceal said criminal wrongdoing.

72.  Hogan Lovells (CIS) corruptly persuaded lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina to commit said fraudulent representation and to conceal said criminal wrongdoing.

73.  Hogan Lovells (CIS) and lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina conspired to commit said fraudulent representation and to conceal said criminal wrongdoing.

74.  Judges of the Arbitration Court of Moscow, the Ninth Arbitration Court of Appeals and the Court for Intellectual Property Rights set out judgment and rulings on the lawsuit which rejected the Plaintiff's claims against the decision of Rospatent to invalidate the patent and confirmed the lawfulness of the decision of Rospatent to invalidate the patent.

75. Despite Plaintiff has submitted to the courts proofs which evidence that arguments put at the basis of the decision of Rospatent to invalidate the patent and proofs presented to the Russian courts by Rospatent and lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina have been falsified, nevertheless, said judgment and rulings on the lawsuit No.A40-128053/12-117-1239 are completely based on falsified proofs contained in the Rospatent's decision and falsified proofs presented to the Russian courts by Rospatent and lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina.

76. The Russian judges as the Russian government officials being in their official capacity have made deliberately false representations and abused of entrusted power with full understanding of their wrongdoing for private gain of Sony Corporation, Sony Computer Entertainment Inc., Sony Electronics and Hogan Lovells (CIS). There are a legal opinion and expert opinions which confirm the above stated facts.

77. Plaintiff possesses proofs supported by legal opinion and expert opinions evidencing that the judgment and rulings rendered on the lawsuit were obtained by fraud that deprived Plaintiff of an adequate opportunity to present its case.

78. As follows from ¶¶ 75 - 77 of this Amended Complaint, the judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239 by the Arbitration Court of Moscow (July 11, 2013), the Ninth Arbitration Court of Appeals (October 3, 2013) and the Court for Intellectual Property Rights as the court of cassation (December 4, 2013) were obtained by fraud that deprived Plaintiff of an adequate opportunity to present its case. As a result Plaintiff became a victim of said fraudulently attained judgment and rulings.

79. Under D.C. Code §15-364(c)(2), a court of the District of Columbia may not recognize a foreign-country judgment if the judgment was obtained by fraud that deprived the losing party of an adequate opportunity to present its case.

80. Under D.C. Code §15-364(c)(7), a court of the District of Columbia may not recognize a foreign-country judgment if the judgment was rendered in circumstances that raise substantial doubt about the integrity of the rendering court with respect to the judgment.

81. Under D.C. Code §15-364(d), a party resisting recognition of a foreign-country judgment has the burden of establishing that a ground for non-recognition stated in subsection (b) or (c) of this section exists.

82. Sony Corporation and Sony Computer Entertainment Inc. induced, abetted and aided Sony Electronics and corruptly persuaded CEO of Sony Electronics Fumiatsu Hirai to pay to Hogan Lovells (CIS) not only for its legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts on the lawsuit but also for its (i) unlawful services for corrupting the Russian judges of three Russian courts who have considered the lawsuit in order to influence wrongfully the adjudications rendered by the Russian judges and (ii) concealment of said criminal wrongdoing.

83. Sony Electronics headed by Fumiatsu Hirai knowingly paid to Hogan Lovells (CIS) not only for its legal services as legal representative of Sony Electronics in the Russian courts on the lawsuit but also for its (i) unlawful services for corrupting the Russian judges of three Russian courts who have considered the lawsuit in order to influence wrongfully the adjudications rendered by the Russian judges and (ii) concealment of said criminal wrongdoing.

84. One part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was a bribe paid by Sony Electronics to Hogan Lovells (CIS) for its (i) unlawful services for corrupting the Russian judges of three Russian courts who have considered the lawsuit in order to influence wrongfully the adjudications rendered by the Russian judges and (ii) concealment of said criminal wrongdoing.

85. Through bribing Hogan Lovells (CIS) Sony Electronics headed by Fumiatsu Hirai corruptly persuaded Hogan Lovells (CIS) (i) to corrupt the Russian judges of three Russian courts who

have considered the lawsuit in order to influence wrongfully the adjudications rendered by the Russian judges and (ii) to conceal said criminal wrongdoing.

86. Through the commission of the criminal wrongdoing disclosed in ¶¶ 60 - 85 of this Amended Complaint Sony Corporation, Sony Computer Entertainment Inc., Sony Electronics and Hogan Lovells (CIS) ensured sales of game consoles PlayStation Vita in Russia and thus ensured unjust enrichment of Sony Group companies and Hogan Lovells.

87. February – March 2014 and January - April 2015 Plaintiff informed in detail Defendants and their affiliates about criminal wrongdoing committed by Sony Electronics and Hogan Lovells (CIS) disclosed in ¶¶ 30 - 86 of this Amended Complaint and invited them to stop said criminal activity and to undertake measures provided for by the law.

88. Nevertheless, no one of employees and lawyers of Sony Electronics and Hogan Lovells (CIS) has been punished or dismissed, on the contrary, some of them, who has been named by Plaintiff as liable for criminal wrongdoing, have been raised in rank immediately after Plaintiff informed Defendants and their affiliates about aforementioned criminal wrongdoing.

