UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VITALY EVGENIEVICH PILKIN,

    *Plaintiff*,

    v.

SONY CORPORATION, et al.,

    *Defendants*.

Civil Action No. 17-2501 (RDM)

## MEMORANDUM OPINION AND ORDER

This matter, first filed on November 13, 2017, Dkt. 1, has remained in a state of limbo for some time due, in part, to difficulty effecting service on named Defendant Sony Corporation and related questions concerning this Court's subject-matter jurisdiction over Plaintiff's claims. Pursuant to Federal Rule of Civil Procedure 21, the Court will now dismiss Defendant Sony Corporation from this action and will allow Defendant Hogan Lovells US LLP to renew its motion to dismiss, which the Court previously denied without prejudice. As explained below, little good would be achieved by continuing the Court's efforts to effect service on Sony Corporation because serving Sony Corporation would defeat diversity jurisdiction and would require the Court to dismiss the action. By dismissing Plaintiff's claims against Sony Corporation, in contrast, the Court will be able to reach the merits of Plaintiff's claims, and Plaintiff will remain free, if he chooses, to bring suit against Sony Corporation in an appropriate forum.

On November 13, 2017, Plaintiff filed his complaint against Hogan Lovells US, LLP, Jefferson Sessions, Sony Corporation, Sony Interactive Entertainment LLC, and the United States Department of Justice. Dkt. 1. The Court dismissed the United States Department of

Justice and Jefferson Sessions as defendants on grounds of sovereign immunity.  Dkt. 8.  Summons were issued as the remaining named Defendants, Dkt. 10, and were executed against Hogan Lovells and Sony Interactive Entertainment, Dkt. 11; Dkt. 14.  Plaintiff subsequently amended his complaint, Dkt. 12, and Hogan Lovells moved to dismiss the Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.  Dkt. 26.  Sony Interactive, for its part, moved to dismiss for lack of personal jurisdiction.  Dkt. 25.  Plaintiff then moved for leave to file a Second Amended Complaint.  Dkt. 31.  On January 15, 2019, the Court ordered Plaintiff to "serve process on Defendant Sony Corporation and [to] file proof of service with the Court[] or establish good faith failure to do so" on or before February 1, 2019.  The following day, the Court granted Sony Interactive's motion to dismiss for lack of personal jurisdiction.  Dkt. 46.  On February 13, 2019, the Court explained in a Minute Order that "[b]ecause Plaintiff is proceeding in forma pauperis, the officers of the court must 'issue and serve all process' in this case.  28 U.S.C. § 1915(d)."  Minute Order (Feb. 13, 2019).  It therefore ordered the Clerk of Court to "effectuate service on Defendant Sony Corporation pursuant to Article 5 of the Hague Service Convention."  *Id.*

The next day, the Court denied Hogan Lovells's motion to dismiss without prejudice.  Dkt. 48.  In that ruling, the Court explained that, although it "agree[d] that Pilkin has failed to allege facts sufficient to establish federal question jurisdiction," the Court could not "decide whether Pilkin can establish diversity jurisdiction."  *Id.* at 2.  Specifically, "the complete diversity requirement means that this Court would lack diversity jurisdiction over a claim by Pilkin, a Russian citizen, against Sony Corporation," which is also a citizen of a foreign state within the meaning of 28 U.S.C. § 1332.  *Id.* at 8.  The Court observed that, "[u]nder these circumstances, the Court might exercise its discretion under Federal Rule of Civil Procedure 21

to dismiss Sony Corporation [from] the action as a 'so-called "jurisdictional spoiler."'" *Id.* (quoting *In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 542 (D.C. Cir. 2011)). But it refrained from doing so at that juncture and, instead, "provide[d] the parties with an opportunity to be heard on the issue." *Id.* Finally, the Court explained that it could not reach the question "whether the amended complaint states a claim upon which relief can be granted without first determining whether it has subject-matter jurisdiction." *Id.* at 2. The Court, accordingly, granted Plaintiff leave to file his Second Amended Complaint and allowed Hogan Lovells 21 days to answer or otherwise respond to that complaint, counted from the date that "Defendant Sony Corporation either appears in this action or moves to dismiss for lack of personal jurisdiction." Dkt. 48. That day has not come to pass because Defendant Sony Corporation remains unserved.

On February 18, 2020, the Court issued a Minute Order explaining that the Clerk had attempted to effect service on Sony Corporation in Japan but that proof of service had not been filed and that "Sony Corporation has not appeared in this matter to date." Minute Order (Feb. 18, 2020). In light of this, the Court ordered both Plaintiff and Hogan Lovells to file a status report answering several questions, including whether service on Sony Corporation should be reattempted, whether "Sony Corporation [is] an indispensable party in this litigation," and whether "dropping Sony Corporation as a Defendant [would] prejudice the parties such that Sony Corporation's removal would be inappropriate under Federal Rule of Civil Procedure 21 and *In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 542 (D.C. Cir. 2011)?" Minute Order (Feb. 18, 2020).

Hogan Lovells responded to the Court's question regarding Rule 21, asserting that "Sony Corporation is not an indispensable party in this litigation" because the "the Second Amended

3

Complaint does not contain allegations that support a claim against any Defendant." Dkt. 57 at 2-3.  It also argued that Sony Corporation was not an indispensable party and should be dismissed from the present action because (1) "a judgment rendered in Sony Corporation's absence would not prejudice it or the existing parties;" (2) the Court could address any potential prejudice by "making clear that Sony was dismissed without prejudice;" (3) Plaintiff's theory of damages would allow a "judgment against Hogan Lovells US LLP alone [to] afford Plaintiff meaningful relief;" and (4) "it is not clear whether Plaintiff could refile elsewhere against all Defendants." *Id.* at 4-5.  Hogan Lovells further observed that, even "if service is or has been effected, then Sony Corporation's presence defeats complete diversity, and the case should be dismissed." *Id.* at 5.

