UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VITALY EVGENIEVICH PILKIN,

    *Plaintiff*,

  v.

SONY INTERACTIVE ENTERTAINMENT LLC *et al.*,

    *Defendants*.

Civil Action No. 17-2501 (RDM)

## MEMORANDUM OPINION AND ORDER

Disagreement over which parties belong before this Court has repeatedly stalled this case. Here, the Court addresses the most recent iterations of this disagreement: two motions, Dkt. 65; Dkt. 66, filed by Plaintiff Vitaly Evgenievich Pilkin urging the Court to reconsider past orders, one dismissing Defendant Sony Interactive Entertainment LLC ("SIE") for lack of personal jurisdiction, and the other dismissing Defendant Sony Corporation without prejudice pursuant to Federal Rule of Civil Procedure 21. For the reasons explained below, the Court will deny both motions.

### I. BACKGROUND

On January 16, 2019, the Court dismissed SIE as a defendant for lack of personal jurisdiction. *Pilkin v. Sony Interactive Entm't, LLC*, No. 17-cv-2501, 2019 WL 224145, at *4 (D.D.C. Jan. 16, 2019) ("*SIE Dismissal*"); Dkt. 46. Around that same time, the Court learned that the U.S. Marshals Service, which typically effects service on behalf of plaintiffs who, like Pilkin, are proceeding *in forma pauperis*, had not attempted to serve Sony Corporation because it is a foreign corporation. As a result, the Court directed the Clerk to "'issue and serve all process'

in this case" on Sony Corporation pursuant to Article 5 of the Hague Service Convention. Minute Order (Feb. 13, 2019) (citing 28 U.S.C. § 1915(d)).  After an initial, unsuccessful attempt to serve Sony Corporation, the Court ordered Plaintiff and Defendant Hogan Lovells to file status reports addressing "whether service on Sony Corporation should be reattempted, whether 'Sony Corporation [is] an indispensable party in this litigation, and whether 'dropping Sony Corporation as a Defendant [would] prejudice the parties such that Sony Corporation's removal would be inappropriate under Federal Rule of Civil Procedure 21 and *In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 542 (D.C. Cir. 2011).'"  *Pilkin v. Sony Corp.*, No. 17-cv-2501, 2020 WL 4286823, at *2 (D.D.C. July 24, 2020) ("*Sony Corp. Dismissal*") (alterations in original) (quoting Minute Order (Feb. 18, 2020)).  Both parties filed status reports.  Dkt. 56; Dkt. 57.  Upon consideration of the parties' respective positions, the Court concluded that "(1) Sony Corporation is not an indispensable party to this action; (2) service ha[d] yet to be [e]ffected on Sony Corporation; [and] (3) [] effecting service upon Sony Corporation would only spoil complete diversity and this Court's jurisdiction."  *Sony Corp. Dismissal*, 2020 WL 4286823, at *2.  The Court, accordingly, dismissed Sony Corporation from the case pursuant to Federal Rule of Civil Procedure 21.  *Id.* at *3.

   Plaintiff appealed Sony Corporation's dismissal, and the D.C. Circuit ordered him to show cause by August 31, 2020 why his appeal should not be dismissed for lack of appellate jurisdiction.  *Pilkin v. Sony Interactive Entm't, LLC*, No. 20-7073, Order at 1 (D.C. Cir. July 31, 2020).  Meanwhile, Plaintiff filed two motions for reconsideration in this Court: one motion to reconsider the SIE Dismissal Order from January 2019, Dkt. 66, and one motion to reconsider the Sony Corporation Dismissal Order from July 2020, Dkt. 65.  SIE responded with a memorandum in opposition to reconsideration of the SIE Dismissal Order, Dkt. 67, and Hogan

Lovells responded with a memorandum in opposition to reconsideration of the Sony Corporation Dismissal Order, Dkt. 68.  On October 7, 2020, the D.C. Circuit dismissed Plaintiff's appeal for failure to prosecute.  *Pilkin v. Sony Interactive Entm't, LLC*, No. 20-7073, Order at 1 (D.C. Cir. Oct. 7, 2020).  As a result, the Court once again has jurisdiction (assuming that Plaintiff's interlocutory notice of appeal temporarily divested the Court of jurisdiction) and will now resolve the two pending motions for reconsideration.

## II.  LEGAL STANDARD

Plaintiff moves for reconsideration pursuant to Federal Rule of Civil Procedure 54(b). Dkt. 65 at 5; Dkt. 66 at 3.  Rule 54(b) "reflect[s] the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'"  *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015) (quoting *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22 (1st Cir. 1985)).  In applying the "'as justice requires' standard," the Court may consider whether it "'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred."  *In Def. of Animals v. Nat'l Insts. of Health*, 543 F. Supp. 2d 70, 75 (D.D.C. 2008) (citation omitted).  Although deciding whether to grant reconsideration lies within the Court's sound discretion, considerations of judicial economy and the obligation of the courts "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, require "good reason" before reopening matters once resolved.  *In Def. of Animals*, 543 F. Supp. 2d at 76.

