APPEAL,CLOSED,IFP,JURY,PROSE–NP,TYPE–F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:17–cv–02501–RDM</u>

| | |
|---|---|
| PILKIN v. SONY INTERACTIVE ENTERTAINMENT LLC et al | Date Filed: 11/13/2017 |
| | Date Terminated: 03/15/2021 |
| Assigned to: Judge Randolph D. Moss | Jury Demand: Plaintiff |
| Demand: $340,000,000 | Nature of Suit: 380 Personal Property: Other |
| Case in other court:  USCA, 20–07073 | Jurisdiction: Diversity |
| USCA, 20–07115 | |
| Cause: 28:1338 Patent Infringement | |

**Plaintiff**

| | | |
|---|---|---|
| **VITALY EVGENIEVICH PILKIN** | represented by | **VITALY EVGENIEVICH PILKIN** |
| | | 1/1, Vereskovaya Street |
| | | Apartment 111 |
| | | Moscow 129329 |
| | | +79852225545 |
| | | Email: <u>vitalypilkin@gmail.com</u> |
| | | PRO SE |

**Plaintiff**

| | | |
|---|---|---|
| **VLADIMIR VITALYEVICH MIROSHNICHENKO** | represented by | **VLADIMIR VITALYEVICH MIROSHNICHENKO** |
| *TERMINATED: 02/14/2019* | | 84, 3 Pochtovoe Otdelenie Street |
| | | Apartment 28 |
| | | Lyubertsy, Moscow 140003 |
| | | PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **SONY INTERACTIVE ENTERTAINMENT LLC** | represented by | **Ariel N. Lavinbuk** |
| *TERMINATED: 01/16/2019* | | ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP |
| | | 2000 K Street, NW |
| | | 4th Floor |
| | | Washington, DC 20006 |
| | | (202) 775–4500 |
| | | Fax: (202) 775–4510 |
| | | Email: <u>alavinbuk@robbinsrussell.com</u> |
| | | *TERMINATED: 01/16/2019* |
| | | |
| | | **Philip Andrew Sechler** |
| | | ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP |

1

2000 K Street, NW
4th Floor
Washington, DC 20006
(202) 775–4492
Fax: (202) 775–4510
Email: psechler@robbinsrussell.com
*TERMINATED: 01/16/2019*

**Defendant**

**SONY CORPORATION**
*TERMINATED: 07/24/2020*

**Defendant**

**HOGAN LOVELLS US LLP**    represented by    **Peter R. Bisio**
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
202–637–5749
Fax: 202–637–5910
Email: peter.bisio@hoganlovells.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kirti Datla**
HOGAN LOVELLS US LLP
555 Thirteenth St. N.W.
Washington, DC 20004
(202) 637–6583
Fax: (202) 637–5910
Email: kirti.datla@hoganlovells.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES DEPARTMENT OF JUSTICE**
*TERMINATED: 04/04/2018*

**Defendant**

**JEFFERSON B. SESSIONS, III**
*in his official capacity as Attorney General of the United States*
*TERMINATED: 04/04/2018*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/13/2017 | | | **Initiating Pleading & IFP Application Received on 11/13/2017.** (jd) (Entered: 12/14/2017) |
| 11/13/2017 | 1 | | COMPLAINT against HOGAN LOVELLS US LLP, JEFFERSON BEAUREGARD SESSIONS, III, SONY CORPORATION, SONY |

| | | | |
|---|---|---|---|
| | | | INTERACTIVE ENTERTAINMENT LLC, UNITED STATES DEPARTMENT OF JUSTICE with Jury Demand filed by VITALY EVGENIEVICH PILKIN, VLADIMIR VITALYEVICH MIROSHNICHENKO.(jd) (Entered: 12/14/2017) |
| 11/13/2017 | 2 | | MOTION for Leave to Proceed in forma pauperis by VITALY EVGENIEVICH PILKIN (jd) (Entered: 12/14/2017) |
| 11/13/2017 | 3 | | MOTION for Leave to Proceed in forma pauperis by VLADIMIR VITALYEVICH MIROSHNICHENKO (jd) (Entered: 12/14/2017) |
| 11/13/2017 | 4 | | MOTION for CM/ECF Password by VLADIMIR VITALYEVICH MIROSHNICHENKO, VITALY EVGENIEVICH PILKIN (jd) (Entered: 12/14/2017) |
| 02/06/2018 | 5 | | FIAT ORDER granting 2 Motion for Leave to Proceed in forma pauperis. "Application for IFP GRANTED". Signed by Judge Timothy J. Kelly on 2/1/18. (zsth) (Entered: 02/06/2018) |
| 02/06/2018 | 6 | | FIAT ORDER granting 3 Motion for Leave to Proceed in forma pauperis. "Application for IFP GRANTED". Signed by Judge Timothy J. Kelly on 2/1/18. (zsth) (Entered: 02/06/2018) |
| 02/06/2018 | | | Case Reassigned to Judge Randolph D. Moss. Unassigned is no longer assigned to the case. (zsth) (Entered: 02/06/2018) |
| 02/06/2018 | 7 | | STANDING ORDER: The parties are hereby ORDERED to comply with the directives set forth in the Court's Standing Order. See document for details. Signed by Judge Randolph D. Moss on 2/6/2018. (lcrdm1, ) (Entered: 02/06/2018) |
| 04/04/2018 | 8 | | MEMORANDUM OPINION AND ORDER: It is hereby ORDERED that this action is DISMISSED against the United States Department of Justice and United States Attorney General Jefferson Sessions. Signed by Judge Randolph D. Moss on 4/4/2018. (lcrdm1, ) (Entered: 04/04/2018) |
| 04/05/2018 | | | MINUTE ORDER: Upon consideration of Plaintiffs' Motion for an CM/ECF Password 4 , it is hereby ORDERED that the motion is DENIED without prejudice. Plaintiffs may renew their motion after the complaint has been served. Signed by Judge Randolph D. Moss on 4/5/2018. (lcrdm1, ) (Entered: 04/05/2018) |
| 04/05/2018 | 9 | | ORDER: Plaintiffs are hereby ORDERED to show cause to show cause on or before April 30, 2018, why their complaint should not be dismissed for failure to comply with Federal Rule of Civil Procedure Rule 8. In the alternative, Plaintiffs may file an amended complaint that satisfies the requirements of Rule 8 on or before April 30, 2018. Signed by Judge Randolph D. Moss on 4/5/2018. (lcrdm1, ) (Entered: 04/05/2018) |
| 04/06/2018 | | | Set/Reset Deadlines: Response to Show Cause due by 4/30/2018. (kt) (Entered: 04/06/2018) |
| 04/13/2018 | 10 | | Summons (3) Issued as to HOGAN LOVELLS US LLP, SONY CORPORATION, SONY INTERACTIVE ENTERTAINMENT LLC. (jd) (Entered: 04/18/2018) |

| 05/01/2018 | 11 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. HOGAN LOVELLS US LLP served on 4/30/2018, answer due 5/21/2018 (td) (Entered: 05/02/2018) |
|---|---|---|---|
| 05/01/2018 | 12 | | AMENDED COMPLAINT against HOGAN LOVELLS US LLP, SONY CORPORATION, SONY INTERACTIVE ENTERTAINMENT LLC with Jury Demand filed by VITALY EVGENIEVICH PILKIN; ("LET IT BE FILED" signed 5/1/18 by Judge Randolph D. Moss(td) (Entered: 05/04/2018) |
| 05/01/2018 | 13 | | SUGGESTION OF DEATH Upon the Record as to Plaintiff VLADIMIR VITALYEVICH MIROSHNICHENKO by VITALY EVGENIEVICH PILKIN; ("LET IT BE FILED" signed 5/1/18 by Judge Randolph D. Moss (td) (Entered: 05/04/2018) |
| 05/08/2018 | 14 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SONY INTERACTIVE ENTERTAINMENT LLC served on 4/30/2018, answer due 5/21/2018 (jf) (Entered: 05/09/2018) |
| 05/09/2018 | 15 | | NOTICE of Appearance by Peter R. Bisio on behalf of HOGAN LOVELLS US LLP (Bisio, Peter) (Entered: 05/09/2018) |
| 05/09/2018 | 16 | | NOTICE of Appearance by Ariel N. Lavinbuk on behalf of SONY INTERACTIVE ENTERTAINMENT LLC (Lavinbuk, Ariel) (Entered: 05/09/2018) |
| 05/09/2018 | 17 | | NOTICE of Appearance by Philip Andrew Sechler on behalf of SONY INTERACTIVE ENTERTAINMENT LLC (Sechler, Philip) (Entered: 05/09/2018) |
| 05/09/2018 | 19 | | MOTION for CM/ECF Password by VITALY EVGENIEVICH PILKIN (ztd) (Entered: 05/11/2018) |
| 05/10/2018 | 18 | | MOTION for Extension of Time to *Respond To The Amended Complaint* by SONY INTERACTIVE ENTERTAINMENT LLC (Lavinbuk, Ariel) (Entered: 05/10/2018) |
| 05/10/2018 | 20 | | MOTION to Appoint Counsel by VITALY EVGENIEVICH PILKIN (ztd) (Entered: 05/11/2018) |
| 05/11/2018 | | | MINUTE ORDER: Upon consideration of the Motion for Enlargement of Time to Respond to the Amended Complaint 18 , it is hereby ORDERED that the motion is GRANTED in part and DENIED in part. Defendants Sony Interactive Entertainment LLC and Hogan Lovells ("Served Defendants") shall answer or otherwise respond to the Amended Complaint on or before June 4, 2018. The Court will, however, otherwise defer setting a briefing schedule until after the Served Defendants have responded to the Amended Complaint. Signed by Judge Randolph D. Moss on 5/11/2018. (lcrdm1, ) (Entered: 05/11/2018) |
| 05/14/2018 | | | Set/Reset Deadlines: Answer due by 6/4/2018. (kt) (Entered: 05/14/2018) |
| 05/14/2018 | 21 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kirti Datla, :Firm– Hogan Lovells US LLP, :Address– 555 13th Street NW. Phone No. – 202 637 6583. Fax No. – 202 637 5910 Filing fee $ 100, receipt number 0090–5479347. Fee Status: Fee Paid. by HOGAN LOVELLS US LLP (Bisio, Peter) (Entered: 05/14/2018) |