89. Evgeniya Vetoshnikova has been raised in rank by Sony Electronics from 'legal manager' to 'senior legal manager' of Sony Electronics April 2014 one month after Plaintiff informed Sony Corporation about involvement of Evgeniya Vetoshnikova in aforementioned criminal wrongdoing.

90. Vironika Pilyugina has been raised in rank from 'associate' to 'senior associate' of Hogan Lovells January 2015 immediately after Plaintiff informed Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS)  about involvement of Vironika Pilyugina in aforementioned criminal wrongdoing.

91. Despite in 2014 and 2015 Defendants, Sony Electronics and Hogan Lovells (CIS) have been informed by Plaintiff about the criminal wrongdoing committed by Sony Electronics and Hogan Lovells (CIS) (*see* ¶ 87 of this Amended Complaint), nevertheless, Sony Electronics and Hogan Lovells (CIS) continued to conspire criminal wrongdoing, to falsify proofs relevant to

the lawsuit and to conceal circumstances relevant to the lawsuit in the Russian courts, to corrupt the Russian judges, to influence wrongfully adjudications rendered by the Russian courts, to commit corrupt practices and bribes and to conceal said criminal wrongdoing that are confirmed by the facts disclosed below in this Amended Complaint.

92. Disagreeing with fraudulently attained judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239, Plaintiff filed September 8, 2014 to the Arbitration Court of Moscow as the court of first instance an application to review on newly discovered circumstances the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013.

93. The Russian court of first instance considered said Plaintiff's appeal to review the enacted judgment on newly discovered circumstances on the lawsuit April 14, 2015, the Russian court of appeals considered said appeal June 13, 2015 and the Russian court of cassation considered said appeal September 18, 2015.

94. As before Sony Electronics has been presented in the Russian courts by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina.

95. As before lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina knowingly and repeatedly falsified proofs relevant to the lawsuit and concealed from the Arbitration Court of Moscow (April 14, 2015), the Ninth Arbitration Court of Appeals (June 13, 2015) and the Court for Intellectual Property Rights as court of cassation (September 18, 2015) circumstances relevant to the lawsuit. Said facts are confirmed also by expert opinion.

96. As before senior legal manager of Sony Electronics Evgeniya Vetoshnikova attended all court hearing on the lawsuit.

97. As before Sony Electronics was aware of said fraudulent representation committed by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina.

98. If lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina had not falsified proofs relevant to the lawsuit and had not concealed circumstances relevant to the lawsuit (i.e. fraudulent representation), then it would have been established by the court that the enacted

judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 rendered by the Arbitration Court of Moscow is wrong and unjust and therefore Rospatent's decision to recognize the patent No.2427879 as invalid is illegal. As a result, Plaintiff would have restored the patent right and the right to get compensation for the patent infringement in the Russian court.

99.     Thus, despite in 2014 and 2015 Defendants, Sony Electronics and Hogan Lovells (CIS) have been informed by Plaintiff about the criminal wrongdoing committed by Sony Electronics and Hogan Lovells (CIS) (*see* ¶ 87 of this Amended Complaint), Hogan Lovells (CIS) as legal representative of Sony Electronics in the Russian courts continued to falsify proofs relevant to the lawsuit and to conceal from the courts circumstances relevant to the lawsuit (i.e. fraudulent representation).

100.    Sony Corporation, Sony Computer Entertainment Inc. and Sony Electronics have gained unfair and unlawful business advantages from said fraudulent representation committed by Natalia Gulyaeva and Vironika Pilyugina while the Arbitration Court of Moscow (April 14, 2015), the Ninth Arbitration Court of Appeals (June 13, 2015) and the Court for Intellectual Property Rights as court of cassation (September 18, 2015) had been considering Plaintiff's application to review on newly discovered circumstances the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013.

101.    Sony Corporation and Sony Computer Entertainment Inc. once again induced, abetted and aided Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay to Hogan Lovells (CIS) not only for its legal services as legal representative of Sony Electronics in the Russian courts on the lawsuit but also for its (i) fraudulent representation committed by Natalia Gulyaeva and Vironika Pilyugina and (ii) concealment of said criminal wrongdoing.

102.    Sony Electronics headed by Shigeru Kumekawa knowingly and willfully paid to Hogan Lovells (CIS) not only for its legal services as legal representative of Sony Electronics in the

Russian courts on the lawsuit but also for its (i) fraudulent representation committed by Natalia Gulyaeva and Vironika Pilyugina and (ii) concealment of said criminal wrongdoing.

103. One part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was a bribe paid by Sony Electronics to Hogan Lovells (CIS) for its (i) fraudulent representation committed by Natalia Gulyaeva and Vironika Pilyugina and (ii) concealment by Hogan Lovells (CIS) of said criminal wrongdoing.

104. Through bribing Hogan Lovells (CIS) Sony Electronics corruptly persuaded Hogan Lovells (CIS) (i) to commit said fraudulent representation and (ii) to conceal said criminal wrongdoing.