Plaintiff also filed a response to the Court's Minute Order, explaining that the Court's earlier attempt to effect service on Defendant Sony Corporation had been flawed, Dkt. 56 at 3-4, and arguing that Court should make further efforts to serve Sony Corporation, *id.* at 6.  In response to the Court's question concerning Rule 21, Plaintiff maintained that "Defendant Sony Corporation is an indispensable party in this litigation" and that "[d]ropping Sony Corporation as a Defendant would prejudice the parties." *Id.*  Plaintiff, accordingly, opposed dismissing Sony Corporation as a defendant, *id.*, even though the Court's continued efforts to serve Sony Corporation would, when successful, defeat diversity and require the Court to dismiss Plaintiff's entire lawsuit, including his claims against Hogan Lovells.  Plaintiff's status report did acknowledge that Sony Corporation is a Japanese entity, but it failed to address the affect that service of Sony Corporation would have on this Court's jurisdiction.  *Id.*

Following the parties' submissions of their status reports, the Court directed the Clerk of Court again to attempt to serve Sony Corporation through the Japanese central authority under

4

the Hague convention.  Minute Order (Apr. 17, 2020).  Plaintiff, in turn, moved for leave to file a Third Amended Complaint.  Dkt. 59.

On further reflection, the Court now concludes that continued efforts to serve Sony Corporation would not "secure the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1, and that the Court should, instead, dismiss Sony Corporation from the action pursuant to Rule 21.  The Court, in particular, concludes that (1) Sony Corporation is not an indispensable party to this action; (2) service has yet to be affected on Sony Corporation; (3) and effecting service upon Sony Corporation would only spoil complete diversity and this Court's jurisdiction.  Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  "This Rule allows the district court to dismiss so-called 'jurisdictional spoilers'—parties whose presence in the litigation destroys jurisdiction—if those parties are not indispensable and if there would be no prejudice to the parties."  *In re Lorazepam*, 631 F.3d at 542.

"For a party to be indispensable to litigation under Federal Rule of Civil Procedure 19, it must first be determined that the party is necessary."  *Doe v. Exxon Mobile Corp.*, 69 F. Supp. 3d 75, 100 (D.D.C. 2014).  Under Rule 19(a), however, "joint tortfeasors are not necessary parties." *Id.*  Plaintiff's Amended Complaint alleges that Sony Corporation unlawfully conspired with Hogan Lovells to "deprive Plaintiff of [a] patent," making them alleged joint tortfeasors in this action.  Dkt. 49 at 7 (Am. Compl. ¶¶ 27, 30).  Plaintiff's conclusory response to the Court's question regarding Rule 21, *see* Dkt. 56, does not advance any substantive argument as to why the Court should treat Sony Corporation as an indispensable party.  The Court will, however, dismiss Sony Corporation without prejudice, and, if Plaintiff desires, he may (as appropriate) file a separate action against it in a court of competent jurisdiction.  Plaintiff has asserted no specific

prejudice that he might face based upon Sony Corporation's dismissal, *see* Dkt. 56; to the contrary, *maintaining* Sony Corporation as a defendant in this action will prejudice Plaintiff by defeating jurisdiction in this Court.  The Court will, accordingly, dismiss Sony Corporation from this action without prejudice pursuant to Rule 21 because its "presence . . . destroys complete diversity among the parties and because it is not a necessary party to these proceedings."  *Doe*, 69 F. Supp. 3d at 101.

       Given the dismissal of claims against Sony Corporation, the Court will grant Hogan Lovells leave to renew its motion to dismiss and will set a briefing schedule for that motion as well as for Hogan Lovells to oppose Plaintiff's recently filed motion for leave to file a Third Amended Complaint, Dkt. 59.  Before the Court rules on Defendant's renewed motion to dismiss, Plaintiff is entitled to file a memorandum and supporting evidence in response.  Under this Court's local rules, a party opposing a motion must serve and file a memorandum of points and authorities in opposition within 14 days of the date of service of the motion or "at such other time as the Court may direct."  Local Civil Rule 7(b).  If Plaintiff fails to respond to Defendant's motion in the time provided, the Court may (1) treat the motion as conceded; *id.*; (2) rule on Defendant's motion based on Defendant's arguments alone and without considering Plaintiff's arguments; or (3) dismiss Plaintiff's claims for failure to prosecute, *see Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).  Furthermore, if Plaintiff "files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."  *Xenophon Strategies, Inc. v. Jernigan Copeland & Anderson, PLLC*, 268 F. Supp. 3d 61, 72 (D.D.C. 2017) (quoting *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 15, 25 (D.D.C. 2003)).

Accordingly, it is hereby **ORDERED** that Sony Corporation is dismissed as a defendant to this action without prejudice pursuant to Federal Rule of Civil Procedure 21; and it is further **ORDERED** that the following schedule shall govern proceedings in this matter going forward: (1) Defendant Hogan Lovells shall file its renewed motion to dismiss along with its response to Plaintiff's motion for leave to file a third amended complaint on or before August 21, 2020; (2) Plaintiff shall file a brief in opposition to Defendants' renewed motion to dismiss and any reply in support of his motion for leave to file a third amended complaint on or before September 21, 2020; and (3) Hogan Lovells shall file any reply in support of its renewed motion to dismiss on or before October 5, 2020.  Plaintiff is cautioned that, if he does not file a response to Defendant's renewed motion to dismiss within the time provided, the Court may treat the motion as conceded, dismiss Plaintiff's claims for failure to prosecute, or rule on the renewed motion to dismiss based on Defendant's arguments alone and without considering any arguments that Plaintiff may later wish to raise.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:   July 24, 2020