## III.  ANALYSIS

The Court begins with Plaintiff's motion to reconsider the Court's order dismissing SIE for lack of personal jurisdiction.  In opposing SIE's motion to dismiss,

3

Plaintiff premised his claim of personal jurisdiction on two theories: he alleged (1) "that SEI does business . . . [and] has agents and other representatives in the District of Columbia," and (2) "that Defendants, including SIE [], committed federal offenses and concealed them from the Department of Justice, and that, as a result, a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia." *SIE Dismissal*, 2019 WL 224145, at *2 (internal quotation marks omitted). As the Court explained in its earlier Memorandum Opinion, neither theory suffices to support general or specific jurisdiction. As to general jurisdiction, Plaintiff conceded that SIE is headquartered in San Mateo, California, and he failed to allege facts that came "close to" showing SIE's "affiliations with the District of Columbia are so continuous and systematic as to render [it] essentially at home here." *Id.* (internal quotation marks omitted). And, as to specific jurisdiction, Plaintiff failed to allege facts sufficient to show that SIE transacts business or caused a tortious injury in the District of Columbia. *Id.* at *3. As the Court explained, Plaintiff's "bare allegation that SEI does business . . . [and] has agents and other representatives in the District of Columbia" fell short of meeting his burden. *Id.* (internal quotation marks omitted).

     Plaintiff's motion for reconsideration offers no basis to question these conclusions but, rather, rehashes the arguments that he previously made and that the Court previously rejected. Much of his motion lists an array of federal laws that SIE allegedly violated. Dkt. 66 at 4–10. In pressing this argument, Plaintiff seems to conflate subject-matter jurisdiction with personal jurisdiction, but, in any event, these alleged violations of federal law do not establish personal jurisdiction in the District of Columbia. More on point but equally unavailing, Plaintiff also contends that the

presence of Hogan Lovells and the Department of Justice in the District of Columbia provides sufficient basis for the Court to exercise personal jurisdiction over SIE. He argues, for example, that Hogan Lovells is incorporated in the District of Columbia, that the law firm and SIE "conspired" to commit and to conceal various federal crimes, that SIE "induced, abetted and aided" Hogan Lovells in violating federal criminal law, and that the Department of Justice is headquartered in the District of Columbia. *Id.* at 12, 14. Each of these arguments, however, retraces old ground and fares no better on a second outing. As the Court previously held, "[a]lthough Pilkin does allege that SIE 'committed federal offenses and concealed them from the Department of Justice,' Dkt. 33 at 15, he does not identify any specific tortious conduct that allegedly occurred in the District of Columbia." *SIE Dismissal*, 2019 WL 224145, at *3.

The only argument that Plaintiff makes that does not rely on facts in his previous filings relates to the burden placed on SIE. Because SIE hired a D.C.-based law firm to defend this case and "is a multinational and multimillion" dollar corporation, Pilkin argues, "[t]here is no [] burden on SIE from litigating in" the District of Columbia. Dkt. 66 at 14. This argument, of course, is based on facts that were available to Plaintiff at the time he filed his opposition memorandum. But, in any event, hiring counsel to defend a suit in the jurisdiction in question does not deprive the defendant of otherwise available jurisdictional defenses.

Plaintiff's motion for reconsideration of the Court's order dismissing Sony Corporation is equally unavailing. Once again, Plaintiff offers nothing new that would justify reconsideration. Moreover, each of the three arguments that he makes fails as a matter of law. He first argues that the Court has federal question jurisdiction over his

5

claims, Dkt. 65 at 6–12, but, as the Court has previously explained, that is incorrect, *see Sony Corp. Dismissal*, 2020 WL 4286823, at *1 (noting that the facts alleged in the complaint failed to support federal question jurisdiction). Rather, Plaintiff asserts a state-law claim for unjust enrichment, and his invocation of multiple federal statutes in aid of that claim does not give rise to federal-question jurisdiction. *Pilkin v. Sony Interactive Entm't, LLC*, No. 17-cv-2501, 2019 WL 633356, at *2–3 (D.D.C. Feb. 14, 2019). Second, he argues that Sony Corporation is indispensable, Dkt. 65 at 12–13, but he fails to explain why that is so or in what way the Court erred. Plaintiff asserts a state-law tort claim, and, as the Court previously explained, a "'joint tortfeasor[] [is] not [a] necessary part[y].'" *Sony Corp. Dismissal*, 2020 WL 4286823, at *3 (quoting *Doe v. Exxon Mobile Corp.*, 69 F. Supp. 3d 75, 100 (D.D.C. 2014)). Finally, Plaintiff fails to identify any unfair prejudice that he or anyone else would suffer by severing Sony Corporation from the case. *See* Dkt. 65 at 13. Indeed, as the Court has previously explained, Sony Corporation is a jurisdiction spoiler, and, thus, if Sony Corporation were to appear, the Court would lack jurisdiction and Plaintiff would have to turn to an alternative forum to resolve his claims. *Sony Corp. Dismissal*, 2020 WL 4286823, at *2.

    Overall, Plaintiff has failed to demonstrate that the Court "patently misunderstood" him, "made a decision beyond the adversarial issues presented," failed to "consider controlling decisions or data," or that a "controlling or significant change in the law or facts has occurred since" the Court considered the issue. *Loumiet v. United States*, 65 F. Supp. 3d 19, 24 (D.D.C. 2014) (internal quotation marks omitted). The Court will, therefore, deny both of Plaintiff's motions for reconsideration.

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Plaintiff's motion to reconsider the Court's order dismissing SIE for lack of personal jurisdiction, Dkt. 66, is **DENIED**; and it is further **ORDERED** that Plaintiff's motion to reconsider the Court's order dismissing Sony Corporation without prejudice pursuant to Federal Rule of Civil Procedure 21, Dkt. 65, is also **DENIED.**

    **SO ORDERED**.

                                      /s/ Randolph D. Moss
                                      RANDOLPH D. MOSS
                                      United States District Judge

Date:   December 14, 2020