| 05/15/2018 | | | MINUTE ORDER: Upon consideration of Defendant Hogan Lovells LLP's Motion for Admission of Attorney Pro Hac Vice 21 , it is hereby ORDERED that the motion is GRANTED. Kirti Datla is granted leave to appear pro hac vice in this case. Signed by Judge Randolph D. Moss on 5/15/2018. (lcrdm1, ) (Entered: 05/15/2018) |
|---|---|---|---|
| 05/15/2018 | | | MINUTE ORDER: Upon consideration of Plaintiff's Motion for CM/ECF Password 19 , it is hereby ORDERED that the Motion is GRANTED. The Plaintiff is advised that by obtaining a CM/ECF password, a pro se party "consents to electronic service of all documents," and is "responsible for monitoring [his or her] e−mail account[], and, upon receipt of notice of an electronic filing, for retrieving the noticed filing." D.D.C. L.R. 5.4(b)(6). Signed by Judge Randolph D. Moss on 5/15/2018. (lcrdm1, ) (Entered: 05/15/2018) |
| 05/16/2018 | 22 | | Memorandum in opposition to re 20 MOTION to Appoint Counsel filed by HOGAN LOVELLS US LLP, SONY INTERACTIVE ENTERTAINMENT LLC. (Bisio, Peter) (Entered: 05/16/2018) |
| 05/17/2018 | 23 | | ORDER: Upon consideration of Plaintiff's Motion to Appoint Counsel 20 , the motion is hereby DENIED. See document for details. Signed by Judge Randolph D. Moss on 5/17/2018. (lcrdm1, ) (Entered: 05/17/2018) |
| 05/29/2018 | 24 | | MOTION to Disqualify Counsel, MOTION to Strike Pleadings by VITALY EVGENIEVICH PILKIN (ztd) (Entered: 05/31/2018) |
| 06/01/2018 | 25 | | MOTION to Dismiss *the Amended Complaint* by SONY INTERACTIVE ENTERTAINMENT LLC (Attachments: # 1 Memorandum in Support)(Sechler, Philip) (Entered: 06/01/2018) |
| 06/01/2018 | 26 | | MOTION to Dismiss , MOTION to Dismiss for Lack of Jurisdiction by HOGAN LOVELLS US LLP (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Appendix Unpublished Authorities)(Bisio, Peter) (Entered: 06/01/2018) |
| 06/01/2018 | 27 | | MOTION for Extension of Time to File Response/Reply as to 26 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction , 25 MOTION to Dismiss *the Amended Complaint* by SONY INTERACTIVE ENTERTAINMENT LLC (Lavinbuk, Ariel) (Entered: 06/01/2018) |
| 06/04/2018 | 28 | | ORDER: Plaintiff is hereby ORDERED to respond to Defendant Sony Interactive Entertainment LLC's Motion to Dismiss 25 , and Hogan Lovells US LLP's Motion to Dismiss 26 , on or before July 2, 2018. It is further ORDERED that Defendant Sony Interactive LLC's Motion to Extend Briefing 27 , is GRANTED. Defendants Sony Interactive LLC and Hogan Lovells US LLP shall file their replies in support of their motions on or before July 17, 2018. See document for details. Signed by Judge Randolph D. Moss on 6/4/2018. (lcrdm1, ) (Entered: 06/04/2018) |
| 06/04/2018 | | | Set/Reset Deadlines: Plaintiffs' Responses due by 7/2/2018; Defendants' Replies due by 7/17/2018. (kt) (Entered: 06/04/2018) |
| 06/04/2018 | 29 | | MOTION to Appoint Counsel by VITALY EVGENIEVICH PILKIN (ztd) (Entered: 06/06/2018) |
| 06/07/2018 | 30 | | Memorandum in opposition to re 24 MOTION to Disqualify Counsel MOTION to Strike 15 Notice of Appearance filed by HOGAN LOVELLS US LLP. (Bisio, |

| | | | |
|---|---|---|---|
| | | | Peter) (Entered: 06/07/2018) |
| 06/07/2018 | | | MINUTE ORDER: Upon consideration of the Plaintiff's Motion for Appointment of Counsel 29 , it is hereby ORDERED that the motion is DENIED for the reasons previously stated in the Court's May 17, 2018 Order, Dkt. 23. Since the time of the Court's May 17 Order denying Plaintiff's previous motion to appoint counsel, circumstances have not changed. Plaintiff is admonished to refrain from filing motions without good cause. Signed by Judge Randolph D. Moss on 6/7/2018. (lcrdm1, ) (Entered: 06/07/2018) |
| 06/21/2018 | 31 | | MOTION for Leave to File *Second Amended Complaint* by VITALY EVGENIEVICH PILKIN (Attachments: # 1 Exhibit Second Amended Complaint, # 2 Certificate of Service Certificate of Service, # 3 Text of Proposed Order Proposed Order)(PILKIN, VITALY) (Entered: 06/21/2018) |
| 06/26/2018 | 32 | | RESPONSE re 31 MOTION for Leave to File *Second Amended Complaint* filed by SONY INTERACTIVE ENTERTAINMENT LLC. (Sechler, Philip) (Entered: 06/26/2018) |
| 06/27/2018 | 33 | | Memorandum in opposition to re 25 MOTION to Dismiss *the Amended Complaint* filed by VITALY EVGENIEVICH PILKIN. (Attachments: # 1 Exhibit EXHIBIT A, # 2 Exhibit EXHIBIT B)(PILKIN, VITALY) (Entered: 06/27/2018) |
| 06/27/2018 | 34 | | Memorandum in opposition to re 26 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction filed by VITALY EVGENIEVICH PILKIN. (Attachments: # 1 Exhibit EXHIBIT A)(PILKIN, VITALY) (Entered: 06/27/2018) |
| 07/17/2018 | 35 | | REPLY to opposition to motion re 25 MOTION to Dismiss *the Amended Complaint* filed by SONY INTERACTIVE ENTERTAINMENT LLC. (Attachments: # 1 Appendix)(Sechler, Philip) (Entered: 07/17/2018) |
| 07/17/2018 | 36 | | REPLY to opposition to motion re 26 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction filed by HOGAN LOVELLS US LLP. (Bisio, Peter) (Entered: 07/17/2018) |
| 07/18/2018 | 37 | | MOTION for Extension of Time to File *Motion for Substitution* by VITALY EVGENIEVICH PILKIN (Attachments: # 1 Exhibit EXHIBIT A, # 2 Exhibit EXHIBIT B)(PILKIN, VITALY) (Entered: 07/18/2018) |
| 07/19/2018 | 38 | | RESPONSE re 37 MOTION for Extension of Time to File *Motion for Substitution* filed by HOGAN LOVELLS US LLP, SONY INTERACTIVE ENTERTAINMENT LLC. (Bisio, Peter) (Entered: 07/19/2018) |
| 07/20/2018 | | | MINUTE ORDER: Upon consideration of Plaintiff's Motion to Extend Deadline for Filing Motion for Substitution 37 , it is hereby ORDERED that the motion is GRANTED. Plaintiff shall file his motion for substitution on or before October 23, 2018. Nothing in this order, however, is intended to have any effect on the pending motions to dismiss. Signed by Judge Randolph D. Moss on 7/20/2018. (lcrdm1, ) (Entered: 07/20/2018) |
| 07/23/2018 | | | Set/Reset Deadlines: Plaintiff shall file his motion for substitution on or before 10/23/2018. (kt) (Entered: 07/23/2018) |
| 10/03/2018 | 39 | | |