105. Hogan Lovells (CIS) corruptly persuaded lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina to commit fraudulent representation and to conceal said criminal wrongdoing.

106. Hogan Lovells (CIS) and lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina conspired to commit said fraudulent representation and to conceal said criminal wrongdoing.

107. Judges of the Arbitration Court of Moscow, the Ninth Arbitration Court of Appeals and the Court for Intellectual Property Rights set out judgment and rulings on the lawsuit which rejected the Plaintiff's application to review on newly discovered circumstances the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013.

108. Despite Plaintiff submitted to said Russian courts proofs which evidence that the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 does correspond to the proofs available in the lawsuit, nevertheless, said judgment and rulings on the lawsuit No.A40-128053/12-117-1239 are based on (1) falsified proofs presented to the Russian courts by lawyers of Hogan Lovells (CIS) Natalia Gulyaeva and Vironika Pilyugina and (2) voluntary fraudulently presented findings of the Russian courts.

109. The Russian judges as the Russian government officials being in their official capacity have made deliberately false representations and abused of entrusted power with full understanding of their wrongdoing for private gain of Sony Corporation, Sony Computer Entertainment Inc., Sony Electronics and Hogan Lovells (CIS). There is expert opinion which confirms the above stated facts.

110. Taking into account ¶¶ 108 - 109 of this Amended Complaint, the judgment and rulings rendered on the lawsuit No.A40-128053/12-117-1239 by the Arbitration Court of Moscow (April 14, 2015), the Ninth Arbitration Court of Appeals (June 13, 2015) and the Court for Intellectual Property Rights as the court of cassation (September 18, 2015) were obtained by fraud that deprived Plaintiff of an adequate opportunity to present its case.

111. Thus, in 2015 Plaintiff once again became a victim of fraudulently attained judgment and rulings rendered by the Russian courts that have considered the Plaintiff's application to review on newly discovered circumstances the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013.

112. If the Russian court of first instance, the Russian court of appeals and the Russian court of cassation had considered impartially the Plaintiff's application to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 on newly discovered circumstances and had rendered fair judgment and rulings on the lawsuit, then it would have been established that the enacted judgment of the Arbitration Court of Moscow dated July 17, 2013 on the lawsuit is wrong and unjust and therefore Rospatent's decision to recognize the patent No.2427879 as invalid is illegal. As a result, Plaintiff would have restored the patent right and the right to get compensation for the patent infringement.

113. Under D.C. Code §15-364(c)(2), a court of the District of Columbia may not recognize a foreign-country judgment if the judgment was obtained by fraud that deprived the losing party of an adequate opportunity to present its case.

114. Under D.C. Code §15-364(c)(7), a court of the District of Columbia may not recognize a foreign-country judgment if the judgment was rendered in circumstances that raise substantial doubt about the integrity of the rendering court with respect to the judgment.

115. Under D.C. Code §15-364(d), a party resisting recognition of a foreign-country judgment has the burden of establishing that a ground for non-recognition stated in subsection (b) or (c) of this section exists.

116. Sony Corporation and Sony Computer Entertainment Inc. once again induced, abetted and aided Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay to Hogan Lovells (CIS) not only for its legal services as legal representative of Sony Electronics in the Russian courts on the lawsuit but also for its (i) unlawful services for corrupting the Russian judges of three Russian courts who have considered the Plaintiff's application to review on newly discovered circumstances the enacted judgment on the lawsuit dated July 17, 2013 in order to influence wrongfully the adjudications rendered by the Russian judges and (ii) concealment of said criminal wrongdoing.

117. Sony Electronics headed by Shigeru Kumekawa once again knowingly paid to Hogan Lovells (CIS) not only for its legal services as legal representative of Sony Electronics in the Russian courts on the lawsuit but also for its (i) unlawful services for corrupting the Russian judges of three Russian courts who have considered the Plaintiff's application to review on newly discovered circumstances the enacted judgment on the lawsuit dated July 17, 2013 in order to influence wrongfully the adjudications rendered by the Russian judges and (ii) concealment of said criminal wrongdoing.

118. Sony Electronics once again corruptly persuaded Hogan Lovells (CIS) to corrupt the Russian judges of three Russian courts who have considered the lawsuit on newly discovered circumstances in order to influence wrongfully the adjudications rendered by the Russian judges and to conceal said criminal wrongdoing.

119.   One part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was a bribe paid by Sony Electronics to Hogan Lovells (CIS) for its (i) unlawful services for corrupting the Russian judges of three Russian courts who have considered the Plaintiff's application to review on newly discovered circumstances the enacted judgment on the lawsuit dated July 17, 2013 in order to influence wrongfully the adjudications rendered by the Russian judges and (ii) concealment of said criminal wrongdoing.

120.   Through bribing Hogan Lovells (CIS) Sony Electronics headed by Shigeru Kumekawa once again corruptly persuaded Hogan Lovells (CIS) to corrupt the Russian judges of three Russian courts who have considered the lawsuit on newly discovered circumstances in order to influence wrongfully the adjudications rendered by the Russian judges and to conceal said criminal wrongdoing.