| | | |
|---|---|---|
| | | Second MOTION for Extension of Time to File *Motion for Substitution of the Proper Party* by VITALY EVGENIEVICH PILKIN (Attachments: # 1 Exhibit)(PILKIN, VITALY) (Entered: 10/03/2018) |
| 10/04/2018 | | MINUTE ORDER: Upon consideration of Plaintiff's Motion for Extension of Time to File 39 , it is hereby ORDERED that the motion is GRANTED. Plaintiff shall file his motion for substitution on or before October 25, 2018. Signed by Judge Randolph D. Moss on 10/4/2018. (lcrdm1, ) (Entered: 10/04/2018) |
| 10/04/2018 | | Set/Reset Deadlines: Plaintiff shall file his motion for substitution on or before 10/25/2018. (kt) (Entered: 10/04/2018) |
| 10/25/2018 | 40 | MOTION to Substitute Party by VITALY EVGENIEVICH PILKIN (Attachments: # 1 Exhibit Exhibit A)(PILKIN, VITALY) (Entered: 10/25/2018) |
| 10/26/2018 | 41 | NOTICE of Change of Address by Philip Andrew Sechler (Sechler, Philip) (Entered: 10/26/2018) |
| 01/09/2019 | 42 | ORDER: Plaintiff's motion to disqualify counsel and to strike pleadings, Dkt. 24 , is DENIED. See document for details. Signed by Judge Randolph D. Moss on 1/9/2019. (lcrdm1, ) (Entered: 01/09/2019) |
| 01/11/2019 | 43 | DISCHARGED PURSUANT TO MINUTE ORDER DATED 1/16/2019.....ORDER: It is hereby ORDERED that Plaintiff shall serve process on Defendant Sony Corporation and file proof of service with the Court, or establish good cause for the failure to do so, on or before February 1, 2019. See document for details. Signed by Judge Randolph D. Moss on 1/11/2019. (lcrdm1, ) Modified on 1/17/2019 (kt). (Entered: 01/11/2019) |
| 01/15/2019 | 44 | RESPONSE TO ORDER TO SHOW CAUSE by VITALY EVGENIEVICH PILKIN . (PILKIN, VITALY) (Entered: 01/15/2019) |
| 01/15/2019 | | Set/Reset Deadlines: Plaintiff shall serve process on Defendant Sony Corporation and file proof of service with the Court, or establish good cause for the failure to do so, on or before 2/1/2019. (kt) (Entered: 01/15/2019) |
| 01/16/2019 | | MINUTE ORDER: Upon consideration of Plaintiff's response to the Court's order to show cause, Dkt. 44 , it is hereby ORDERED that the order to show cause, Dkt. 43 , is discharged. Signed by Judge Randolph D. Moss on 1/16/2019. (lcrdm1, ) (Entered: 01/16/2019) |
| 01/16/2019 | 45 | MEMORANDUM OPINION: The Court will GRANT Defendant Sony Interactive Entertainment's motion to dismiss, Dkt. 25 , for lack of personal jurisdiction. A separate Order will issue. Signed by Judge Randolph D. Moss on 1/16/2019. (lcrdm1, ) (Entered: 01/16/2019) |
| 01/16/2019 | 46 | ORDER: For the reasons stated in the accompanying Memorandum Opinion, Dkt. 45 , it is hereby ORDERED that Defendant Sony Interactive Entertainment's motion to dismiss, Dkt. 25 , is GRANTED. See document for details. Signed by Judge Randolph D. Moss on 1/16/2019. (lcrdm1, ) (Entered: 01/16/2019) |
| 01/17/2019 | 47 | RESPONSE TO ORDER TO SHOW CAUSE by VITALY EVGENIEVICH PILKIN . (Attachments: # 1 Appendix Annex A, # 2 Appendix Annex B, # 3 Appendix Annex C, # 4 Annex D)(PILKIN, VITALY) (Entered: 01/17/2019) |

| 02/13/2019 | | | MINUTE ORDER: Because Plaintiff is proceeding *in forma pauperis*, the officers of the court must "issue and serve all process" in this case. 28 U.S.C. § 1915(d). The U.S. Marshals Service has indicated that it is unable to effect service internationally. It is accordingly ORDERED that the Clerk shall effectuate service on Defendant Sony Corporation pursuant to Article 5 of the Hague Service Convention. *See* Art. 5, Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. Signed by Judge Randolph D. Moss on 2/13/2019. (lcrdm1, ) (Entered: 02/13/2019) |
| 02/14/2019 | 48 | | MEMORANDUM OPINION AND ORDER: It is hereby ORDERED that Defendant Hogan Lovells's motion to dismiss, Dkt. 26 , is DENIED, without prejudice, as premature. It is further ORDERED that Plaintiff's motion for leave to amend, Dkt 31 , is granted, and that the second amended complaint is deemed filed. Hogan Lovells's time to answer or otherwise respond to the second amended complaint, however, is extended until 21 days after Defendant Sony Corporation either appears in this action or moves to dismiss for lack of personal jurisdiction. See document for details. Signed by Judge Randolph D. Moss on 2/14/2019. (lcrdm1, ) (Entered: 02/14/2019) |
| 02/14/2019 | 49 | | AMENDED COMPLAINT against HOGAN LOVELLS US LLP, SONY CORPORATION, SONY INTERACTIVE ENTERTAINMENT LLC with Jury Demand filed by VITALY EVGENIEVICH PILKIN.(ztd) (Entered: 02/15/2019) |
| 02/17/2019 | 50 | | MOTION for Extension of Time to File *Notice of Appeal* by VITALY EVGENIEVICH PILKIN (PILKIN, VITALY) (Entered: 02/17/2019) |
| 02/18/2019 | | | MINUTE ORDER: Upon consideration of Plaintiff's motion for extension of time to appeal, Dkt. 50 , it is hereby ORDERED that the motion is DENIED on the ground that Plaintiff has failed to explain why an interlocutory appeal of this Court's order of January 16, 2019, Dkt. 46 , would be appropriate. Generally, the right to appeal is limited to final decisions, and Rule 54 of the Federal Rules of Civil Procedure dictates that any order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is not final. Because this Court's order granting Defendant Sony Interactive Entertainment's motion to dismiss addressed Plaintiff's claim against only one of multiple defendants, it does not constitute a final order. Because Plaintiff has supplied no explanation as to why the order is nonetheless immediately subject to appeal, the Court will deny his motion. Signed by Judge Randolph D. Moss on 2/18/2019. (lcrdm1, ) (Entered: 02/18/2019) |
| 03/12/2019 | 51 | | Second MOTION for Extension of Time to File *Notice of Appeal* by VITALY EVGENIEVICH PILKIN (PILKIN, VITALY) (Entered: 03/12/2019) |
| 08/02/2019 | | | MINUTE ORDER: Upon consideration of plaintiff Vitaly Pilkin's motion to substitute, Dkt. 40 , it is hereby ORDERED that the motion is GRANTED. Pilkin has moved to substitute himself for plaintiff Vladimir Miroshnichenko, who passed away in April of 2018. See Dkt. 37 (Ex. A). Under Rule 25 of the Federal Rules of Civil Procedure, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party" if a motion for substitution is made "by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). The Court concludes that Pilkin, as the executor of Miroshnichenko's will, see Dkt. 40 at 1, shall hereby be substituted |

| | | |
|---|---|---|
| | | for Miroshnichenko as plaintiff in this matter. Signed by Judge Randolph D. Moss on 8/2/2019. (lcrdm1, ) (Entered: 08/02/2019) |
| 08/27/2019 | 52 | AFFIDAVIT REQUESTING FOREIGN MAILING pursuant to Minute Order filed 02/13/2019 by VITALY EVGENIEVICH PILKIN. (zsb) (Entered: 08/28/2019) |
| 08/27/2019 | 54 | SUMMONS (3) REISSUED as to SONY CORPORATION (zsb) (zsb). (Entered: 08/29/2019) |
| 08/27/2019 | 53 | CERTIFICATE OF CLERK of mailing one copy of the summons and complaint, together with a translation of each into the official language of the foreign state on 08/27/2019, by FEDEX, to the agency or instrumentality of the foreign state, pursuant to 28 U.S.C. 1608(a)(3). (Attachment: # 1 Waybill) (zsb) (Entered: 08/29/2019) |
| 10/01/2019 | | MINUTE ORDER: Upon consideration of Plaintiff's Second Motion for Extension of Time to File Notice of Appeal, Dkt. 51 , it is hereby ORDERED that the motion is DENIED. As the Court explained in denying Plaintiff's first motion for extension of time to appeal, Dkt. 50 , "[g]enerally, the right to appeal is limited to final decisions, and Rule 54 of the Federal Rules of Civil Procedure dictates that any order 'which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties' is not final. Because this Court's order granting Defendant Sony Interactive Entertainment's motion to dismiss addressed Plaintiff's claim against only one of multiple defendants, it does not constitute a final order. Because Plaintiff has supplied no explanation as to why the order is nonetheless immediately subject to appeal, the Court will deny his motion." Minute Order (Feb. 18, 2019). Plaintiff will have the opportunity to appeal the Court's dismissal of his claim against Defendant Sony Interactive Entertainment upon final resolution of this case against all parties. As claims remain pending against at least one other defendant (and another defendant has been named but not yet served) in this action, the case has yet to be resolved against all parties, and the time is not ripe for an appeal absent certain special circumstances, none of which Plaintiff has alleged. Signed by Judge Randolph D. Moss on 10/1/19. (lcrdm1, ) (Entered: 10/01/2019) |
| 01/22/2020 | | MINUTE ORDER: The parties are hereby ORDERED to comply with the terms of the Court's revised standing order, which is available on the Court's website. Click for details. Signed by Judge Randolph D. Moss on 1/22/20. (lcrdm1) (Entered: 01/22/2020) |
| 02/18/2020 | 55 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SONY CORPORATION served on 9/2/2019, answer due 9/23/2019 (zsb) (Entered: 02/18/2020) |
| 02/18/2020 | | MINUTE ORDER: On August 27, 2019 Plaintiff submitted an affidavit requesting the foreign mailing of his summons and complaint against Sony Corporation to Japan's Ministry of Foreign Affairs or Central Authority. Dkt. 52 . That same day, the summons issued as to Sony Corporation and the Clerk of Court filed proof of having FedExed the summons and complaint against Sony Corporation, which had both been translated to Japanese, to the Japanese Central Authority under the Hague Convention, the Ministry of Foreign Affairs. Dkt. 53 . On September 2, 2019, the summons and complaint were delivered to the Japanese Central Authority. Dkt. 55 . Sony Corporation has not appeared in this |