121.   Despite in 2014 and 2015 Defendants and their affiliates have been informed by Plaintiff about the criminal wrongdoing disclosed in ¶¶ 30 - 86 of this Amended Complaint (*see* ¶ 87 of this Amended Complaint), nevertheless, Defendants (i) induced, abetted and aided Hogan Lovells (CIS) and Sony Electronics to commit the criminal wrongdoing disclosed in ¶¶ 91 - 120 of this Amended Complaint and to conceal said criminal wrongdoing and (ii) concealed said criminal wrongdoing disclosed in ¶¶ 30 - 120 of this Amended Complaint.

122.   Through the commission of the criminal wrongdoing disclosed in ¶¶ 87 - 121 of this Amended Complaint Sony Corporation, Sony Computer Entertainment Inc., Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS) ensured sales of game consoles PlayStation Vita in Russia and thus ensured unjust enrichment of Sony Group companies and Hogan Lovells.

123.   December 24, 2015: answering to the Plaintiff's second application to review the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 on newly discovered circumstances lawyer of Hogan Lovells (CIS) Vironika Pilyugina as legal representative of Sony Electronics submitted to the Ninth Arbitration Court of Appeals

falsified proofs and concealed from the court circumstances relevant to the lawsuit. This fact is also confirmed by expert opinion.

124. Sony Corporation, Sony Computer Entertainment Inc. and Sony Electronics gained unfair and unlawful business advantages from said fraudulent representation (falsifying proofs relevant to the lawsuit and concealment of circumstances relevant to the lawsuit) committed by Vironika Pilyugina.

125. Sony Corporation and Sony Computer Entertainment Inc. once again induced, abetted and aided Sony Electronics and corruptly persuaded CEO of Sony Electronics Shigeru Kumekawa to pay to Hogan Lovells (CIS) not only for its legal services as legal representative of Sony Electronics in the Russian court on the lawsuit but also for its fraudulent representation and concealment of said criminal wrongdoing.

126. Sony Electronics headed by Shigeru Kumekawa knowingly and willfully paid to Hogan Lovells (CIS) not only for its legal services as legal representative of Sony Electronics in the Russian court on the lawsuit but also for its fraudulent representation and concealment of said criminal wrongdoing.

127. One part of payments committed by Sony Electronics in favor of Hogan Lovells (CIS) was a bribe paid by Sony Electronics to Hogan Lovells (CIS) for said fraudulent representation.

128. Through bribing Hogan Lovells (CIS) Sony Electronics corruptly persuaded Hogan Lovells (CIS) to commit said fraudulent representation and to conceal said criminal wrongdoing.

129. Hogan Lovells (CIS) corruptly persuaded lawyer of Hogan Lovells (CIS) Vironika Pilyugina to commit said fraudulent representation and to conceal said criminal wrongdoing.

130. Hogan Lovells (CIS) and lawyer of Hogan Lovells (CIS) Vironika Pilyugina conspired to commit said fraudulent representation and to conceal said criminal wrongdoing.

131. Despite in 2014 and 2015 Defendants and their affiliates have been informed by Plaintiff about the criminal wrongdoing disclosed in ¶¶ 30 - 86 of this Amended Complaint (*see* ¶ 87 of this Amended Complaint), nevertheless, Defendants once again (i) induced, abetted and

aided Hogan Lovells (CIS) and Sony Electronics to commit the criminal wrongdoing disclosed in ¶¶ 123 - 130 of this Amended Complaint and to conceal said criminal wrongdoing.

132. If lawyer of Hogan Lovells (CIS) Vironika Pilyugina had not falsified proofs and had not concealed from the court circumstances relevant to the lawsuit, then it would have been established by the court that the enacted judgment on the lawsuit No.A40-128053/12-117-1239 dated July 17, 2013 rendered by the Arbitration Court of Moscow is wrong and unjust and therefore Rospatent's decision to recognize the patent as invalid is unlawful. As a result, Plaintiff would have restored the patent right and the right to get compensation for the patent infringement in the Russian court.

133. Through the commission of the criminal wrongdoing disclosed in ¶¶ 123 - 131 of this Amended Complaint Sony Corporation, Sony Computer Entertainment Inc., Sony Electronics, Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS) ensured sales of game consoles PlayStation Vita in Russia and thus ensured unjust enrichment of Sony Group companies and Hogan Lovells.

134. In the period from September 2016 till September 2017 Plaintiff repeatedly informed in detail Sony Corporation, Sony Interactive Entertainment LLC, their top executives, a large number of Sony Group companies, Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells (CIS) and a large number of partners of Hogan Lovells about the criminal activity disclosed in ¶¶ 14 - 133 of this Amended Complaint and invited them to undertake measures provided for by the law.

135. Nevertheless, no one of employees and lawyers of Sony Electronics and Hogan Lovells (CIS) who participated in aforementioned criminal wrongdoing has been punished or dismissed. Defendants did not demonstrate the adequacy of the prosecution of employees responsible for the corporation's malfeasance.

136. In the beginning of 2017 Plaintiff tried repeatedly to settle the dispute with Defendants through ADR. All Plaintiff's proposals submitted to Defendants in order to settle the dispute alternatively have been ignored.