| | | |
|---|---|---|
| | | matter to date. In light of this, it is hereby ORDERED that, on or before March 18, 2020, Plaintiff and Defendant Hogan Lovells shall each file a status report addressing the following questions: (1) Does either party have knowledge concerning whether Defendant Sony Corporation has received service? (2) Was the service on Sony Corporation described sufficient? (3) Should service on Sony Corporation be attempted again? (4) Is Sony Corporation an indispensable party in this litigation or would dropping Sony Corporation as a Defendant prejudice the parties such that Sony Corporation's removal would be inappropriate under Federal Rule of Civil Procedure 21 and *In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 542 (D.C. Cir. 2011)? *See* Dkt. 48 at 7–8. Signed by Judge Randolph D. Moss on 2/18/20. (lcrdm1) (Entered: 02/18/2020) |
| 03/04/2020 | 56 | STATUS REPORT by VITALY EVGENIEVICH PILKIN. (Attachments: # 1 Appendix Annex A, # 2 Appendix Annex B)(PILKIN, VITALY) (Entered: 03/04/2020) |
| 03/17/2020 | 57 | STATUS REPORT by HOGAN LOVELLS US LLP. (Datla, Kirti) (Entered: 03/17/2020) |
| 04/17/2020 | | MINUTE ORDER: Upon consideration of Plaintiff's status report, Dkt. 56 , and Defendant Hogan Lovells's status report, Dkt. 57 , in response to the Court's February 18, 2020 Minute Order, the Clerk of Court is hereby directed to make a second attempt to effectuate service upon Defendant Sony Corporation in accordance with Federal Rule of Civil Procedure 4, Article 3 of the Hague Service Convention, and the specifications of Japan's central authority. The Court notes that it appears that the Clerk of Court's earlier attempt at serving process upon Sony Corporation via the Japanese central authority did not comply with the strictures provided by the Service Convention and the Japanese central authority and therefore did not result in the completion and return of a certificate of service. The Court directs the Clerk of Court to Dkt. 56–1 and Dkt. 56–2 for the model form, which is one of several required components for the proper service of process via the Japanese central authority. Signed by Judge Randolph D. Moss on 4/17/2020. (lcrdm1) (Entered: 04/17/2020) |
| 07/15/2020 | 58 | MOTION for Leave to File *THIRD AMENDED COMPLAINT* by VITALY EVGENIEVICH PILKIN (PILKIN, VITALY) (Entered: 07/15/2020) |
| 07/17/2020 | | MINUTE ORDER: Upon consideration of Plaintiff's motion for leave to file third amended complaint, Dkt. 58 , it is hereby ORDERED that the motion is DENIED without prejudice to renew due to Plaintiff's failure to comply with the Court's standing order, which requires that "[a]ny amended or proposed amended pleadings or other filings must be accompanied by a redline comparison between the original and the amended filing or proposed amended filing." Signed by Judge Randolph D. Moss on 7/17/2020. (lcrdm1) (Entered: 07/17/2020) |
| 07/23/2020 | 59 | MOTION for Leave to File *THIRD AMENDED COMPLAINT* by VITALY EVGENIEVICH PILKIN (Attachments: # 1 Exhibit Proposed Third Amended Complaint, # 2 Exhibit Redline Comparison, # 3 Exhibit Redline Comparison, # 4 Exhibit Redline Comparison)(PILKIN, VITALY) (Entered: 07/23/2020) |
| 07/24/2020 | 60 | MEMORANDUM OPINION AND ORDER dismissing Defendant Sony Corporation and granting Defendant Hogan Lovells leave to renew motion to |

| | | | |
|---|---|---|---|
| | | | dismiss. See document for details. Signed by Judge Randolph D. Moss on 7/24/2020. (lcrdm1) Modified on 7/27/2020 to edit document type to "opinion" (kt). (Entered: 07/24/2020) |
| 07/27/2020 | 61 | | NOTICE OF APPEAL TO DC CIRCUIT COURT by VITALY EVGENIEVICH PILKIN. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Certificate of Service Certificate of Service)(PILKIN, VITALY) (Entered: 07/27/2020) |
| 07/27/2020 | | | Set/Reset Deadlines: Defendant's renewed motion to dismiss and opposition to Plaintiffs motion for leave to file a third amended complaint due on or before 8/21/2020; Plaintiff's opposition to the renewed motion to dismiss and any reply to Defendants opposition due on or before 9/21/2020; Defendant's reply in support of its renewed motion to dismiss due on or before 10/5/2020. (kt) Modified on 8/10/2020 to correct typo in deadline (kt). (Entered: 07/27/2020) |
| 07/27/2020 | 62 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee was not paid because it was filed in forma pauperis re 61 Notice of Appeal to DC Circuit Court. (ztd) (Entered: 07/27/2020) |
| 07/30/2020 | | | USCA Case Number 20–7073 for 61 Notice of Appeal to DC Circuit Court filed by VITALY EVGENIEVICH PILKIN. (zrdj) (Entered: 07/30/2020) |
| 08/21/2020 | 63 | | MOTION to Dismiss *Second Amended Complaint* by HOGAN LOVELLS US LLP (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Appendix)(Bisio, Peter) (Entered: 08/21/2020) |
| 08/21/2020 | 64 | | Memorandum in opposition to re 59 MOTION for Leave to File *THIRD AMENDED COMPLAINT* filed by HOGAN LOVELLS US LLP. (Attachments: # 1 Text of Proposed Order)(Bisio, Peter) (Entered: 08/21/2020) |
| 08/21/2020 | 65 | | MOTION for Reconsideration *of the Court's Memorandum Opinion and Order* by VITALY EVGENIEVICH PILKIN (PILKIN, VITALY) Modified event title on 8/25/2020 (znmw). (Entered: 08/21/2020) |
| 08/21/2020 | 66 | | MOTION for Reconsideration re 46 Order, 45 Order on Motion to Dismiss by VITALY EVGENIEVICH PILKIN (PILKIN, VITALY) (Entered: 08/21/2020) |
| 09/03/2020 | 67 | | RESPONSE re 66 MOTION for Reconsideration re 46 Order, 45 Order on Motion to Dismiss filed by SONY INTERACTIVE ENTERTAINMENT LLC. (Attachments: # 1 Text of Proposed Order)(Lavinbuk, Ariel) (Entered: 09/03/2020) |
| 09/03/2020 | 68 | | Memorandum in opposition to re 65 MOTION for Reconsideration filed by HOGAN LOVELLS US LLP. (Attachments: # 1 Text of Proposed Order)(Bisio, Peter) (Entered: 09/03/2020) |
| 09/21/2020 | 69 | | Memorandum in opposition to re 63 MOTION to Dismiss *Second Amended Complaint* filed by VITALY EVGENIEVICH PILKIN. (Attachments: # 1 Exhibit Exhibit A)(PILKIN, VITALY) (Entered: 09/21/2020) |
| 09/21/2020 | 70 | | REPLY to opposition to motion re 59 MOTION for Leave to File *Third Amended Complaint* filed by VITALY EVGENIEVICH PILKIN. (PILKIN, VITALY) Modified link on 9/22/2020 (znmw). (Entered: 09/21/2020) |

| 10/05/2020 | 71 | | REPLY to opposition to motion re 63 MOTION to Dismiss *Second Amended Complaint* filed by HOGAN LOVELLS US LLP. (Datla, Kirti) (Entered: 10/05/2020) |
|---|---|---|---|
| 10/27/2020 | 72 | | FOX/NEAL ORDER: It is hereby ORDERED that Plaintiff may supplement his opposition, Dkt. 69 , to Defendant's Motion to Dismiss Second Amended Complaint, Dkt. 63 , on or before November 10, 2020. See document for details. Signed by Judge Randolph D. Moss on 10/27/2020. (lcrdm1) (Entered: 10/27/2020) |
| 11/06/2020 | 73 | | SUPPLEMENTAL MEMORANDUM to filed by VITALY EVGENIEVICH PILKIN. (Attachments: # 1 Exhibit EXHIBIT A, # 2 Exhibit EXHIBIT B)(PILKIN, VITALY) (Entered: 11/06/2020) |
| 11/06/2020 | 74 | | CERTIFICATE OF SERVICE by VITALY EVGENIEVICH PILKIN re 73 Supplemental Memorandum . (PILKIN, VITALY) (Entered: 11/06/2020) |
| 11/06/2020 | 75 | | MANDATE of USCA as to 61 Notice of Appeal to DC Circuit Court filed by VITALY EVGENIEVICH PILKIN ; USCA Case Number 20−7073. (Attachments: # 1 USCA Order)(zrdj) (Entered: 11/06/2020) |
| 12/14/2020 | 76 | | MEMORANDUM OPINION AND ORDER: Upon consideration of Plaintiff's motions for reconsideration, Dkt. 65 and Dkt. 66 , it is hereby ORDERED that the motions are DENIED. See attached document for details. Signed by Judge Randolph D. Moss on 12/14/2020. (lcrdm1) Modified on 12/14/2020 to edit "document type" as "opinion" (kt). (Entered: 12/14/2020) |
| 12/15/2020 | 77 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 76 Order on Motion for Reconsideration,,, by VITALY EVGENIEVICH PILKIN. Fee Status: No Fee Paid. Parties have been notified. (PILKIN, VITALY) (Entered: 12/15/2020) |
| 12/15/2020 | 78 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee was not paid because it was filed in forma pauperis re 77 Notice of Appeal to DC Circuit Court. (zrdj) (Entered: 12/15/2020) |
| 12/17/2020 | | | USCA Case Number 20−7115 for 77 Notice of Appeal to DC Circuit Court filed by VITALY EVGENIEVICH PILKIN. (zrdj) (Entered: 12/17/2020) |
| 12/18/2020 | 79 | | MOTION for Order by VITALY EVGENIEVICH PILKIN (Attachments: # 1 USCA Order)(PILKIN, VITALY) (Entered: 12/18/2020) |
| 12/21/2020 | | | MINUTE ORDER: Upon consideration of Plaintiff's motion, Dkt. 79 , to defer consideration of Defendant's motion to dismiss, Dkt. 63 , until Plaintiff receives a ruling on his appeal before the D.C. Circuit, it is hereby ORDERED that the motion is DENIED. It is true that "[a]s a general rule, [t]he filing of a notice of appeal, including an interlocutory appeal, confers jurisdiction on the court of appeals... and divests the district court of control over those aspects of the case involved in the appeal." *LaVergne v. U.S. House of Representatives*, No. 17−cv−793, 2019 WL 77404, at *2 (D.D.C. Jan. 2, 2019) (internal quotation marks omitted) (quoting *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997)). That rule, however, does not apply to "circumstances in which [a party] frivolously appeals... or takes an interlocutory appeal from a [clearly] non−appealable order." *Id.* (internal quotation marks omitted); *see also* 21 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § |

| | | |
|---|---|---|
| | | 3950.5 (4th ed.) ("The weight of authority holds that an appeal from a clearly non–appealable order fails to oust district court authority."). The denials of reconsideration that Pilkin appeals are not final judgments under Fed. R. Civ. P. 54(b). They resolve "fewer than all the claims" of the case, and they do not resolve the rights and liabilities of all the parties. *Id.* Moreover, the denials do not meet the standards for immediate appealability of collateral orders, *see Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949), or the requirements for certification of an order for interlocutory appeal, 28 U.S.C. § 1292. Accordingly, this Court retains jurisdiction of this case. "[T]o secure the just, speedy, and inexpensive determination" of this proceeding, Fed. R. Civ. P. 1, the Court shall not further prolong this litigation by deferring its consideration of Defendant's motion to dismiss. Signed by Judge Randolph D. Moss on 12/21/2020. (lcrdm1) (Entered: 12/21/2020) |
| 03/08/2021 | 80 | MOTION for Order by VITALY EVGENIEVICH PILKIN. (PILKIN, VITALY) (Entered: 03/08/2021) |
| 03/08/2021 | 81 | MOTION for Sanctions by VITALY EVGENIEVICH PILKIN. (PILKIN, VITALY) Modified event & text on 3/8/2021 (ztd). (Entered: 03/08/2021) |
| 03/09/2021 | 82 | MOTION for Order by VITALY EVGENIEVICH PILKIN. (PILKIN, VITALY) (Entered: 03/09/2021) |
| 03/12/2021 | 83 | MEMORANDUM OPINION: For the reasons set forth in the attached memorandum opinion, the Court DENIES Plaintiff's motion to file a third amended complaint, Dkt. 59 , GRANTS Defendant's motion to dismiss the second amended complaint, Dkt. 63 , and DENIES Plaintiff's motion for sanctions, Dkt. 81 . A separate order will issue. Signed by Judge Randolph D. Moss on 03/12/2021. (lcrdm1) (Entered: 03/12/2021) |
| 03/12/2021 | 84 | ORDER: For the reasons set forth in the Court's memorandum opinion, Dkt. 83 , it is hereby ORDERED that Plaintiff's motion for leave to file a third amended complaint, Dkt. 59 , is DENIED; Defendant's motion to dismiss the second amended complaint, Dkt. 63 , is GRANTED; and Plaintiff's motion for sanctions, Dkt. 81 , is DENIED. See attached order for details. Signed by Judge Randolph D. Moss on 03/12/2021. (lcrdm1) (Entered: 03/12/2021) |
| 03/13/2021 | | MINUTE ORDER: In light of the Court's memorandum opinion and order issued on March 12, 2021, Dkt. 83 and Dkt. 84 , it is hereby ORDERED that Plaintiff's motions for orders, Dkt. 80 and Dkt. 82 , are DENIED as MOOT. Signed by Judge Randolph D. Moss on 03/13/2021. (lcrdm1) (Entered: 03/13/2021) |
| 03/14/2021 | 85 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 84 Order on Motion for Leave to File,, Order on Motion to Dismiss,, Order on Motion for Sanctions, 83 Memorandum & Opinion, by VITALY EVGENIEVICH PILKIN. Fee Status: No Fee Paid. Parties have been notified. (PILKIN, VITALY) (Entered: 03/14/2021) |

VITALY PILKIN

        *Plaintiff*,

    vs.

SONY INTERACTIVE ENTERTAINMENT LLC, et al.,

        *Defendants*.

Civil Action No. 1:17 - 2501 (RDM)

## CIVIL NOTICE OF APPEAL

Notice is hereby given on March 14, 2021 that Plaintiff in the above-captioned case hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the order of the United States District Court for the District of Columbia, Dkt. 84, explained in the Memorandum Opinion, Dkt. 83, both filed on March 12, 2021, that:

- Plaintiff's motion for leave to file a third amended complaint, Dkt. 59, is denied;

- Defendant's motion to dismiss the second amended complaint, Dkt. 63, is granted;

- Plaintiff's motion for Rule 11 sanctions, Dkt. 81, is denied.

The above order constitutes the District Court's final judgment for purposes of Federal Rule of Civil Procedure 58.

Date: March 14, 2021

Respectfully submitted,

*/s/ Vitaly E. Pilkin*
Vitaly E. Pilkin

Plaintiff-Appellant *Pro Se*

Proceeding *in forma pauperis*

1/1, Vereskovaya Street, apartment 111,
Moscow, 129329, Russian Federation,
Phone: +79852225545, email: vitalypilkin@gmail.com

VITALY EVGENIEVICH PILKIN,

*Plaintiff*,

v.

HOGAN LOVELLS US LLP,

*Defendant*.

Civil Action No. 17-2501 (RDM)

## MEMORANDUM OPINION

After several previous opinions, Hogan Lovells US LLP ("Hogan Lovells US") is the sole remaining defendant in this case. The Court now considers Hogan Lovells US's renewed motion to dismiss the second amended complaint, Dkt. 63, and Plaintiff's motion for leave to file a third amended complaint, Dkt. 59. Plaintiff, proceeding *pro se*, opposes Hogan Lovells US's motion to dismiss, Dkt. 69, and Hogan Lovells US opposes Plaintiff's motion to file a third amended complaint, Dkt. 64. For the reasons set forth below, the Court will **GRANT** the motion to dismiss and will **DENY** the motion for leave to file a third amended complaint. The Court will also **DENY** Plaintiff's motion for sanctions against Hogan Lovells US. Dkt. 81.

## I. BACKGROUND

### A.    Second Amended Complaint

Plaintiff's second amended complaint (for simplicity, the "complaint") alleges that the Russian affiliate of Hogan Lovells US—Hogan Lovells (CIS)—falsified evidence and "corrupt[ed]" Russian judges, leading to the invalidation of Plaintiff's Russian patent. Dkt. 49 at 16 (2d Am. Compl. ¶ 82). Although the complaint, like its

predecessors, is not the picture of clarity, the Court will summarize what it can glean from Plaintiff's allegations. For purposes of the pending motions, the Court assumes the truth of Plaintiff's factual allegations. *See Brown v. Whole Foods Mkt. Grp. Inc.*, 789 F.3d 146, 150 (D.C. Cir. 2015); *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009).

Plaintiff and Vladimir Vitalievich Miroshnichenko, now deceased, co-owned a Russian patent. Dkt. 49 at 3, 5 (2d Am. Compl. ¶¶ 7(b), 14); *see also Pilkin v. Sony Interactive Ent.*, No. 17-2501, 2019 WL 224145, at *1 (D.D.C. Jan. 16, 2019) ("*Pilkin I*"). On October 6, 2011, they visited Gameland 2011, a gaming exhibition in Moscow, where Sony Computer Entertainment Inc. presented its game console, PlayStation Vita. Dkt. 49 at 6 (2d Am. Compl. ¶ 17). Plaintiff alleges that the PlayStation Vita infringes his patent. *Id.* Roughly a week after the exhibition, on October 12, 2011, "Plaintiff submitted to Sony Computer Entertainment America proof[] evidencing that" the PlayStation Vita used his patented technology. *Id.* (2d Am. Compl. ¶ 18). On October 14, 2011, Plaintiff informed "Russia Sony Electronics" of the infringement, *id.* (2d Am. Compl. ¶ 19), and on October 25, 2011, Plaintiff informed "Sony Computer Entertainment Europe" of the same, *id.* (2d Am. Compl. ¶ 20). Plaintiff offered to sell the patent to each of these entities but received no reply from the Russian and European entities and received a rejection from the American entity, which explained it would "not accept any unsolicited ideas." *Id.* (2d Am. Compl. ¶¶ 19–21).

According to Plaintiff, his "patent became a barrier to sales in Russia of [the] PlayStation Vita," *id.* at 7 (2d Am. Compl. ¶ 25), and therefore Sony Corporation and Sony Computer Entertainment Inc. "turned to Hogan Lovells (CIS)" "to get advice

whether to license the patent or not," *id.* (2d Am. Compl. ¶ 27).  Under the guidance of Hogan Lovells (CIS), Sony Electronics decided to dispute Plaintiff's patent before the Russian Chamber for Patent Disputes.  *Id.* (2d Am. Compl. ¶ 29).[1]  Hogan Lovells (CIS) represented the Sony entities in the Chamber for Patent Disputes, and, according to Plaintiff, presented "willfully falsified proof[]" and accepted payment "not only for its legal services . . . but also for . . . any possible acts[,] including illegal" actions to invalidate Plaintiff's patent and "conceal[] such criminal wrongdoing."  *Id.* at 9–10 (2d Am. Compl. ¶¶ 42–45).