137. Taking into consideration ¶¶ 14 - 136 of this Amended Complaint, Defendants, their top executives, a large number of employees, partners and lawyers of Defendants in concert with top executives, employees and lawyers of their affiliates conspired to conceal and concealed the above disclosed criminal wrongdoing, obstructed criminal investigations and defrauded the United States.

138. If Defendants (i) had undertaken measures provided for by the law, (ii) had not induced, abetted and aided their affiliates to commit the criminal wrongdoing disclosed above in this Amended Complaint, (iii) had not concealed the criminal wrongdoing disclosed above in this Amended Complaint, (iv) had not obstructed criminal investigation and (v) had not defrauded the United States, then:

   (a) it would be established that Plaintiff has been deprived of the patent and the right to get compensation for the patent infringement as a result of criminal wrongdoing committed by Defendants in concert with their affiliates;

   (b) Plaintiff would have restored the patent right and the right to get compensation for the patent infringement;

   (c) Defendants would have been obliged to compensate Plaintiff's patent infringement damages.

139. As a result of conspiracy and incitements to commit crimes, bribes, fraudulent representations, concealment of circumstance relevant to the patent dispute, corrupt practices, wrongful influence adjudications rendered by Rospatent and the Russian courts, conspiracy to conceal said criminal wrongdoing, concealment of said criminal wrongdoing from law enforcement officer, obstruction of criminal investigations and defrauding the United States committed by Defendants in concert with their affiliates, Plaintiff has been deprived of the patent and his right

26

to get compensation for the patent infringement that ensured unjust enrichment of Defendants and their affiliates at the expense of Plaintiff.

140. December 22, 2017: as a reaction on Plaintiff's information about filing of the complaint (Dkt 1) Hogan Lovells' lawyer Robert Lindner accused Plaintiff and Inventor of influencing the US elections using obscene language. The management of Hogan Lovells ignored the request of Plaintiff and Inventor to bring its apologies for such slander and insult.

## VIII.  DEFENDANTS' LIABILITY

141. For proper understanding the responsibility of Defendants for their acts, Plaintiff refers to the following provisions of federal statutes:

(i) **18 U.S.C. §2** provides the following: (a) whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal; (b) whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

(j) **18 U.S.C. § 371** creates an offense relating to conspiracy to defraud the United States and provides the following: if two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose. In *Hass v. Henkel*, 216 U.S. 462 (1910), the Supreme Court stated: The statute is broad enough in its terms to include any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of government . . . Any conspiracy which is calculated to obstruct or impair its efficiency and destroy the value of its operation and reports as fair, impartial and reasonably accurate, would be to defraud the United States by depriving it of its lawful right and duty of promulgating or diffusing the information so officially acquired in the way and at the time required by law or departmental regulation.

(k) **18 U.S.C. §1001** creates an offense relating to false statement and provides the following: if whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

(l) **18 U.S.C. §1510(a)** creates an offense relating to obstruction of criminal investigations and provides the following: whoever willfully endeavors by means of bribery to obstruct, delay, or prevent the communication of information relating to a

violation of any criminal statute of the United States by any person to a criminal investigator.

(m) **18 U.S.C. §1512(b)(1)** provides that it shall be unlawful if whoever knowingly corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to influence, delay, or prevent the testimony of any person in an official proceeding.

(n) **18 U.S.C. §1512(b)(3)** provides that it shall be unlawful if whoever knowingly corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to prevent the communication to a law enforcement officer of information relating to the commission or possible commission of a federal offense.

(o) **18 U.S.C. §1961(1)** provides that 'Racketeering activity' means: (A) any act … involving ….bribery, …………; (B) any act which is indictable under any of the following provisions of title 18, United States Code: …….. section 1510 (relating to obstruction of criminal investigations), …… section 1512 (relating to tampering with a witness…), …….. .

142. In violation of 18 U.S.C. §2 and 18 U.S.C. §371 Sony Corporation, Sony Computer Entertainment Inc. and Hogan Lovells (CIS) conspired to commit and to conceal any possible acts, including the violation of criminal statute of the United States, in order to deprive Plaintiff of the patent and thus to ensure unjust enrichment of Sony Group companies at the expense of Plaintiff.

143. In violation of 18 U.S.C. §2, 18 U.S.C. §1001, 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(1), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(1)(A) and 18 U.S.C. §1961(1)(B), Sony Corporation and Sony Computer Entertainment Inc. repeatedly induced, abetted and aided Sony Electronics and corruptly persuaded several CEO of Sony Electronics:

(a) to pay to Hogan Lovells (CIS) not only for its legal services of Hogan Lovells (CIS) as legal representative of Sony Electronics in Rospatent and in the Russian courts but also for its (i) fraudulent representations and concealment of circumstances relevant to the lawsuit while the patent dispute had been considering in Rospatent and in the Russian courts, (ii) corrupting top executives of Rospatent and the Russian judges, (iii) wrongful influence on adjudications of Rospatent and the Russian courts,  (iv) concealment of said criminal wrongdoing;

(b) to conceal said criminal wrongdoing.