On September 8, 2012, Plaintiff's patent was invalidated.  *Id.* at 9 (2d Am. Compl. ¶ 41).  Plaintiff avers that he lost his patent as a result of Hogan Lovells (CIS)'s "corrupting top executives of" the Russian patent office.  *Id.* at 11 (2d Am. Compl. ¶ 53).  He further alleges that Hogan Lovells (CIS)'s "corrupt" representation of its Sony clients continued in other fora.  The "Arbitration Court of Moscow" rejected Plaintiff's claim, as did the "Ninth Arbitration Court of Appeals," and the "Court for Intellectual Property Rights."  *Id.* at 12, 14 (2d Am. Compl. ¶¶ 61, 74).  Throughout these proceedings, Plaintiff alleges that Hogan Lovells (CIS) "knowingly and repeatedly falsified proof[]," *id.* at 13 (2d Am. Compl. ¶ 65), after accepting "bribe[s]" from Sony Electronics, *id.* at 14 (2d Am. Compl. ¶ 71), and that it "corrupt[ed] the . . . judges of three Russian courts."  *Id.* at 16 (2d Am. Compl. ¶ 82).  Notably, Plaintiff

---

[1]  The wording of the complaint is unclear as to who brought the challenge against which patent; Plaintiff refers to Sony entities "submit[ting] . . . opposition against the grant by [the Russian patent office] of the patent aimed to invalidate the patent." Dkt. 49 at 7 (2d Am. Compl. ¶ 29). Because the following paragraphs refer to depriving Plaintiff of his patent, *see id.* at 7–8 (2d Am. Compl. ¶¶ 30–31), the Court assumes that Plaintiff is alleging that Sony entities challenged his patent before the Chamber for Patent Disputes.

alleges that the "bribes" were paid *to* Hogan Lovells (CIS) by the firm's client, *id.* at 10, 12, 14 (2d Am. Compl. ¶¶ 47–48, 55–56, 70–71), and not *by* Hogan Lovells (CIS) to any Russian judge or official.  The complaint says nothing, moreover, about how or in what manner Hogan Lovells (CIS) allegedly "corrupt[ed]" the Russian judges.  *Id.* at 16 (2d Am. Compl. ¶ 82).

Plaintiff avers that at some time in 2014 and/or 2015, he informed Defendant Hogan Lovells US about "criminal wrongdoing" by Hogan Lovells (CIS) and that, despite that warning, none of the offending Hogan Lovells (CIS) attorneys "ha[ve] been punished or dismissed," and at least one associate has been promoted.  *Id.* at 17 (2d Am. Compl. ¶¶ 87–88, 90).  Without offering further detail, Plaintiff alleges that Hogan Lovells US "induced, abetted and aided Hogan Lovells (CIS) and Sony Electronics [in] commit[ting] . . . criminal wrongdoing."  *Id.* at 24–25 (2d Am. Compl. ¶ 131).  And, by aiding and abetting this criminal activity, Hogan Lovells US allegedly "ensured sales of . . . PlayStation Vita in Russia and thus ensured unjust enrichment of Sony Group companies and Hogan Lovells."  *Id.* at 25 (2d Am. Compl. ¶ 133).

## B.    Procedural Background

"On November 13, 2017, [Plaintiff] filed a 152-page complaint asserting claims against Sony Interactive Entertainment LLC, Sony Corporation, Hogan Lovells [US] LLP, the United States Department of Justice, and Attorney General Jefferson Sessions."  *Pilkin I*, 2019 WL 224145, at *1.  Since then, the case has hit several speed bumps, most related to questions of jurisdiction and of which parties belong before this Court.

After dismissing the claims against the Department of Justice and the Attorney General on sovereign immunity grounds on April 4, 2018, Dkt. 8, the Court entered an order instructing Plaintiff to show cause why his complaint "should not be dismissed for failure to comply with Federal Rule of Civil Procedure Rule 8" or, in the alternative, to submit an amended complaint complying with Rule 8's requirements, Dkt. 9. Plaintiff filed his first amended complaint on May 1, 2018. Dkt. 12. Then, in June 2018, Plaintiff sought leave to file a second amended complaint. Dkt. 31. Before resolving that motion, in January 2019, the Court issued an opinion dismissing Sony Interactive Entertainment for lack of personal jurisdiction. *Pilkin I*, 2019 WL 224145, at \*1. The following month, the Court denied without prejudice Hogan Lovells US's motion to dismiss Plaintiff's amended complaint and, over Hogan Lovells US's objection, granted Plaintiff leave to file a second amended complaint. *Pilkin v. Sony Interactive Ent., LLC*, No. 17-2501, 2019 WL 633356, at \*1 (D.D.C. Feb. 14, 2019) ("*Pilkin II*"). More than a year later, on July 23, 2020, Plaintiff sought leave to file a third amended complaint. Dkt. 59. The next day, the Court dismissed Sony Corporation as a jurisdiction spoiler, and allowed Hogan Lovells US to renew its motion to dismiss as to Plaintiff's second amended complaint. *Pilkin v. Sony Corp.*, No. 17-2501, 2020 WL 4286823, at \*3 (D.D.C. July 24, 2020) ("*Pilkin III*"). On July 27, 2020, Plaintiff filed a notice of appeal of the Court's order dismissing Sony Corporation as a defendant, Dkt. 61, arguably divesting the Court of jurisdiction.

Notwithstanding Plaintiff's notice of appeal, on August 21, 2020, Hogan Lovells US filed its renewed motion to dismiss and its opposition to Plaintiff's motion for leave to file a third amended complaint. Dkt. 63; Dkt. 64. On the same day, Plaintiff moved

for reconsideration of the Court's decisions to dismiss Sony Interactive Entertainment and, separately, for reconsideration of the Court's order dismissing Plaintiff's claims against Sony Corporation as a jurisdiction spoiler. Dkt. 65; Dkt. 66. After the D.C. Circuit issued its mandate in November 2020, Dkt. 75, the Court denied both of Plaintiff's motions for reconsideration, *Pilkin v. Sony Interactive Ent. LLC*, No. 17-2501, 2020 WL 7339920, at \*1 (D.D.C. Dec. 14, 2020) ("*Pilkin IV*"), clearing the path to consider both Hogan Lovells's motion to dismiss the second amended complaint and Plaintiff's motion to file a third amended complaint.

In recent days, Plaintiff has filed three more motions. Two of the motions urge the Court to rule promptly on the pending motions to dismiss and to amend. Dkt. 80; Dkt. 82. In the third motion, Plaintiff seeks sanctions against Defendant Hogan Lovells US pursuant to Federal Rule of Civil Procedure 11(c), asserting (without meaningful analysis) that two of Hogan Lovells US's briefs, Dkt. 64; Dkt. 71, are "mostly based on deliberate misrepresentation," Dkt. 81 at 2.

## II. ANALYSIS

### A. Motion to Dismiss Second Amended Complaint

Hogan Lovells US contends that Plaintiff's second amended complaint should be dismissed for several reasons: (1) the complaint sounds in fraud but does not satisfy the pleading standards of Federal Rule of Civil Procedure 9(b), Dkt. 63-1 at 13–16; (2) the complaint, in any event, fails the pleadings standards of Federal Rule of Civil Procedure 8(a)(2), *id.* at 16–21; (3) the complaint fails to state an unjust enrichment claim and is time-barred, *id.* at 21–24; (4) the complaint fails to state any other claim, *id.* at 25–27; and (5) the complaint runs afoul of preclusion and principles of international comity, *id.* at 27–30. As explained below, the Court

6

concludes that the complaint fails the satisfy the requirements of Rules 8(a)(2) and 12(b)(6). As a result, the Court need not, and will not, reach the remaining issues.

Although complaints by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even a *pro se* litigant must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement "ensures that the opposing party will receive 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Jones v. Changsila*, 271 F. Supp. 3d 9, 21 (D.D.C. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "Where a complaint is insufficiently focused, it places an undue burden on the defendant to answer or move[,] and it invites unnecessary delay and confusion in the proceedings." *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 71 (D.D.C. 2015). Rule 12(b)(6), in turn, requires dismissal if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although Hogan Lovells US maintains that many of Plaintiff's allegations involve fraud and thus implicate the "heightened pleading standards of Rule 9(b)," *Arora v. Buckhead Fam. Dentistry, Inc.*, 285 F. Supp. 3d 190, 198 (D.D.C. 2018), the Court need not parse Plaintiff's allegations line-by-line, because the complaint fails to clear even the lower hurdle of Rule 8(a)(2).

As the Court has noted with respect to Plaintiff's earlier complaints, it is "difficult to discern [Plaintiff's] theory (or theories) of relief." *Pilkin I*, 2019 WL

7

224145, at *1 (internal quotation marks omitted). The complaint refers to numerous federal statutes, Dkt. 49 at 27–28 (2d Am. Compl. ¶ 141), but as Hogan Lovells US observes, these are criminal statutes, Dkt. 63-1 at 25, and "a private right of action" cannot usually be "infer[red]" "from 'a bare criminal statute.'" *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)); *see also Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344, at *1 (D.C. Cir. 2010) (per curiam). And, although the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, does include a private right of action, 18 U.S.C. § 1964(c); *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008), Plaintiff expressly disclaims civil remedies pursuant to RICO. Dkt. 49 at 32 (2d Am. Compl. ¶ 157). Instead, Plaintiff asserts only three purported causes of action: unjust enrichment (Count I), *id.* at 30–32 (2d Am. Compl. ¶¶ 151–57); "pain and suffering damages" (Count II), *id.* at 32–35 (2d Am. Compl. ¶¶ 158–59); and "punitive damages" (Count III), *id.* at 35 (2d Am. Compl. ¶¶ 160–61). Because "pain and suffering damages" and "punitive damages" are forms of relief, and not stand-alone causes of action, the Court will focus on Plaintiff's unjust enrichment claim.