144. From the beginning of 2012 till the end of 2015, in violation of 18 U.S.C. §2, 18 U.S.C. §1001, 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(1), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(1)(A) and 18 U.S.C. §1961(1)(B), Sony Electronics repeatedly induced, corruptly persuaded and bribed Hogan Lovells (CIS) (i) to falsify proofs and to conceal circumstances relevant to the lawsuit while the patent dispute had been considering in Rospatent and in the Russian courts and (ii) to corrupt top executives of Rospatent and the Russian judges, (iii) to influence wrongfully the adjudications of Rospatent and the Russian courts,  (iv) to conceal said criminal wrongdoing.

145. From the beginning of 2012 till the end of 2015, in violation of 18 U.S.C. §2, 18 U.S.C. §1001, 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(1), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(1)(A) and 18 U.S.C. §1961(1)(B), Sony Electronics willfully and repeatedly paid to Hogan Lovells (CIS) not only for its legal services as legal representative of Sony Electronics in Rospatent and in the Russian courts but also for its (i) fraudulent representations and fraudulent concealment of circumstances relevant to the lawsuit while the patent dispute had been considering in Rospatent and in the Russian courts, (ii) corrupting top executives of Rospatent and the Russian judges, (iii) wrongful influence on the adjudications of Rospatent and the Russian courts,   (iv) concealment of said conspiracy and criminal wrongdoing.

146. In violation of 18 U.S.C. §1001, 18 U.S.C. §1512(b)(1), 18 U.S.C. §1961(1)(A), 18 U.S.C. §1961(1)(B), while the patent dispute had been considering in Rospatent and in the Russian courts Hogan Lovells (CIS) (i) falsified proofs and concealed circumstances relevant to the patent dispute, (ii) corrupted top executives of Rospatent and the Russian judges, (iii) wrongfully influenced the adjudications of Rospatent and the Russian courts and (iv) concealed said criminal wrongdoing.

147. In violation of 18 U.S.C. §2, 18 U.S.C. §1001, 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(1), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(1)(A) and 18 U.S.C. §1961(1)(B), Hogan Lovells (CIS) (i) repeatedly corruptly persuaded lawyers of Hogan Lovells (CIS) to falsify proofs and to

conceal circumstances relevant to the lawsuit while the patent dispute had been considering in Rospatent and in the Russian courts, (ii) to conceal said criminal wrongdoing.

148. In violation of 18 U.S.C. §2, 18 U.S.C. §1001, 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(1), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(1)(A) and 18 U.S.C. §1961(1)(B), Hogan Lovells US LLP and Hogan Lovells International LLP repeatedly induced, abetted and aided Hogan Lovells (CIS) and corruptly persuaded lawyers of Hogan Lovells (CIS) (i) to falsify proofs and to conceal circumstances relevant to the lawsuit while the patent dispute had been considering in the Russian courts, (ii) to corrupt the Russian judges while the patent dispute had been considering in the Russian courts, (iii) to influence wrongfully the adjudications of the Russian courts and (iv) to conceal said criminal wrongdoing.

149. In violation of 18 U.S.C. §2, 18 U.S.C. §1001, 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(1), 18 U.S.C. §1512(b)(3), 18 U.S.C. §1961(1)(A) and 18 U.S.C. §1961(1)(B), Sony Corporation, Sony Computer Entertainment Inc., Sony Interactive Entertainment LLC, Hogan Lovells US LLP and Hogan Lovells International LLP knowingly and willfully induced, abetted and aided Sony Electronics and Hogan Lovells (CIS) to violate the criminal statute of the United States and to conceal said criminal wrongdoing.

150. In violation of 18 U.S.C. §2, 18 U.S.C. §371, 18 U.S.C. §1001, 18 U.S.C. §1510(a), 18 U.S.C. §1512(b)(3),   Defendants in concert with their affiliates conspired to conceal and concealed the violation of the criminal statute of the United States committed by Defendants in concern with their affiliates, obstructed criminal investigation and thus defrauded the United States in order to ensure unjust enrichment of Defendants at the expense of Plaintiff.

## VII.  DAMAGES

### Count I. Unjust Enrichment

151. Unjust enrichment means when a person unfairly gets a benefit by chance, mistake or another's misfortune for which the one enriched has not paid or worked and morally and ethically should not keep. A person who has been unjustly enriched at the expense of another

must legally return the unfairly kept money or benefits. Unjust enrichment is an equitable doctrine applied in the absence of a contract and used to prevent one person from being unjustly enriched at another's expense.

152. The Restatement (Third) of Restitution and Unjust Enrichment states that unjust enrichment is enrichment that lacks an adequate legal basis. The doctrine of unjust enrichment applies "when a person retains a benefit (usually money) which in justice and equity belongs to another." Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 63 (D.C. 2005). The recipient of such a benefit has "a duty to make restitution to the other person 'if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for [the recipient] to retain it.'" Id. (quoting RESTATEMENT OF RESTITUTION § 1 cmt. c (AM. LAW INST. 1937)).

153. To recover on a theory of unjust enrichment …" the plaintiff "must show that [the defendant] was unjustly enriched at his expense and that the circumstances were such that in good conscience [the defendant] should make restitution." Id. The FRED EZRA COMPANY, Appellant, v. Theodore PEDAS et al., Appellees. No. 95-CV-631, 682 A.2d 173 (1996).