Although Hogan Lovells US is the sole remaining defendant in this action, the complaint says very little about Hogan Lovells US and, instead, attempts to subject Hogan Lovells US to liability based on the alleged wrongdoing of others, most notably Hogan Lovells (CIS). That effort fails on multiple levels. To start, the complaint fails to set forth a coherent or sufficiently detailed explanation of what Hogan Lovells (CIS) did wrong. It repeatedly alleges that Hogan Lovells (CIS) accepted "bribe[s]" from Sony Electronics. Dkt. 49 at 10, 12 (2d Am. Compl. ¶¶ 47–48, 55–56). If all the

8

complaint intends to allege is that Hogan Lovells (CIS) received payments from a client, it is hard to fathom how that violates any law or obligation, and, if the complaint intends to allege some more nefarious form of "bribery," it fails to do so with sufficient clarity to satisfy Rules 8 or 12(b)(6).

The complaint also alleges that Hogan Lovells (CIS) "corrupt[ed] top executives of Rospatent," *id.* at 12 (2d Am. Compl. ¶ 55), the "Russian analogue of the USPTO," *id.* at 3 (2d Am. Compl. ¶ 7(e)); "corrupt[ed] the Russian judges of three Russian courts," *id.* at 16 (2d Am. Compl. ¶ 82); and "knowingly and repeatedly falsified proof[]" and "concealed" relevant "circumstances" in the Russian litigation, *id.* at 18 (2d Am. Compl. ¶ 95). But nowhere does the complaint even hint at what Hogan Lovells purportedly did to corrupt these Russian officials and judges or what evidence it purportedly falsified or concealed from the Russian courts. Because the complaint fails to offer *any* non-conclusory explanation of what Hogan Lovells (CIS) purportedly did wrong, it fails to state a claim—even against Hogan Lovells (CIS). As the Supreme Court has explained, a plaintiff must plead "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Here, Plaintiff's "bare assertion of [wrongdoing] will not suffice." *Id.* at 556–57 (rejecting a claim of conspiracy against the defendant at the motion-to-dismiss stage, where plaintiff pled only lawful parallel conduct as evidence of the conspiracy).

Beyond this threshold failing, Plaintiff's theory as to why Hogan Lovells US— the sole remaining defendant in this case—should be liable for the actions of Hogan Lovells (CIS), a non-party, does not satisfy the pleadings requirements of Rules 8(a)(2) or 12(b)(6). The only allegations relevant to a theory of indirect liability are found in a

9

23

single paragraph in the section of the complaint that describes the parties to the case. In that paragraph, Plaintiff alleges:

> **Hogan Lovells US LLP** is a limited liability partnership registered in the District of Columbia . . . . Hogan Lovells US LLP is the integral part of the international legal practice of Hogan Lovells that comprises Hogan Lovells US LLP, Hogan Lovells International LLP and their affiliated businesses, including Hogan Lovells (CIS). [The] CEO of the international legal practice of Hogan Lovells is Stephen J. Immelt who also is CEO of Hogan Lovells US LLP. Deputy CEO of the international legal practice of Hogan Lovells is David Hudd who also is CEO of Hogan Lovells International LLP and Director of Hogan Lovells (CIS). An agency relationship exists between all integral parts of the international legal practice Hogan Lovells, including between Hogan Lovells (CIS) and domestic concern Hogan Lovells US LLP. The liability extends to the agents of domestic concern. Hogan Lovells US LLP participates substantially in the management and control of Hogan Lovells (CIS) since CEO of the international legal practice of Hogan Lovells is Stephen J. Immelt who also is CEO of Hogan Lovells US LLP.

Dkt. 49 at 2–3 (2d Am. Compl. ¶ 4). These allegations, if anything, undermine Plaintiff's claim against Hogan Lovells US.

To start, Plaintiff alleges that Hogan Lovells US and Hogan Lovells (CIS) are distinct entities. The defendant in this action, Hogan Lovells US, is a D.C. limited liability partnership, and, according to Plaintiff's own allegations, Hogan Lovells (CIS) is merely an "affiliated business[.]"[2] In Plaintiff's view, Hogan Lovells US is nonetheless liable for the alleged misconduct of Hogan Lovells (CIS) because: (1) David Hudd is the deputy CEO of Hogan Lovells's "international legal practice," which, as pled, does not appear to be a separate legal entity; (2) Hudd is also a director of Hogan Lovells (CIS), establishing a connection between the Hogan Lovells "international legal practice" and Hogan Lovells (CIS); (3) Stephen Immelt is the CEO

---

[2] "CIS" presumably refers to the "Commonwealth of Independent States," a regional intergovernmental organization of certain post-Soviet republics.

of Hogan Lovells US and serves as the CEO of Hogan Lovells's "international legal practice," establishing a connection between Hogan Lovells US and the "international legal practice;" and (4) presumably based on the principal of transitivity, Hogan Lovells US "participates substantially in the management and control of Hogan Lovells (CIS)." These allegations fail to establish an agency relationship under D.C. law.

Under D.C. law, "'agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *FDS Rest., Inc. v. All Plumbing Inc.*, 241 A.3d 222, 237 (D.C. 2020) (emphasis omitted) (quoting *Restatement (Third) of Agency* § 1.01 (Am. L. Inst. 2006)); *see also United States v. Weitzel*, 246 U.S. 533, 542 (1918); *Davey v. King*, 595 A.2d 999, 1002 (D.C. 1991). But even accepting Plaintiffs' allegations as true, they do not plausibly show that Hogan Lovells (CIS) is subject to the "control" of Hogan Lovells US. The fact that Immelt and Hudd both serve in managerial capacities as part of Hogan Lovells's international practice does not show that Immelt controls Hogan Lovells (CIS) or that Hudd is subject to Immelt's direction in his capacity as a director at Hogan Lovells (CIS). It is, of course, possible in theory that Hogan Lovells (CIS) is subject to Immelt's supervision or that it operates as the agent of Hogan Lovells US. But nothing alleged in the complaint, even if true, comes close to establishing such a relationship.[3] To the contrary, the complaint merely

---

[3] Nor does Plaintiff allege, or even argue, that Hogan Lovells US and Hogan Lovells (CIS) are, for relevant purposes, a single entity that does business in the United States and Russia.

suggests that that managers from different offices collaborate on certain types of international work.

Plaintiff's attempt to hold Hogan Lovells US liable for the actions of Hogan Lovells (CIS) therefore fails. That leaves the question whether Plaintiff pleads facts sufficient to hold Hogan Lovells US liable for its own actions. Here too, the complaint falls short.

The central (although far from the only) problem that Plaintiff faces in seeking to recover from Hogan Lovells US is that the sole cause of action that he asserts is for unjust enrichment. Dkt. 49 at 30–32 (2d Am. Compl. ¶¶ 151–57). He fails, however, to allege that Hogan Lovells US received any tangible benefit—directly or indirectly—as a result of the alleged wrongdoing in Russia. In other words, he does not allege any enrichment, much less an unjust one. *See Marsden v. District of Columbia*, 142 A.3d 525, 527 (D.C. 2016) (reciting the elements of unjust enrichment, including that the plaintiff must confer a benefit on the defendant).

The complaint includes only one non-conclusory allegation that even arguably ties Hogan Lovells US to the alleged wrongdoing committed by Hogan Lovells (CIS): that Hogan Lovells US failed to take action after Plaintiff informed it of Hogan Lovells (CIS)'s purported misdeeds. Dkt. 49 at 17 (2d Am. Compl. ¶¶ 87–88).[4] But that allegation has no bearing on Plaintiff's claim for unjust enrichment, and, more generally, the complaint fails to identify any legal duty that Hogan Lovells US owed to

---

[4] Plaintiff repeatedly refers to "unjust enrichment of Sony Group companies and Hogan Lovells," but in context, it seems that these statements refer to Hogan Lovells (CIS). Dkt. 49 at 17, 23, 25 (2d Am. Compl. ¶¶ 86, 122, 133). In any event, Plaintiff alleges no facts characterizing or supporting a direct payment or other benefit to Hogan Lovells US.

12

26

Plaintiff to take action in response to his complaint about Hogan Lovells (CIS). Beyond that specific allegation, Plaintiff avers that Hogan Lovells US "induced, abetted[,] and aided" the alleged wrongdoing in Russia. *Id.* at 30 (2d Am. Compl. ¶¶ 148–49). The Court, however, cannot accept as true "mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Giving Plaintiff the benefit of the doubt, the Court might construe some vague allegations as directed at Hogan Lovells US. In his description of damages for pain and suffering, for example, Plaintiff alleges that he was slandered by "Hogan Lovells," without specifying which Hogan Lovells entity committed this slander. *Id.* at 34–35 (2d Am. Compl. ¶ 158(*l*)). Assuming that he means to refer to Hogan Lovells US, his claim nonetheless fails. Plaintiff alleges that "Hogan Lovells accused Plaintiff . . . of influencing . . . US elections using obscene language" and that "[t]he management of Hogan Lovells ignored [Plaintiff's] request" for apology "for such slander and insult." *Id.* That, certainly, does not state a claim for unjust enrichment, nor does it state a claim for slander. Under D.C. law, a slander claim requires "'damages result[ing] from the publication of the statements.'" *Kemp v. Eiland*, 139 F. Supp. 3d 329, 347 (D.D.C. 2015) (quoting *Psaromatis v. Eng. Holdings I*, *LLC*, 944 A.2d 472, 488 n.20 (D.C. 2008)). Yet, Plaintiff does not claim that the allegedly slanderous statement was ever published or that any such publication caused him any cognizable injury. Plaintiff also directs sundry allegations at unspecified "Defendants," including that they violated his "human rights . . . just because Plaintiff . . . lived in the Russian Federation where corruption is rampant," Dkt. 49 at 34 (2d Am. Compl. ¶ 158(j)). But, once again, these allegations have nothing to do with unjust enrichment and, in any event, they are wholly

13

conclusory. Plaintiff fails to identify any action by Hogan Lovells US that plausibly gives rise to a claim of unjust enrichment—or any other theory of relief.