154. "Unjust enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." Euclid St., LLC v. District of Columbia Water & Sewer Auth., 41 A.3d 453, 463 n.10 (D.C. 2012).

155. Thus, "a claim for unjust enrichment accrues only when the enrichment actually becomes unlawful, i.e., where there has been a wrongful act giving rise to a duty of restitution." Thompsen, 878 A.2d at 1225". United States Court of Appeals, District of Columbia Circuit, Michael J. BREGMAN, Appellant v. Steven R. PERLES, et al., Appellees. No. 12–7091, April 01, 2014.

156. Based on the calculation of damages suffered by Plaintiff as a result of wrongdoing committed by Defendants (said calculation is available in Count Thirty of the original complaint, Dkt.1), Defendants are liable to Plaintiff for damages of $340,000,000.

157. This cause of action is based on the doctrine of unjust enrichment and it is not civil remedies under 18 USC §1964(c).

**Count II. Pain and Suffering Damages**

158. Defendants caused to Plaintiff and Inventor pain and suffering damages that is confirmed by the following facts:

(a) The Board of Directors of Sony Corporation adopted May 28, 2003 the Sony Group Code of Conduct. Taking into account provisions of said Code of Conduct, Plaintiff and Inventor were sure that Sony Corporation, Sony Computer Entertainment Inc., Sony Interactive Entertainment LLC and Sony Electronica are law-abiding companies and will respect the patent rights of Plaintiff and Inventor. It turned out quite the contrary. There is a great distance between provisions of said Code of Conduct and facts disclosed in the present amended complaint. Sony Corporation and Sony Interactive Entertainment LLC are in fact criminal companies. Said manifest disrespect showed by Sony Corporation and Sony Interactive Entertainment LLC to intellectual property rights of Plaintiff and Inventor caused to Plaintiff and Inventor and continues to cause to Plaintiff mental suffering and emotional distress.

(b) Hogan Lovells has multiple awards and has high rankings over the years. Plaintiff and Inventor were sure that Hogan Lovells as international legal practice, including Hogan Lovells US LLP, Hogan Lovells International LLP and Hogan Lovells (CIS), is a law-abiding company and will respect the rights of Plaintiff and Inventor. It turned out quite the contrary. Hogan Lovells is in fact a criminal company. Said manifest disrespect showed by Hogan

Lovells to intellectual property rights of Plaintiff and Inventor caused to Plaintiff and Inventor and continues to cause to Plaintiff mental suffering and emotional distress.

(c) As a result of deliberate violation of the criminal statute of the United States committed by Defendants, their affiliates, top executives, employees and lawyers Plaintiff and Inventor have been wrongfully deprived of the right to get compensation for the patent infringement that caused to Plaintiff and Inventor and continues to cause to Plaintiff mental suffering and emotional distress.

(d) Despite multiple appeals of Plaintiff and Inventor to Defendants, their affiliates, top executives, employees and lawyers, nevertheless, Defendants, fully understanding their wrongdoing, have not demonstrated their desire to contact with Plaintiff and Inventor with a view to pay restitution for their deliberate criminal wrongdoing. On the contrary, Defendants have ignored all invitations of Plaintiff and Inventor to settle the dispute and to compensate damages in the pretrial order. In other words, Defendants do not feel any regret about their criminal wrongdoing that caused to Plaintiff and Inventor and continues to cause to Plaintiff mental suffering and emotional distress.

(e) Defendants displayed actual intent to cause losses to Plaintiff and Inventor that caused to Plaintiff and Inventor and continues to cause to Plaintiff mental suffering and emotional distress.

(f) In order to ensure unjust enrichment at the expense of Plaintiff and Inventor Defendants in concert with their affiliates knowingly and willfully violated criminal statute of the United States that caused to Plaintiff and Inventor and continues to cause to Plaintiff mental suffering and emotional distress.

(g) Defendants knowingly, willfully and wrongfully have deprived Inventor as the author of two inventions which were protected by the patent of the author's right to the name. Such blatant injustice and deception caused to Plaintiff and Inventor and continues to cause to Plaintiff mental suffering and emotional distress.

33

(h)  Wrongful invalidation of the patent invalidated also dozens of embodiments of the first and the second inventions which have been protected by the patent that caused to Plaintiff and Inventor and continue to cause to Plaintiff mental suffering and emotional distress.

(i)  It was said at Hogan Lovells' official website that Natalia Gulyaeva as the partner of Hogan Lovells advised Sony Corporation and Sony Computer Entertainment Inc. on patent licensing in Russia and represented the client in the patent disputes with the Russian patent trolls. Said allegation refers to Plaintiff and Inventor as the owner of the patent. Plaintiff and Inventor are not patent trolls. Said Hogan Lovells' deliberate pejorative usage of term "patent trolls" towards Plaintiff and Inventor is a defamation that discredits Plaintiff and caused to Plaintiff and Inventor and continues to cause to Plaintiff mental suffering and emotional distress.