Plaintiff, accordingly, has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court will therefore dismiss the second amended complaint pursuant to Rules 8 and 12(b)(6).

## B.    Motion for Leave to File Third Amended Complaint

Hogan Lovells US, for its part, opposes Plaintiff's motion for leave to file a third amended complaint, principally on the ground that the proposed amendment is futile. Dkt. 63-1 at 30–31. The Court agrees.

Federal Rule of Civil Procedure 15(a)(2) directs that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). But "leave to amend should be denied when amendment would be futile," *Sai v. DHS*, 149 F. Supp. 3d 99, 126 (D.D.C. 2015), including, most notably, when "the proposed claim would not survive a motion to dismiss," *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). "'[R]epeated failure to cure deficiencies by amendments previously allowed,'" moreover, and "'undue prejudice to the opposing party by virtue of allowance of the amendment,'" may weigh against allowing the filing of a successive (and still flawed) amended complaint. *Borda v. DOJ, Crim. Div.*, 306 F. Supp. 3d 306, 311 (D.D.C. 2018) (quoting *Foman*, 371 U.S. at 182).

Plaintiff's proposed third amended complaint would cure none of the shortcomings of the second amended complaint. Plaintiff describes the changes in his third amended complaint as follows: (1) it removes Sony Interactive Entertainment as a defendant; (2) it makes "technical corrections;" and (3) it reinserts several paragraphs that were previously included in the first

14

amended complaint, but which Plaintiff omitted from the second amended complaint. Dkt. 59 at 3–4. The first two categories do not alter any of the factual allegations or legal theories undergirding Plaintiff's complaint and need not be discussed further.

The third category of changes—reintroducing allegations that had been included in the first amended complaint—includes conclusory allegations that Hogan Lovells US (1) "concealed from [the Department of Justice] . . . federal offenses" it had committed, Dkt. 59-2 at 27 (Redline ¶ 133(d)); (2) "corruptly persuaded the Attorney General Loretta Lynch to influence wrongfully" the decision whether to launch a federal investigation into Hogan Lovells and Sony, *id.* at 28 (Redline ¶ 135); and (3) failed to investigate Hogan Lovells (CIS), *id.* at 28–30 (Redline ¶¶ 136–40). None of these emendations speak to unjust enrichment by Hogan Lovells US, and none would yield "a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570. Accordingly, the third amended complaint would "not survive a motion to dismiss," and, indeed, would not improve on the second amended complaint in any material respect. *Ludwig*, 82 F.3d at 1099. As such, the amendments would be futile.

As the procedural history of this case demonstrates, moreover, Plaintiff has had several opportunities to amend his complaint and has had ample time to do so. Hogan Lovells US moved to dismiss Plaintiff's first amended complaint almost three years ago, on June 1, 2018. Dkt. 25. That motion raised many of the same arguments raised in Hogan Lovells US's current motion to dismiss. After Hogan Lovells US filed that motion, Plaintiff moved for leave to file his second amended complaint, Dkt. 31, and the Court granted that motion, Dkt 48. Plaintiff, however, did nothing to correct the flaws brought to his attention by Hogan Lovells US's motion. Beyond that, Hogan Lovells US has responded to various intervening motions, including motions to

15

reconsider the Court's jurisdictional decisions. Dkt. 57; Dkt. 68. Even when a plaintiff is proceeding *pro se* and is thus entitled to somewhat greater leeway, there comes a time when the burden imposed on a defendant of repeatedly re-litigating the same issues outweighs the diminishing prospect that the plaintiff will be able to state a claim. *See* Fed. R. Civ. P. 1 (requiring the administration of the Federal Rules of Civil Procedure in a way that "secure[s] the just, speedy, and inexpensive" disposal of actions). This is such a case.

Accordingly, the Court will deny Plaintiff's motion for leave to file a third amended complaint.

## C.    Rule 11 Sanctions

The Court need only briefly address Plaintiff's motion for Rule 11 sanctions against Hogan Lovells US. Dkt. 81. Federal Rule of Civil Procedure 11 "imposes a duty on the signer of a pleading, motion, or paper to conduct a pre-filing inquiry of the relevant facts and law." *Brannock Assocs. v. Capitol 801 Corp.*, 807 F. Supp. 127, 135 (D.D.C. 1992). Under Rule 11, a court may impose sanctions if "a pleading, written motion, or other paper" is (1) "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 11(b); (2) "the claims, defenses, and other legal contentions [therein] are [un]warranted by existing law," *id.*; (3) "the factual contentions have [no] evidentiary support or . . . will likely [not] have evidentiary support after a reasonable opportunity for further investigation or discovery," *id.*, or if (4) "the denials of factual contentions are [un]warranted on the evidence," *id.* In deciding whether to impose Rule 11 sanctions, courts apply "an objective standard of reasonable inquiry on represented parties who

16

sign papers or pleadings." *Naegele v. Albers*, 355 F. Supp. 2d 129, 143–44 (D.D.C. 2005) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 554 (1991)). The "imposition of Rule 11 sanctions is not something the [C]ourt takes lightly;" rather, the Court considers it "an extreme punishment for filing pleadings that frustrate judicial proceedings." *Id.* at 144.

Plaintiff argues that Hogan Lovells US's opposition to his motion to amend, Dkt. 64, and the firm's reply in support of its motion to dismiss, Dkt. 71, are "mostly based on deliberate misrepresentation." Dkt. 81 at 2. This "conduct," Plaintiff claims, "result[s] . . . in harassing and causing unnecessary delay in the proceedings." *Id.* Such conclusory and unsupported allegations of misconduct do not come close to supporting the award of sanctions.

The Court will, accordingly, deny Plaintiff's motion for sanctions.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for leave to file a third amended complaint, Dkt. 59, **GRANTS** Hogan Lovells US's motion to dismiss, Dkt. 63, and **DENIES** Plaintiff's motion for sanctions, Dkt. 81.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: March 12, 2021

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VITALY EVGENIEVICH PILKIN, <br><br> *Plaintiff*, <br><br> v. <br><br> HOGAN LOVELLS US LLP, <br><br> *Defendant*. | Civil Action No. 17-2501 (RDM) |

**ORDER**

For the reasons explained in the Memorandum Opinion filed on March 12, 2021, Dkt. 83, it is hereby **ORDERED** that Plaintiff's motion for leave to file a third amended complaint, Dkt. 59, is **DENIED**; and it is further **ORDERED** that Defendant's motion to dismiss the second amended complaint, Dkt. 63, is **GRANTED**; and it is further **ORDERED** that Plaintiff's motion for Rule 11 sanctions, Dkt. 81, is **DENIED.**

This order constitutes the Court's final judgment for purposes of Federal Rule of Civil Procedure 58.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 12, 2021

```
MIME-Version:1.0
From:DCD_ECFNotice@dcd.uscourts.gov
To:DCD_ECFNotice@localhost.localdomain
Bcc:
--Case Participants: Peter R. Bisio
(peter-bisio-hogan-lovells-us-llp-6423@ecf.pacerpro.com, peter.bisio@hoganlovells.com),
Kirti Datla (kirti.datla@hoganlovells.com), Philip Andrew Sechler
(ecfadmins@robbinsrussell.com), VITALY EVGENIEVICH PILKIN (vitalypilkin@gmail.com), Judge
Randolph D. Moss (bill_powell@dcd.uscourts.gov, dorothy_patterson@dcd.uscourts.gov,
hannah_gelbort@dcd.uscourts.gov, helen_white@dcd.uscourts.gov,
kristin_thompson@dcd.uscourts.gov, natalie_jacewicz@dcd.uscourts.gov,
rdm_dcdecf@dcd.uscourts.gov, samir_doshi@dcd.uscourts.gov)
--Non Case Participants: ah (addie_hailstorks@dcd.uscourts.gov)
--No Notice Sent:

Message-Id:7019338@dcd.uscourts.gov
Subject:Activity in Case 1:17-cv-02501-RDM PILKIN v. SONY INTERACTIVE ENTERTAINMENT LLC et
al Order on Motion for Order
Content-Type: text/html
```

## U.S. District Court

## District of Columbia

## Notice of Electronic Filing

The following transaction was entered on 3/13/2021 at 1:33 PM EDT and filed on 3/13/2021

| | |
|---|---|
| **Case Name:** | PILKIN v. SONY INTERACTIVE ENTERTAINMENT LLC et al |
| **Case Number:** | 1:17−cv−02501−RDM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**MINUTE ORDER: In light of the Court's memorandum opinion and order issued on March 12, 2021, Dkt. [83] and Dkt. [84], it is hereby ORDERED that Plaintiff's motions for orders, Dkt. [80] and Dkt. [82], are DENIED as MOOT. Signed by Judge Randolph D. Moss on 03/13/2021. (lcrdm1)**


**1:17−cv−02501−RDM Notice has been electronically mailed to:**

Peter R. Bisio     peter.bisio@hoganlovells.com, peter−bisio−hogan−lovells−us−llp−6423@ecf.pacerpro.com

Kirti Datla     kirti.datla@hoganlovells.com

VITALY EVGENIEVICH PILKIN     vitalypilkin@gmail.com

**1:17−cv−02501−RDM Notice will be delivered by other means to::**