(j)  Defendants have discriminated human rights of Plaintiff and Inventor just because Plaintiff and Inventor lived in the Russian Federation where corruption is rampant. If Plaintiff and Inventor had lived in the United States, then, Defendants could not commit the above mentioned offenses against Plaintiff and Inventor. Thus, it turns out that the respect or disrespect for human rights of people by Defendants depends on the country these people live. Said manifest discrimination of the human rights of Plaintiff and Inventor caused to Plaintiff and Inventor and continues to cause to Plaintiff mental suffering and emotional distress.

(k)  Deliberate violation of the criminal statute of the United States committed by Defendants, their top executives, employees and lawyers disrupted Plaintiff's and Inventor's professional plans as Plaintiff and Inventor were forced during 2011, 2012, 2013, 2014, 2015, 2016 and 2017 to spend a lot of time to protect their rights knowingly and willfully violated by Defendants that caused to Plaintiff and Inventor and continues to cause to Plaintiff mental suffering and emotional distress.

(l)  December 22, 2017: Hogan Lovells accused Plaintiff and Inventor of influencing the US elections using obscene language. The management of Hogan Lovells ignored the request of Plaintiff and Inventor to bring its apologies for such slander and insult. Such slander and

insult together with actual refusal of Hogan Lovell's management to bring its apologies caused to Plaintiff and Inventor and continues to cause to Plaintiff mental suffering and emotional distress.

(m) Unconcealed and blatant injustice knowingly and willfully committed by Defendants in concert with their affiliates for many years caused to Inventor mental suffering and emotional distress and impacted extremely negative on his health and April 23, 2018 he died before reaching the age of 51.

(n) Inventor was not only Plaintiff's partner in business and creative activity but also a friend. His untimely death caused by unconcealed and blatant injustice knowingly and willfully committed by Defendants in concert with their affiliates for many years is causing to Plaintiff mental suffering and emotional distress.

159. Justice is expressed in adequacy of legal liability. In this regard, Defendants will grasp their legal liability for pain and suffering damages caused to Plaintiff and procedural successor of Inventor if the Court will set a fair and commensurate amount of compensation.

### Count III. Punitive Damages

160. Punitive damages is a monetary compensation awarded to an injured party that goes beyond that which is necessary to compensate the individual for losses and that is intended to punish the wrongdoer. Punitive damages are usually reserved for when the defendant has displayed actual intent to cause harm. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

161. Defendants acted with deliberate intent to cause harm to Plaintiff and Inventor with full understanding that their conduct is wrongful, with willful disregard for the rights of Plaintiff and Inventor. Defendants' conduct is outrageous, fraudulent, egregiously insidious and particularly reprehensible. Defendants do not feel any regret about committed by them aforementioned wrongdoing.

## VIII.  PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully prays for relief and judgment against all Defendants, jointly and severally, as follows:

A.    That this Court issue a permanent injunction that will do the following:

   (i)  Prohibit each Defendant and its successors, officers, employees, and all persons acting in concert with each Defendant, to violate any criminal statute of the United States and associate directly or indirectly, with any other person known to them to be engaged in such violation or with any person in concert or participation with them.

   (ii)  Order each Defendant to disclose and make available to the Department of Justice all documents and evidence relating to the violation of the criminal statute of the United States committed, directly or indirectly, by Defendants and their respective agents, affiliates, servants, officers, directors, employees and all persons acting in concert with them.

B.    That this Court issue a declaratory judgment that will do the following:

   (a)  Pursuant to D.C. Code §15-364 declare that  the United States District Court of the District of Columbia does not recognize the following foreign-country judgments and rulings:

      i.  The judgment of the Arbitration Court of Moscow dated July 17, 2013, the ruling of the Ninth Arbitration Court of Appeals dated October 3, 2013 and the ruling of the Court for Intellectual Property Rights as the court of cassation dated December 6, 2013 rendered on the lawsuit No.A40-128053/12-117-1239.

      ii.  The judgment of the Arbitration Court of Moscow dated April 14, 2015, the ruling of the Ninth Arbitration Court of Appeals dated June 30, 2015 and the ruling of the of the Court for Intellectual Property Rights as the court of cassation dated September 18, 2015 rendered on the lawsuit No.A40-128053/12-117-1239 on newly discovered circumstances.

   (b)  Declare that the invention under the patent is used in game console PlayStation Vita.

C.    Award compensatory damages for Plaintiff in the amount of $340,000,000 on Count I.

**D.**     Award pain and suffering damages for Plaintiff and procedural successor of Miroshnichenko Vladimir Vitalievich (former Plaintiff before his death) on Count II.

**E.**     Award punitive damages on Count III.

**F.**     Grant Plaintiff both pre-judgment and post-judgment interest as provided by law.

**G.**     Grant Plaintiff such other and further relief as this Court finds just and proper.

## IX.     DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues in this action.

Date: June 21, 2018

Respectfully submitted,

Vitaly Pilkin

Plaintiff *Pro Se*

1/1, Vereskovaya Street, apartment 111,
Moscow, 129329,
Russian Federation,
Phone: +79852225545.
E-mail: vitalypilkin@gmail.com